Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

BRUCE CORKER d/b/a RANCHO ALOHA;
*et al.*,

        Plaintiffs,

        vs.

COSTCO WHOLESALE CORPORATION,
*et al.*,

        Defendants.

No. 2:19-cv-00290-RSL

DEFENDANT BBC ASSETS, LLC
D/B/A BOYER'S COFFEE COMPANY,
INC.'S MOTION TO DISMISS
PURSUANT TO RULE 12(B)(6)

NOTED FOR HEARING:
JUNE 28, 2019

## I.  INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant BCC Assets, LLC dba Boyer's Coffee Company ("Boyer's") moves to dismiss with prejudice the sole claim alleged against Boyer's in the First Amended Complaint ("FAC"). (Dkt 81).

In its FAC, Plaintiffs assert that Boyer's violates the Lahnam Act, 15 U.S.C. § 1125(a) because "Boyer's packaging is intended to mislead the consumer into believing that the product contains a significant amount of Kona coffee beans, when the product actually contains little to no Kona coffee" and that "by using the term 'Kona' to describe its products, Boyer's is falsely designating the geographic origin of the product, creating confusion around the geographic origin, and damaging the geographic designation itself."  (Dkt 81 at ¶ 93). Plaintiffs set forth no other alleged bad acts committed by Boyer's.  In its sole Cause of Action, Plaintiffs plead generic violations of 15 U.S.C. §§ 1125(a)(1)(A) and (B) against all defendants.

L E E · S M A R T

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax  206.624.5944

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Plaintiffs' § 1125(a)(1)(A) claim against Boyer's is implausible for two reasons.  First, Plaintiffs fail to allege that any one of them have a protectable trademark, which is a necessary element under § 1125(a)(1)(A). While the Plaintiffs' case revolves around the word "Kona," they claim that 600 to 1000 farmers have rights to use that name to identify a geographic region – not as a trademark. Even if one farmer established a protectable mark, then the rest would presumably be excluded from using it since they are all unique, independent businesses who should not be confused with each other. Hence, the farmers cannot contend that the "class" shares a single protectable mark.

Second, Boyer's packaging is not likely to cause the public to confuse Boyer's, a Colorado coffee manufacturer, with individual farmers in Kona, Hawaii. To the extent the mere use of the word Kona could cause confusion, it is dispelled by Boyer's package, which prominently indicates in many ways that it is manufactured, roasted, and packaged in Colorado.

Plaintiffs' § 1125(a)(1)(B) claim against Boyer's fails because no reasonable consumer would believe that the contents of the packaging depicted in the Complaint originates from Kona, Hawaii.  Boyer's' package clearly advises consumers that the product is from Colorado. *See* (Dkt 81 at p. 44, figures BC-1 and BC-2; Judicial Notice Decl., Ex. 1).[1]  Boyer's package includes at least the following eleven references to its Colorado origin:

- "Colorado Crafted" featured prominently on the front of the package;

- "Colorado Proud" stated in symbolic form on the back of the package;

- "Colorado Made" stated on the back of the package;

- The Colorado Rocky Mountains depicted four times on the package;

- The words "Rocky Mountain Slow Roasted" stated twice in big letters;

---

[1] In the appropriate section below, Boyer's requests judicial notice of the back of its package, pursuant to Fed.R.Evid. 201, where the Amended Complaint has a picture of the front of Boyer's package, the Amended Complaint's pleadings describes the package within the allegations, and the accuracy of the representation is easily verifiable by anyone shopping for the coffee at a variety of locations.

DEFENDANT BOYER'S COFFEE'S MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 2
2:19-cv-00290-RSL
6528679.DOC

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

68871649.2

1

2

•      A description about why Colorado is the optimal place to make the coffee, such

as its "high altitude" and "less humidity."

3

•      A Colorado address of 7295 N. Washington Street, Denver, CO 80229.

4

Under these circumstances, no reasonable consumer could be confused as to the source

5

or origin of the Boyer's accused coffee products. Therefore, Plaintiffs' Lanham Act claim

6

against Boyer's should be dismissed pursuant to Rule 12(b)(6).

7

## II. FACTS

8

### A.      Request for judicial notice, pursuant to FRE 201.

9

In the context of a motion to dismiss for failure to state a claim, the Court's
review is generally limited to the contents of the complaint. *Campanelli v.*
*Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). Nevertheless, Ninth Circuit
authority allows the Court to consider documents referenced extensively in the
complaint, documents that form the basis of plaintiff's claim, and matters of
judicial notice when determining whether the allegations of the complaint state a
claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). *United*
*States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003).

10

11

12

13

14   *Puget Soundkeeper All. v. Total Terminals Int'l, LLC*, --- F. Supp. 3rd ---, No. C18-0540-RSL,

15   2019 WL 1013458, at *2 (W.D. Wash. Mar. 4, 2019).

