The Honorable Robert S. Lasnik

1

2

3

4
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

5

6
BRUCE CORKER d/b/a RANCHO ALOHA;
COLEHOUR BONDERA and MELANIE

7
BONDERA, husband and wife d/b/a
KANALANI OHANA FARM; and ROBERT

8
SMITH and CECELIA SMITH, husband and
wife d/b/a SMITHFARMS, on behalf of

9
themselves and others similarly situated,

10
                              Plaintiffs,

11
          v.

12
COSTCO WHOLESALE CORPORATION, a
Washington corporation; AMAZON.COM,

13
INC., a Delaware corporation; HAWAIIAN
ISLES KONA COFFEE, LTD., LLC, a

14
Hawaiian limited liability company; COST
PLUS/WORLD MARKET, a subsidiary of

15
BED BATH & BEYOND, a New York
corporation; BCC ASSETS, LLC d/b/a

16
BOYER'S COFFEE COMPANY, INC., a
Colorado corporation; L&K COFFEE CO. LLC,

17
a Michigan limited liability company;
MULVADI CORPORATION, a Hawaii

18
corporation; COPPER MOON COFFEE, LLC,
an Indiana limited liability company; GOLD

19
COFFEE ROASTERS, INC., a Delaware
corporation; CAMERON'S COFFEE AND

20
DISTRIBUTION COMPANY, a Minnesota
corporation; PACIFIC COFFEE, INC., a Hawaii

21
corporation; THE KROGER CO., an Ohio
corporation; WALMART INC., a Delaware

22
corporation; BED BATH & BEYOND INC., a
New York corporation; ALBERTSONS

23
COMPANIES INC., a Delaware corporation;
SAFEWAY INC., a Delaware corporation;

24
MNS LTD., a Hawaii corporation; THE TJX
COMPANIES d/b/a T.J. MAXX, a Delaware

25
corporation; MARSHALLS OF MA, INC. d/b/a
MARSHALLS, a Massachusetts corporation;

26
SPROUTS FARMERS MARKET, INC., a
Delaware corporation,

27
                              Defendants.

No. 2:19-cv-00290-RSL

RETAILERS' MOTION TO
DISMISS UNDER FED. R. CIV. P.
12(b)(6)

*Noted for Consideration:*
**June 28, 2019**

**ORAL ARGUMENT
REQUESTED**

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     STATEMENT OF RELEVANT FACTS .......................................................... 2

III.    LEGAL STANDARD ........................................................................................ 3

IV.     ARGUMENT .................................................................................................... 4

        A.      Plaintiffs Have Failed to State a Claim Under the Lanham Act. .......................... 4

                1.      The False Advertising Claim Fails because Plaintiffs Do Not
                        Allege that the Retailer Defendants Made Any Statements. ................... 4

                2.      Plaintiffs cannot proceed under a "false association" theory. ................. 6

        B.      Plaintiffs Fail to Plead the Retailer Defendants' Alleged Fraud with
                Specificity, as Rule 9(b) Requires. ........................................................................ 9

        C.      Section 230 of the Communications Decency Act Prohibits Imposing
                Liability on Amazon (and Other Retailer Defendants that Offer Products
                Online) for the Content of the Product Labels. ................................................. 11

V.      CONCLUSION ............................................................................................... 13

**Davis Wright Tremaine LLP**
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*4 Peaks Tech. LLC v. Green*,
 2014 U.S. Dist. LEXIS 200057 (D. Ariz. Nov. 6, 2014) .........................................................7

*Abarquez v. Onewest Bank*,
 FSB, 2011 WL 1459458 (W.D. Wash. Apr. 15, 2011) (Lasnik, J.) .....................................10

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .........................................................................................................2, 4

*Associated Banc-Corp v. Earthlink, Inc.*,
 2005 U.S. Dist. LEXIS 20184 (W.D. Wis. Sep. 13, 2005) .............................................12, 13

*Carafano v. Metrosplash.com, Inc.*,
 339 F.3d 1119 (9th Cir. 2003) .......................................................................................11, 12

*Cascade Fin. Corp. v. Issaquah Cmty. Bank*,
 2007 U.S. Dist. LEXIS 71966 (W.D. Wash. Sept. 27, 2007) ...............................................7

*Corbis Corp. v. Amazon.com, Inc.*,
 351 F. Supp. 2d 1090 (W.D. Wash. 2004) .....................................................................12, 13

*Depot, Inc. v. Caring for Montanans, Inc.*,
 915 F.3d 643 (9th Cir. 2019) ...........................................................................................9, 11

*Destfino v. Reiswig*,
 630 F.3d 952 (9th Cir. 2011) ...............................................................................................10

*Enigma Software Grp. USA LLC v. Malwarebytes Inc.*,
 2017 U.S. Dist. LEXIS 184658 (N.D. Cal. Nov. 7, 2017) ..............................................12, 13

*Evans v. Hewlett-Packard Co.*,
 2013 U.S. Dist. LEXIS 146989 (N.D. Cal. Oct. 10, 2013) ...................................................11

*Free Kick Master LLC v. Apple Inc.*,
 140 F. Supp. 3d 975 (N.D. Cal. 2015)..................................................................................13

*GOLO, LLC v. Higher Health Network, LLC*,
 2019 U.S. Dist. LEXIS 18506 (S.D. Cal. Feb. 5, 2019)........................................................9

