The Honorable Robert S. Lasnik

1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

BRUCE CORKER d/b/a RANCHO ALOHA;
COLEHOUR BONDERA and MELANIE
BONDERA, husband and wife d/b/a
KANALANI OHANA FARM; and ROBERT
SMITH and CECELIA SMITH, husband and
wife d/b/a SMITHFARMS, on behalf of
themselves and others similarly situated,

                    Plaintiffs,

          v.

COSTCO WHOLESALE CORPORATION, a
Washington corporation; AMAZON.COM,
INC., a Delaware corporation; HAWAIIAN
ISLES KONA COFFEE, LTD., LLC, a
Hawaiian limited liability company; COST
PLUS/WORLD MARKET, a subsidiary of
BED BATH & BEYOND, a New York
corporation; BCC ASSETS, LLC d/b/a
BOYER'S COFFEE COMPANY, INC., a
Colorado corporation; L&K COFFEE CO. LLC,
a Michigan limited liability company;
MULVADI CORPORATION, a Hawaii
corporation; COPPER MOON COFFEE, LLC,
an Indiana limited liability company; GOLD
COFFEE ROASTERS, INC., a Delaware
corporation; CAMERON'S COFFEE AND
DISTRIBUTION COMPANY, a Minnesota
corporation; PACIFIC COFFEE, INC., a Hawaii
corporation; THE KROGER CO., an Ohio
corporation; WALMART INC., a Delaware
corporation; BED BATH & BEYOND INC., a
New York corporation; ALBERTSONS
COMPANIES INC., a Delaware corporation;
SAFEWAY INC., a Delaware corporation;
MNS LTD., a Hawaii corporation; THE TJX
COMPANIES d/b/a T.J. MAXX, a Delaware
corporation; MARSHALLS OF MA, INC. d/b/a
MARSHALLS, a Massachusetts corporation;
SPROUTS FARMERS MARKET, INC., a
Delaware corporation,

                    Defendants.

No. 2:19-cv-00290-RSL

DECLARATION OF JAIME DROZD
ALLEN IN SUPPORT OF
DEFENDANT'S MOTION FOR
PROTECTIVE ORDER TO STAY
DISCOVERY PENDING RESOLUTION
OF THEIR MOTIONS TO DISMISS

*Noted for Consideration:*
**June 28, 2019**

ALLEN DECL. ISO MOT. FOR PROTECTIVE ORDER
STAYING DISCOVERY (2:19-cv-00290-RSL)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

I, Jaime Drozd Allen, declare and state as follows:

1.      I am a partner in the firm of Davis Wright Tremaine LLP and one of the attorneys representing defendants Cameron's Coffee and Distribution Company; Gold Coffee Roasters, Inc.; The Kroger Co.; Albertson's Companies Inc.; Safeway Inc.; Walmart, Inc.; The TJX Companies d/b/a T.J. Maxx; Marshalls of MA, Inc. d/b/a Marshalls; Amazon.com, Inc.; Copper Moon Coffee LLC; and Bed Bath & Beyond Inc.  I am competent to testify and offer this declaration based on my personal knowledge of the facts of this case.

2.      On June 13, 2019, Plaintiffs served interrogatories and requests for production on each Defendant in this litigation.  Attached as **Exhibit A** to this declaration is a true and correct copy of Plaintiffs' First Set of Requests for Production to Amazon.com Inc. dated June 13, 2019.  Attached as **Exhibit B** to this declaration is a true and correct copy of Plaintiffs' First Set of Interrogatories to Amazon.com Inc. dated June 13, 2019.  Based on a review of all discovery requests received by the eleven clients represented by Davis Wright Tremaine, the discovery requests appear substantially identical to the examples attached in Exhibits A and B. Further, it is my understanding, based on conversations with co-counsel, that other defendants also received discovery requests that were substantially identical to the examples attached in Exhibits A and B.

3.      On June 17, 2019, counsel for Defendants asked Plaintiffs to defer discovery until after this Court decides Defendants' motions to dismiss.  I conferred with Plaintiffs' counsel, Jason Lichtman, on June 18, 2019 and Plaintiffs declined to agree to a stay.  Attached as **Exhibit C** is a true and correct copy of the June 17-18, 2019 email correspondence from Jaime Drozd Allen requesting to stay discovery.

4.      Attached as **Exhibit D** is a true and correct copy of the Order Staying Discovery, Dkt. 34, in *Isakson et al v. WSI Corp.*, No. C09-1792-RSM (W.D. Wash. June 4, 2010).

ALLEN DECL. ISO MOT. FOR PROTECTIVE ORDER
STAYING DISCOVERY - 1

5.      Attached as **Exhibit E** is a true and correct copy of the Order Staying Discovery, Dkt. 44, in *MMMT Holdings Corp. v. NSGI Holdings, Inc.*, No. C12-15170-RSL (W.D. Wash. Jan. 18, 2013).

6.      Attached as **Exhibit F** is a true and correct copy of the Order Granting Motion to Stay Discovery and Sua Sponte Quashing Subpoenas, Dkt. 65, in *Mosby v. Merchants Credit Corp.,* No. C15-1196-RSL, (W.D. Wash. Dec. 28, 2015).

7.      Attached as **Exhibit G** is a true and correct copy of the Order Granting Motion for a Protective Order and Staying Discovery, Dkt. 111, in *USA v. Ctr. For Diagnostic Imaging*, No. C05-0058-RSL (W.D. Wash. Dec. 16, 2010).

Declared under penalty of perjury under the laws of the United States of America this 20th day of June, 2019.

DAVIS WRIGHT TREMAINE LLP

By s/ *Jaime Drozd Allen*
Jaime Drozd Allen

ALLEN DECL. ISO MOT. FOR PROTECTIVE ORDER
STAYING DISCOVERY - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

## **CERTIFICATE OF SERVICE**

2          I hereby certify that on June 20, 2019, I electronically filed the foregoing with the Clerk

3   of the Court using the CM/ECF system, which will send notification of such filing to those

4   attorneys of record registered on the CM/ECF system.  All other parties (if any) shall be served

5   in accordance with the Federal Rules of Civil Procedure.

