UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE CORKER, *et al.*,

    Plaintiffs,

v.

COSTCO WHOLESALE CORPORATION, *et al.*,

    Defendants.

NO. C19-0290RSL

ORDER DENYING MOTION FOR A STAY OF DISCOVERY

This matter comes before the Court on "Defendants' Motion for Protective Order to Stay Discovery Pending Resolution of their Motions to Dismiss." Dkt. # 112. Shortly after the parties held their Rule 26(f) conference (see Dkt. # 70), plaintiff served interrogatories and requests for production. Defendants, who had previously filed three motions to dismiss, filed this motion for protective order seeking a stay of discovery.

Neither the federal rules of discovery nor the Lanham Act provides an automatic stay of discovery if a motion to dismiss is filed: such motions are often unsuccessful, in which case a stay could cause unnecessary and significant delays at the outset of the litigation. Nevertheless, "[t]he Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). If the Court "is convinced that the plaintiff will be unable to state a claim for relief," forcing

ORDER DENYING MOTION FOR A
STAY OF DISCOVERY - 1

defendants to participate in discovery would be unduly burdensome and expensive and a stay is warranted. Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981).

The pending motions to dismiss challenge the legal adequacy of plaintiffs' false designation claims and assert immunity under Section 230 of the Communications Decency Act. Although discovery will likely be irrelevant to the success or failure of these challenges, the Court is not at this point convinced that these arguments will result in the outright dismissal of plaintiffs' claims. Defendants also challenge the adequacy of plaintiffs' fraud allegations to the extent plaintiffs provide only examples of the offending labels/statements, rather than a comprehensive list that would apprize defendants of "the time, place, and specific content of the false representations . . . " Depot, Inc. v. Caring for Montanans, Inc., 915 F.3d 643, 668 n.17 (9th Cir. 2019). At least a portion of the claim - that related to the exemplar labels - would survive the Rule 9(b) challenge, and the discovery plaintiffs seek regarding defendants' product labels may allow them to amend their allegations to provide the details defendants demand.

For all of the foregoing reasons, the Court finds that defendants have not shown good cause for a protective order. The motion for stay (Dkt. # 112) is therefore DENIED. Defendants shall, within thirty days of the date of this Order, respond to the outstanding discovery. Any claim of privilege must be accompanied by a privilege log with sufficient detail to allow the Court and plaintiffs to ascertain whether the claimed privilege applies.

DATED this 27th day of August, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR A
STAY OF DISCOVERY - 2