The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE CORKER d/b/a RANCHO ALOHA;
COLEHOUR BONDERA and MELANIE
BONDERA, husband and wife d/b/a
KANALANI OHANA FARM; and ROBERT
SMITH and CECELIA SMITH, husband and
wife d/b/a SMITHFARMS, on behalf of
themselves and others similarly situated,

Plaintiffs,

v.

COSTCO WHOLESALE CORPORATION, a
Washington corporation; AMAZON.COM,
INC., a Delaware corporation; HAWAIIAN
ISLES KONA COFFEE, LTD., LLC, a
Hawaiian limited liability company; COST
PLUS/WORLD MARKET, a subsidiary of
BED BATH & BEYOND, a New York
corporation; BCC ASSETS, LLC d/b/a
BOYER'S COFFEE COMPANY, INC., a
Colorado corporation; L&K COFFEE CO. LLC,
a Michigan limited liability company;
MULVADI CORPORATION, a Hawaii
corporation; COPPER MOON COFFEE, LLC,
an Indiana limited liability company; GOLD
COFFEE ROASTERS, INC., a Delaware
corporation; CAMERON'S COFFEE AND
DISTRIBUTION COMPANY, a Minnesota
corporation; PACIFIC COFFEE, INC., a Hawaii
corporation; THE KROGER CO., an Ohio
corporation; WALMART INC., a Delaware
corporation; BED BATH & BEYOND INC., a
New York corporation; ALBERTSONS
COMPANIES INC., a Delaware corporation;
SAFEWAY INC., a Delaware corporation;
MNS LTD., a Hawaii corporation; THE TJX
COMPANIES d/b/a T.J. MAXX, a Delaware
corporation; MARSHALLS OF MA, INC. d/b/a
MARSHALLS, a Massachusetts corporation;
SPROUTS FARMERS MARKET, INC., a
Delaware corporation,

Defendants.

No. 2:19-cv-00290-RSL

**PROTECTIVE ORDER**

1.     PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

This stipulation is not an agreement that any particular document or category of documents is discoverable, but is intended to protect only those documents that are produced and which are entitled to protection.

2.     "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: (1) sensitive and/or non-public contractual terms with customers, vendors, advertising platforms, and other parties; (2) sensitive pricing, financial, and/or profit information; (3) sensitive information regarding suppliers and supplier lists; (4) sensitive information regarding customers, customer lists, customer usage, and customer technical requirements; (5) sensitive product development information and information relating to new products; (6) sensitive development processes, designs, drawings, engineering, and hardware and software configuration information; (7) sensitive marketing plans, business plans, forecasts, and business strategies; (8) sensitive communications and information relating to products and services, including, but not limited to, advertising data, which in the hands of competitors would be valuable; (9) customer feedback regarding products that have not been publicly disclosed; (10) protected personal information (including contact information) and other information subject to privacy laws; (11) sensitive internal financial reporting; and (12) other

1  non-public business information that is treated confidentially by the producing party in the

2  ordinary course of business, the disclosure of which may cause the producing party to be

3  commercially disadvantaged or prejudiced.

4      "Highly Confidential" material means any Confidential material which the producing

5  party reasonably believes to be so competitively sensitive that it is entitled to additional

6  protection via an "Attorneys' Eyes Only" or "Outside Counsel Only" designation.

7      Confidential and/or Highly Confidential material may further be designated as for

8  "Plaintiffs' Outside Counsel Only" if it is information that a defendant deems inappropriate to be

9  shared with another defendant for competitive or proprietary business reasons.  This level of

10  protection is necessary because the Parties acknowledge that many of the Defendants are

11  competitors with one another and the disclosure of this type of information would be highly

12  prejudicial to their businesses, and is correspondingly unnecessary for the others to see.  These

13  designations bear the same protections as the Highly Confidential designations, with the

14  additional protection that the document may not be disclosed to anyone other than Plaintiffs'

15  outside counsel.

16  3.    SCOPE

17      The protections conferred by this agreement cover not only confidential material (as

18  defined above), but also (1) any information copied or extracted from confidential material; (2)

19  all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

20  conversations, or presentations by parties or their counsel that might reveal confidential material.

21      However, the protections conferred by this agreement do not cover information that is in

22  the public domain or becomes part of the public domain through trial or otherwise.

