UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE CORKER, *et al.*,

    Plaintiffs,

v.

COSTCO WHOLESALE CORPORATION, *et al.*,

    Defendants.

NO. C19-0290RSL

ORDER DENYING SUPPLIERS' MOTION TO DISMISS

This matter comes before the Court on the "Suppliers' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)." Dkt. # 107.[1] The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles

---

[1] The defendants bringing this motion are Hawaiian Isle Kona Coffee Company, Ltd., L&K Coffee Co. LLC, Mulvadi Corporation, Copper Moon Coffee, LLC, Gold Coffee Roasters, Inc., Cameron's Coffee and Distribution Company, and Pacific Coffee, Inc. Dkt. # 107 at 6 n.1. Defendant BBC Assets, LLC, d/b/a Boyer's Coffee Company has joined in the motion. Dkt. # 109.

ORDER DENYING SUPPLIERS'
MOTION TO DISMISS - 1

the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). All well-pleaded factual allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

Having reviewed the First Amended Complaint and the memoranda submitted by the parties,[2] the Court finds as follows:

Plaintiffs are coffee farmers in the Kona District of the Big Island of Hawaii. They allege that moving defendants sell coffee products throughout the United States and that they falsely designate the geographic origin of their coffee as "Kona," placing the word Kona prominently on their packaging and/or promotional materials. Plaintiffs provide examples of the packaging - and in some instances promotional materials - used by each of the moving defendants and allege that the products carrying the Kona label actually contain little to no coffee from the Kona District. Plaintiffs further allege that the supplier defendants deliberately and intentionally mislead consumers into believing their products contain an appreciable amount of Kona coffee beans in order to use the reputation and goodwill of the Kona name to justify higher prices for

---

[2] This matter can be decided on the papers submitted. The supplier defendants' request for oral argument is DENIED.

ORDER DENYING SUPPLIERS'
MOTION TO DISMISS - 2

what is actually ordinary commodity coffee. Plaintiffs complain that the suppliers' use of the word Kona not only constitutes false designation of geographic origin, it damages the geographic designation itself and the designation's value to the farmers of authentic Kona coffee from the Kona District. Plaintiffs have tested packages of the supplier defendants' coffee products, all of which are marked with the word Kona, and found that their ratios of various metal (strontium to zinc, barium to nickel, cobalt to zinc, and manganese to nickel) are well outside the range of that which is found in authentic Kona coffee. Plaintiffs expressly allege that the supplier defendants' designation of Kona as the origin of the coffee in their "Kona" products is false. Plaintiffs assert that, even if there were some Kona coffee in defendants' products, it is not the meaningful percentage that a consumer would expect based on the packaging.

Based on these allegations, plaintiffs assert claims of false designation of origin, false advertising, and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). The supplier defendants argue that the claims should be dismissed because they (1) are grounded in fraud but are not pled with the particularity required under Fed. R. Civ. P. 9(b) and (2) fail to plausibly allege a false association claim under Section 43(a)(1)(A).[3]

To state a claim under Section 43(a)(1)(A) of the Lanham Act, plaintiffs must allege that the supplier defendants (1) used in commerce (2) a word, false designation of origin, and/or false or misleading representation of fact (3) which is likely to cause confusion as to the origin of their coffee and (4) that such use has or is likely to damage plaintiffs. 15 U.S.C. § 1125(a)(1)(A). See Freecycle Network, Inc. v. Oey, 505 F.3d 898, 902 (9th Cir. 2007). The supplier defendants'

---

[3] Plaintiffs also assert a false advertising claim under Section 43(a)(1)(B). Dkt. # 81 at ¶¶ 134 and 138. The supplier defendants challenge only the adequacy of the false association claim under Section 43(a)(1)(A).

ORDER DENYING SUPPLIERS'
MOTION TO DISMISS - 3

first argument is that plaintiffs have failed to plead with particularity the what, when, and where of the intentional falsehoods on which their false designation of origin claims are based. In the suppliers' view, plaintiffs merely allege that "unidentified Defendants sold unidentified coffee products at unknown locations and times." Dkt. # 107 at 9. The Court disagrees. Taking the allegations against L&K Coffee Co., LLC, as an example, plaintiffs allege that L&K does business under the name of Magnum Coffee Roastery and sells its products throughout the United States using an on-line store at www.javaboulevard.com and various retail outlets, including defendants Costco, Amazon, Walmart, T.J. Maxx, and Marshalls. Dkt. # 81 at ¶ 11. Plaintiffs allege that L&K prominently marks certain products in its Magnum Exotics line with the word Kona on the front of the packaging, but that the designation of origin is false. Id. at ¶ 11 and ¶ 99. Plaintiffs also allege that L&K uses deceptive taglines, slogans, and imagery in its marketing and packaging that imply, falsely, that the coffee in its "Kona" products originated in the Kona District: examples of the offending text and imagery are provided. Id. at ¶ 99. Plaintiffs provide an image of the front of one of L&K's products, Magnum Exotics Kona Blend Coffee, as an example showing the use of the word Kona and associated tropical imagery. Id. at ¶ 100.

