UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE CORKER, *et al.*,

    Plaintiffs,

v.

COSTCO WHOLESALE CORPORATION, *et al.*,

    Defendants.

NO. C19-0290RSL

ORDER DENYING BOYER'S MOTION TO DISMISS

This matter comes before the Court on "Defendant BBC Assets, LLC d/b/a Boyer's Coffee Company, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6)." Dkt. # 100. The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is

ORDER DENYING BOYER'S
MOTION TO DISMISS - 1

factually neutral; rather, it must be factually suggestive. Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). All well-pleaded factual allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

Having reviewed the First Amended Complaint and the memoranda and packaging photographs submitted by the parties, the Court finds as follows:

Plaintiffs are coffee farmers in the Kona District of the Big Island of Hawaii. They allege that defendant BBC Assets, LLC d/b/a Boyer's Coffee Company, Inc. ("Boyer's) is a Colorado corporation that sells coffee products throughout the United States. Plaintiffs allege that Boyer's falsely designates the geographic origin of its coffee products as "Kona," with the prominent placement of the word Kona on the front of its packaging despite the fact that the product contains little to no coffee from the Kona District. Dkt. # 81 at ¶ 10 and ¶ 93. As examples, plaintiffs allege that one of Boyer's coffee products is labeled "Café Kona" and another is labeled "Kona Blend." Id. at ¶¶ 93-94. Plaintiffs further allege that Boyer's deliberately and intentionally misleads consumers into believing its products contain an appreciable amount of Kona coffee beans in order to use the reputation and goodwill of the Kona name to justify higher prices for what is actually ordinary commodity coffee. Id. Plaintiffs complain that Boyer's use of the word Kona not only constitutes false designation of geographic origin, it damages the geographic designation itself and its value to the farmers of authentic Kona coffee from the

ORDER DENYING BOYER'S
MOTION TO DISMISS - 2

Kona District. Id. Plaintiffs have performed laboratory tests on packages of Boyer's coffee products, all of which are marked with the word Kona, and found that their ratios of various metal (strontium to zinc, barium to nickel, cobalt to zinc, and manganese to nickel) are well outside the range of that which is found in authentic Kona coffee. Id. at ¶¶ 95-97. Plaintiffs expressly allege that "Boyer's designation of Kona as the origin of the coffee in these products is false." Id. Plaintiffs assert that, even if there were some Kona coffee in Boyer's products, it is not the meaningful percentage that a consumer would expect based on the packaging. Id. at ¶ 98.

Based on these allegations, plaintiffs assert claims of false designation of origin, false advertising, and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Boyer's argues that the claims against it (1) fail as a matter of law because plaintiffs have not alleged that they, individually or as a group, have a protectable trademark in the word Kona, (2) are implausible because a reasonable consumer would not be confused by Boyer's packaging, which clearly states that the product is manufactured, roasted, and packaged in Colorado, and (3) do not raise a plausible claim under Section 43(a)(1)(B) because the use of the word Kona is insufficient as a matter of law.[1]

To state a claim under Section 43(a)(1)(A) of the Lanham Act, plaintiffs must allege that Boyer's (1) used in commerce (2) a word, false designation of origin, and/or false or misleading representation of fact (3) which is material and likely to cause confusion as to the origin of Boyer's coffee and (4) that such use has or is likely to damage plaintiffs. 15 U.S.C. § 1125(a)(1)(A). See Freecycle Network, Inc. v. Oey, 505 F.3d 898, 902 (9th Cir. 2007).

---

[1] In addition, Boyer's argues that the heightened pleading standard of Rule 9(b) applies to plaintiffs' Lanham Act claims because they are grounded in fraud. For purposes of this motion, the Court has assumed that Rule 9(b) applies.

ORDER DENYING BOYER'S
MOTION TO DISMISS - 3

Boyer's first argument, that one or all of the plaintiffs must have a protectable trademark in the word Kona in order to bring a Lanham Act claim, is incorrect in the context of this case. It is undoubtedly true that, in order to allege infringement of a trademark under 15 U.S.C. § 1125(a), a plaintiff must have a protectable interest in the mark. Plaintiffs, however, are using Section 43(a) to challenge what they consider unfair competition, namely the false designation of geographic origin. The pre-Lanham Act tradition of allowing persons and businesses in a specific locality or region to sue outsiders who falsely designate the origins of their products as the same geographical area was carried forward into Section 43(a) when the Lanham Act was enacted in 1946. See Black Hills Jewelry Mfg. Co. v. Gold Rush, Inc., 633 F.2d 746, 750 (8th Cir. 1980). The Supreme Court has expressly held that Section 43(a) of the Lanham Act goes beyond trademark protection and makes actionable unfair competition claims such as that brought by plaintiffs.

