UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE CORKER, *et al.*,

    Plaintiffs,

    v.

COSTCO WHOLESALE, *et al.*,

    Defendants.

NO. C19-0290RSL

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL

This matter comes before the Court on "Plaintiffs' Motion to Compel Production of Documents and Compliance with the Court's ESI Order by Defendant Mulvadi Corporation." Dkt. # 188. On or about October 31, 2019, plaintiffs and most of the defendants in this action, including Mulvadi, stipulated to a protocol for the production of electronically stored information ("ESI"). At the time, plaintiffs and Mulvadi were in the midst of a discovery dispute. Shortly after entry of the ESI order, Mulvadi identified over forty large boxes of purchase, sale, and financial records, containing approximately 50,000 pages, that might be responsive to plaintiffs' discovery requests. Mulvadi invited plaintiffs to send their attorneys to Hawaii to review the documents.[1] Plaintiffs declined, pointing out that Mulvadi had agreed that,

---

[1] Although it is not entirely clear, it appears that Mulvadi was proposing that plaintiffs' attorneys cull through the boxes to identify responsive materials, at which point Mulvadi would review them and determine whether or not to produce the selected documents. Because Mulvadi has the obligation to

ORDER - 1

wherever practicable, it would scan and produce as text searchable TIFF and PDF files all responsive hardcopy documents. Dkt. # 152 at 7. The parties met and conferred regarding this dispute, but Mulvadi made clear that, while it would provide plaintiffs access to the boxes, it would not undertake the expense or burden of converting the documents into an electronic, text-searchable form because "Mulvadi has neither the means nor the manpower" to do so. Dkt. # 200 at 9.

The presumption under the Federal Rules of Civil Procedure is that the producing party will bear the expense of production, and an objection based on undue burden must be proven by admissible evidence showing something more than that the production will involve some expense and/or will be time consuming. *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 358 (1978); *Shaw v. Experian Info. Sols., Inc.*, 306 F.R.D. 293, 301 (S.D. Cal. 2015). In this case, Mulvadi affirmatively agreed to produce documents in electronic form "whenever practical" and therefore also has the burden of showing impracticality.[2] Other than counsel's representations regarding the square footage of Mulvadi's office and the number of full-time employees therein, Mulvadi offers nothing but bald assertions regarding its financial condition and/or its ability to scan 50,000 documents. Even if the Court were to consider counsel's hearsay statements regarding what Mulvadi's employees told him regarding their workloads, there is no indication

---

produce responsive documents in text-searchable format, the Court need not evaluate the propriety of the proposed procedure.

[2] The Court notes that Mulvadi knew exactly what the universe of responsive materials was when it signed onto the ESI protocols: the stipulation was filed on October 31, 2019, and the 40+ boxes of documents were disclosed to plaintiffs two weeks later, on November 13, 2019. Despite knowing how many hardcopy records it had, Mulvadi promised to produce its documents in text-searchable format, apparently without noting its reservations or revealing that it had no intention of actually doing so.

ORDER - 2

that Mulvadi is unable to rent a scanner and hire a temporary worker to scan each folder and its contents for production. Having failed to provide evidence in support of its claims of undue burden and/or impracticality, Mulvadi will be compelled to scan and produce all responsive documents in a text searchable format.

For all of the foregoing reasons, plaintiffs' motion to compel is GRANTED. Mulvadi shall, within thirty-five days of this Order, scan and produce responsive documents as text searchable TIFF and PDF files. Mulvadi has not waived its other objections, and the Court was not asked to resolve them.

Dated this 30th day of March, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER - 3