UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE CORKER, *et al.*,

    Plaintiffs,

v.

COSTCO WHOLESALE, *et al.*,

    Defendants.

NO. C19-0290RSL

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL

    This matter comes before the Court on plaintiffs' "Motion to Compel Production of Document in the Form Kept in the Ordinary Course of Business and Without Redactions" (Dkt. # 206), plaintiff's "Motion to Seal Document" (Dkt. # 208), and defendant BBC Assets' "Motion for Protective Order" (Dkt # 211). In response to a request for documents sufficient to identify the volume and price of "Kona" coffee it sold, BBC Assets produced summary documents purporting to provide the requested information. When plaintiffs objected to the form of the production, BBC Asset produced a 2,269-page document that appears to be a spreadsheet converted into a static PDF, with significant redactions obscuring sales information regarding non-Kona brands. Plaintiffs seek to compel production of the spreadsheet as kept in the ordinary course of business and without redactions. In support of the motion, plaintiffs filed under seal an

ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL - 1

excerpt of the redacted document.[1] BBC Assets seeks an order protecting from disclosure irrelevant and confidential commercial information contained in the responsive spreadsheets.

BBC Assets' production raises two separate concerns. The first involves the conversion of a functional spreadsheet into a series of image files. Pursuant to Rule 34(b)(2)(E)(ii), "unless otherwise stipulated or ordered by the court . . . a party must produce [electronically stored information] in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." The advisory committee's comments to the 2006 amendment further clarify the obligations of a responding party:

> The rule does not require a party to produce electronically stored information in the form it which it is ordinarily maintained, as long as it is produced in a reasonably usable form. But the option to produce in a reasonably usable form does not mean that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation.

Fed. R. Civ. P. 34 advisory committee's note (2006). BBC Assets' initial production was plainly insufficient under the rule: the summaries were not in the form in which the information was ordinarily maintained, nor did it have the functionality of the native format that made it so valuable for business purposes and which would enable plaintiffs to use the information

---

[1] In response to plaintiffs' motion to seal the excerpt, BBC Assets argues that the document should be withdrawn from the record, rather than unsealed, apparently under LCR 5(g)(6). That provision applies only where the party relying on the document has requested that it be withdrawn if the request for seal is denied. That is not the case here. Plaintiffs rely on the sealed document to show the nature and scope of defendant's production: the local civil rules do not allow defendant to control the evidence on which plaintiffs can rely.

In the alternative, BBC Assets agrees that the excerpt should remain under seal. Plaintiff's motion (Dkt. # 208) is therefore GRANTED.

ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL - 2

efficiently. The PDF images of the spreadsheets suffer from similar problems. Even if the PDF images of the spreadsheet pages are "readable" and "searchable" (Dkt. # 211 at 4), they cannot be sorted or filtered as the original spreadsheet could be. Thus, they are likely not in a "reasonably usable form" for purposes of Rule 34(b)(2)(E). *See Laub v. Horbaczewski*, 331 F.R.D. 516, 527 (C.D. Cal. 2019) ("the drafters of Rule 34(b)(2)(E) expected that parties producing electronically stored information would provide it in a form that permitted 'text searching technologies, like filtering, grouping, and ordering' so that the requesting parties could organize it themselves") (citations omitted).[2]

In its motion for a protective order, BCC Assets implicitly acknowledges the functional limitations of its PDF production and offers instead a report in Excel format that contains all of the relevant information responsive to plaintiffs' discovery request while filtering/hiding irrelevant and commercially sensitive information regarding non-Kona brands and sales. This brings up the second concern regarding BCC Assets' production: is a party permitted to redact material from responsive documents? If the redaction is based on the producing party's unilateral assessment of relevance, the answer is generally "no." *See Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, 2016 WL 6246384, at *2 (C.D. Cal. Feb. 23, 2016) (producing party "may not redact otherwise responsive documents because those documents contain irrelevant material"); *Bonnell v. Carnival Corp.*, 2014 WL 10979823, at *4 (S.D. Fla. Jan. 31, 2014) (the "better, less-risky approach" is not to allow parties "the carte blanche right to willy-nilly redact information from otherwise responsive documents in the absence of privilege, merely because

---

[2] The Stipulated ESI Protocol that BCC Assets negotiated with plaintiffs recognizes that spreadsheets and databases are not easily reviewable in PDF and provides that such files "should be produced in native format." Dkt. # 207-5 at ¶ 4.e.

ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL - 3

the producing party concludes on its own that some words, phrases, or paragraphs are somehow not relevant"). The applicability of the general rule to Excel workbooks and other potentially expansive databases has not been fully explored. While spreadsheets are considered a single "document" under the discovery rules, they are often designed to pivot, storing vast quantities of information regarding disparate business ventures, product lines, marketing outlets, etc., that can then be queried or otherwise manipulated to produce specific reports of interest to the user. At least one court has recognized that, with regards to multi-volume manuals or large documents that are internally separate, "if entire sections are clearly and convincingly irrelevant, they may be redacted." *Evon v. Law Offices of Sidney Mickell*, 2010 WL 455476, at *2 (E.D. Cal. Feb. 3, 2010).

The Court need not resolve this issue because BCC Assets' refusal to produce (and request for a protective order) is not based solely on a relevance objection. Rather, BCC Assets argues that the information it has withheld is highly confidential and its disclosure in this litigation would put it at a competitive disadvantage. Under Rule 26(c)(1)(G), the Court may, for good cause, issue an order requiring that confidential commercial information not be revealed or be revealed only in a specified way. BCC Assets has shown good cause for preventing disclosure of its customers and price lists for non-Kona branded coffees to its competitors in the coffee industry. But BCC Assets has already stipulated to what the appropriate protections are in such circumstances. The Protective Order entered in this litigation allows BCC Assets to designate as for "Plaintiffs' Outside Counsel Only" information that it deems inappropriate to be shared with another party for competitive or proprietary business reasons. The parties agreed that this level of protection would be appropriate where the disclosure of information to a competitor would be

ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL - 4

highly prejudicial to their businesses: the designation limits the disclosure to plaintiffs' outside counsel. Dkt. # 148 at 3. While a stipulated protective order does not waive a party's right to request additional protections in particular circumstances, BCC Assets has not shown why the agreed restrictions on the way in which commercially-sensitive information will be produced are insufficient or should be altered at this stage of the proceeding.

For all of the foregoing reasons, plaintiffs' motion to compel (Dkt. # 206) and motion to seal (Dkt. # 208) are GRANTED. BCC Assets' motion for a protective order (Dkt. # 211) is DENIED. BCC Assets shall, within seven day of the date of this Order, produce the information contained in the document stamped BCC 000172-002441 in native form and without redactions. BCC Assets may, if appropriate, designate the supplemental production as for "Plaintiffs' Outside Counsel Only" under the terms of the Protective Order entered by the Court on September 18, 2019.

Dated this 27th day of April, 2020.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFFS'
MOTION TO COMPEL - 5