UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE CORKER, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>COSTCO WHOLESALE, *et al.*,<br><br>    Defendants. | NO. C19-0290RSL<br><br>ORDER DENYING DEFENDANT MULVADI CORPORATION'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on "Defendant Mulvadi Corporation's Motion for Reconsideration" Dkt. # 252. In response to plaintiffs' discovery requests, Mulvadi identified over forty large boxes of purchase, sale, and financial records, containing approximately 50,000 pages, that might be responsive. Mulvadi refused to produce the documents in compliance with the stipulated protocol for the production of electronically stored information ("ESI"), however, instead insisting that plaintiffs send their attorneys to Hawaii to review the documents[1] and bear all costs associated with the production.[2] The Court found that Mulvadi has the obligation to

---

[1] This proposal is even less tenable now that the State of Hawaii has imposed a 14-day quarantine on visitors.

[2] Although it is not entirely clear, it appears that Mulvadi wants plaintiffs' attorneys to cull through the boxes to identify responsive materials, at which point Mulvadi would review them and determine whether or not to allow plaintiffs to scan and produce them.

ORDER DENYING DEFENDANT MULVADI'S
MOTION FOR RECONSIDERATION - 1

produce responsive documents in a text-searchable format under the Court's ESI Order and the federal rules of discovery and that it had failed to offer anything but bald assertions in support of its claim of undue burden. In the absence of any evidence regarding its financial and staffing situations, how much it would cost to review, scan, and produce responsive documents, or why the requested production was disproportionate to the needs of the case,[3] the Court ordered Mulvadi to scan and produce all responsive documents in a text searchable format within thirty-five days.

Mulvadi filed a timely motion for reconsideration arguing that the quarantine and stay-at-home orders issued in Hawaii on March 21st and March 23rd to address the novel coronavirus pandemic decimated its sales and forced Mulvadi to lay off all of its employees other than the owner, Steven Mulgrew. Mr. Mulgrew submitted a declaration stating "I am just trying to survive. There is no way I can afford the costs to scan all 40+ boxes of information I have provided to the State of Hawaii over the past few years relative to my sales and associated records. I simply do not have the staff (right now, I have zero staff) or the funds to do so." Dkt. # 253 at ¶ 5. The parties met and conferred to determine whether there was a mutually agreeable way to resolve these issues. While they agreed to continue the production deadline and identified a vendor in Honolulu who could process the boxes at issue, Mulvadi continues in its refusal to incur any costs to comply with its discovery obligations.

Mulvadi has failed to show new facts or legal authority that would justify reconsideration

---

[3] As noted in the prior order, "[t]he presumption under the Federal Rules of Civil Procedure is that the producing party will bear the expense of production, and an objection based on undue burden must be proven by admissible evidence showing something more than that the production will involve some expense and/or will be time consuming. *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 358 (1978); *Shaw v. Experian Info. Sols., Inc.*, 306 F.R.D. 293, 301 (S.D. Cal. 2015)." Dkt. # 248 at 2.

ORDER DENYING DEFENDANT MULVADI'S
MOTION FOR RECONSIDERATION - 2

of the order compelling production. Its discovery obligations in this situation are clear: it must produce responsive documents in a text-searchable format unless it shows that production will cause an undue burden and/or is not proportional to the needs of this case. A review of the documents submitted by the parties suggests that - assuming all 50,000 pages contained in the boxes are responsive - they could be Bates numbered (2¢ per page), scanned (12¢ per page), and digitally uploaded (free) for approximately $7,000. If Mulvadi performed a basic relevance review before sending the documents to the vendor in Honolulu, the total cost of production may be even less. In the absence of evidence regarding Mulvadi's finances, it has not established good cause for a protective order or the shifting of discovery costs to the requesting party.

For all of the foregoing reasons, it is hereby ORDERED that:

(1) the deadline for Mulvadi's production is extended to June 18, 2020;

(2) the parties shall meet and confer during the week of May 18, 2020, to discuss whether a further extension of the production deadline is appropriate given the COVID-19 situation in the State of Hawaii;

(3) Mulvadi's motion for reconsideration is DENIED without prejudice to its ability to refile a properly-supported motion in advance of the June 18, 2020, production deadline.

Dated this 4th day of May, 2020.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT MULVADI'S
MOTION FOR RECONSIDERATION - 3