# Exhibit B

The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE CORKER d/b/a RANCHO ALOHA; COLEHOUR BONDERA and MELANIE BONDERA, husband and wife d/b/a KANALANI OHANA FARM; and ROBERT SMITH and CECELIA SMITH, husband and wife d/b/a SMITHFARMS, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation; AMAZON.COM, INC., a Delaware corporation; HAWAIIAN ISLES KONA COFFEE, LTD., LLC, a Hawaiian limited liability company; COST PLUS/WORLD MARKET, a subsidiary of BED BATH & BEYOND, a New York corporation; BCC ASSETS, LLC d/b/a BOYER'S COFFEE COMPANY, INC., a Colorado corporation; JAVA LLC, a Michigan limited liability company; MULVADI CORPORATION, a Hawaii corporation; COPPER MOON COFFEE, LLC, an Indiana limited liability company; GOLD COFFEE ROASTERS, INC., a Florida corporation; CAMERON'S COFFEE AND DISTRIBUTION COMPANY, a Minnesota corporation; PACIFIC COFFEE, INC., a Hawaii corporation; THE KROGER CO., an Ohio corporation; WALMART INC., a Delaware corporation; BED BATH & BEYOND INC., a New York corporation; ALBERTSONS COMPANIES INC., a Delaware Corporation; SAFEWAY INC., a Delaware Corporation; MNS LTD., a Hawaii Corporation; MARMAXX OPERATING CORP. d/b/a T.J. MAXX and MARSHALLS, a Delaware corporation; SPROUTS FARMERS MARKET, INC. a Delaware corporation; JOHN DOE CO. 1-20.<br><br>Defendants. | No. 2:19-cv-00290<br><br>DEFENDANT COSTCO WHOLESALE CORPORATION'S OBJECTIONS TO PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION |

COSTCO'S OBJECTIONS AND RESPONSES TO
PLFS' 30(b)(6) NOTICE OF DEPOSITION
(2:19-cv-00290) - 1

In accordance with Rules 26, 30 and 32, Defendant Costco Wholesale Corporation's ("Costco"), by and through its undersigned counsel, hereby submits the following objections and responses to Plaintiffs' Notice of Rule 30(b)(6) Deposition of Costco Wholesale Corporation dated June 23, 2020.

**OBJECTIONS TO SCOPE**

Costco objects to Plaintiffs' use of the terms "coffee with a Kona Label" and variations of that term throughout Plaintiffs' 30(b)(6) notice as overbroad, unduly burdensome, and seeking discovery relating to products not in issue in this case, because "coffee with a Kona Label" could be interpreted to include products not sold by one of the supplier defendants in this case. To the extent "coffee with a Kona Label" could be interpreted to include products not sold by one of the supplier defendants in this case, Plaintiffs' 30(b)(6) topics and notice seek irrelevant information not subject to discovery.

Costco will designate and take reasonable steps to prepare a witness(es) to testify only in regards to coffee products with a Kona Label that are sold by one of the supplier defendants in this case.

**OBJECTIONS TO DEFINITIONS**

Costco objects to Plaintiffs' incorporation by reference of numerous definitions from "Plaintiffs' previously served Interrogatories and Requests for Production of Documents to [*any and all*] Defendants" without defining applicable terms in Plaintiffs' 30(b)(6) notice, and without specifying from which interrogatories or document requests the terms are incorporated. Costco accordingly objects to all definitions as unduly burdensome, vague, inaccurate, and ambiguous. Costco also objects to the incorporation of Merriam-Webster's online dictionary, which for any given word or phrase lists multiple definitions and uses, adding to the ambiguity. Costco objects to the extent Plaintiffs' definitions incorporate separate corporations or entities other than Costco. Costco further incorporates by reference all objections it has served or will serve to Plaintiffs' definitions in response to Plaintiffs' Interrogatories and Document Requests

COSTCO'S OBJECTIONS AND RESPONSES TO
PLFS' 30(b)(6) NOTICE OF DEPOSITION
(2:19-cv-00290) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

to Costco.

## OBJECTIONS AND RESPONSES TO TOPICS

**TOPIC NO. 1**:

Costco's supply chain for coffee that it markets, sells, or distributes with a Kona Label. For example, this Topic includes the volumes of coffee that Costco purchases each month, the cost of such coffee, the country and region from which Costco purchases such coffee, the Identity of the persons or entities from whom coffee is purchased, the agreements and contracts entered into with the persons or entities from whom coffee is purchased, the process of selecting the persons or entities from whom coffee is purchased and any related contract negotiations, and the percentage of coffee from any particular country and region that is used in coffee marketed, sold, or distributed with a Kona Label.