16   Plaintiffs' FAC contains pictures of Boyer's Coffee packages, (Dkt 81 at p. 42) (figures

17   BC-1 and BC-2); the package in totality forms the basis of Plaintiff's claim, and Plaintiffs have

18   extensively referenced the Boyer's coffee package in the FAC.  (Dkt 81 at ¶¶ 93-98).  As such,

19   Boyer's requests that this Court take judicial notice of the entire Boyer's package, which is

20   attached to the Declaration Providing Document for Judicial Notice, Exhibit 1, and which is

21   being filed together with this motion.  Even without considering the entirety of the packaging,

22   the photographs included in the FAC are sufficient for Boyer's to prevail in this motion.

23   However, consideration of the entire package leaves no doubt as to the proud Colorado origin

24   of the product.

25

DEFENDANT BOYER'S COFFEE'S MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 3
2:19-cv-00290-RSL
6528679.DOC

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax  206.624.5944

68871649.2

**B.    Even under a Rule 12(b)(6) standard, the facts presented in the FAC, and the Boyer's package images reflect that Boyer's package is easily verifiable as a Colorado company.**

"[Boyer's] is a Colorado corporation with its principal place of business in Denver, Colorado." (Dkt 81 at ¶ 10). "Boyer's is a wholly owned subsidiary of Luna Gourmet Coffee and Tea Company, LLC, which is a Colorado limited liability company also based in Denver, Colorado." (*Id*.). The FAC contains a picture of Boyer's package. (Dkt 81 at p. 42). At the top of figures BC-1 and BC-2, Boyer's package clearly state it is "Rocky Mountain Slow Roasted." (*Id*.). Every bag of Boyer's coffee presents a graphic illustration of the iconic Flatirons rock formations located near Boulder, Colorado. (*Id*.). At the bottom right, in a red "C" shape are the words "Colorado Crafted." (*Id*.). Above that image, in a purple circle, is a baseball with a "CR" and the words "Colorado Rockies," which is Colorado's baseball team. (*Id*.).

One side of the package indicates that Boyer's uses 100% Arabica beans, and states that the beans are "Rocky Mountain Slow Roasted." Judicial Notice Decl., Ex. 1. The back of the package, at the top left, states that "with less humidity and a slower roast, Colorado's high altitude creates a roasted coffee bean with a flavor second to none." *Id*. Below that statement, at the bottom, it provides the Colorado address of the Boyer's company at 7295 N. Washington Street, Denver, CO 80229. *Id*. At the bottom right of the back of the package are two logos: one that says "Colorado Proud" above an image of the Rocky Mountains, and a second that says "Colorado Made" and yet another image of the Colorado mountains. Thus, Boyer's package includes at least eleven references to its Colorado origin. In doing so, it mentions "Colorado" at least five times and never once mentions "Hawaii." It includes a brown bag with four separate depictions of the Rocky Mountains, and no suggestions of a connection to Hawaii or Kona, other than a single word.

Photographs of Boyer's packaging, taken from the Declaration Seeking Judicial Notice, Exhibit 1, are depicted on the following pages:

DEFENDANT BOYER'S COFFEE'S MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 4
2:19-cv-00290-RSL
6528679.DOC

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax  206.624.5944

68871649.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25





DEFENDANT BOYER'S COFFEE'S MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 5
2:19-cv-00290-RSL
6528679.DOC

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

68871649.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25





LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

The Boyer's package make it clear that the beans are roasted and packaged in Colorado, the coffee is made in Colorado, and the flavor of the coffee is created as a distinctive Colorado flavor.  Hence, the product originates from Colorado.  Boyer's label does not reference Hawaii and, other than one word, Kona, there is no image of anything Hawaiian.

### III.  POINTS AND AUTHORITIES

**A.     Lanham Act claims are subject to Rule 9(b) heightened pleading standard.**

The "particularity" requirement of Rule 9(b) applies not only to claims expressly denominated as fraud, but also claims sounding in fraud.  *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003).

Plaintiffs allege that Boyer's engaged in fraud.  (Dkt 1 at 41 ¶ 88) ("Boyer's packaging is intended to mislead the consumer into believing the that the product contains a significant amount of Kona coffee beans"); (*Id.*) ("[t]hey deliberately mislead the consumer into believing that Boyer's coffee products contain significant amounts of premium Kona coffee beans in order to justify the high price Boyer's charges for what is actually ordinary commodity coffee"); (Dkt 81 at 63 ¶ 149) ("as a result of Defendants' deliberate, willful, and intentional conduct in violation of 15 U.S.C. § 1125(a), such damages be trebled").

> Although the Ninth Circuit has not concluded that Rule 9(b) applies to Lanham Act claims, many district courts have applied this heightened pleading standard to claims that are grounded in fraud, such as misrepresentation claims. See *Meridian Project Sys., Inc. v. Hardin Constr. Co., LLC*, 404 F.Supp.2d 1214, 1219–20 (E.D.Cal.2005). The Court agrees that Plaintiffs false advertising claims are grounded in fraud and that Rule 9(b) applies to the pleading of this claim. To satisfy Rule 9(b), Plaintiff must state the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986). Further, Plaintiff must set forth what is false or misleading about a statement, and why it is false. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir.2003) (citations omitted).

*EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1085 (C.D. Cal. 2010).  *See also A.H. Lundberg Assocs., Inc. v. TSI, Inc.*, No. C14-1160JLR, 2014

DEFENDANT BOYER'S COFFEE'S MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 7
2:19-cv-00290-RSL
6528679.DOC

LEE · SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

68871649.2

1

2   WL 5365514, at *2 (W.D. Wash. Oct. 21, 2014) ("[a]lthough there is some disagreement, the

3   majority of district courts within the Ninth Circuit have extended the Ninth Circuit's application

4   of Rule 9(b) pleading standards in *Kearns* and *Vess* to false advertising claims under the

5   Lanham Act"); *CollegeNet, Inc. v. Xap Corp.*, 2004 WL 2303506, at *5 (D. Or. Oct. 12, 2004),

6   report and recommendation adopted, 2005 WL 708406 (D. Or. Mar. 28, 2005); *Pestube Sys.,*

7   *Inc. v. HomeTeam Pest Def., LLC.*, 2006 WL 1441014, at *6 (D. Ariz. May 24, 2006).

8        Because Plaintiffs allegations against Boyer's sound in fraud, they are subject to the

9   heightened pleading standard of Rule 9(b).

10       **B.      Plaintiffs' FAC cannot survive the Rule 12(b)(6) standard as to Boyer's.**

11       "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

12  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

13  556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

14  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

15  draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

16  (citing *Twombly*, 550 U.S. at 556). "Dismissal can be based on the lack of a cognizable legal

17  theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v.*

18  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Robertson v. Dean Witter*

19  *Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)). "To survive a motion to dismiss, a

20  complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

21  is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

22       Plaintiffs FAC does not allege that any trademark exists as to the phrase Kona coffee.

23  The FAC concedes that not all of the product labels are deceptive.  (Dkt 81 at ¶ 61) (alleging

24  only that "*nearly* every product labeled 'Kona' in [Defendants'] product lines misrepresents the

25  origin of the coffee beans").  Plaintiffs FAC does not have any allegation regarding the alleged

DEFENDANT BOYER'S COFFEE'S MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 8
2:19-cv-00290-RSL
6528679.DOC

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

68871649.2

percentage of Kona coffee Plaintiffs may believe Boyer's uses, nor that any consumer was ever confused by the distinctive Colorado labeling of Boyer's Coffee.  At the very least, Plaintiffs' allegations lack the specificity needed to state a claim against Boyer's.  *See Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985) (Rule 9(b) "prevents the filing of a complaint as a pretext for the discovery of unknown wrongs").  Plaintiffs' claims must be plausible and meet the heightened pleadings standard for claims that sound in fraud. Plaintiffs' claims against Boyer's fail on this ground alone.  In addition, their claims also fail for the following reasons.

### C.      Plaintiffs' Lanham Act claim under § 1125(a)(1) fails as a matter of law.

Plaintiff alleges a single cause of action under the Lanham Act, 15 U.S.C. §1125(a)(1). (Dkt 81 at pp. 61-63).  The statute states, in relevant part:

> (1) Any person who, on or in connection with … any container for goods, uses in commerce …any false designation of origin …
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the  … **origin** … of his or her goods …
>
> (B) in commercial advertising or promotion, misrepresents the … **geographic origin** of his or her or another person's goods …
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a).

Congress uses the word "origin" in subsection (A) and "geographic origin" in subsection (B) of the statute.   Where Congress uses two distinct words, it is presumed that Congress understands what it is doing, such that the words have distinct meanings.  *S.E.C. v. McCarthy*, 322 F.3d 650, 656 (9th Cir. 2003).  In this case, the courts have recognized that "origin" and "geographic origin" refer to two very different things. As discussed below, the "origin" of a product generally relates to the company that produced the product, whereas "geographic origin" relates to the specific place that a product comes from.

DEFENDANT BOYER'S COFFEE'S MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 9
2:19-cv-00290-RSL
6528679.DOC

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

68871649.2

1        **1.      Plaintiffs fail to state a claim under § 1125(a)(1)(A)**

2            **a.      The facts alleged in the FAC do not support Plaintiff's theory
                        under § 1125(a)(1)(A) because they fail to identify a
3                       protectable trademark.**

4        The facts alleged in the FAC do not support a false association claim against Boyer's

5   because they fail to claim the existence of a protectable mark, a necessary element of the claim.

6   "To establish a trademark infringement claim under 15 U.S.C. § 1125(a)(1)(A), a plaintiff must

7   show: (1) that she has a protected ownership interest in the mark; and (2) that an alleged

8   infringer's use of a competing mark is likely to cause consumer confusion." *Lochirco Fruit &*

9   *Produce Co., Inc. v. Tarukino Holdings, Inc.*, No. C18-763-RAJ, 2019 WL 157939, at *2

10  (W.D. Wash. Jan. 9, 2019) (citing *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th

11  Cir. 2014)).   Absent a protectable mark, courts dismiss false association claims.   *See 4 Peaks*

12  *Tech. LLC v. Green*, 2014 WL 12643161, at *2 (D. Ariz. Nov. 6, 2014) (dismissing claim

13  where "Defendant has not alleged he owns, nor does he allege any legally protectable interest

14  in a mark"); *Kerodin v. ServiceMagic, Inc.*, 2013 WL 951754, at *4 (D. Md. Mar. 11, 2013)

15  (dismissing claim where Plaintiff's alleged mark was geographically descriptive and there was

16  no alleged secondary meaning). "False association" is broader than trademark infringement

17  because a plaintiff can bring a false association claim over an unregistered trademark.   *See*

18  *Cascade Fin. Corp. v. Issaquah Cmty. Bank*, No. C07-1106Z, 2007 WL 2871981, at *10, n4

19  (W.D. Wash. Sept. 27, 2007).   But the test is the same:  "[T]he general principles qualifying a

20  mark for registration under § 2 of the Lanham Act are for the most part applicable in

21  determining whether an unregistered mark is entitled to protection under § 43(a)." *Two Pesos,*

22  *Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 768 (1992) (citations omitted).