*Granite State Trade Sch., LLC v. The New Hampshire Sch. of Mech. Trades, Inc.*,
 120 F. Supp. 3d 56 (D.N.H. 2015) ........................................................................................8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*Hiam v. HomeAway.com, Inc.*,
   267 F. Supp. 3d 338 (D. Mass. 2017)....................................................................13

*Hogan v. Unum Life Ins. Co. of Am.*,
   81 F. Supp. 3d 1016 (W.D. Wash. 2015) ................................................................4

*Joseph v. Amazon.com, Inc.*,
   46 F. Supp. 3d 1095 (W.D. Wash. 2014) ..............................................................12

*Kerodin v. ServiceMagic, Inc.*,
   2013 WL 951754 (D. Md. Mar. 11, 2013) ..............................................................7

*Kische United States LLC v. Simsek*,
   2016 U.S. Dist. LEXIS 172372 (W.D. Wash. Dec. 13, 2016) ................................9

*Lasoff v. Amazon.com Inc.*,
   2017 U.S. Dist. LEXIS 11093 (W.D. Wash. Jan. 26, 2017), *aff'd*, 741 Fed.
   App'x. 400 (9th Cir. 2018)..........................................................................5, 6, 12

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
   572 U.S. 118 (2014) ...............................................................................................6

*Lochirco Fruit & Produce Co. v. Tarukino Holdings, Inc.*,
   2019 U.S. Dist. LEXIS 4858 (W.D. Wash. Jan. 9, 2019) .......................................7

*Neubronner v. Milken*,
   6 F.3d 666 (9th Cir. 1993) .....................................................................................10

*Opel v. Boeing Co.*,
   2012 WL 1441405 (W.D. Wash. Apr. 26, 2012) .....................................................4

*Optimum Technologies, Inc. v. Home Depot USA, Inc.*,
   2005 U.S. Dist. LEXIS 34776 (N.D. Ga. Dec. 2, 2005) .........................................5

*Outlaw Lab., LP v. Shenoor Enter.*,
   2019 U.S. Dist. LEXIS 34364 (N.D. Tex. Mar. 4, 2019)....................................5, 6

*Pebble Beach Co. v. Laub America Corp.*,
   1985 WL 5584 (N.D. Cal. 1985)..............................................................................8

*Sand Hill Advisors, LLC v. Sand Hill Advisors, LLC*,
   680 F. Supp. 2d 1107 (N.D. Cal. 2010)....................................................................8

*Semegen v. Weidner*,
   780 F.2d 727 (9th Cir. 1985) ..................................................................................10

*Sugai Prods. v. Kona Kai Farms*,
   1997 U.S. Dist. LEXIS 21503 (D. Haw. Nov. 19, 1997)................................6, 8, 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*Two Pesos, Inc. v. Taco Cabana, Inc.*,
    505 U.S. 763 (1992) ...........................................................................................7

*United States v. Ctr. for Diagnostic Imaging, Inc.*,
    787 F. Supp. 2d 1213 (W.D. Wash. 2011) .......................................................11

*Vail Assocs., Inc. v. Vend-Tel-Co.*,
    516 F.3d 853 (10th Cir. 2008) ..........................................................................8

*Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*,
    758 F.3d 1069 (9th Cir. 2014), *as amended* (Mar. 11, 2014).....................4, 5, 12

**Federal Statutes**

15 U.S.C.
    § 1052 ................................................................................................................7
    § 1125(a)(1)(A) ..............................................................................................4, 7
    § 1125(a)(1)(B) ..............................................................................................4, 6
    § 1502(e)............................................................................................................7
    § 1502(f) ............................................................................................................7

47 U.S.C.
    § 230 ..............................................................................................2, 11, 12, 13
    § 230(c)(1) .......................................................................................................11
    § 230(e)(2) .......................................................................................................13
    § 230(f)(2) .......................................................................................................12

Lanham Act, § 1125 ...................................................................................................8

**State Statutes**

Haw. Rev. Stat. § 486-120.6(c)(2) ..............................................................................2

**Rules**

Fed. R. Civ. P.
    8 .......................................................................................................................10
    9(b) ........................................................................................................... *passim*
    12(b)(6)..............................................................................................................3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## I.     INTRODUCTION

Plaintiffs are three coffee bean growers in Hawaii who purport to represent all growers in the Kona District on the island of Hawaii.  Plaintiffs assert that labels on products sold by retailers ("Retailer Defendants"[1]) that include the term "Kona" falsely imply that the products contain only coffee grown in the Kona District.  Although the example labels Plaintiffs provide are in fact accurate, the Amended Complaint suffers a more fundamental defect:  Plaintiffs do not allege that the Retailer Defendants—as opposed to those defendants who manufactured the products—made any statements, much less misleading ones.  Even if, as Plaintiffs dramatically claim, "someone is lying," Dkt. 81, Am. Compl. ¶ 44, the Retailer Defendants are not that "someone."  The Court should dismiss the claim against these Defendants.

*First,* Plaintiffs have failed to plead a plausible claim for "false advertising" or "false association" under the Lanham Act.  A false advertising claim requires the defendant to have made a statement of fact, yet Plaintiffs do not allege that the Retailer Defendants made any statements.  Moreover, a false association claim exists only where the plaintiff alleges that the defendant has "passed off" its product as the plaintiffs' product or otherwise associated its products with one plaintiff in particular.  A false association claim does *not* exist where, as here, the plaintiff claims the defendant has falsely implied its goods originate in a particular geographic location.  Finally, a false association claim, designed to redress trademark infringement, requires that the plaintiff have a protectable mark.  Plaintiffs do not allege they own any trademark rights in the term "Kona" (they do not); to the contrary, they concede that "Kona" is a geographic term that consumers do not associate with any particular supplier.