6          DATED this 20th day of June, 2019.

7

8                                          By *s/ Jaime Drozd Allen*
                                              Jaime Drozd Allen
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ALLEN DECL. ISO MOT. FOR PROTECTIVE ORDER
STAYING DISCOVERY - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE CORKER d/b/a RANCHO ALOHA;
COLEHOUR BONDERA and MELANIE BONDERA,
husband and wife d/b/a KANALANI OHANA FARM;
and ROBERT SMITH and CECELIA SMITH, husband
and wife d/b/a SMITHFARMS, on behalf of
themselves and others similarly situated,

    Plaintiff,

  v.

COSTCO WHOLESALE CORPORATION, a
Washington corporation; AMAZON.COM, INC., a
Delaware corporation; HAWAIIAN ISLES KONA
COFFEE, LTD., LLC, a Hawaiian limited liability
company; COST PLUS/WORLD MARKET, a
subsidiary of BED BATH & BEYOND, a New York
corporation; BCC ASSETS, LLC d/b/a BOYER'S
COFFEE COMPANY, INC., a Colorado corporation;
L&K COFFEE CO. LLC, a Michigan limited liability
company; MULVADI CORPORATION, a Hawaii
corporation; COPPER MOON COFFEE, LLC, an
Indiana limited liability company; GOLD COFFEE
ROASTERS, INC., a Delaware corporation;
CAMERON'S COFFEE AND DISTRIBUTION
COMPANY, a Minnesota corporation; PACIFIC
COFFEE, INC., a Hawaii corporation; THE KROGER
CO., an Ohio corporation; WALMART INC., a
Delaware corporation; BED BATH & BEYOND INC.,
a New York corporation; ALBERTSONS
COMPANIES INC., a Delaware Corporation;
SAFEWAY INC., a Delaware Corporation; MNS
LTD., a Hawaii Corporation; THE TJX COMPANIES
d/b/a T.J. MAXX, a Delaware Corporation;
MARSHALLS OF MA, INC. d/b/a MARSHALLS, a
Massachusetts corporation; SPROUTS FARMERS
MARKET, INC. a Delaware corporation;

    Defendants.

CASE NO. 2:19-CV-00290-RSL

**PLAINTIFFS' FIRST SET OF**
**REQUESTS FOR PRODUCTION**

The Honorable Robert S. Lasnik

Plaintiffs ask Amazon.com Inc. to produce the below documents within thirty days via electronic transmission to the undersigned or as the Parties otherwise agree.

## **INSTRUCTIONS**

1.      These requests seek only Documents within Your possession, custody, or control.

2.      If You object to any particular request, state the grounds with specificity as required by Federal Rule of Civil Procedure 34 (b)(2)(B) to allow Plaintiffs to understand fully how the objection relates to their request.

3.      If You object to any particular request, state whether any responsive materials are being withheld on the basis of the objection as required by Federal Rule of Civil Procedure 34 (b)(2)(C). In particular, please state clearly—for each request—what categories of documents are being produced, and what categories of Documents (if any) are not being produced. This will allow Plaintiffs to understand Your responses and streamline the meet and confer process.

4.      Except as otherwise agreed, Documents should be produced in the same order as they are kept or maintained by You in the ordinary course of Your business.

5.      If You are unable to respond fully to any document request, respond to the extent possible and specify the reasons for Your inability to respond in full.

6.      If You assert privilege with respect to part of a responsive Document, redact the privileged portion and indicate clearly on the document where the material was redacted. Produce the redacted Document even if You believe that the non-redacted portion is not responsive. Identify the redacted portions on the privilege log in the same manner as withheld Documents.

7.      Excluding privileged information, You are to produce each responsive Document in its entirety, without deletion or excision, regardless of whether You consider the entire Document to be relevant or responsive to the Requests.

8. If any Document is known to exist but cannot be produced, that Document is to be specifically identified as precisely as possible and the reasons for the inability to produce that Document stated.

9. These requests are continuing in nature so as to require supplemental responses if You or any Person acting on Your behalf obtains additional information called for by this request. Each supplemental response shall be served on Plaintiffs no later than thirty days after the discovery of further information if it discovered more than forty-five days prior to the close of fact discovery and within ten days if discovered after that date.

10. To avoid ambiguity when construing these requests, please note:

    a. The singular form of a noun or pronoun includes its plural form, and vice versa. The use of any masculine or feminine pronoun includes both the feminine and the masculine.

    b. The use of a verb tense in any tense is to be construed as the use of the verb in all other tenses, whenever necessary to being into scope of the specification all responses that might otherwise be construed to fall outside the scope.

    c. "And" and "or" are terms of inclusion, not exclusion. They shall be construed either disjunctively or conjunctively as necessary to bring within scope any answer that might otherwise be construed to be outside its scope.

    d. The word "privilege" encompasses the attorney work-product doctrine.

11. You must comply fully with Federal Rule of Civil Procedure 34—including the prohibition on boilerplate objections—as articulated in Fischer v. Forrest, No. 14-1307, 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017). If You believe some portion of Fischer is not applicable within the Western District of Washington, identify that portion with specificity.

12. Undefined words have the same meaning as they have in Merriam-Webster's online dictionary, available at https://www.merriam-webster.com/.

13.     If Your lawyers find any of these requests, vague, confusing, hard to understand, or if they just want to talk through some issues relating to these requests, have them call Plaintiffs' attorneys at the phone numbers in the signature block below to resolve the issue. Please do not wait and object instead of attempting the resolve with a phone call. Thank you.

## **DEFINITIONS**

The following terms shall have the following meanings:

1.     "Amazon" means Amazon.com Inc. and its respective subsidiaries, divisions, subdivisions, practice groups, departments, affiliates, predecessors, successors, joint ventures, present and former officers, directors, partners, principals, employees, representatives, agents, attorneys, advisors, and all other individuals acting or purporting to act on its behalf.

2.     "Communicate" means to exchange, transfer, or disseminate information, regardless of the means by which it is accomplished.