23  4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

24      4.1.    Basic Principles. A receiving party may use confidential material that is disclosed

25  or produced by another party or by a non-party in connection with this case only for prosecuting,

26  defending, or attempting to settle this litigation. Confidential material may be disclosed only to

the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

    4.2.   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

    (a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless:

    1.   the producing party specifies, by appropriate designation, that a particular document or material produced is for "Attorney's Eyes Only", in which case the disclosure may be to in house counsel only, and not to other officers, directors, or employees (for the avoidance of doubt, this provision does not prevent disclosure to outside counsel under §4.2(a)); or

    2.  The producing party specifies, by appropriate designation, that a particular document or material produced is for "Outside Counsel Only," in which case no disclosure to the receiving party is permitted;

    (c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)    the court, court personnel, and court reporters and their staff;

    (e)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service

instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)     during their depositions, witnesses from the designating party in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.   Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     insurers, including their claims representatives, for a party to whom it is reasonably necessary to disclose the information for this litigation and who have signed the 'Acknowledgment and Agreement to Be Bound' (Exhibit A).

4.3.    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

4.4.    Pursuant to Section 6.3 below, where there is a challenge to the confidentiality designation of a document, all parties shall continue to maintain the material in question pursuant to the producing party's confidentiality designation until the Court rules on the challenge.  If the parties are unable to resolve the dispute, a party may file and serve a motion to concerning the confidentiality designation, under LCR 7, within ten (10) days of the meet and confer.

4.5.    In the event that the protected or confidential status of a document is challenged shortly before a motion, response or reply is to be filed, so that there may not be adequate time to resolve the issue, the Parties agree that the challenged documents will be submitted to the Court under seal, in accordance with Local Civil Rule 5(g), until such time as the Court rules on the confidentiality designation.   Depending on the outcome of the designation challenge, the document may then be subject to filing under seal upon the Court's permission or direction.

5.    DESIGNATING PROTECTED MATERIAL

5.1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass or indiscriminate designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

1    (a)    Information in documentary form: (*e.g.*, paper or electronic documents

2  and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

3  proceedings), the designating party must affix the words "CONFIDENTIAL," "HIGHLY

4  CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE

5  COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – PLAINTIFFS' OUTSIDE COUNSEL

6  ONLY" to each page that contains confidential material.  When such procedure is not reasonably

7  feasible (*e.g.*, for electronic documents produced as "native" files), the designating party may

8  include confidentiality information in metadata accompanying the production, or in another

9  method agreed upon by the parties.

10    (b)    Testimony given in deposition or in other pretrial proceedings: the parties

11  and any participating non-parties must identify on the record, during the deposition or other

12  pretrial proceeding, all protected testimony, without prejudice to their right to so designate other

13  testimony after reviewing the transcript. Any party or non-party may, within thirty days after

14  receiving the transcript of the deposition or other pretrial proceeding, designate portions of the

15  transcript, or exhibits thereto, as confidential.  If a party or non-party desires to protect

16  confidential information at trial, the issue should be addressed during the pre-trial conference.

17    (c)    Other tangible items: the producing party must affix in a prominent place

18  on the exterior of the container or containers in which the information or item is stored the word

19  "CONFIDENTIAL," and as appropriate, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

20  ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY

21  CONFIDENTIAL – PLAINTIFFS' OUTSIDE COUNSEL ONLY."  If only a portion or portions

22  of the information or item warrant protection, the producing party, to the extent practicable, shall

23  identify the protected portion(s).

24    5.3.    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

25  designate qualified information or items does not, standing alone, waive the designating party's

26  right to secure protection under this agreement for such material. Upon timely correction of a

designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.   Timing of Challenges. Any party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.   Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3.   Judicial Intervention. If the parties cannot resolve a challenge without court intervention, a party may file and serve a motion regarding confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). If the receiving party has provided written notice that it intends to file confidential or protected documents in support of a motion, a meet and confer is subsequently held, the parties cannot resolve the challenge to confidentiality, and the designating party then fails to bring a motion to retain confidentiality within 10 days of the meet and confer, it shall be considered a waiver of the designation of confidentiality, unless good cause is shown.  The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the

challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)      promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the

1  receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

2  provision is not intended to modify whatever procedure may be established in an e-discovery

3  order or agreement that provides for production without prior privilege review. The parties

4  agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

5  10.    NON TERMINATION AND RETURN OF DOCUMENTS

6          Within 60 days after the termination of this action, including all appeals, each receiving

7  party must return all confidential material to the producing party, including all copies, extracts

8  and summaries thereof. Alternatively, the parties may agree upon appropriate methods of

9  destruction.