Plaintiffs have adequately alleged intentional falsehood on L&K's part. They identify the who, what, when, where, and how of the allegedly false statements. L&K ("the who") is accused of using the word Kona and other text and imagery that implies that the coffee in the package originated from the Kona District (the "what") on the packaging of certain Magnum Exotics products (the "where") that are distributed to consumers as part of L&K's business through specified channels and outlets (the "when" and "how"). The fact that plaintiffs specifically identified one or two products from each supplier as examples of the alleged fraud - providing an

ORDER DENYING SUPPLIERS'
MOTION TO DISMISS - 4

image of the packaging and test results confirming the absence of Kona coffee in the packages - does not invalidate or make unclear the allegation that all of L&K's products marked with the word Kona contain a false designation of origin.[4] The allegations adequately "inform each defendant separately of the allegations surrounding [its] alleged participation in the fraud." Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007). Plaintiffs have met the Rule 9(b) pleading requirement.

The supplier defendants' second argument is that plaintiffs have failed to allege a plausible claim of false association under Section 43(a)(1)(A) because there is no indication that defendants falsely linked their products with the plaintiff farmers or their businesses. Claims arising under Section 43(a)(1)(A) are generically described as "false association" claims (see Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 122 (2014)), but the plain language of the subsection prohibits more than just a false association with a particular producer or manufacturer. Section 43(a)(1)(A) provides a federal cause of action when a person's use of a word or symbol in commerce is likely to cause confusion "as to the . . . association of such

---

[4] At one point in the sixty-four page First Amended Complaint, plaintiffs allege that "[s]ampling has shown that nearly every product labeled 'Kona' in [the supplier defendants'] product lines misrepresents the origin of the coffee beans contained in the package." Dkt. # 81 at ¶ 61. Defendants latch onto this sentence, arguing that plaintiffs are not challenging every product labeled "Kona" and defendants therefore have no way of knowing what products are at issue in this case. The following sentences make clear, however, that plaintiffs are alleging a consistent practice of false designation of origin, even if a few Kona beans made their way into an individual package.

> Given the scarcity of authentic Kona coffee (remember that Kona coffee represents on 0.01% of the worldwide supply of coffee) and the high profitability of marketing commodity coffee as if it were Kona coffee, it is no surprise that any defendant that is willing to engage in such deceptive practices would consistently practice their deception across all product lines. An unscrupulous merchant selling counterfeit Rolex watches on a street corner tends not to mix a real Rolex into inventory every once in a while.

Id.

ORDER DENYING SUPPLIERS'
MOTION TO DISMISS - 5

person with another person, <u>or</u> as to the origin . . . of his goods . . . ." 15 U.S.C. § 1125(a)(1)(A) (emphasis added). The suppliers conflate the two by omitting the word "or" and arguing that Section 43(a)(1)(A) requires a showing of confusion regarding the association of their goods with plaintiffs, as opposed to confusion regarding the association of the goods with a particular locality or region. Correcting the error shows, however, that this provision applies where a person's use of a word or symbol would likely cause consumer confusion regarding the origin of the goods. "Origin," in this context, has long been understood to include the geographic origin of the good or service. See <u>Dastar Corp. v. Twentieth Century Fox Film Corp.</u>, 539 U.S. 23, 29-30 (2003).

The supplier defendants further argue that a trademark infringement claim under Section 43(a)(1)(A) requires a protectable ownership interest in the mark and that plaintiffs concede that "Kona" is not a protectable mark. It is undoubtedly true that, in order to allege infringement of a trademark, a plaintiff must have a protectable interest in the mark. Plaintiffs, however, are using Section 43(a) to challenge what they consider unfair competition, namely the false designation of geographic origin. The Supreme Court has expressly held that Section 43(a) of the Lanham Act goes beyond trademark protection and makes actionable unfair competition claims such as that brought by plaintiffs.

> The Lanham Act was intended to make "actionable the deceptive and misleading use of marks," and "to protect persons engaged in ... commerce against unfair competition." 15 U.S.C. § 1127. While much of the Lanham Act addresses the registration, use, and infringement of trademarks and related marks, § 43(a), 15 U.S.C. § 1125(a) is one of the few provisions that goes beyond trademark protection. As originally enacted, § 43(a) created a federal remedy against a person who used in commerce either "a false designation of origin, or any false description or representation" in connection with "any goods or services." 60 Stat.

ORDER DENYING SUPPLIERS'
MOTION TO DISMISS - 6

441. . . .