> The Lanham Act was intended to make "actionable the deceptive and misleading use of marks," and "to protect persons engaged in ... commerce against unfair competition." 15 U.S.C. § 1127. While much of the Lanham Act addresses the registration, use, and infringement of trademarks and related marks, § 43(a), 15 U.S.C. § 1125(a) is one of the few provisions that goes beyond trademark protection. As originally enacted, § 43(a) created a federal remedy against a person who used in commerce either "a false designation of origin, or any false description or representation" in connection with "any goods or services." 60 Stat. 441. . . .
>
> Although a case can be made that a proper reading of § 43(a), as originally enacted, would treat the word "origin" as referring only "to the geographic location in which the goods originated," Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 777 (1992) (STEVENS, J., concurring in judgment), the Courts of Appeals considering the issue, beginning with the Sixth Circuit, unanimously

concluded that it "does not merely refer to geographical origin, but also to origin of source or manufacture," Federal–Mogul–Bower Bearings, Inc. v. Azoff, 313 F.2d 405, 408 (6th Cir. 1963), thereby creating a federal cause of action for traditional trademark infringement of unregistered marks. See 4 McCarthy § 27:14; Two Pesos, supra, at 768. . . . The Trademark Law Revision Act of 1988 made clear that § 43(a) covers origin of production as well as geographic origin.

Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 28-30 (2003) (internal footnotes omitted). Section 43(a) provides a federal remedy for "a false designation of origin" - a phrase that has always been construed as encompassing false statements regarding the geographic origin of the product - without regard to the existence of a protectable trademark. See also Belmora LLC v. Bayer Consumer Care AG, 819 F.3d 697, 706 (4th Cir. 2016) ("Significantly, the plain language of § 43(a) does not require that a plaintiff possess or have used a trademark in U.S. commerce as an element of the cause of action.").

Boyer's second argument fares no better. Plaintiffs allege that Boyer's promotes its coffee products by labeling them with the word Kona in order to trade on the reputation of coffees from that geographical region, that the coffee contained in Boyer's products is not, in fact, from the Kona district, and that plaintiffs are injured by the false designation of origin, either by a diversion of sales from plaintiffs or by a lessening of the goodwill associated with Kona coffee. Boyer's argues that the allegations are insufficient because plaintiffs have not alleged that Boyer's use of the word Kona is likely to cause confusion regarding the identity of the manufacturer or seller of the coffee product because Boyer's packaging dispels any such confusion. Section 43(a)(1)(A) does not require a showing of confusion regarding the manufacturer or producer of a good or service, however. While such a showing may give rise to a Lanham Act claim, the statute also applies if Boyer's use of a word "is likely to cause

ORDER DENYING BOYER'S
MOTION TO DISMISS - 5

confusion . . . as to the origin . . . of his or her goods . . . ."[2] Thus, an allegation that the use of the word Kona on Boyer's coffee products is likely to cause confusion "as to the origin" of the goods is sufficient, without regard to any confusion regarding the identity of the specific manufacturer or producer.

Boyer's provides evidence regarding other statements included on its packaging and argues that it is implausible that any customer would be misled into thinking Boyer's coffee originated from the Kona district. The packaging declares Boyer's to be "Colorado Proud," identifying itself as a Colorado company with a Colorado address. It also touts the benefits of roasting coffee beans in Colorado and claims its coffee is "Rocky Mountain Slow Roasted" and "Colorado Crafted." None of these statements dispels the notion that the coffee roasted or crafted in Colorado was grown in the Kona district, a notion that is arguably conveyed by the use of the otherwise gratuitous word "Kona" in the name of the product.

Finally, Boyer's argues that the mere presence of a geographic reference on its packaging cannot give rise to claim for false designation of geographic origin under Section 43(a)(1)(B). A prima facie case under that section requires, among other things, a showing that the supplier defendants made a false statement in advertising that misrepresents the geographic origin of their products. PhotoMedex, Inc. v. Irwin, 601 F.3d 919, 923 (9th Cir. 2010). If, in the context of the entire accused packaging or promotion, the inclusion of the word Kona is misleading as to the geographic origin of the coffee, the claim may proceed. See Pernod Ricard USA, LLC v. Bacardi USA, Inc., 653 F.3d 241, 252-53 (3rd Cir. 2011).

---

[2] As discussed in Dastar, 539 U.S. at 29-30, even when the term "origin" was construed narrowly, it was understood to include the geographic origin of the good or service.

ORDER DENYING BOYER'S
MOTION TO DISMISS - 6

For all of the foregoing reasons, Boyer's motion to dismiss (Dkt. # 100) is DENIED.

Dated this 12th day of November, 2019.

Robert S. Lasnik
United States District Judge

ORDER DENYING BOYER'S
MOTION TO DISMISS - 7