**RESPONSE TO TOPIC 1**: Costco objects to Topic No. 1 on the grounds that it is impermissibly vague, overbroad, unduly burdensome, and fails to identify the topics on which testimony is required with reasonable particularity, insofar as Topic No. 1 lists topics with requisite specificity only by way of "example." Costco further objects that Topic No. 1 is so broad that it is not possible to expect a witness to be able to cover this topic even if Costco made reasonable attempts to educate a witness based on the information in its possession, custody, or control. Costco further objects that Topic No. 1 has no stated time limitation, rendering the topic even more ambiguous and unduly burdensome. Costco further objects that the information sought through Topic No. 1 is more appropriately sought through written interrogatories or other forms of discovery that are less burdensome, and that more appropriate methods of obtaining information are available. Costco further objects to the extent that Topic No. 1 is duplicative or unreasonably cumulative of discovery that has been provided or will be provided to Plaintiffs in connection with Plaintiffs' prior interrogatories or document requests, including CORKER_COSTCO_0000055 and CORKER_COSTCO_0000060, CORKER_COSTCO_0000061, CORKER_COSTCO_0000067, and CORKER_COSTCO_ 0000068. Costco also objects that aspects of Topic No. 1 are the subject of future expert discovery, such as those aspects related to Costco's sales and costs. Costco further objects on the basis that complete information about the "Identity" of all persons and entities from whom Costco has purchased Kona label coffee for all time periods is not reasonably available or

COSTCO'S OBJECTIONS AND RESPONSES TO
PLFS' 30(b)(6) NOTICE OF DEPOSITION
(2:19-cv-00290) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

knowable. Finally, Costco objects to the extent Topic No. 1 seeks information that is irrelevant to the parties' claims or defenses as to geographic origin.

Subject to and without waiving the foregoing objections, Costco will designate and take reasonable steps to prepare a witness to testify regarding the marketing, purchases, and distribution/sales by Costco of Kona coffee products sold to Costco by one of the supplier defendants, to the extent they exist, from 2015 to the present. Because Costco does not manufacture or supply Kona coffee products or purchase coffee beans wholesale, its witness will not be prepared to testify regarding other stages of the Kona coffee supply chain.

**TOPIC NO. 2**:

Costco's sale and distribution of coffee with a Kona Label. For example, this Topic includes processes employed for sales and distribution, the volumes of coffee with a Kona Label that Costco sells or distributes each month, the revenue that Costco makes from such sales or distribution, the profit that Costco makes from such sales or distribution, the Identity of the persons or entities to whom coffee is sold, and the percentage of coffee originating in any particular country and region that is sold or distributed with a Kona Label.

**RESPONSE TO TOPIC NO. 2**: Costco objects to Topic No. 2 on the grounds it is impermissibly vague, overbroad, unduly burdensome, and fails to identify the topics on which testimony is required with reasonable particularity, insofar as Topic No. 2 lists topics with requisite specificity only by way of "example." Costco further objects that Topic No. 2 is so broad that it is not possible to expect a witness to be able to cover this topic even if Costco made reasonable attempts to educate a witness based on the information in its possession, custody, or control. Costco also objects that Topic No. 2 has no stated time limitation, rendering the topic even more ambiguous and unduly burdensome. Costco further objects that the information sought through Topic No. 2 is more appropriately sought through written interrogatories or other forms of discovery that are less burdensome, and that more appropriate methods of obtaining the information sought are available. Costco further objects that Topic No. 2 is duplicative or unreasonably cumulative of discovery provided to Plaintiff to the extent

COSTCO'S OBJECTIONS AND RESPONSES TO
PLFS' 30(b)(6) NOTICE OF DEPOSITION
(2:19-cv-00290) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

it seeks testimony regarding sales reflected in the file Costco produced to Plaintiff at CORKER_COSTCO_0000055 and CORKER_COSTCO_0000060, CORKER_COSTCO_0000061, CORKER_COSTCO_0000067, and CORKER_COSTCO_0000068.

Costco also objects that aspects of Topic No. 2 are the subject of future expert discovery, such as those aspects related to Costco's sales and costs. Costco further objects on the basis that complete information about the "Identity" of all persons and entities to whom Costco has sold coffee, and for all time periods, is not reasonably available or knowable. Costco further objects to the extent Topic No. 2 seeks information that is irrelevant to the parties' claims or defenses as to geographic origin.