23          Plaintiffs never use the term "Kona" as a trademark.   Indeed, each Plaintiff farmer

24  likely has its own, unique trademarks separate from the other Plaintiffs.   Plaintiffs allege that

25  approximately 600 to 1,000 different farmers grow "Kona" coffee, (Dkt 81 at ¶ 42), destroying

DEFENDANT BOYER'S COFFEE'S MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 10
2:19-cv-00290-RSL
6528679.DOC

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

68871649.2

the ability of any one farmer to claim rights to the name "Kona."  Hence, no Plaintiff farmer can claim that the word "Kona" identifies it as the source of its coffee.

Further, Plaintiffs concede that any reference to "Kona" is geographic in nature, and not an indicator of the source or origin of goods:  "'Kona' tells consumers their coffee comes from this distinctive geographic region."  (Dkt 81 at ¶ 1).  Therefore, even if each Plaintiff somehow argues that "Kona" is their mark, they fail to account for the fact that geographic designations are "descriptive" marks, which are protectable *only* if they have acquired a "secondary meaning" apart from the geographic designation.  *See, e.g.*, *Sand Hill Advisors, LLC v. Sand Hill Advisors, LLC*, 680 F. Supp. 2d 1107, 1113 (N.D. Cal. 2010); *Vail Assocs., Inc. v. Vend-Tel-Co.*, 516 F.3d 853, 866 (10th Cir. 2008) ("A likelihood of confusion over a descriptive term can never exist absent secondary meaning.").  A "secondary meaning" exists only if "the mark no longer causes the public to associate the goods with a particular place" but, instead, has come to be associated with the Plaintiffs' products specifically.  *Granite State Trade Sch., LLC v. The New Hampshire Sch. of Mech. Trades, Inc.*, 120 F. Supp. 3d 56, 63 (D.N.H. 2015) (citation and original alterations omitted).  Here, Plaintiffs allege approximately 600 to 1,000 different farmers grow "Kona" coffee.  (Dkt 81 at ¶ 42).  This allegation, taken as true, forecloses the possibility of secondary meaning.  And without a secondary meaning, "Kona" is not a protectable mark.

Another court in this circuit has reached the same conclusion on similar allegations.  In *Sugai Prod., Inc. v. Kona Kai Farms, Inc.*, 1997 WL 824022 (D. Haw. Nov. 19, 1997), a putative class of Kona coffee farmers alleged that defendant coffee companies were placing Central American coffee into "Kona coffee" bags in violation of § 1125 of the Lanham Act.  *Id.* at *6.  At the class certification stage, the court determined that certain proposed class members would lack standing to bring a false advertising claim.  *Id.* at *34.  After analyzing the false

DEFENDANT BOYER'S COFFEE'S MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 11
2:19-cv-00290-RSL
6528679.DOC

L E E · S M A R T

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

68871649.2

advertising claim, the court turned to plaintiffs' false association claim.  It noted that "a false association of origin claim[] requires that consumers must associate the coffee with *a particular plaintiff*, not merely a group of plaintiffs," and that "plaintiffs cannot rely on Section 43(a)(1)(A)."  *Id.* at *36.  This logic applies to Plaintiffs' nearly identical false association claim here.  Plaintiff's § 43(a)(1)(A) claim also fails on this basis.

### b.   No confusion can result between Boyer's, which is located in Colorado, and the companies located on Hawaii.

Plaintiffs fail to plead a false association claim under § 1125(a)(1)(A) because it fails to show that there is a likelihood of confusion between Boyer's and the Plaintiff farmers. "False association" occurs when a defendant's use of a trademark or trade dress is likely to confuse consumers into believing they are purchasing the plaintiffs' products.  The term "origin" in § 1125(a)(1)(A) means "the source of wares" or "the producer of the tangible product sold in the marketplace."  *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 31, 123 S. Ct. 2041, 2047, 156 L. Ed. 2d 18 (2003).  By its plain terms, this section governs allegations that a defendant has created a false association between his or her goods and the *goods of the plaintiff*, not the *geographical origin* of the defendant's goods.  In contrast, "a claim for false 'geographic origin' ... is specifically addressed by 15 U.S.C. § 1125(a)(1)(B), or the false advertising provision of the Act."  *Sugai*, 1997 WL 824022, at *11. Plaintiffs' FAC seems to recognized that its allegations fall under § 1125(a)(1)(B), not (A).  (Dkt 81 at ¶ 128) (citing 15 U.S.C. § 1125(a)(1)(B)); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 122 (2014) (recognizing that "false advertising" and "false association" are "distinct bases of liability").  Courts generally dismiss the § 1125(a)(1)(A) claims where a plaintiff has asserted both theories on the same facts.  *See, e.g.*, *Lasoff*, 741 F. App'x at 402 (affirming dismissal of false advertising claim as duplicative of infringement claim); *Sugai*,

LEE · SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1997 WL 824022, at *11-12 (lack of standing on false advertising claim was "not resolved by their attempt to restyle their case as a false association claim").