*Second*, Plaintiffs' claim sounds in fraud, but Plaintiffs do not meet the heightened pleading standard imposed by Federal Rule of Civil Procedure 9(b).  That rule requires

---

[1] The "Retailer Defendants" bringing this motion are The Kroger Co.; Amazon.com, Inc.; Walmart Inc.; Albertsons Companies Inc.; Safeway Inc.; The TJX Companies d/b/a T.J. Maxx; Marshalls of MA, Inc. d/b/a Marshalls; Costco Wholesale Corporation; Cost Plus, Inc. (erroneously sued as Cost Plus/World Market); Bed, Bath, & Beyond Inc.; MNS Ltd. (operating retail stores under the tradename ABC Stores); and Sprouts Farmers Market, Inc.

RETAILERS' MOTION TO DISMISS (2:19-cv-00290-RSL) - 1

Plaintiffs to plead fraud "with particularity."  This means that Plaintiffs must identify the time, place, and specific content of the allegedly false representations.  Plaintiffs have not done this. They have failed to identify any statements the Retailer Defendants have made.  Indeed, they have made clear their claims are based on unspecified products bearing unspecified labels in addition to the "examples" identified in the Amended Complaint.  Plaintiffs must do much more to satisfy Rule 9(b), which recognizes that without sufficient specificity, a defendant cannot adequately defend itself.  This defect provides an independent basis for dismissal.

*Finally*, Section 230 of the Communications Decency Act, 47 U.S.C. § 230, bars Plaintiffs' claims to the extent they rest on online sales.  Section 230 protects online publishers, such as Amazon and other Retailer Defendants that permit third parties to sell goods on their websites, from claims based on the statements of those third parties.  Because the Amended Complaint on its face seeks to hold Amazon and other online sellers liable simply for publishing a label written by a supplier, Section 230 bars Plaintiffs' claim.

## II.    STATEMENT OF RELEVANT FACTS[2]

The gist of the Amended Complaint is that Defendants have misled the public by marketing, distributing, or selling coffee products bearing the term "Kona" because, according to Plaintiffs, "[o]nly coffee grown in the Kona District can be sold as Kona coffee."  Am. Compl. ¶ 39.  Plaintiffs do not (and cannot in good faith) base their allegations on any regulation or statute on this subject since the only such regulation is a Hawaii law that applies only to products sold in Hawaii and permits use of the term "Kona blend" to describe products that contain 10 percent or more Kona beans.  *See* Haw. Rev. Stat. § 486-120.6(c)(2) ("[i]t shall be a violation of this section to: . . . (2) Use a geographic origin in labeling or advertising . . . if the roasted or instant coffee contains less than ten percent coffee by weight from that

---

[2] The Retailer Defendants base this statement on the allegations in the Amended Complaint, recognizing that the Court must accept well-pleaded facts as true for purposes of this motion.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  For example, for the purposes of this motion, Amazon accepts, as true, the allegation that it "sells" Kona coffee.  In fact, in many cases Amazon does not "sell" products listed on its site but simply provides a marketplace for the seller—further distancing it from the conduct of which Plaintiffs complain.

RETAILERS' MOTION TO DISMISS (2:19-cv-00290-RSL) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

geographic origin").  Plaintiffs bring claims under the Lanham Act, asserting that Defendants "misleadingly designate Kona as the origin of the coffee products, when most of the coffee beans contained in the coffee products were sourced from other regions of the world."  Am. Compl. ¶ 138.  Plaintiffs provide for each defendant "one or more examples of particular products in their product line," but then state that these examples are "not necessarily exhaustive."  *Id.* ¶ 61.  Plaintiffs do not explain why they have failed to identify a comprehensive list of the allegedly mislabeled products that form the basis of their claims.

Among those named in the Amended Complaint are the Retailer Defendants whom Plaintiffs allege sell "deceptive coffee products," including products made by the remaining Defendants that supply coffee ("Supplier Defendants").  *See id.* ¶¶ 8-27.  Plaintiffs do not claim that any of the Retailer Defendants wrote, revised, or otherwise contributed to the content of the product labels that they claim are misleading.  Further, the Amended Complaint is largely devoid of facts about the Retailer Defendants other than to claim, in conclusory fashion, that each defendant sells "deceptive coffee products . . . which falsely designate[] KONA as the origin of the coffee beans," listing example manufacturers (but not products) for each.  *See, e.g., id.* ¶ 19 (claiming that Walmart sells "deceptive coffee products, including but not limited to" seven named brands); *see also id.* ¶ 17 (Kroger); ¶ 18 (Amazon); ¶ 20 (Costco); ¶ 21 (Bed Bath & Beyond); ¶ 22 (Albertson's); ¶ 23 (Safeway); ¶ 24 (ABC Stores); ¶ 25 (T.J. Maxx); ¶ 26 (Marshalls); ¶ 27 (Sprout Farmers Market); ¶ 9 (World Market); ¶¶ 124-32 (similar allegations for each).  The Amended Complaint also alleges that "certain named defendants employ professional coffee buyers whose job function is to source coffees for their products" and therefore "cannot plausibly claim to be confused about the coffee they are procuring."  *Id.* ¶ 59.  The Amended Complaint does not identify these defendants, including whether any Retailer Defendants are among them.