3.     "Communication" means the transmission of information, in the form of facts, ideas, inquiries, or Documents.

4.     "Concerning" or "Relating to" or "Regarding" means discussing, describing, referring to, forecasting, reflecting, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

5.     "Document" includes any ESI and is otherwise synonymous to the term "document" in Federal Rule of Civil Procedure 34.

6.     "ESI" means electronically stored information, as that phrase is used in Federal Rule of Civil Procedure 34.

7.     "Kona" means the Kona District on the Big Island of Hawaii, as defined by Hawaii Administrative Rule §4-143-3.

8.     "Kona Coffee" means coffee that was grown in Kona.

9.      "Kona Label" means a "Label" that includes the word "Kona."

10.     "Label" means the words and images on a package or container. A "Label" includes the front, back, top, bottom, and sides of a package or container.

11.     "Operative Complaint" means the Amended Complaint (Dkt. 81).

12.     "Purchase Records" means Documents such as invoices that demonstrate You purchased a particular product.

13.     "You" and "Your" means Amazon.

## APPLICABLE TIMEFRAME

Produce Documents created on or after January 1, 2013, except in response to Request for Production #1, to which you should produce Documents created on or after January 1, 1990. Please note that You should continue to preserve Documents created before these time periods because Plaintiffs' allege that any applicable statute of limitations was tolled.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

For coffee that you sold or distributed, please produce a copy of every Kona Label as well as Documents sufficient to determine the years in which You sold or distributed coffee with each Kona Label.

*Relevance: these Labels contain the statements at issue in this litigation.*

**REQUEST NO. 2:**

All Purchase Records for Kona Coffee.

*Relevance: Plaintiffs contend that Your coffee does not contain Kona Coffee and that You are liable under the Lanham Act for this reason. These Purchase Records will help establish the amount of Kona Coffee used in Your products and whether any Lanham Act violation was willful.*

**REQUEST NO. 3:**

Documents sufficient to Demonstrate the percentage of Kona Coffee for any of Your products containing coffee that use the word Kona on the Label.

*Relevance: Plaintiffs contend that Your coffee does not contain Kona Coffee and that You are liable under the Lanham Act for this reason. These Documents will help establish the amount of Kona Coffee (if any) used in connection with a particular Label.*

**REQUEST NO. 4:**

Documents sufficient to determine the particular states in which each of Your Kona Labels were available to consumers.

*Relevance: this will demonstrate whether a Label was or was not used in interstate commerce and whether Labels were used only in particular states or nationwide.*

**REQUEST NO. 5:**

All Documents Regarding the meaning of the word "Kona," the meaning of the phrase "Kona Coffee," or the meaning of the phrase "Kona Blend."  This request specifically includes, but is not limited to, Documents Regarding the meaning of the word "Kona," the meaning of the phrase "Kona Coffee," or the meaning of the phrase "Kona Blend," when one of those words or phrases is used to advertise, market, distribute, or sell coffee.

*Relevance: these Documents are evidence of the reason You used the word "Kona," the phrase "Kona Coffee," or the phrase "Kona Blend," which in turn is evidence of whether this use was likely to cause confusion, mistake, or deception.  Such Documents will also help establish whether any violation of the Lanham Act was willful.*

**REQUEST NO. 6:**

Documents sufficient to determine, on a monthly basis, the number of pounds of coffee You sold with any particular Kona Label and the price per pound at which You sold that coffee.

*Relevance: these Documents will help establish the appropriate remedies in the event a court or jury determines that You violated the Lanham Act.*

**REQUEST NO. 7:**

Documents sufficient to determine the amount You paid for each coffee product with a Kona Label, for each unit You sold with a given Kona Label.

*Relevance: these Documents will help establish the appropriate remedies in the event a court or jury determines that You violated the Lanham Act and whether any violation of the Lanham Act was willful.*

**REQUEST NO. 8:**

Documents sufficient to determine all money You spent promoting any product with a Kona Label.  This includes, but is not limited to, money spent on print, radio, television, search optimization, search terms, banner ads, internet streaming, billboards, label design, and point-of-sale materials.

*Relevance: these Documents will help establish the appropriate remedies in the event a court or jury determines that You violated the Lanham Act.*

**REQUEST NO. 9:**

Any Document stating, implying, or suggesting that Your products do not contain, may not contain, or might not contain Kona Coffee. This includes, but is not limited to, any Document questioning the amount of Kona Coffee in Your products in internal communications and from third parties, including consumers.

*Relevance: such Documents will help establish whether any violation of the Lanham Act was willful and whether consumers were deceived by Your labeling.*

**REQUEST NO. 10:**

Organizational charts or other Documents sufficient to identify personnel for responsibility for the purchase, sales, and marketing of Your coffee.

*Relevance: these documents are necessary to identify witnesses and to narrow the scope of custodial discovery.*

Dated: June 13, 2019

KARR TUTTLE CAMPBELL

/s Nathan T. Paine
Paul Richard Brown, WSBA #19357
Nathan T. Paine, WSBA #34487
Daniel T. Hagen, WSBA #54015
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
206.223.1313
npaine@karrtuttle.com

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP

/s Daniel E. Seltz
Jason L. Lichtman (*pro hac vice*)
Daniel E. Seltz (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212-355-9500
dseltz@lchb.com

Andrew Kaufman (*pro hac vice*)
222 2nd Avenue South, Suite 1640
Nashville, TN  37201
615.313.9000

*Attorneys for the Plaintiffs*
*and the Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel E. Seltz, certify that on June 13, 2019 I caused a copy of the foregoing to be

served by electronic mail and US Mail upon the following:

Jacob Harper
Ambika Doran
Benjamin Robbins
Jaime Drozd Allen
Stephen Rummage
DAVIS WRIGHT TREMAINE
920 Fifth Ave, Suite 3300
Seattle, WA 98104