10         Notwithstanding this provision, counsel are entitled to retain one archival copy of all

11 documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

12 deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

13 work product, even if such materials contain confidential material.

14         The confidentiality obligations imposed by this agreement shall remain in effect until a

15 designating party agrees otherwise in writing or a court orders otherwise.

16                    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

17

18

19

20

21

22

23

24

25

26

1

Dated: September ___, 2019

Dated: September ___, 2019

2

Respectfully submitted,

Respectfully submitted,

3

DAVIS WRIGHT TREMAINE LLP

KARR TUTTLE CAMPBELL

*Attorneys for Defendants Cameron's*
*Coffee and Distribution Company; Gold*
*Coffee Roasters, Inc.; The Kroger Co.;*
*Albertson's Companies Inc.; Safeway Inc.;*
*Walmart, Inc.; The TJX Companies d/b/a*
*T.J. Maxx; Marshalls of MA, Inc. d/b/a*
*Marshalls; Amazon.Com, Inc.; Copper*
*Moon Coffee LLC; and Bed Bath & Beyond*
*Inc.*

4

5

6

7

By: *s/ Paul Brown* (per email authorization)
    Paul Richard Brown, WSBA
    #19357
    Nathan T. Paine, WSBA #34487
    701 Fifth Avenue, Suite 3300
    Seattle, Washington 98104
    206.223.1313
    pbrown@karrtuttle.com

8

By *s/ Jaime Drozd Allen*
Jaime Drozd Allen, WSBA #35742
Stephen M. Rummage, WSBA #11168
Ambika Doran, WSBA #38237
Jacob M. Harper (*pro hac vice*)
Benjamin J. Robbins, WSBA #53376
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: (206) 757-8039
Fax: (206) 757-7039
E-mail: jaimeallen@dwt.com
E-mail: steverummage@dwt.com
E-mail: ambikadoran@dwt.com
E-mail: jharper@dwt.com
E-mail: benrobbins@dwt.com

9

10

11

12

13

14

15

LIEFF CABRASER HEIMANN & BERNSTEIN,
LLP

16

17

ARNOLD & PORTER KAYE SCHOLER
LLP

*Attorneys for Defendant Bed Bath &*
*Beyond Inc. and Copper Moon Coffee LLC*

By: *s/ Daniel Seltz* (per email authorization)
    Jason L. Lichtman
    Daniel E. Seltz
    250 Hudson Street, 8th Floor
    New York, NY  10013
    212.355.9500
    jlichtman@lchb.com

18

19

*Attorneys for Plaintiffs and the Proposed Class*

Trenton H. Norris (pro hac vice)
Trent.Norris@arnoldporter.com
Tommy Huynh (pro hac vice)
Tommy.Huynh@arnoldporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Fax: (415) 471-3400

20

21

22

23

24

25

26

1   HILLIS CLARK MARTIN & PETERSON P.S.
    *Attorneys for Defendant Cost Plus, Inc.*

2   By <u>s/ Eric D. Lansverk</u> (per email authorization)

3   Eric D. Lansverk, WSBA #17218
    999 Third Avenue, Suite 4600
    Seattle, WA  98104

4   Telephone: (206) 623-1745
    Fax: (206) 623-7789

5   E-mail: eric.lansverk@hcmp.com

6

7   BRYAN CAVE LEIGHTON PAISNER LLP
    *Attorneys for Defendant Cost Plus, Inc.*

8   By <u>s/ Marcy J.  Bergman</u> (per email authorization)

9   Marcy J. Bergman (CA Bar No. 75826,
    pro hac vice application approved)
    Merrit M. Jones (CA Bar No. 209033,

10  pro hac vice application approved)
    Three Embarcadero Center, 7th Floor

11  San Francisco, California 94111-4070
    Telephone: (415) 675-3400

12  Fax: (415) 675-3635
    E-mail: Marcy.Bergman@bclplaw.com

13  E-mail: Merrit.Jones@bclplaw.com

14

15  SAVITT BRUCE & WILLEY LLP
    *Attorneys for Defendants Costco Wholesale Corporation
    and L&K Coffee Co. LLC*

16

17  By <u>s/ Duffy Graham</u> (per email authorization)
    Stephen C. Willey, WSBA #24499
    Duffy Graham, WSBA #33103

18  Brandi B. Balanda, WSBA #48836
    1425 Fourth Avenue Suite 800

19  Seattle, Washington  98101-2272
    Telephone: (206) 749-0500

20  Fax: (206) 749-0600
    E-mail: swilley@sbwLLP.com

21  E-mail: dgraham@sbwLLP.com
    E-mail: bbalanda@sbwLLP.com

22

23  //

24  //

25

26  //

1

CADES SCHUTTE LLP
*Attorneys for Defendant MNS Ltd.*

2

By s/ Kelly G. LaPorte (per email authorization)