> Although a case can be made that a proper reading of § 43(a), as originally enacted, would treat the word "origin" as referring only "to the geographic location in which the goods originated," Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 777 (1992) (STEVENS, J., concurring in judgment), the Courts of Appeals considering the issue, beginning with the Sixth Circuit, unanimously concluded that it "does not merely refer to geographical origin, but also to origin of source or manufacture," Federal–Mogul–Bower Bearings, Inc. v. Azoff, 313 F.2d 405, 408 (6th Cir. 1963), thereby creating a federal cause of action for traditional trademark infringement of unregistered marks. See 4 McCarthy § 27:14; Two Pesos, supra, at 768. . . . The Trademark Law Revision Act of 1988 made clear that § 43(a) covers origin of production as well as geographic origin.

Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 28-30 (2003) (internal footnotes omitted). Thus, Section 43(a) provides a federal remedy for "a false designation of origin" - a phrase that has always been construed as encompassing false statements regarding the geographic origin of the product - without regard to the existence of a protectable trademark. See also Belmora LLC v. Bayer Consumer Care AG, 819 F.3d 697, 706 (4th Cir. 2016) ("Significantly, the plain language of § 43(a) does not require that a plaintiff possess or have used a trademark in U.S. commerce as an element of the cause of action.").

Finally, the suppliers argue that, whatever the original interpretation of "origin" was, it no longer applies. Prior to 1989, Section 43(a) of the Lanham Act prohibited "false designation[s] of origin" generally. Pub L. No. 79-489, § 43, 60 Stat. 427, 441 (1946). See also 5 McCarthy on Trademarks §§ 27:6, 27:7 (5th ed.). In that context, courts found that the object of the legislation was to codify the traditional protections afforded to persons and businesses in a specific locality or region against outsiders who falsely designated the origins of their products as the same

geographical area. Black Hills Jewelry Mfg. Co. v. Gold Rush, Inc., 633 F.2d 746, 750 (8th Cir. 1980). In 1989, Congress amended the statute to create two separate subsections, the first of which covers false designations of origin that cause consumer confusion and the second of which covers false designations of geographic origin in advertising. The modifier "geographic" was added before "origin" in the false advertising subsection, 15 U.S.C. § 1125(a)(1)(B). Defendants argue that because a misrepresentation of "geographical origin" in advertising or promotion is specifically prohibited by Section 43(a)(1)(B), a claim based on false designations of geographical origin cannot be brought under Section 43(a)(1)(A) even if plaintiffs are able to show a likelihood of consumer confusion and satisfy the other elements of that claim.

While it is true that Section 43(a)(1)(B) focuses specifically on statements that are false with regard to geographic origin, that does not necessarily mean that the more general term, "origin," excludes claims based on geography. Two Supreme Court opinions, both of which were written after Congress separated Section 43(a)(1) into two subsections and both of which involved claims under Section 43(a)(1)(A), note that courts have long understood the term "origin" to include geographic origin (in fact, it was the only type of origin deemed protected when the Lanham Act was first enacted). Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 28 (2003); Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 779 (1992). See also Kehoe Component Sales, Inc. v. Best Lighting Prods., Inc., 796 F.3d 576, 587 (6th Cir. 2015) ("As Dastar makes plain, an entity makes a false designation of origin sufficient to support a reverse passing off claim [under Section 43(a)(1)(A)] only where it falsely represents the product's geographic origin or represents that it has manufactured the tangible product that is sold in the marketplace when it did not in fact do so."). Congress is presumed to be familiar with

the judicial interpretation of its acts and yet made no effort to legislatively overturn this interpretation or to restrict the meaning of "origin" as used in Section 43(a)(1)(A). See <u>Lorillard v. Pons</u>, 434 U.S. 575, 580-81 (1978). The Court will not ignore binding precedent to reinterpret the word "origin" when Congress failed to make clear such an intent.

Defendants have identified only one case in which a Section 43(a)(1)(A) claim based on a false designation of geographic origin was disregarded in favor of a Section 43(a)(1)(B) claim. <u>Sugai Prods., Inc. v. Kona Kai Farms, Inc.</u>, 1997 WL 824022, at * 11 (D. Haw. Nov. 19, 1997). In the context of a motion for class certification, the <u>Sugai</u> court found that plaintiff's claim for false designation of geographic origin was properly asserted only under Section 43(a)(1)(B) and evaluated plaintiff's standing under that subsection. The finding is not supported by textual or legislative analysis, however, and the cited authorities do not stand for the proposition that geographical origin is excluded from the more general term "origin" or is otherwise not a cognizable basis for a claim under Section 43(a)(1)(A). The Court declines to follow <u>Sugai</u>: it is not bound by the decision, is not persuaded by its reasoning, and notes that no other court has adopted <u>Sugai</u>'s holding in the twenty-plus years since it was decided.

For all of the foregoing reasons, the supplier defendants' motion to dismiss plaintiff's false association claim under Section 43(a)(1)(A) (Dkt. # 107) is DENIED.

Dated this 12th day of November, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING SUPPLIERS'
MOTION TO DISMISS - 9