Subject to and without waiving the foregoing objections, Costco will designate and take reasonable steps to prepare a witness to testify regarding the sales by Costco of Kona coffee products supplied to it by one of the supplier defendants from 2015 to the present.

**TOPIC NO. 3**:

Costco's advertising and marketing of coffee with a Kona Label. For example, this Topic includes Costco's expenditures on advertising and marketing, the content of such advertising and marketing, the geographic locations in which Costco's advertising and marketing uses the word "Kona," the marketing and advertising channels in which Costco uses the word "Kona," and Costco's decision to use the word "Kona" in advertising and marketing.

**RESPONSE TO TOPIC NO. 3**: Costco objects to Topic No. 3 on the grounds that it is impermissibly vague, overbroad, unduly burdensome, and fails to identify the topics on which testimony is required with reasonable particularity, insofar as Topic No. 3 lists topics with requisite specificity only by way of "example," and insofar as Topic No. 3 assumes that Costco engages in "advertising and marketing" in relation to its products with a Kona Label. Costco also objects that Topic No. 3 has no stated time limitation, rendering this topic even more ambiguous and unduly burdensome. Costco further objects that Topic No. 3 is duplicative or unreasonably cumulative of discovery sought by Plaintiffs in Request for Production Nos. 18, 22, 23, and 25, to which Costco has already responded in full. Costco

COSTCO'S OBJECTIONS AND RESPONSES TO
PLFS' 30(b)(6) NOTICE OF DEPOSITION
(2:19-cv-00290) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

further objects that it is not possible to expect a witness to be able to cover this topic even if Costco made reasonable attempts to educate a witness based on the information in its possession, custody, or control.  Costco further objects that aspects of Topic No. 3 are the subject of future expert discovery, such as those aspects related to Costco's costs.  Costco further objects to the extent Topic No. 3 seeks information that is irrelevant to the parties' claims or defenses as to geographic origin.

Subject to and without waiving the foregoing objections, Costco will designate and take reasonable steps to prepare a witness to testify regarding its marketing expenditures, if any, on its products with a Kona Label supplied to Costco by one of the supplier defendants from 2015 to the present.

**TOPIC NO. 4**:

Costco's processes for knowing and tracking the contents of coffee sold or distributed with a Kona Label, including its recall plan(s), supply chain program(s), inventory cycle(s), EIN designations, and SKU data.

**RESPONSE TO TOPIC NO. 4:**  Costco objects to Topic No. 4 on the grounds it is impermissibly vague, overbroad, unduly burdensome, and fails to identify the topics on which testimony is required with reasonable particularity, insofar as Topic No. 4 lists topics with additional specificity only by way of "example."  Costco also objects that Topic No. 4 has no stated time limitation, rendering the topic even more ambiguous and unduly burdensome. Costco further objects that Topic No. 4 seeks discovery that is not relevant to the parties' claims and defenses, and instead seeks information related to compliance with the Food Safety Modernization Act, including for example a Food Safety Plan, Recall Plan, and Supply-Chain Program.  Food Safety Plans are designed to "prevent or minimize the likelihood of foodborne illness or injury."  *See* Food & Drug Administration, Hazard Analysis and Risk-Based Preventive Controls for Human Food: Draft Guidance for Industry, at 2, *available at* https://www.fda.gov/media/99547/download.  These topics are not at all relevant to any of the

COSTCO'S OBJECTIONS AND RESPONSES TO
PLFS' 30(b)(6) NOTICE OF DEPOSITION
(2:19-cv-00290) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

claims at issue in this litigation. Costco further objects that Topic No. 4 is so broad that it is not possible to expect a witness to be able to cover this topic even if Costco made reasonable attempts to educate a witness based on the information in its possession, custody, or control.

Pursuant to the foregoing objections, Costco will not designate nor prepare a witness to testify regarding Topic 4. If Plaintiffs maintain that Topic 4 is relevant to this litigation Costco is willing to meet and confer regarding its relevance and Costco's ability to prepare a witness to testify regarding those topics.

**TOPIC NO. 5**:

Costco's answers and responses to Plaintiff's Interrogatories and Requests for Production.