In the FAC, Plaintiffs conflate the term "origin" with the term "geographic origin," which is provided for in § 1125(a)(1)(B). (Dkt 81 at ¶ 136) ("Defendants have used, continue to use and/or profit from the use of the Kona name as a false designation of origin"). There is no allegation in the complaint that consumers are confused, or likely to be confused, between Plaintiffs' businesses (i.e., Rancho Aloha, Kanalani Ohana Farm, and Smithfarms), (Dkt 81 at ¶¶ 5-7), and Boyer's Colorado-based business. (Dkt 81 at ¶ 10). Similarly, the Complaint is devoid of facts to support an argument that a consumer would be likely to confuse Boyer's with Rancho Aloha, or any other Plaintiff. There is no claim that the words and images on Boyer's looks anything like the words and images on any of the Plaintiffs' brands. Plaintiffs' § 1125(a)(1)(A) claim also fails on this ground, at least under *Twombly/Iqbal*.

To the extent that there is any confusion as to the source or origin of the Boyer's product, its packaging would certainly dispel such confusion. For example, Boyer's prominently identifies itself as "Boyer's" and Colorado as the source of the goods, including a statement that the product is "Colorado Made" and is "Rocky Mountain Slow Roasted." (Dkt 81 at p. 42); Judicial Notice Decl., Ex. 1. Every bag of Boyer's coffee presents a graphic illustration of the iconic Flatirons rock formations located near Boulder, Colorado. (*Id*.). At the bottom right, in a red "C" shape are the words "Colorado Crafted." (*Id*.). Above that image, in a purple circle, is a baseball with a "CR" inside, and inside the baseball are the words "Colorado Rockies," which is Colorado's baseball team. (*Id*.).

Boyer's label does not reference Hawaii and, other than one word, Kona, there is no image of, or reference to, anything Hawaiian. There is no claim that its blends or roasts come from Hawaii beans. Even if all of the allegations in the Complaint are true, it is unlikely that

DEFENDANT BOYER'S COFFEE'S MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 13
2:19-cv-00290-RSL
6528679.DOC

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

68871649.2

any customer would be misled into thinking Boyer's coffee is a product that "originated" from Rancho Aloha, Kanalani Ohana Farm, or Smithfarms, especially when the package so proudly declares it as being from a company called "Boyer's" in the Colorado Rocky Mountains.  Of course, Plaintiffs have not indicated that their products have their own labels, packaging and/or marks, nor described what any such labeling, packaging or marking may look like.  Therefore, they have failed to plead any facts to show the likelihood of confusion between Plaintiffs and Boyer's.  Certainly the names, geographic origin, business models, channels of commerce, and other factors all strike against a finding of confusion.

Here, the mere use of the word "Kona" is insufficient to support a claim that a consumer would believe that the origin of Boyer's coffee was Rancho Aloha, Kanalani Ohana Farm, or Smithfarms, much less all of them (which would presumably cause confusion between these Plaintiffs).  The facts alleged in the FAC simply do not support a false association theory against Boyer's.  As such, Plaintiffs' claims under § 1125(a)(1)(A) should be dismissed.

### 2. Mere use of the word Kona, with nothing else besides multiple Colorado words and images to describe the product, does not violate § 1125(a)(1)(B).

Initially, when seeking to distinguish the word Kona, Plaintiffs argued: "Just as only sparkling wine originating from the Champagne region of France can be sold as 'Champagne,' only coffee grown in the Kona District can be sold as Kona coffee." (Dkt 1 at ¶ 39).  There is a reason Plaintiffs removed this allegation from their FAC.  That is because there is a big difference between Champagne sparkling wine and Kona coffee.  While the United States and Hawaii have essentially done nothing to protect the Kona designation in extra-Hawaiian matters, this Court may take judicial notice, under FRE 201, that France has taken extraordinary steps to assure protection for the designation "Champagne," because it has been an important goal of the French government since at least 1891.  For example, Article 275 of

DEFENDANT BOYER'S COFFEE'S MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 14
2:19-cv-00290-RSL
6528679.DOC

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

68871649.2

the Treaty of Versailles was designed, in part, to establish that only sparkling wine from Champagne could be labeled as Champagne.[2] France formed Le Comité Interprofessionnel du vin de Champagne,[3] a government organization that groups the actors of France's Champagne production; and this governmental body has promulgated regulations protecting Champagne, which have been codified in national laws, European Union regulations, and international trade agreements and treaties. For example, the 2006 Agreement between the United States and the European Community on Trade in Wine,[4] limited the use of the term "Champagne" as a "semi-generic name" in the United States. Protections for Champagne have been enshrined in U.S. Treaty's and U.S. law. *See* 15 U.S.C. § 1126; 26 U.S.C. § 5388(c)(2)(B). Neither the United States nor Hawaii has taken any steps to protect the "Kona" designation outside of Hawaii. The simple use of the word "Kona" on a label is insufficient as a matter of law to state a claim. Presumably, that is why Plaintiffs removed this reference from their pleadings in their FAC.

Plaintiffs allege a claim under § 1125(a)(1)(B), which prohibits "misrepresenting" the "geographic origin" of a product. (Dkt 81 at 138). Plaintiffs contend that the mere presence of the word "Kona" alone on the Boyer's package amounts to unfair competition under the Lanham Act, arguing that it is a false designation of "origin." Under Plaintiffs' theory, a product whose packaging merely contains the unprotected words "Belgian Waffles," "Kentucky Bourbon," or "Peking Duck," would violate the Lanham Act. To the contrary, no reasonable consumer would be misled by these products. Similarly, no reasonable consumer looking at the entirety of the Boyer's packaging would be misled into believing that the product comes from Hawaii. Plaintiffs' claim under § 1125(a)(1)(B) therefore also fails under the "reasonable consumer" test.

---

[2] https://www.loc.gov/law/help/us-treaties/bevans/m-ust000002-0043.pdf
[3] https://www.champagne.fr/en/
[4] https://www.ttb.gov/agreements/us-eu-wine-agreement.pdf

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

2          In *Shaker v. Nature's Path*, 2013 WL 6729802 (C.D. Cal. 2013), the defendant was a

3   cereal food manufacturer.  The plaintiff sued the defendant for selling high fiber cereals in a

4   box with depictions of cereal with fresh strawberries on the cover. *Id*. at *1.  The Plaintiff

5   purchased a box, but claimed that it constituted false advertising under the Lanham Act because

6   there were no strawberries in the cereal.  *Id*.  The Defendants filed a motion to dismiss pursuant

7   to Rule 12(b)(6), arguing that consumers would not be misled into expecting that strawberries

8   were included in the cereal.  *Id*. at *2.  The court agreed with the producer and dismissed the

9   case, in part, because an individual looking at the package would not believe that the Cereal,

10  whose packaging prominently features the words "Blueberry Cinnamon," contained dried

11  strawberries by virtue of the photograph of fiber/flake cereal in a bowl, with a spoon, milk,

12  blueberries, and a topping of fresh strawberries. *Id*. at *4.  In other words, the consumer is

13  expected to look at the entire package, and not just focus on one word or one picture on the

    picture on the package.

14         Likewise, in the case of *Pernod Ricard v. Bacardi*, 653 F.3d 241 (3rd Cir. 2011), the

15  Third Circuit found that no "reasonable consumer" could be confused by a bottle of rum

16  entitled "Havana Club" in light of the entire package and, therefore, did not violate

17  § 1125(a)(1)(B) of the Lahnam Act.  *Pernod,* 653 F.3d at 250.

18
            [T]he Court was persuaded that "[t]he Havana Club label clearly and truthfully
19          provides the origin of defendant's rum, and is not deceptive." (App. at 23.) The
            label proclaims the contents of the bottle to be "Puerto Rican Rum" and
20          specifically says the rum is "distilled and crafted in Puerto Rico[.]" (App. at 12.)
            The District Court saw no room for deception in that.
21
    *Id.* at 249.
22
           In *Pernod*, the Third Circuit held: "We are obligated in this false advertising case under
23
    § 43(a)(1)(B) to look at the words 'Havana Club' in the context of the entire accused
24
    advertisement, the label of the rum." *Id*. at 253.  Likewise, in this case, the Court is obligated
25

DEFENDANT BOYER'S COFFEE'S MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 16
2:19-cv-00290-RSL
6528679.DOC

L E E · S M A R T
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax  206.624.5944

68871649.2

to look at the word "Kona" in the context of the entire Boyer's package.  (Dkt 81 at p. 42); Judicial Notice Decl., Ex. 1.  Boyer's clearly advises consumers that Boyer's coffee is made in Colorado and has a distinctive Colorado flavor.

In *Forschner Grp., Inc. v. Arrow Trading Co. Inc.*, 30 F.3d 348 (2d Cir. 1994), a U.S. distributor of Victorinox Swiss-made multifunction pocket knives filed suit against Arrow Trading Co., another U.S. distributor which marketed and sold an inferior, Chinese-made multifunction knife, embossed with a "SWISS ARMY" label to one side.  *Id*. at 350-351.  The packaging of the knife made by Arrow stated that it was made in China.  *Id*. at 351.  Forschner argued that use of the term "Swiss Army Knife" implied that the Arrow knives were made in Switzerland, which in turn, imparted onto them the high manufacturing quality typically associated with Victorinox-made knives, despite the fact that the Arrow knives were "markedly inferior."  *Id*. at 351-352.  Ultimately, the court found that Arrow's use of the phrase "Swiss Army" or "Swiss Army knife" was not a geographic designation, and held that its use did not constitute false advertising under the Lanham Act, holding: "[t]he fact that a composite phrase contains a geographic term does not necessarily mean that the phrase, viewed as a whole, is a geographic designation."  *Forschner Grp.*, 30 F.3d at 355 (finding that the phrase "Swiss Army Knife" was not geographically descriptive).  *See also Dumas v. Diageo PLC*, 2016 WL 1367511, at *4 (S.D. Cal. Apr. 6, 2016) ("'Jamaican' modifies the word 'Style' not 'Lager.' The very fact that the word 'style' is used indicates that the product is not from Jamaica").