### III.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court may augment well-pleaded factual allegations with "court filings and other matters of public record," as such documents are "not subject to reasonable dispute." *Hogan v. Unum Life Ins. Co. of Am.*, 81 F. Supp. 3d 1016, 1020 (W.D. Wash. 2015) (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006)).  The Court need not accept as true legal conclusions cast as factual allegations.  *Iqbal*, 556 U.S. at 678-79.  The Court should dismiss a complaint for failure to state a claim when the pleadings fail to set forth "either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Opel v. Boeing Co.*, 2012 WL 1441405, at *2 (W.D. Wash. Apr. 26, 2012) (quoting *Twombly*, 550 U.S. at 562).

## IV.    ARGUMENT

### A.    Plaintiffs Have Failed to State a Claim Under the Lanham Act.

Section 43(a) of the Lanham Act creates two distinct claims—one for false advertising, and the other for "false association," i.e., trademark infringement.  15 U.S.C. § 1125(a)(1)(A), (a)(1)(B).  Although the Complaint alleged only the former, Dkt. 1 ¶ 131, the Amended Complaint adds the latter, Am. Compl. ¶¶ 134, 138.  Neither claim is viable.

#### 1.    The False Advertising Claim Fails because Plaintiffs Do Not Allege that the Retailer Defendants Made Any Statements.

Section 43(a)(1)(B) of the Lanham Act, which governs "false advertising," imposes liability on any person who uses "any false designation of origin . . . which . . . (B) in commercial advertising or promotion, misrepresents the . . . geographic origin of his or her or another person's goods . . . ." 15 U.S.C. § 1125(a)(1)(B).  To establish a false advertising violation, a plaintiff must prove five elements, the first and most fundamental of which is "a false statement of fact *by the defendant* in a commercial advertisement about its own or another's product."  *See Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069,

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1071 (9th Cir. 2014), *as amended* (Mar. 11, 2014) (emphasis added).[3]  Here, Plaintiffs have

failed to allege that the Retailer Defendants made any "statement."

      Plaintiffs' Lanham Act claims against the Retailer Defendants are based *wholly* on

product packaging; there is no allegation that the Retailer Defendants published any statements

or advertisements about the Kona products.  *See generally* Am. Compl. ¶¶ 65-126; *see also id.*

¶ 61 (noting the allegations concern "particular products in [each Defendant's] product line").[4]

Product labels, however, originate with suppliers, not retailers.  This is dispositive.  The

Lanham Act does not hold *retailers* liable for statements (whether on labels or otherwise)

originating with their vendors and suppliers.  *See Lasoff v. Amazon.com Inc.*, 2017 U.S. Dist.

LEXIS 11093, at *20 (W.D. Wash. Jan. 26, 2017) (dismissing Lanham Act claim where "the

misrepresentations of which [Plaintiff] complains originate with third-party vendors, not with

Defendant"), *aff'd*, 741 Fed. App'x. 400, 402 (9th Cir. 2018); *Outlaw Lab., LP v. Shenoor*

*Enter.*, 2019 U.S. Dist. LEXIS 34364, at *28-29 (N.D. Tex. Mar. 4, 2019) ("[F]ederal courts

appear unwilling to entertain false-advertising claims that are based almost entirely on false

statements that originate with third parties.").  The mere fact that the Retailer Defendants stock

and sell a product does not make them responsible for statements on the product label.  *See*

*Outlaw Lab.*, 2019 U.S. Dist. LEXIS 34364, at *20-21 (stocking a product "does not rise to the

level of 'dissemination' of false advertising"); *Optimum Techs., Inc. v. Home Depot USA, Inc.*,

2005 U.S. Dist. LEXIS 34776, at *19-20 (N.D. Ga. Dec. 2, 2005) ("It is difficult to see how

merely displaying products on a store shelf qualifies as speech.").  This makes good sense:

"[T]he policy concerns stemming from a decision that holds retailers liable for false

---

[3] The other four elements are "(2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by lessening of the goodwill associated with its products." *Id.*

[4] Although the Amended Complaint alleges that "Defendants use marketing," Am. Compl. ¶ 60, it does not claim that such marketing originated with the Retailer Defendants.  In addition, as discussed below, a vague reference to "marketing" that lumps all defendants together does not satisfy Rule 9(b).

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

advertisements created and controlled solely by third parties could be severe," as a retailer should not be "responsible for scrutinizing and determining the veracity of every claim on every product in their stores simply because they sell the product." *Outlaw Lab*, 2019 U.S. Dist. LEXIS 34364, at *27.

Here, Plaintiffs allege only that each Retailer Defendant "sells a variety of deceptive coffee products." *See* Am. Compl. ¶¶ 124-31.  When "the *only* false statements Plaintiff identifies are the *labels*," a plaintiff has no Lanham Act claim against retailers who sell the product. *Outlaw Lab.*, 2019 U.S. Dist. LEXIS 34364, at *15 (dismissing Lanham Act false advertising claim).  Because Plaintiffs do not allege that any Retailer Defendant made separate false advertisements about the Kona coffee products at issue, the Court should dismiss.