*Counsel for Plaintiffs.*

        /s/ Daniel E. Seltz
        Daniel E. Seltz

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE CORKER d/b/a RANCHO ALOHA; COLEHOUR BONDERA and MELANIE BONDERA, husband and wife d/b/a KANALANI OHANA FARM; and ROBERT SMITH and CECELIA SMITH, husband and wife d/b/a SMITHFARMS, on behalf of themselves and others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation; AMAZON.COM, INC., a Delaware corporation; HAWAIIAN ISLES KONA COFFEE, LTD., LLC, a Hawaiian limited liability company; COST PLUS/WORLD MARKET, a subsidiary of BED BATH & BEYOND, a New York corporation; BCC ASSETS, LLC d/b/a BOYER'S COFFEE COMPANY, INC., a Colorado corporation; L&K COFFEE CO. LLC, a Michigan limited liability company; MULVADI CORPORATION, a Hawaii corporation; COPPER MOON COFFEE, LLC, an Indiana limited liability company; GOLD COFFEE ROASTERS, INC., a Delaware corporation; CAMERON'S COFFEE AND DISTRIBUTION COMPANY, a Minnesota corporation; PACIFIC COFFEE, INC., a Hawaii corporation; THE KROGER CO., an Ohio corporation; WALMART INC., a Delaware corporation; BED BATH & BEYOND INC., a New York corporation; ALBERTSONS COMPANIES INC., a Delaware Corporation; SAFEWAY INC., a Delaware Corporation; MNS LTD., a Hawaii Corporation; THE TJX COMPANIES d/b/a T.J. MAXX, a Delaware Corporation; MARSHALLS OF MA, INC. d/b/a MARSHALLS, a Massachusetts corporation; SPROUTS FARMERS MARKET, INC. a Delaware corporation;<br><br>        Defendants. | CASE NO. 2:19-CV-00290-RSL<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES**<br><br>The Honorable Robert S. Lasnik |

Plaintiffs hereby request that Defendant Amazon.com Inc. answer in writing and under oath the following interrogatories within 30 days of service.

## **INSTRUCTIONS**

1.      You are required to make a separate and complete response to each interrogatory and to each subdivision of any interrogatory having more than one part.

2.      This First Set of Interrogatories requires You to provide responsive information "available" to You as defined by Rule 33 of the Federal Rules of Civil Procedure.

3.      If You cannot answer any interrogatory fully and completely after exercising due diligence to make inquiries to secure the requested information, You must still answer each such interrogatory to the fullest extent possible. You should also state that you cannot answer the interrogatory fully and completely, specify the portion of such interrogatory that You contend You are unable to answer fully and completely, and the facts on which You rely to support said contention.

4.      Each interrogatory should be read so as not to seek information subject to a privilege from discovery.

5.      Except as otherwise agreed, Documents should be produced in the same order as they are kept or maintained by You in the ordinary course of Your business.

6.      If You assert privilege with respect to part of a responsive Document, redact the privileged portion and indicate clearly on the document where the material was redacted. Produce the redacted Document even if You believe that the non-redacted portion is not responsive.  Identify the redacted portions on the privilege log in the same manner as withheld Documents.

7.      Excluding privileged information, You are to produce each responsive Document in its entirety, without deletion or excision, regardless of whether You consider the entire Document to be relevant or responsive to the Requests.

1737020.1

8.     If any Document is known to exist but cannot be produced, that Document is to be specifically identified as precisely as possible and the reasons for the inability to produce that Document stated.

9.     These requests are continuing in nature so as to require supplemental responses if You or any Person acting on Your behalf obtains additional information called for by this request. Each supplemental response shall be served on Plaintiffs no later than thirty days after the discovery of further information if it discovered more than forty-five days prior to the close of fact discovery and within ten days if discovered after that date.

10.    Responsive information must be furnished in writing at the time of the response to these Interrogatories, unless otherwise ordered by the Court or agreed upon with Plaintiffs' counsel.

11.    To avoid ambiguity when construing these requests, please note:

a.     The singular form of a noun or pronoun includes its plural form, and vice versa.  The use of any masculine or feminine pronoun includes both the feminine and the masculine.

b.     The use of a verb tense in any tense is to be construed as the use of the verb in all other tenses, whenever necessary to being into scope of the specification all responses that might otherwise be construed to fall outside the scope.

c.     "And" and "or" are terms of inclusion and not exclusion.  They shall be construed either disjunctively or conjunctively as necessary to bring within scope any answer that might otherwise be construed to be outside its scope.

d.     The word "privilege" encompasses the attorney work-product doctrine.

12.    Unless otherwise stated, You should produce information from January 1, 2014 through the present.

13.    Undefined words have the same meaning as they have in Merriam-Webster's online dictionary, available at https://www.merriam-webster.com/.

14.     If Your lawyers find any of these requests, vague, confusing, hard to understand, or if they just want to talk through some issues relating to these requests, have them call Daniel Seltz at 212.355.9500 to resolve the issue.  Please do not wait and object instead of attempting the resolve with a phone call.  Thank you.

## DEFINITIONS

The following terms shall have the following meanings:

1.     "Amazon" means Amazon.com Inc. and its respective subsidiaries, divisions, subdivisions, practice groups, departments, affiliates, predecessors, successors, joint ventures, present and former officers, directors, partners, principals, employees, representatives, agents, attorneys, advisors, and all other individuals acting or purporting to act on its behalf.

2.     "Communicate" means to exchange, transfer, or disseminate information, regardless of the means by which it is accomplished.

3.     "Communication" means the transmission of information, in the form of facts, ideas, inquiries, or Documents.

4.     "Concerning" or "Relating to" or "Regarding" means discussing, describing, referring to, forecasting, reflecting, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

5.     "Document" includes any ESI and is otherwise synonymous to the term "document" in Federal Rule of Civil Procedure 34.

6.     "ESI" means electronically stored information, as that phrase is used in Federal Rule of Civil Procedure 34.