3

Kelly G. LaPorte, *pro hac vice*
Nathaniel Dang, *pro hac vice*
1000 Bishop Street, 12th Floor

4

Honolulu, HI  96813
Telephone: (808) 521-9200

5

Fax: (808) 521-9210
E-mail: klaporte@cades.com

6

E-mail: ndang@cades.com

7

8

BULLIVANT HOUSER BAILEY, PC
*Attorneys for Defendant MNS Ltd.*

9

By s/ Daniel R. Bentson (per email authorization)

10

Daniel R. Bentson, WSBA #36825
Owen R. Mooney, WSBA #45779
1700 Seventh Avenue, Suite 1810

11

Seattle, WA  98101
Telephone: (206) 292-8930

12

Fax: (206) 386-5130
E-mail: dan.bentson@bullivant.com

13

E-mail: owen.mooney@bullivant.com

14

15

DORSEY & WHITNEY LLP
*Attorneys for Defendant Sprouts Farmers Market, Inc.*

16

By s/ J. Michael Keyes (per email authorization)

17

J. Michael Keyes, WSBA #29215
Erin C. Kolter, WSBA #53365
Brian J. Janura, WSBA #50213

18

Columbia Center
701 Fifth Avenue, Suite 6100

19

Seattle, WA 98104
Telephone: (206) 903-8800

20

E-mail: keyes.mike@dorsey.com
E-mail: kolter.erin@dorsey.com

21

E-mail: janura.brian@dorsey.com

22

23

//

24

25

//

26

//

LANE POWELL PC
*Attorneys for Defendant Hawaiian Isles Kona Coffee Company, Ltd.*

By *s/ Erin M. Wilson* (per email authorization)
Erin M. Wilson, WSBA No. 42454
Tiffany Scott Connors, WSBA No. 41740
Jessica Walder, WSBA No. 47676
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA  98111-9402
Telephone: (206) 223-7000
Fax: (206) 223-7107
E-mail: wilsonem@lanepowell.com
E-mail: connorst@lanepowell.com
E-mail: walderj@lanepowell.com

BUCHALTER
A Professional Corporation
*Attorneys for Defendant Mulvadi Corporation*

By *s/ Bradley P. Thoreson* (per email authorization)
Bradley P. Thoreson, WSBA #18190
1420 Fifth Ave., Ste. 3100
Seattle, WA 98101-1337
Telephone: (206) 319-7052
E-mail: bthoreson@buchalter.com

WILSON SMITH COCHRAN DICKERSON
*Attorneys for Defendant Pacific Coffee, Inc.*

By *s/ Alfred E. Donohue* (per email authorization)
Alfred E. Donohue, WSBA #32774
Maria E. Sotirhos, WSBA #21726
901 Fifth Avenue, Suite 1700
Seattle, WA 98164
Telephone: (206) 623-4100
Fax: (206) 623-9273
E-mail: donohue@wscd.com
E-mail: sotirhos@wscd.com

LEE SMART, P.S., INC.
*Attorneys for Defendant BCC*

By *s/ Marc Rosenberg* (per email authorization)
Marc Rosenberg, WSBA # 31034
1800 One Convention Place
701 Pike St.
Seattle, WA  98101-3929
Telephone: (206) 624-7990
Fax: (206) 624-5944
E-mail: mr@leesmart.com

4823-0240-0414v.1 0113553-000004

1    PURSUANT TO STIPULATION, IT IS SO ORDERED

2    IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3    documents in this proceeding shall not, for the purposes of this proceeding or any other

4    proceeding in any other court, constitute a waiver by the producing party of any privilege

5    applicable to those documents, including the attorney-client privilege, attorney work-product

6    protection, or any other privilege or protection recognized by law.

7

8    DATED: September 18, 2019

9

10                              _____
                                Robert S. Lasnik
11                              United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on

_____ in the case of *Corker, et al. v. Costco Wholesale Corp., et al* . I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____