**RESPONSE TO TOPIC NO. 5**: Costco objects to Topic No. 5 on the grounds it is overbroad, unduly burdensome, and fails to identify with reasonable particularity the topics on which testimony is required. Costco further objects it is not possible to expect a witness to be able to cover this topic even if Costco made reasonable attempts to educate a witness based on the information in its possession, custody, or control, insofar as Topic No. 5 seeks testimony related to Costco responses to requests for production, or testimony related to legal objections made by Costco in response to Plaintiffs' Interrogatories. Costco further objects to the extent that Topic No. 5 is duplicative or unreasonably cumulative of discovery which has been provided to Plaintiff, insofar as it seeks precisely the same information that is contained in Costco written responses to Plaintiffs' interrogatories and document requests. This request seeks "discovery on discovery" which is disfavored due to "the danger of extending the already costly and time-consuming discovery process ad infinitum." *See Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 566 (S.D. Cal. 2019) (quoting *Freedman v. Weatherford Int'l Ltd.*, No. 12-cv-2121-LAK-JCF, 2014 WL 4547039, at *2 (S.D.N.Y. Sept. 12, 2014). Costco also objects to the extent Topic No. 5 seeks privilege information and legal conclusions and contentions, which are not proper subjects for deposition testimony.

COSTCO'S OBJECTIONS AND RESPONSES TO
PLFS' 30(b)(6) NOTICE OF DEPOSITION
(2:19-cv-00290) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Subject to and without waiving the foregoing objections, Costco will designate and take reasonable steps to prepare a witness to testify regarding its responses to Plaintiffs' Interrogatories and Requests for Production.

**TOPIC NO. 6**:

Costco's document retention policies and efforts to preserve, search for, and produce documents requested in discovery in this litigation.

**RESPONSE TO TOPIC NO. 6**: Costco objects to Topic No. 6 on the grounds that it is unduly burdensome, fails to identify the topics on which testimony is required with reasonable particularity, and seeks information protected by the attorney/client privilege. This request also seeks "discovery on discovery" which is disfavored due to "the danger of extending the already costly and time-consuming discovery process ad infinitum." *See Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 566 (S.D. Cal. 2019) (quoting *Freedman v. Weatherford Int'l Ltd.*, No. 12-cv-2121-LAK-JCF, 2014 WL 4547039, at *2 (S.D.N.Y. Sept. 12, 2014).

Subject to and without waiving the foregoing objections, Costco will not designate nor take reasonable steps to prepare a witness to discuss Costco's document retention practices. If Plaintiffs are able to identify alleged deficiencies in Costco's document production, Costco, through its undersigned counsel, is willing to meet and confer with Plaintiffs to address that concern.

**TOPIC NO. 7**:

Costco's fraud detection policies and procedures which it uses to prevent the selling of counterfeit products through Costco stores.

**RESPONSE TO TOPIC NO. 7**: Costco objects to Topic No. 7 on the grounds it is impermissibly vague and irrelevant, insofar as Topic No. 7 fails to define "counterfeit" and Topic No. 7 does not relate to any of Plaintiffs' allegations under the Lanham Act. It is unclear why any such topics are at all relevant to any of the claims or defenses at issue in this litigation.

COSTCO'S OBJECTIONS AND RESPONSES TO
PLFS' 30(b)(6) NOTICE OF DEPOSITION
(2:19-cv-00290) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Additionally, Costco objects to Topic No. 7 to the extent it requests information regarding information applicable to products beyond supplier-defendant Kona coffee products.

Pursuant to the foregoing objections, Costco will not designate nor prepare a witness on this topic. If Plaintiffs maintain that Topic 7 is relevant to this litigation, Costco is willing to meet and confer regarding its relevance and Costco's ability to prepare a witness to testify regarding those topics.

**TOPIC NO. 8**:

The Identity and responsibilities of any employees, shareholders, board members, owners, contractors, or other agents who perform functions related to Costco's purchase, sale, or distribution of coffee with a Kona label.

**RESPONSE TO TOPIC NO. 8**: Costco objects to Topic No. 8 on the grounds it is impermissibly vague, overbroad, unduly burdensome, fails to identify the topics on which testimony is required with reasonable particularity, and seeks discovery that is not relevant to the parties' claims and defenses. Costco further objects that the information sought through Topic No. 8 is more appropriately sought through written interrogatories or other forms of discovery that are less burdensome, and that more appropriate methods of obtaining the information sought are available. Costco further objects to the extent that Topic No. 8 is duplicative or unreasonably cumulative of discovery that has been provided or will be provided to Plaintiffs in connection with Plaintiffs' prior written discovery requests.

Subject to and without waiving the foregoing objections, Costco will designate and take reasonable steps to prepare a witness to identify the persons who perform functions related to Costco's purchase or sale of coffee with a Kona label supplied by one of the supplier defendants, and those persons' responsibilities.