"That a phrase or term evokes geographic associations does not, standing alone, support a finding of geographic descriptiveness. The phrase or term must also 'designate geographical location.'"  *Id*.  *See also California Cooler, Inc. v. Loretto Winery, Ltd.*, 774 F.2d 1451, 1455 (9th Cir. 1985) (the validity of a mark "is not judged by an examination of its parts.  Rather, the validity of a trademark is to be determined by viewing the trademark as a whole").  In this case,

DEFENDANT BOYER'S COFFEE'S MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 17
2:19-cv-00290-RSL
6528679.DOC

L E E · S M A R T

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

68871649.2

the product does not say "from Kona, Hawaii," "Kona Made," or otherwise make a similar statement to convert the word "Kona" into a designation of geographic location.

As in *Forschner*, where it was argued that the use of the term "Swiss Army" connotes having been made in Switzerland and imparts a certain level of quality, Plaintiffs' FAC alleges that the use of "Kona" "tells consumers their coffee comes from this distinctive geographic region." (Dkt 81 at ¶¶ 1, 41). However, every Boyer's coffee label clearly states that it is "Rocky Mountain Slow Roasted." (Dkt 81 at p. 42) (figures BC-1 and BC-2); Judicial Notice Decl., Ex. 1. Every bag of Boyer's coffee also presents a graphic illustration of the iconic Flatirons rock formations which are located near Boulder, Colorado. (*Id*.). At the bottom right, in a red "C" shape are the words "Colorado Crafted." (*Id*.). Above that image, in a purple circle, is a baseball with a "CR" inside, and inside the baseball are the words "Colorado Rockies," which is Colorado's baseball team. (*Id*.). On the back, it says "Colorado Made." While the word "Kona" may appear on the package, the consumer is repeatedly told that the product originates from Colorado.

In *Broomfield v. Craft Brew All., Inc.*, 2017 WL 3838453 (N.D. Cal. Sept. 1, 2017), the district court granted in part and denied in part a motion to dismiss claims related to "Kona Brewing Company beer." The case was under parallel California law, not the Lanham Act; but the standard is the same. The district court held that "merely referencing Hawaii and its culture on the packaging is not enough on its own to confuse a reasonable consumer regarding the origin of the beer." *Id*. at *6. It held that many of the things complained about by the plaintiffs were insufficient to state a claim as a matter of law. However, the district court did find certain contents of the package misleading, and this is a good guide for the type of representations that could be misleading, as opposed to what is not misleading. The *Broomfield* court held:

> … that the Hawaiian address, the map of Hawaii identifying Kona's brewery on
> the Big Island, and the statement "visit our brewery and pubs whenever you are

DEFENDANT BOYER'S COFFEE'S MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 18
2:19-cv-00290-RSL
6528679.DOC

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

68871649.2

in Hawaii," are not mere puffery but are specific and measurable representations of fact that could deceive a reasonable consumer into believing that the six- and twelve-packs of Kona beer were brewed in Hawaii.

*Broomfield*, 2017 WL 3838453, at *6.

In contrast to the representations in *Broomfield*, Boyer's package does not contain any such misleading images as a map to a non-existent Boyer's facility on Kona or an invitation to visit that non-existent location.

When looked at in its entirety, no reasonable consumer would think that Boyer's product comes from anywhere but Colorado and, where neither Hawaii nor the United States has ever sought to protect the word Kona as the French have continuously protected the word Champagne, this Court should not engage in what should essentially be, first and foremost, a legislative function.

The first three of five elements needed to state a false advertising claim under § 1125(a)(1)(B) are: (1) defendant made false statements of fact about its product in its advertisements; (2) those advertisements actually deceived or have the tendency to deceive a substantial segment of their audience; and (3) the deception is material, in that it is likely to influence the purchasing decision. *Cook, Perkiss & Liehe v. Northern California Collection Service, Inc.*, 911 F.2d 242, 244 (9th Cir.1990) (holding that even false statements that are merely general in nature are not actionable under the Lanham Act when they relate mere puffery, and dismissing with prejudice on a Rule 12(b)(6) motion). *See also Summit Tech., Inc. v. High-Line Med. Instruments, Co.*, 933 F. Supp. 918, 931 (C.D. Cal. 1996) (dismissing claims under Rule 12(b)(6) and holding vague statement that machines were "perfectly reliable," was incapable of objective verification and not expected to induce reasonable consumer reliance).

Boyer's package does not make any "false statement of fact." Boyer's package does not claim to have been produced in Kona, Hawaii, packaged in Kona Hawaii, or even that its coffee beans come from Hawaii. Taken in the full context if Boyer's package, the single word

DEFENDANT BOYER'S COFFEE'S MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 19
2:19-cv-00290-RSL
6528679.DOC

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

68871649.2

complained of by Plaintiffs is not material, and is not likely to influence the purchasing decisions of any, let alone a substantial portion of the public.



*See* (Dkt 81 at p. 44, figures BC-1 and BC-2; Judicial Notice Decl., Ex. 1).

Considering the FAC and the entirety of the Boyer's package, Plaintiffs' claims under § 1125(a)(1)(B) should be dismissed as to Boyer's.

## IV.  CONCLUSION

Boyer's requests that this Court dismiss Plaintiff's lawsuit as to Boyer's because:

DEFENDANT BOYER'S COFFEE'S MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 20
2:19-cv-00290-RSL
6528679.DOC

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

68871649.2

1.     Plaintiff's claims under 15 U.S.C. § 1125(a)(1)(A)-(B) fail under the pleading standard in *Twombly/Iqbal* and the heightened pleading standard of Rule 9 for claims sounding in fraud.

2.     Plaintiffs' § 1125(a)(1)(A) claim against Boyer's fails:

    a.   because Plaintiff's do not have a protectable mark, and (b) even if one farmer established a protectable mark, then the rest would presumably be excluded from using it, and that is not the case.

    b.   Boyer's packaging clearly reflects that it is a Colorado product, and there is no way that the public could ever be confused between Boyers and any of the individual farmers in Kona, Hawaii.

3.     Plaintiffs' § 1125(a)(1)(B) claim against Boyer's fails because no reasonable consumer would believe that the contents of the Boyer's packaging originates from Kona, Hawaii, as it makes at least 11 references to its Colorado origin, and the mere use of a single unprotected word that makes no representations of fact would confuse any reasonable consumer, let alone influence the purchasing decisions of a substantial portion of the public.

    DATED this 5th day of June, 2019.

                LEE SMART, P.S., INC.

                By: /s Marc Rosenberg
                    Marc Rosenberg, WSBA No. 31034
                    Of Attorneys for Defendant
                    BCC Assets, LLC d/b/a
                    Boyer's Coffee Company, Inc.

                    1800 One Convention Place
                    701 Pike St.
                    Seattle, WA 98101-3929
                    (206) 624-7990
                    mr@leesmart.com

DEFENDANT BOYER'S COFFEE'S MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 21
2:19-cv-00290-RSL
6528679.DOC

**LEE·SMART**
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

68871649.2

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on the date provided at the signature below, I electronically filed

3

the preceding document with the Clerk of the Court using the ECF system, which will send

4

notification of such filing to the following individuals:

5

David C Spellman    dspellman@buchalter.com

6

Eric David Lansverk    edl@hcmp.com

7

Bradley P Thoreson    bthoreson@buchalter.com

8

Paul Richard Brown    pbrown@karrtuttle.com

9

Maria E Sotirhos    sotirhos@wscd.com

10

Stephen C Willey    swilley@sbwllp.com

11

Mark A Bailey    mbailey@karrtuttle.com

12

Marcy Bergman    marcy.bergman@bclplaw.com

13

J Michael Keyes    keyes.mike@dorsey.com

14

Duffy J Graham    dgraham@sbwllp.com

15

Alfred E Donohue    donohue@wscd.com

16

Jaime Drozd Allen    jaimeallen@dwt.com

17

Ambika K Doran    ambikadoran@dwt.com

18

Nathan Paine    npaine@karrtuttle.com

19

Tiffany Scott Connors    connorst@lanepowell.com

20

Daniel Rahn Bentson    dan.bentson@bullivant.com

21

Jessica Walder    walderj@lanepowell.com

22

Jason Louis Lichtman    jlichtman@lchb.com

23

Owen R Mooney    owen.mooney@bullivant.com

24

Erin M Wilson    wilsonem@lanepowell.com

25

Brian Janura    janura.brian@dorsey.com

DEFENDANT BOYER'S COFFEE'S MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 22
2:19-cv-00290-RSL
6528679.DOC

**LEE·SMART**

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

68871649.2

1    Brandi Buehn Balanda    bbalanda@sbwllp.com

2    Erin C Kolter    kolter.erin@dorsey.com

3    Benjamin J Robbins    benrobbins@dwt.com

4    Daniel T Hagen    dhagen@karrtuttle.com

5    Merrit M Jones    merrit.jones@bclplaw.com

6    Kelly George LaPorte    klaporte@cades.com

7    Nathaniel Dang    ndang@cades.com

8    Andrew Kaufman    akaufman@lchb.com

9    Daniel E Seltz    dseltz@lchb.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge.

Dated this 5th day of June, 2019 at Seattle, Washington.

LEE SMART, P.S., INC.

By: /s Marc Rosenberg
    Marc Rosenberg, WSBA No. 31034
    Of Attorneys for Defendant
    BCC Assets, LLC d/b/a
    Boyer's Coffee Company, Inc.

    1800 One Convention Place
    701 Pike St.
    Seattle, WA 98101-3929
    (206) 624-7990

DEFENDANT BOYER'S COFFEE'S MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 23
2:19-cv-00290-RSL
6528679.DOC

68871649.2

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944