### 2.    Plaintiffs Cannot Proceed Under a "False Association" Theory.

Plaintiffs cannot cure this defect by pleading a claim for "false association" under Section 43(a)(1)(A), which prohibits statements that are "likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of *such person with another person*, as to the origin, sponsorship, or approval of *his or her* goods."  By its plain terms, this section governs allegations that a defendant has created a false association between his or her goods and the goods *of the plaintiff*, *not* the geographical origin of the defendant's goods.  In contrast, "a claim for false 'geographic origin' . . . is specifically addressed by 15 U.S.C. § 1125(a)(1)(B), or the false advertising provision of the Act." *Sugai Prods. v. Kona Kai Farms*, 1997 U.S. Dist. LEXIS 21503, at *33 (D. Haw. Nov. 19, 1997); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 122 (2014) (recognizing that "false advertising" and "false association" are "distinct bases of liability").  Accordingly, courts dismiss claims that assert both theories on the same facts. *See, e.g.*, *Lasoff*, 741 F. App'x at 402 (affirming dismissal of false advertising claim as duplicative of infringement claim); *Sugai Prods.*, 1997 U.S. Dist. LEXIS 21503, at *36 (lack of standing on false advertising claim was "not resolved by their attempt to restyle their case as a false association claim").

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Further, the facts alleged in the Amended Complaint do not support a false association theory.  "False association" occurs when a defendant's use of a trademark or trade dress is likely to confuse consumers into believing they are purchasing the plaintiff's products.  "To establish a trademark infringement claim under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), a plaintiff must show:  (1) that she has a protected ownership interest in the mark; and (2) that an alleged infringer's use of a competing mark is likely to cause consumer confusion."  *Lochirco Fruit & Produce Co. v. Tarukino Holdings, Inc.*, 2019 U.S. Dist. LEXIS 4858, at *4-5 (W.D. Wash. Jan. 9, 2019) (citing *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014)).  "False association" is broader than trademark infringement because a plaintiff can bring a false association claim over an unregistered trademark.  *See Cascade Fin. Corp. v. Issaquah Cmty. Bank*, 2007 U.S. Dist. LEXIS 71966, at *29 n.4 (W.D. Wash. Sept. 27, 2007).  But the test is the same:  "[T]he general principles qualifying a mark for registration under § 2 of the Lanham Act are for the most part applicable in determining whether an unregistered mark is entitled to protection under § 43(a)."  *Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 768 (1992) (citations omitted).[5]  Absent a protectable mark, courts dismiss false association claims.  *See 4 Peaks Tech. LLC v. Green*, 2014 U.S. Dist. LEXIS 200057, at *6 (D. Ariz. Nov. 6, 2014) (dismissing claim where "Defendant has not alleged he owns, nor does he allege any legally protectable interest in a mark"); *Kerodin v. ServiceMagic, Inc.*, 2013 WL 951754, at *4 (D. Md. Mar. 11, 2013) (dismissing claim where Plaintiff's alleged mark was geographically descriptive and there was no alleged secondary meaning).

Plaintiffs not only fail to allege that "Kona" is a protectable mark, but they concede it is not.  Plaintiffs allege "'Kona' tells consumers their coffee comes from this distinctive

---

[5] In order to be registered, a mark must distinguish "the goods of the applicant . . . from the goods of others."  15 U.S.C. § 1052.  There are five traditional categories of marks, listed in ascending order of distinctiveness:  "(1) generic, (2) descriptive, (3) suggestive, (4) arbitrary, or (5) fanciful."  *Two Pesos*, 505 U.S. at 768.  Generic marks are not eligible for trademark protection, while the latter three categories "are deemed inherently distinctive and are entitled to protection."  *Id.*  Marks that are "merely descriptive of a product," including geographic terms, "do not inherently identify a particular source" and therefore are not protectable unless they acquire a "secondary meaning" by becoming distinctive "as used on or in connection with the applicant's goods in commerce."  *Id.* at 769; 15 U.S.C. § 1502(e), (f).

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

geographic region."  Am. Compl. ¶ 1.  But geographic designations are "descriptive" marks and protectable *only* if they have acquired a "secondary meaning" apart from the geographic designation.  *See, e.g.*, *Sand Hill Advisors, LLC v. Sand Hill Advisors, LLC*, 680 F. Supp. 2d 1107, 1113 (N.D. Cal. 2010); *Vail Assocs., Inc. v. Vend-Tel-Co.*, 516 F.3d 853, 866 (10th Cir. 2008) ("A likelihood of confusion over a descriptive term can never exist absent secondary meaning.").  A "secondary meaning" exists only if "the mark no longer causes the public to associate the goods with a particular place" but, instead, has come to be associated with the Plaintiffs' products specifically.  *Granite State Trade Sch., LLC v. The New Hampshire Sch. of Mech. Trades, Inc.*, 120 F. Supp. 3d 56, 63 (D.N.H. 2015) (citation and original alterations omitted); *see also Pebble Beach Co. v. Laub America Corp.*, 1985 WL 5584, at *7 (N.D. Cal. 1985) (geographic term acquires secondary meaning when "a sufficient segment of a relevant market group comes to associate the phrase not just with the geographic place it originally signified, but also with a single source of goods").  Here, Plaintiffs do not and cannot allege that "Kona" has acquired secondary meaning and has come to be associated with any one of their products specifically.  Indeed, Plaintiffs allege approximately 600 to 1,000 farmers grow "Kona" coffee.  Am. Compl. ¶ 42.  This allegation, taken as true, forecloses the possibility that Kona has a secondary meaning associating it with any one particular farmer.  And without secondary meaning, "Kona" is not a protectable mark.[6]

Another court in this circuit has reached the same conclusion on similar allegations.  In *Sugai Products v. Kona Kai Farm*, 1997 U.S. Dist. LEXIS 21503 (D. Haw. Nov. 19, 1997), a putative class of Kona coffee farmers alleged that defendant coffee companies were placing Central American coffee into "Kona coffee" bags in violation of Section 1125 of the Lanham Act.  *Id.* at *6.  At the class certification stage, the court determined that certain proposed class members would lack standing to bring a false advertising claim.  *Id.* at *34.  After analyzing

---

[6] The Hawaii Department of Agriculture has registered a certification mark consisting of a flower outline surrounding the words "100% Kona Coffee."  *See* Trademark Registration No. 2322867.  The Amended Complaint, however, does not allege any violation of this trademark.  Nor could it. Defendants do not use this mark, and Plaintiffs do not represent the Department of Agriculture.

RETAILERS' MOTION TO DISMISS (2:19-cv-00290-RSL) - 8

that claim, the court turned to plaintiffs' false association claim.  It noted that "a false

association of origin claim[] requires that consumers must associate the coffee with *a*

*particular plaintiff*, not merely a group of plaintiffs," and it held that "plaintiffs cannot rely on

Section 43(a)(1)(A)."  *Id.* at \*36 (emphasis added).  This logic applies with equal force to

Plaintiffs' nearly identical false association claim here.  The Court should dismiss it.

> **B.      Plaintiffs Fail to Plead the Retailer Defendants' Alleged Fraud with**
> **Specificity, as Rule 9(b) Requires.**

Even if Plaintiffs had stated a Lanham Act claim against the Retailer Defendants based

on false advertising or false association, the Court should dismiss the Amended Complaint

because it does not satisfy the requirements of Rule 9(b).

A claim "grounded in fraud" must meet the heightened pleading standard of Rule 9(b).

*Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 668 n.17 (9th Cir. 2019) (*citing Vess*

*v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-03 (9th Cir. 2003)).  In general, Lanham Act

"[f]alse advertising claims are subject to heightened pleading standards."  *Kische United States*

*LLC v. Simsek*, 2016 U.S. Dist. LEXIS 172372, at \*27 (W.D. Wash. Dec. 13, 2016) (citations

omitted); *see also GOLO, LLC v. Higher Health Network, LLC*, 2019 U.S. Dist. LEXIS 18506,

at \*15-16 (S.D. Cal. Feb. 5, 2019) (same).  That general rule plainly applies here:  Plaintiffs'

claim rests on the allegation that "Kona" product labels constitute "lying," *see* Am. Compl.

¶ 44, and that all Defendants, including the Retail Defendants, "falsely designate[] the

geographic origin" of the coffee they sell, *id.* ¶¶ 18-27.  These claims sound in fraud, meaning

all of Plaintiffs' allegations are subject to Rule 9(b)—which they have failed to satisfy.

Rule 9(b) requires Plaintiffs to "include an account of the time, place, and specific

content of the false representations. . . .  In other words, the pleading must identify the who,

what, when, where, and how of the misconduct charged."  *Depot, Inc.*, 915 F.3d at 668

(citations and quotation marks omitted).  Here, however, the Amended Complaint lacks *any*

allegations describing *any* Retailer Defendant's allegedly fraudulent statements.  Rule 9(b) is

not satisfied where "plaintiffs fail[] to allege with specificity any fraudulent conduct

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

attributable to [a] defendant." *Abarquez v. Onewest Bank*, FSB, 2011 WL 1459458, at *3 (W.D. Wash. Apr. 15, 2011) (Lasnik, J.).  Plaintiffs' only potential allegation of retailer involvement, other than stocking and selling a product, is the assertion that some *unidentified* defendants should be aware of the alleged falsity of Kona coffee packaging because they use professional buyers.  *See* Am. Compl. ¶ 59.  But this allegation appears to refer to suppliers, not the Retailer Defendants, since it alludes to "sourc[ing] coffees for their products."  *Id.*  In any event, the allegation does not identify the Defendants to which it refers, so it fails to satisfy Rule 8, let alone Rule 9(b)'s heightened pleading standard.  "Rule 9(b) does not allow a complaint to lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant."  *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (original alterations and citations omitted).[7]

Not only do Plaintiffs fail to identify the Retailer Defendants' allegedly fraudulent statements, they also fail to identify the products on which the alleged statements appear. Plaintiffs assert the products they do identify are "intended to be representative, and not necessarily exhaustive."  Am. Compl. ¶ 61.  Consistent with this, Plaintiffs allege that each Retailer Defendant sold "deceptive coffee products, including *but not limited to*" those described in the Amended Complaint, *id.* ¶¶ 124-31 (emphasis added).  Rule 9(b) requires more—especially given Plaintiffs' admission that not all Kona coffee product labels are deceptive.  *See id.* ¶ 61 (alleging "*nearly* every product labeled 'Kona' in [Defendants'] product lines misrepresents the origin of the coffee beans").  The Retailer Defendants have a right to know what products are at issue so they may respond to those allegations.  *See Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985) (Rule 9(b) ensures the defendant "can defend against the charge and not just deny that they have done anything wrong") (citation omitted). Plaintiffs cannot later identify additional products that form the basis for their claim.

---

[7]     This allegation is also improperly made "on information and belief" without any factual basis. "[A] plaintiff who makes allegations on information and belief must state the factual basis for the belief." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Because the Amended Complaint lacks the specificity Rule 9(b) requires, the Court

should dismiss.  *See Depot, Inc.*, 915 F.3d at 668 (affirming dismissal, in pertinent part,

pursuant to Rule 9(b), when misstatements were alleged "in the course of marketing" over an

eight-year period without sufficient detail); *United States v. Ctr. for Diagnostic Imaging, Inc.*,

787 F. Supp. 2d 1213, 1222 (W.D. Wash. 2011) (noting Rule 9(b) does not permit plaintiffs to

"extrapolate a broader scheme" from one allegation).

### C. Section 230 of the Communications Decency Act Prohibits Imposing Liability on Amazon (and Other Retailer Defendants that Offer Products Online) for the Content of the Product Labels.

Finally, Plaintiffs' claims fail to the extent they are based on the Retailer Defendants'

publication of product labels on their websites—meaning that Plaintiffs' entire claim against

Amazon is subject to dismissal on this basis.

Section 230 of the Communications Decency Act (the "CDA"), 47 U.S.C. § 230,

prevents any provider of an interactive computer service from being "treated as the publisher or

speaker of any information provided by another information content provider."  47 U.S.C.

§ 230(c)(1).  This protection "provides broad immunity for publishing content provided

primarily by third parties."  *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1123 (9th Cir.

2003).  District courts routinely grant motions to dismiss with prejudice where the immunity

applies.  *See, e.g.*, *Evans v. Hewlett-Packard Co.*, 2013 U.S. Dist. LEXIS 146989, at *10 (N.D.

Cal. Oct. 10, 2013) (joining "several district court decisions holding that evaluating Section 230

immunity was proper at the dismissal stage," denying motion to file amended complaint).

Plaintiffs' claim against Amazon rests entirely on the content of third-party labels—e.g.,

allegedly false product packaging—displayed to customers of its online marketplace.  Am.

Compl. ¶ 18.  And Plaintiffs allege that other "retailers who are also defendants in this

litigation" also sell through "online stores" where they display the allegedly deceptive

packaging.  *Id.* ¶ 29.  Section 230 requires dismissal of Plaintiffs' claim to the extent it rests on

this third-party content.  "' [A] defendant is entitled to § 230 protection as long as (1) it is a

provider or user of an interactive computer service, (2) the asserted claims treat the defendant

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

as a publisher or speaker of information, and (3) the challenged communication is information provided by another content provider.'" *Joseph v. Amazon.com, Inc.*, 46 F. Supp. 3d 1095, 1105 (W.D. Wash. 2014) (*quoting Batzel v. Smith*, 333 F.3d 1018, 1037 (9th Cir. 2003)).  Here, all three elements are met.

*First*, each Retailer Defendant is a provider of an interactive computer service. Section 230 defines an interactive computer service as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet." 47 U.S.C. § 230(f)(2).  Online retailers provide users with access to their servers, and, accordingly, multiple courts have held that online retailers—including Amazon—are providers of an "interactive computer service." *See, e.g.*, *Joseph v. Amazon.com*, 46 F. Supp. 3d at 1106; *Lasoff*, 2017 U.S. Dist. LEXIS 11093, at *7; *Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1118 (W.D. Wash. 2004).  "[R]eviewing courts have . . . adopt[ed] a relatively expansive definition of 'interactive computer service.'" *Carafano*, 339 F.3d at 1123.

*Second*, imposing liability here would treat the Retailer Defendants as "publishers or speakers" of information.  As discussed above, false designation of geographic origin under the Lanham Act is a "false advertising" theory of liability which requires a "false statement." *See supra* § IV.A; *Wells Fargo & Co.*, 758 F.3d at 1071.  Courts have therefore applied Section 230 immunity to bar such claims.  *See Enigma Software Grp. USA LLC v. Malwarebytes Inc.*, 2017 U.S. Dist. LEXIS 184658, at *10 (N.D. Cal. Nov. 7, 2017) (dismissing Lanham Act false advertising claim pursuant to § 230(c)); *Associated Banc-Corp v. Earthlink, Inc.*, 2005 U.S. Dist. LEXIS 20184, at *10 (W.D. Wis. Sep. 13, 2005) (holding "Defendant is immune from suit pursuant to § 230," including as to Lanham Act Section 43(a) claim).

*Third*, the Amended Complaint does not allege the Retailer Defendants provided *any* offending content; to the contrary, Plaintiffs allege the Supplier Defendants provided the allegedly misleading product packaging at the center of this case.  "In the absence of any allegation that [Defendant] acted as an author of the challenged content," courts find that

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Section 230 bars claims against online retailers for statements of others.  *See*, *e.g.*, *Free Kick Master LLC v. Apple Inc.*, 140 F. Supp. 3d 975, 983 (N.D. Cal. 2015) (Section 230 barred claims against Amazon and Google based on products sold through their app stores); *see also*, *e.g.*, *Corbis*, 351 F. Supp. 2d at 1118 (Section 230 immunity applied to transactions on Amazon's "zShops" because "vendors provided the [allegedly problematic] images"); *Hiam v. HomeAway.com, Inc.*, 267 F. Supp. 3d 338, 348 (D. Mass. 2017) (noting that if defendant were treated as a seller of services Section 230 would provide immunity because defendant obtained the allegedly "misleading or inaccurate material" from third parties).

Plaintiffs may argue that Section 230 does not apply to Lanham Act claims, relying on a statutory exception to immunity for intellectual property claims.  *See* 47 U.S.C. § 230(e)(2) ("Nothing in this section shall be construed to limit or expand any law pertaining to intellectual property.").  To be sure, Section 230 would not immunize the Retailer Defendants if they stood accused of intellectual property violations.  But a false advertising claim under Section 43(a) of the Lanham Act "does not arise under a 'law pertaining to intellectual property.'"  *Enigma Software Grp. USA LLC*, 2017 U.S. Dist. LEXIS 184658, at *10; *see also Associated Banc-Corp*, 2005 U.S. Dist. LEXIS 20184, at *10 (applying Section 230 immunity to Lanham Act Section 43(a) claim).

Accordingly, Section 230 applies.  The Court should therefore dismiss all claims against Amazon, and it should dismiss the claims against other Retailer Defendants to the extent they rest on the display and sale of products in online stores.

## V.    CONCLUSION

For these reasons, the Court should dismiss this action against the Retailer Defendants.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

RESPECTFULLY SUBMITTED this 5th day of June, 2019.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Defendants The Kroger Co.;*
*Albertson's Companies Inc.; Safeway Inc.;*
*Walmart, Inc.; The TJX Companies d/b/a T.J.*
*Maxx; Marshalls of MA, Inc. d/b/a Marshalls; and*
*Amazon.Com, Inc.*

By s/ Jaime Drozd Allen
    Jaime Drozd Allen, WSBA #35742
    Stephen M. Rummage, WSBA #11168
    Ambika Doran, WSBA #38237
    Jacob M. Harper (*pro hac vice* pending)
    Benjamin J. Robbins, WSBA #53376
    920 Fifth Avenue, Suite 3300
    Seattle, WA  98104-1610
    Telephone: (206) 757-8039
    Fax: (206) 757-7039
    E-mail: jaimeallen@dwt.com
    E-mail: steverummage@dwt.com
    E-mail: ambikadoran@dwt.com
    E-mail: jharper@dwt.com
    E-mail: benrobbins@dwt.com


ARNOLD & PORTER KAYE SCHOLER LLP
*Attorneys for Defendant Bed Bath & Beyond Inc.*

Trenton H. Norris (pro hac vice pending)
Trent.Norris@arnoldporter.com
Tommy Huynh (pro hac vice pending)
Tommy.Huynh@arnoldporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Fax: (415) 471-3400


HILLIS CLARK MARTIN & PETERSON P.S.
*Attorneys for Defendant Cost Plus, Inc.*

By s/ Eric D. Lansverk (per email authorization)
    Eric D. Lansverk, WSBA #17218

RETAILERS' MOTION TO DISMISS (2:19-cv-00290-RSL) - 14

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

999 Third Avenue, Suite 4600
Seattle, WA  98104
Telephone: (206) 623-1745
Fax: (206) 623-7789
E-mail: eric.lansverk@hcmp.com


BRYAN CAVE LEIGHTON PAISNER LLP
*Attorneys for Defendant Cost Plus, Inc.*

By *s/ Marcy J. Bergman* (per email authorization)
    Marcy J. Bergman (CA Bar No. 75826,
    pro hac vice application approved)
    Merrit M. Jones (CA Bar No. 209033,
    pro hac vice application approved)
    Three Embarcadero Center, 7th Floor
    San Francisco, California 94111-4070
    Telephone: (415) 675-3400
    Fax: (415) 675-3635
    E-mail: Marcy.Bergman@bclplaw.com
    E-mail: Merrit.Jones@bclplaw.com


SAVITT BRUCE & WILLEY LLP
*Attorneys for Defendant Costco Wholesale
Corporation*

By *s/ Duffy Graham* (per email authorization)
    Stephen C. Willey, WSBA #24499
    Duffy Graham, WSBA #33103
    Brandi B. Balanda, WSBA #48836
    1425 Fourth Avenue Suite 800
    Seattle, Washington  98101-2272
    Telephone: (206) 749-0500
    Fax: (206) 749-0600
    E-mail: swilley@sbwLLP.com
    E-mail: dgraham@sbwLLP.com
    E-mail: bbalanda@sbwLLP.com


CADES SCHUTTE LLP
*Attorneys for Defendant MNS Ltd.*

By *s/ Kelly G. LaPorte* (per email authorization)
    Kelly G. LaPorte, *pro hac vice*
    Nathaniel Dang, *pro hac vice*
    1000 Bishop Street, 12th Floor

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Honolulu, HI  96813
Telephone: (808) 521-9200
Fax: (808) 521-9210
E-mail: klaporte@cades.com
E-mail: ndang@cades.com


BULLIVANT HOUSER BAILEY, PC
*Attorneys for Defendant MNS Ltd.*

By *s/ Daniel R. Bentson* (per email authorization)
Daniel R. Bentson, WSBA #36825
Owen R. Mooney, WSBA #45779
1700 Seventh Avenue, Suite 1810
Seattle, WA  98101
Telephone: (206) 292-8930
Fax: (206) 386-5130
E-mail: dan.bentson@bullivant.com
E-mail: owen.mooney@bullivant.com


DORSEY & WHITNEY LLP
*Attorneys for Defendant Sprouts Farmers Market, Inc.*

By *s/ J. Michael Keyes* (per email authorization)
J. Michael Keyes, WSBA #29215
Erin C. Kolter, WSBA #53365
Brian J. Janura, WSBA #50213
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: (206) 903-8800
E-mail: keyes.mike@dorsey.com
E-mail: kolter.erin@dorsey.com
E-mail: janura.brian@dorsey.com

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those attorneys of record registered on the CM/ECF system.  All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 5th day of June, 2019.


By *s/ Jaime Drozd Allen*
Jaime Drozd Allen

RETAILERS' MOTION TO DISMISS (2:19-cv-00290-RSL) - 17