7.     "Identify" or "Describe" means to state:

a.     In the case of a communication: its date, type (e.g., telephone conversation, letter, or meeting), the place where it occurred, the identity of the person(s) who

1737020.1

-4-

made the communication, the identity of each person who received the communication or who was present when it was made, and the subject matter discussed;

       b.       In the case of a contract provision: the paragraph number of the provision in the contract and the number of the page or pages on which the provision appears, as well as the name of each entity in whose contract the provision appears;

       c.       In the case of a concept or idea: a description of Your understanding of the concept or idea;

       d.       In the case of a Document: the name of the Document, the author of the Document, all persons shown on the Document as a recipient, or carbon copy or blind copy recipient, and all other persons known to have received all or any part of the Document, the date, the Bates numbers assigned to the Document in any and all litigations, and the Exhibit number assigned to the Document, as a deposition or trial exhibit in any and all litigations.

       e.       In the case of a natural Person who is Your current employee: his or her name, title, business address, business e-mail address, and business telephone number;

       f.       In the case of a natural Person who is Your former employee: his or her name, last title held at Your company, last known business address, last known business telephone number, last known residential address, and last known residential telephone number, as well as any known e-mail addresses;

       g.       In the case of a natural Person who is neither Your present nor former employee: the person's name, title, last known business address, last known business telephone number, last known residential address, and last known residential telephone number, as well as any known e-mail addresses;

       h.       In the case of a Person other than a natural Person: its name, the address of its principal place of business, its telephone number, the name of its chief executive officer, president or other most senior decision-maker, and, if applicable, the natural person who is Your primary contact at that entity.

8.      "Kona" means the Kona District on the Big Island of Hawaii, as defined by Hawaii Administrative Rule §4-143-3.

9.      "Kona Coffee" means coffee that was grown in Kona.

10.      "Kona Label" means a "Label" that includes the word "Kona."

11.      "Label" means the words and images on a package or container. A "Label" includes the front, back, top, bottom, and sides of a package or container.

12.      "Operative Complaint" means the Amended Complaint (Dkt. 81).

13.      "Person" means any natural person, partnership, corporation, association, or other legal entity, as well as its parents, subsidiaries, affiliates, board members, officers, employees, agents, attorneys, and representatives.

14.      "Purchase Records" means Documents such as invoices that demonstrate You purchased a particular product.

15.      "You" and "Your" means Amazon.

## APPLICABLE TIMEFRAME

These Interrogatories seek information from January 1, 2013 to the present.

## INTERROGATORIES

## INTERROGATORY NO. 1:

Identify the Persons who are most knowledgeable about the subject matter of each of Plaintiffs' First Requests for Production of Documents, served contemporaneously with these Interrogatories.  You should Identify these Persons separately for each request.

## INTERROGATORY NO. 2:

State the percentage of Kona Coffee in each of Your products containing coffee that use the word Kona on the Label.  If You do not know the exact percentage of Kona Coffee contained in a given product, state an approximate percentage and indicate that it is approximate.  If You do not know the approximate percentage of Kona Coffee contained in a given product, state that You do not know the percentage of Kona Coffee, if any, contained in that particular product.

**INTERROGATORY NO. 3:**

  For each month from January 1, 2013 to the present, Identify all Persons from whom You purchased Kona Coffee, the amount of Kona Coffee (in pounds) You purchased from each Person, and the price per pound You paid each Person for that Kona Coffee.


Dated: June 13, 2019

KARR TUTTLE CAMPBELL

s/ Nathan T. Paine
Paul Richard Brown, WSBA #19357
Nathan T. Paine, WSBA #34487
Daniel T. Hagen, WSBA #54015
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
206.223.1313
npaine@karrtuttle.com

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP

/s Daniel E.  Seltz
Jason L. Lichtman (*pro hac vice*)
Daniel E. Seltz (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212-355-9500
dseltz@lchb.com

Andrew Kaufman (*pro hac vice*)
222 2nd Avenue South, Suite 1640
Nashville, TN  37201
615.313.9000


*Attorneys for the Plaintiffs*
*and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I, Daniel E. Seltz, certify that on June 13, 2019 I caused a copy of the foregoing to be

served by electronic mail and US Mail upon the following:

Jacob Harper
Ambika Doran
Benjamin Robbins
Jaime Drozd Allen
Stephen Rummage
DAVIS WRIGHT TREMAINE
920 Fifth Ave, Suite 3300
Seattle, WA 98104

*Counsel for Plaintiffs.*

/s/ Daniel E. Seltz
Daniel E. Seltz

# EXHIBIT C

| | |
|---|---|
| **From:** | Allen, Jaime Drozd |
| **Sent:** | Tuesday, June 18, 2019 1:06 PM |
| **To:** | Lichtman, Jason L; Paul Brown; Seltz, Daniel E. |
| **Cc:** | RGolden@winthrop.com; Duffy Graham; Jones, Merrit; Walder, Jessica N.; janura.brian@dorsey.com; bbalanda@sbwllp.com; merrit.jones@bclplaw.com; WilsonEM@LanePowell.com; owen.mooney@bullivant.com; mdulin@polsinelli.com; marcy.bergman@bclplaw.com; dan.bentson@bullivant.com; Kelly LaPorte; keyes.mike@dorsey.com; Marc Rosenberg; Joel Wright; trent.norris@arnoldporter.com; Sotirhos@wscd.com; Bergman, Marcy; ConnorsT@LanePowell.com; Ross, Aaron; Tommy.Huynh@arnoldporter.com; kolter.erin@dorsey.com; Nathaniel Dang; bthoreson@buchalter.com; Ansel, Jeff; swilley@sbwllp.com; donohue@wscd.com |
| **Subject:** | RE: Corker - Request to Stay Discovery and/or LCR 26(c)(1) Conference |

Hi Jason,
Thank you for discussing this matter with me today.  During our call you let me know that Plaintiffs do not agree to stay discovery pending rulings on Defendants' motions to dismiss.  We acknowledged that while we did not see any room for compromise on this topic, there will likely be other areas in the future where we will be able to work towards compromise.  We further agreed we'd met our obligations to confer under the local and civil rules.

Separately, you let me know Plaintiffs' primary concerns with the latest drafts of the JSR, ESI, and PO.  We agreed that Plaintiffs will send back their proposed changes to the JSR, ESI, and PO soon.  The Defendants will then review and consider the changes at that time.

Thanks,
Jaime

**Jaime Drozd Allen** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8039 | Fax: (206) 757-7039
Email: jaimeallen@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

---

**From:** Allen, Jaime Drozd
**Sent:** Monday, June 17, 2019 1:38 PM
**To:** 'Lichtman, Jason L.' <jlichtman@lchb.com>; Paul Brown <pbrown@karrtuttle.com>; Seltz, Daniel E. <dseltz@lchb.com>
**Cc:** 'RGolden@winthrop.com' <RGolden@winthrop.com>; 'Duffy Graham' <dgraham@sbwllp.com>; 'Jones, Merrit' <merrit.jones@bryancave.com>; 'Walder, Jessica N.' <WalderJ@LanePowell.com>; 'janura.brian@dorsey.com' <janura.brian@dorsey.com>; 'bbalanda@sbwllp.com' <bbalanda@sbwllp.com>; 'merrit.jones@bclplaw.com' <merrit.jones@bclplaw.com>; 'WilsonEM@LanePowell.com' <WilsonEM@LanePowell.com>; 'owen.mooney@bullivant.com' <owen.mooney@bullivant.com>; 'mdulin@polsinelli.com' <mdulin@polsinelli.com>; 'marcy.bergman@bclplaw.com' <marcy.bergman@bclplaw.com>; 'dan.bentson@bullivant.com' <dan.bentson@bullivant.com>; 'Kelly LaPorte' <klaporte@cades.com>; 'keyes.mike@dorsey.com' <keyes.mike@dorsey.com>; 'Marc Rosenberg' <Mr@leesmart.com>; 'Joel Wright' <Jw@leesmart.com>; 'trent.norris@arnoldporter.com' <trent.norris@arnoldporter.com>; 'Sotirhos@wscd.com' <Sotirhos@wscd.com>; 'Bergman, Marcy' <marcy.bergman@bryancave.com>; 'ConnorsT@LanePowell.com' <ConnorsT@LanePowell.com>;

1

Ross, Aaron <AaronRoss@dwt.com>; 'Tommy.Huynh@arnoldporter.com' <Tommy.Huynh@arnoldporter.com>;
'kolter.erin@dorsey.com' <kolter.erin@dorsey.com>; 'Nathaniel Dang' <ndang@cades.com>;
'bthoreson@buchalter.com' <bthoreson@buchalter.com>; 'Ansel, Jeff' <JAnsel@winthrop.com>; 'swilley@sbwllp.com'
<swilley@sbwllp.com>; 'donohue@wscd.com' <donohue@wscd.com>
**Subject:** Corker - Request to Stay Discovery and/or LCR 26(c)(1) Conference

Jason, Daniel, and Paul,
I write to request Plaintiffs- agree to stay all discovery in this matter pending the resolution of Defendants' motions to
dismiss.  As you know, the Defendants have filed Motions to Dismiss that, if successful, would dispose of this case
entirely and do not require any discovery to decide them.  Last Thursday, Plaintiffs served each of the Defendants in this
matter with interrogatories and requests for production that are unnecessary to the determinations of the motions to
dismiss.  An agreed stay of discovery is the most efficient and economical for all parties.  If Defendants are correct and
their motions successful, this will save all Parties' time and resources.  On the other hand, if Defendants are not correct,
it will only slightly delay Plaintiffs opportunity to take discovery after the Court rules.  A brief stay will also have no effect
on the case, since no Case Scheduling Order has been entered as of yet.

Please let me know if Plaintiffs will agree to a stay of discovery until after the Court rules on all three of the Defendants'
combined motions to dismiss.  If not, please let me know a time that you are available tomorrow (Tuesday) for a meet
and confer, as required by LCR 26(c)(1), to see if we can work out an acceptable resolution for all parties ahead of
Defendants filing a motion for protective order.  I can be available much of the day.

Thanks,
Jaime


**Jaime Drozd Allen** | Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 | Seattle, WA 98104
Tel: (206) 757-8039 | Fax: (206) 757-7039
Email: jaimeallen@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.

# EXHIBIT D

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INGA HELENE ISAKSON, individually, and
DONNA DACKO, individually,

                    Plaintiffs,

          v.

WSI CORPORATION, a Massachusetts
corporation, and UNITED STATES OF
AMERICA,

                    Defendants.

CASE NO. C09-1792 RSM

ORDER STAYING DISCOVERY

       This matter comes before the Court on WSI Corporation's "Motion to Extend Deadlines
and Stay Discovery" (Dkt. #25).  Plaintiffs are flight attendants seeking compensation for
injuries sustained when an Alaska Airlines flight encountered severe turbulence.  Plaintiffs
allege that WSI Corporation ("WSI") failed to pass on a Significant Meteorological Advisory
("SIGMET") to the Alaska Airlines flight, which would have notified the pilot of occasional
severe turbulence along the flight's path and allowed the pilot to avoid the turbulence or take
precautionary measures.  Plaintiffs also allege that the United States is liable for negligence
because it failed to advise the flight crew of relevant weather conditions.

       Defendant WSI filed a motion to dismiss pursuant to FRCP 12(b)(6) on February 18,
2010, contending that WSI did not owe a duty to Plaintiffs.  That motion is fully briefed but

has not been decided by the Court.  In the present motion, WSI moves the Court to stay discovery pending the resolution of that motion.[1]  It argues that the motion to dismiss may be granted and its participation in discovery will be a needless expense.  On the other hand, if the motion is denied, WSI will participate in discovery with little harm to Plaintiffs.

The Court agrees and GRANTS the WSI's motion to stay discovery.  Discovery will be stayed pending the resolution of the motion to dismiss.  The May 7, 2010 scheduling order is VACATED.

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1)  WSI's motion to stay discovery (Dkt. #25) is GRANTED.  Discovery is stayed in this case pending resolution of WSI's motion to dismiss.

(2)  The Clerk is directed to forward a copy of this Order to all counsel of record.


DATED this 4th day of June, 2010.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1] WSI also requests that deadlines pertaining to the FRCP 26(f) conference and joint status report be extended.  These requests are moot since those deadlines have passed and WSI participated in that conference and signed the joint status report.

ORDER
PAGE - 2

# EXHIBIT E

1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                      AT SEATTLE

8    _____
                                              )
9    MMMT HOLDINGS CORPORATION,               )
                                              )        Case No. C12-1570RSL
10                           Plaintiff,       )
                                              )
     v.                                       )
11                                            )        ORDER STAYING DISCOVERY
     NSGI HOLDINGS, INC.,                     )
12                                            )
                             Defendant.       )
13   _____ )

14

15          This matter comes before the Court on "Defendant NSGI Holdings, Inc.'s Motion

16   for Protective Order Staying Discovery Pending Defendants' Motion to Dismiss."  Dkt. # 39.

17   Having reviewed the memoranda, declaration, and exhibits submitted by the parties as well as

     the underlying motion to dismiss, the Court finds that a stay of discovery is appropriate.
18
     Defendant's motion to dismiss has been fully briefed, raises serious questions regarding the
19
     adequacy of plaintiff's pleading, and will be decided in the upcoming weeks.  Given the
20
     likelihood that the issues in this case will be resolved or narrowed through the pending motion,
21
     the Court would prefer to establish the scope of this litigation before the parties expend
22
     significant resources on discovery which may or may not prove helpful.
23

24
            For all of the foregoing reasons, defendant's motion to stay discovery (Dkt. # 39)
25
     is GRANTED.  The stay will lift automatically upon resolution of the Rule 12(b)(6) motion.
26

ORDER STAYING DISCOVERY

1   Defendant shall have thirty days from the date of the order in which to respond to the

2   outstanding discovery requests and may, if appropriate, object on relevance grounds.  Discovery

3   served on third-parties shall be edited as necessary to reflect the Court's order and reserved.

4

5          Dated this 18th day of January, 2013.

6

7                              *MRT S Casnik*

8                              Robert S. Lasnik
                               United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT F

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THERESA MOSBY, ANGELA ESKENAZI,
and KELSEY ERICKSON, individually and
on behalf of others similarly situated,

Plaintiffs,

v.

MERCHANTS CREDIT CORPORATION,
ERIC BAKKE, and JASON WOEHLER,

Defendants.

NO. C15-1196RSL

ORDER GRANTING MOTION TO
STAY DISCOVERY AND SUA
SPONTE QUASHING SUBPOENAS

This matter comes before the Court on defendants' "Motion for Protective Order to Stay
Depositions and Discovery Pending Outcome of Rule 12(b)(6) Motion to Dismiss." Dkt. # 31.
Having considered the parties' memoranda, declarations, and exhibits, the Court finds as
follows.

**DISCUSSION**

**A. Discovery Stay**

District courts have broad discretionary powers to control discovery. See, e.g., Little v.
City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). Upon a showing of good cause, the Court
may limit or deny discovery. Fed. R. Civ. P. 26(c)(1). A court may relieve a party from the
burdens of discovery while a dispositive motion is pending. See, e.g., Rae v. Union Bank, 725
F.2d 478, 481 (9th Cir. 1984).

ORDER GRANTING MOTION
TO STAY DISCOVERY AND
SUA SPONTE QUASHING SUBPOENAS - 1

1    Here, the discovery sought by plaintiffs is not relevant to the issues raised in defendants'

2    pending motion to dismiss.  Plaintiffs' sole cause of action is for a violation of the Fair Debt

3    Collection Practices Act ("FDCPA").  Dkt. # 5 (Amended Complaint) at 7-8.  Specifically,

4    plaintiffs allege that defendants violated the FDCPA's requirement that debt collectors bring

5    actions "only in the judicial district or similar legal entity" where the consumer resides or signed

6    the contract at issue.  Id. at 7 (quoting 15 U.S.C. § 1692i).  Taking the allegations in the

7    complaint as true, the plaintiffs live in King County and the lawsuits at issue were filed in King

8    County, though not in the divisions where plaintiffs live.  Dkt. # 1 (Complaint) at 5-7.

9    Defendants argue that this action should be dismissed because the "judicial district or similar

10   legal entity" under the FDCPA is King County District Court, which is a unified countywide

11   district.  See Dkt. # 11.  Plaintiffs take the position that the "judicial district or similar legal

12   entity" under the FDCPA are the divisions within King County District Court system.  See Dkt.

13   # 19.  Discovery is not necessary to resolve this dispute regarding the definition of the "judicial

14   district or similar legal entity" under the FDCPA, and if the Court dismisses this action,

15   additional discovery would not allow plaintiffs to amend their complaint to state a claim.  A brief

16   stay of discovery until the Court rules on the motion to dismiss will serve the Federal Rules'

17   purpose "to secure the just, speedy, and inexpensive determination of every action and

18   proceeding."  Fed. R. Civ. P. 1.

19   **B.  Quashing Subpoenas**

20   The Court may quash a subpoena *sua sponte*.  See, e.g., Charvat v. Travel Servs., 2015

21   WL 76901, at *2 (N.D. Ill. Jan. 5, 2015) (collecting cases).  The Federal Rules provide that the

22   Court is required to quash or modify a subpoena that "subjects a person to undue burden."  Fed.

23   R. Civ. P. 45(d)(3)(A)(iv).  "The determination of a subpoena's reasonableness requires a court

24   to balance the interests served by demanding compliance with the subpoena against the interests

25   furthered by quashing it . . . ."  9A Charles Alan Wright & Arthur R. Miller, Federal Practice and

26

27   ORDER GRANTING MOTION
     TO STAY DISCOVERY AND
28   SUA SPONTE QUASHING SUBPOENAS - 2

Procedure § 2463.1 (3d ed. 1998). At this time, while the Court considers the purely legal question raised by the motion to dismiss, the interests served by the subpoenas are minimal for the reasons discussed above. On the other hand, if the subpoenas are quashed, the individuals subject to them will be spared the time and expense of responding while the documents discovered may ultimately be irrelevant to the resolution of this matter. At this point in the litigation, the subpoenas subject their recipients to an undue burden.

## CONCLUSION

For the foregoing reasons, the Court grants defendants' motion for a protective order to stay discovery (Dkt. # 31) and quashes the subpoenas issued to third parties. Plaintiffs may resume discovery and reissue the subpoenas if the Court denies defendants' motion to dismiss. Mindful that plaintiffs' deadline to move for class certification is April 14, 2016, the plaintiffs may move for relief from the deadline if this brief stay of discovery affects their ability to adequately prepare their motion for class certification. Finally, the Court notes that on December 17, 2015, plaintiffs filed a motion to compel. Dkt. # 49. The parties should follow the normal briefing schedule for this motion, and the Court will consider the motion to compel if it does not grant defendants' motion to dismiss.

DATED this 28th day of December, 2015.


*Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
TO STAY DISCOVERY AND
SUA SPONTE QUASHING SUBPOENAS - 3

# EXHIBIT G

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, *ex rel., et al.*,

          Plaintiffs/Relators,

      v.

CENTER FOR DIAGNOSTIC
IMAGING, INC., *et al.*,

          Defendants.

Case No.  C05-0058RSL

ORDER GRANTING MOTION
FOR A PROTECTIVE ORDER
AND STAYING DISCOVERY

      This matter comes before the Court on defendants' motion for a protective order temporarily staying discovery in this case until after the Court rules on their pending motion to dismiss, which is noted for December 17, 2010.  Defendants believe that relators will soon serve discovery requests on non-parties, including physicians who refer and have referred patients to defendants.[1]

      In this *qui tam* action, relators assert several claims: (1) defendants engaged in

---

[1] Because the Court can decide this matter based on the parties' filings, defendants' request for oral argument is denied.

ORDER GRANTING MOTION
FOR A PROTECTIVE ORDER - 1

fraudulent unbundling of claims for epidurograms, (2) CDI entered into illegal lease and kickback agreements with physicians, (3) defendants performed services that were not medically necessary, and (4) defendants provided free or discounted imaging services to induce the referral of Medicare and Medicaid patients.  The government intervened regarding the first claim, which is now the subject of a pending settlement between the government and defendants.  The case has been unsealed.

As an initial matter, relators argue that defendants have already requested a discovery stay and the Court has denied that request.  Relators note that defendants stated that a stay was warranted in the parties' joint status report.  That report, however, was not a motion.  Nor did the Court rule on the request.  Rather, after receiving the parties' joint status report, the Court directed the issuance of the case scheduling order, a ministerial function.  Accordingly, defendants are not precluded from moving for a protective order.  Relators also contend that defendants' motion is premature because they have not yet served the third party discovery.  The fact that the discovery has not yet been propounded hinders the Court from considering the nature and potential burdensomeness of the discovery requests.  However, defendants' motion is not premature.  Rather, it appropriately seeks a ruling on an anticipated issue before third parties are burdened and before defendants suffer the harm they anticipate from service of the discovery.

Federal Rule of Civil Procedure 26 gives the Court broad discretion to craft protective orders during discovery upon a showing of "good cause" by the party seeking the order.  Fed. R. Civ. P. 26(c).[2]  In this case, whether to grant the stay is a close call.

_____

[2] Relators argue that a party seeking a stay carries the "heavy burden" of making a "strong showing" why discovery should be denied.  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).  However, in this case, defendants are moving to postpone, rather than to preclude, the requested discovery.

ORDER GRANTING MOTION
FOR A PROTECTIVE ORDER - 2

The briefing is not yet complete regarding the pending motion to dismiss, so the Court has not yet determined whether the motion has merit.  See, e.g., Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) (finding that the trial court did not err in granting a protective order staying discovery pending a motion to dismiss when it was convinced that plaintiff would be unable to state a claim).  Moreover, the relators have expressed a fear that during a stay, documents could be damaged or lost, irreparably harming their case.  Certainly, the loss of evidence is a concern any time discovery is delayed.  However, this case has been pending for approximately five years, so a delay of a few more months is unlikely to result in any significant loss of discovery material.  Because the motion to dismiss is noted for December 17, 2010, the delay is unlikely to be protracted.

In addition to the brevity of the delay, the fact that the motion to dismiss involves insufficiency of the allegations under Rule 9 weighs in favor of granting the stay.  In their motion to dismiss, defendants have raised at least a colorable claim that the relators have failed to meet Rule 9's pleading standards.  In order to protect the courts and parties from unwarranted costs, courts are reluctant to permit discovery absent compliance with Rule 9.  See, e.g., Bly-Magee v. Cal., 236 F.3d 1014, 1018 (9th Cir. 2001) (explaining that compliance with Rule 9 serves to give defendants notice of the allegations against them, deter the filing of complaints as a pretext to obtain discovery, and "protect[s] [defendants] from the harm that comes with being subject to fraud charges").  In addition, defendants have shown that permitting the relators to proceed with third party discovery could cause them competitive harm.  Declaration of Percy Tomlinson, (Dkt. #96-1) at ¶ 3 ("Should relators be able to serve discovery on CDI's referring physicians, CDI will likely be greatly harmed and lose substantial business.  The perceived risk and increased cost to do

ORDER GRANTING MOTION
FOR A PROTECTIVE ORDER - 3

business with CDI and MSCPA will cause the physicians to refer their patients elsewhere."). If defendants lose goodwill, they are unlikely to fully regain it even if the motion to dismiss is granted later. Even if defendants have already suffered significant reputational harm based on the allegations in this lawsuit, they have shown that they are likely to incur additional harms if the third party discovery is allowed at this time. Allowing the discovery could also impose significant costs and burdens on third parties that would be unnecessary if the Court grants the motion to dismiss. Finally, granting the request for a limited stay preserves judicial resources because the Court will not be required to address potential motions related to discovery issues that may become moot. Even if the motion to dismiss does not resolve the matter entirely, it could narrow the issues and obviate the need for certain discovery.

Accordingly, defendants' motion for a protective order (Dkt. #96) is GRANTED. Discovery is stayed until after the Court has ruled on defendants' motion to dismiss.

DATED this 16th day of December, 2010.

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
FOR A PROTECTIVE ORDER - 4