COSTCO'S OBJECTIONS AND RESPONSES TO
PLFS' 30(b)(6) NOTICE OF DEPOSITION
(2:19-cv-00290) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**TOPIC NO. 9**:

Customer feedback regarding "Kona" labeled products sold by or through Costco, including any complaints relating to the geographic origin of coffee.

**RESPONSE TO TOPIC NO. 9**: Costco objects to Topic No. 9 on the grounds it is impermissibly vague, overbroad, unduly burdensome, and fails to identify topics on which testimony is required with reasonable particularity, insofar as Topic No. 9 fails to define "complaints" and "feedback." Costco also objects that Topic No. 9 has no stated time limitation, rendering the topic even more ambiguous and unduly burdensome. Costco further objects that the information sought through Topic No. 9 is more appropriately sought through written interrogatories or other forms of discovery that are less burdensome, and that more appropriate methods of obtaining the information sought are available. Costco further objects to the extent that Topic No. 9 is duplicative or unreasonably cumulative of discovery which has been provided or will be provided to Plaintiffs in connection with Plaintiffs' prior interrogatories and documents requests. Costco further objects that aspects of Topic No. 9 are the subject of future expert discovery, such as those aspects related to Costco's costs. Costco further objects that much of the information sought through Topic No. 9 is confidential and proprietary to the extent it is in Costco's possession; and to the extent the information has been produced by other parties and is confidential and/or designated "Attorneys' Eyes Only" by those parties, Costco representatives are not allowed to review that information in preparation for the deposition. Costco further objects it is not possible to expect a witness to be able to cover this topic even if Costco made reasonable attempts to educate a witness based on the information in its possession, custody or control, insofar as Topic No. 9 seeks testimony related to all "customer feedback" ever received by Costco relating to its Kona products. Costco further objects to the extent Topic No. 9 seeks information that is irrelevant to the parties' claims or defenses as to geographic origin.

Subject to and without waiving the foregoing objections, Costco will designate and take reasonable steps to prepare a witness to testify regarding any consumer complaints relating to

COSTCO'S OBJECTIONS AND RESPONSES TO
PLFS' 30(b)(6) NOTICE OF DEPOSITION
(2:19-cv-00290) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1  the geographic origin of its Kona coffee products supplied by one of the supplier defendants, if

2  such complaints exist. If Plaintiffs believe other topics related to "customer feedback" are

3  relevant to this litigation, Costco is willing to meet and confer regarding Costco's ability to

4  prepare a witness to testify regarding additional topics that are identified to Costco with

5  sufficient specificity.

7  DATED this 20th day of July, 2020.

Davis Wright Tremaine LLP
Attorneys for Costco Wholesale Corporation

By *s/ Jaime Drozd Allen*
Jaime Drozd Allen, WSBA #35742
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 757-8039
Fax: (206) 757-7039
E-mail: jaimeallen@dwt.com

COSTCO'S OBJECTIONS AND RESPONSES TO
PLFS' 30(b)(6) NOTICE OF DEPOSITION
(2:19-cv-00290) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# **CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2020, I caused a copy of the foregoing to be served by e-mail upon counsel of record, in accordance with the parties' electronic service agreement, as follows:

KARR TUTTLE CAMPBELL, P.S.
Paul Richard Brown, WSBA #19357
Nathan T. Paine, WSBA #34487
Daniel T. Hagen, WSBA #54015
Andrew W. Durland, WSBA #49747
Joshua M. Howard, WSBA #52189
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Phone:  206.223.1313
Email: npaine@karrtuttle.com
         pbrown@karrtuttle.com
         dhagen@karrtuttle.com

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Jason L. Lichtman (pro hac vice)
Daniel E. Seltz (pro hac vice)
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Phone:  212-355-9500
Email: jlichtman@lchb.com
         dseltz@lchb.com

Michael W. Sobol (pro hac vice)
275 Battery Street
San Francisco, CA 94111
Phone:  415.956.1000
Email: msobol@lchb.com

Andrew Kaufman (pro hac vice)
222 2nd Avenue South, Suite 1640
Nashville, TN 37201
Phone:  615.313.9000
Email: akaufman@lchb.com

Attorneys for the Plaintiffs and the Proposed Class

COSTCO'S OBJECTIONS AND RESPONSES TO
PLFS' 30(b)(6) NOTICE OF DEPOSITION
(2:19-cv-00290) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 20th day of July, 2020.

By: *s/Jaime Drozd Allen*

COSTCO'S OBJECTIONS AND RESPONSES TO
PLFS' 30(b)(6) NOTICE OF DEPOSITION
(2:19-cv-00290) - 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax