Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

BRUCE CORKER d/b/a RANCHO ALOHA;

        Plaintiffs,

    v.

COSTCO WHOLESALE CORPORATION, a
Washington corporation; et al.

        Defendants.

CIVIL ACTION NO. 2:19-cv-00290

PLAINTIFFS' MOTION FOR AN
ORDER HOLDING MULVADI IN
CONTEMPT AND FOR
SANCTIONS

Noting Date: August 21, 2020

       This motion comes after eighteen months of Mulvadi's calculated delay and abject refusal to participate in litigation. This case has been pending since February 2019. In that time, Defendant Mulvadi Corporation has produced only a single document containing nine pages of images and nothing else. Paine Decl., ¶ 2. Mulvadi has refused to produce sales records, documents reflecting the origins of its coffee, ESI, or anything else. *Id.* at ¶ 3. After months of Mulvadi's stonewalling, Plaintiffs moved to compel. The Court granted that motion. Rather than comply, Mulvadi moved for reconsideration. The Court denied that motion. Months later, Mulvadi has still yet to produce anything other than a few images of product labels. *Id.* at ¶ 5.

       Under 28 U.S.C. § 401(3), LCR 83.3(c)(2), and the Court's inherent authority, Plaintiffs request that the Court:

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1  (1) find Mulvadi in contempt of Court for its failure to comply with the Court's ESI Order,

2  Dkt. 152, and the Court's March 30, 2020 order compelling production, Dkt. 248;

3  (2) impose coercive sanctions on Mulvadi to compel compliance with the Court's Orders;

4  (3) impose discovery sanctions against Mulvadi for failure to comply with a discovery

5  order pursuant to Rule 37(b)(2)(A); and

6  (4) stay all case deadlines as they pertain to Mulvadi until Mulvadi has substantially

7  complied with the Court's Orders compelling discovery and paid the accrued sanctions, including

8  Plaintiffs' attorney fees and costs incurred due to Mulvadi's failure to comply with its discovery

9  obligations.

10  ## I.    SUMMARY OF THE CASE

11  Plaintiffs are Kona coffee farmers who have been harmed by Mulvadi's deceptive labeling

12  and advertising practices. *See* Dkt. 271. Mulvadi produces and sells coffee labeled as originating

13  from Kona, Hawaii. Plaintiffs allege Mulvadi's affirmative misrepresentations as to the origin of

14  its coffee, and the Court held that the "allegations adequately inform each defendant separately of

15  the allegations surrounding its alleged participation in the fraud." Dkt. 154 at 11 (internal

16  quotations and citations omitted). Mulvadi's false labeling, as alleged, violates the Lanham Act's

17  express prohibitions against "false designations of origin" and "false advertising." Plaintiffs seek

18  discovery from Mulvadi to establish their claims and prove damages.

19  ## II.    SUMMARY OF DISCOVERY DISPUTE WITH MULVADI

20  On June 13, 2019, Plaintiffs served ten requests for production and three interrogatories on

21  Mulvadi, all carefully tailored to seek information at the core of Plaintiffs' claims. Dkt. 188 at 3.

22  On September 25, 2019, Mulvadi served responses to the first sets of discovery requests. *Id*. For

23  Requests for Production Nos. 2 through 9, Mulvadi provided identical responses, which generally

24  bore no connection to any particular request. *Id*. On October 22, 2019, Plaintiffs sent a letter to

25  Mulvadi identifying various deficiencies with Mulvadi's discovery responses and asking to meet

26  and confer to resolve those issues. *Id*.

PLAINTIFFS' MOTION FOR AN ORDER
HOLDING MULVADI IN CONTEMPT - 2
CASE NO. 2:19-cv-00290
#1331955 v1 / 72448-001

On November 13, 2019, Mulvadi participated in a discovery conference. During this conference, the parties discussed Mulvadi's refusal to produce responsive documents. Mulvadi conceded that it would not stand on its responses and identified approximately 40 large boxes of hard copy documents relevant to the dispute. *Id.* at 4. Mulvadi conveyed that it would only make the 40 large boxes of responsive documents available for review at a location yet to be determined in Hawaii, *id.*, notwithstanding that the ESI Order, Dkt. 152, requires Mulvadi to produce those documents in electronic, text-searchable format. On November 15, 2019, Mulvadi sent an email reiterating it would continue to refuse to comply with the Court's ESI Order until and unless the Court orders its compliance. Dkt. 188 at 4-5.

On December 19, 2019, Plaintiffs filed a Motion to Compel Production against Mulvadi. *See* Dkt. 188. On March 30, 2020, the Court granted the motion, and required Mulvadi "within thirty-five days of this Order" to "scan and produce responsive documents as text searchable TIFF and PDF files." Dkt. 248 at 3. On April 10, 2020, Mulvadi filed a Motion for Reconsideration alleging it lacked the ability to produce discovery in light of the COVID-19 pandemic. Dkt. 252. The Court requested further briefing on the issues raised in Mulvadi's Motion for Reconsideration. Dkt. 255. On May 4, 2020, the Court issued an Order denying Mulvadi's Motion for Reconsideration. Dkt. 274. The Court held that while the parties "agreed to continue the production deadline and identified a vendor . . . Mulvadi continues in its refusal to incur any costs to comply with its discovery obligations." *Id.* at 2. The Court further held that "[i]n the absence of evidence regarding Mulvadi's finances, it has not established good cause for a protective order or the shifting of discovery costs to the requesting party." *Id.* at 3. The Court ordered that:

1) The deadline for Mulvadi's production is extended to June 18, 2020;

2) The parties shall meet and confer during the week of May 18, 2020, to discuss whether a further extension of the production deadline is appropriate given the COVID-19 situation in the State of Hawaii;

3) Mulvadi's motion for reconsideration is DENIED without prejudice to its ability to refile a properly-supported motion in advance of the June 18, 2020, production deadline.

PLAINTIFFS' MOTION FOR AN ORDER
HOLDING MULVADI IN CONTEMPT - 3
CASE NO. 2:19-cv-00290
#1331955 v1 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1    *Id.* On May 22, 2020, Plaintiffs met and conferred with Mulvadi in compliance with the Court's

2    order. During that meeting, Mulvadi reiterated its position that it is unwilling to incur any costs in

3    complying with its discovery obligation, contesting that the Court underestimated those costs. *See*

4    Paine Decl., Ex. A. Mulvadi offered no information as to whether COVID-19, in particular, affects

5    its ability to comply with its discovery obligations and the Court's Order. *Id.*

6    On June 17, 2020, Mulvadi filed a "Supplemental Declaration." Dkt. 248. Mulvadi did not

7    "re-file a properly-supported motion in advance of the June 18, 2020, production deadline" in

8    accordance with the Court's Order. The claims of poverty in the Supplemental Declaration were

9    as poorly-supported as those in the earlier declaration.

10   In the declaration, Mulvadi's president claimed that as of June 8, 2020, Mulvadi had

11   scanned one year's-worth of documents, and would be able to scan another year's-worth in one

12   month's time. *Id.* at 2. True or not, as of August 4, 2020—more than a year since Plaintiffs first

13   served discovery—with the exception of the aforementioned labels Mulvadi has yet to produce a

14   single scanned document. Paine Decl., ¶ 5.  Mulvadi has offered no explanation as to why it cannot

15   produce the scanned documents on a rolling basis, a common practice employed by all other parties

16   in this case. *Id.* at ¶ 6.

17   To date, Mulvadi has been served with 49 Requests for Production, but has produced

18   nothing more than a handful of labels. *Id.* at ¶ 4. Mulvadi has provided Plaintiffs with no indication

19   as to when it might start its production of 40 boxes of responsive documents. *Id.*

20   ### III.    LEGAL STANDARD

21   18 U.S.C. § 401(3) grants any court of the United States the "power to punish by fine or

22   imprisonment . . . disobedience or resistance to its lawful writ, process, order, rule, decree, or

23   command."  "Civil contempt . . . consists of a party's disobedience to a specific and definite court

24   order by failure to take all reasonable steps within the party's power to comply." *Baden Sports,*

25   *Inc. v. Molten*, No. C06-210MJP, 2008 U.S. Dist. LEXIS 119688, at *5 (W.D. Wash. Jan. 29,

26   2008). "The moving party must show by clear and convincing evidence that the contemnors

PLAINTIFFS' MOTION FOR AN ORDER
HOLDING MULVADI IN CONTEMPT - 4
CASE NO. 2:19-cv-00290
#1331955 v1 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1    violated a specific and definite order of the court. The burden then shifts to the contemnors to

2    demonstrate why they were unable to comply." *FTC v. Affordable Media, LLC*, 179 F.3d 1228,

3    1239 (9th Cir. 1999) (citation omitted). Willfulness is not a requirement for a finding of civil

4    contempt. *Cf. id.*

5          Rule 37(b)(2)(vii) permits a court to "treat as contempt of court the failure to obey any

6    [discovery] order." Further, "[a] court may employ civil contempt sanctions to coerce compliance

7    with a court order." *N. Seattle Health Ctr. Corp. v. Allstate Fire & Cas. Ins. Co.*, No. C14-

8    1680JLR, 2017 U.S. Dist. LEXIS 55447, at *9 (W.D. Wash. Apr. 11, 2017). "[P]enalties designed

9    to compel future compliance with a court order, are considered to be coercive and avoidable

10   through obedience . . . [and] may be imposed in an ordinary civil proceeding upon notice and

11   opportunity to be heard." *Int'l Union v. Bagwell*, 512 U.S. 821, 827 (1994). The imposition of

12   sanctions is a separate and independent inquiry from the finding of contempt. *Puget Soundkeeper*

13   *Alliance v. Rainier Petroleum Corp.*, No. C14-0829JLR, 2017 U.S. Dist. LEXIS 208663, at *31

14   (W.D. Wash. Dec. 19, 2017).

15                              **IV.    ARGUMENT**

16

17        **A.    Mulvadi Violated And Continues To Violate Clear And Definite Court
           Orders.**

18         Mulvadi was specifically commanded to comply with the Court's order compelling

19   production by June 18, 2020. Dkt. 274 at 3. Mulvadi has willfully defied the Court's orders—both

20   the motion to compel order and the underlying ESI Order—in failing to comply. The Court's order

21   Denying Mulvadi's Motion for Reconsideration was without prejudice and permitted Mulvadi to

22   file "a properly-supported motion" explaining why it should be excused from its discovery

23   obligations prior to the June 18 deadline. *Id.* Mulvadi failed to file any such motion. The Court's

24   orders were clear and definite, and Mulvadi's failure to comply is without excuse. Over a month

25   has passed since the court-imposed deadline of June 18. The Court should therefore find Mulvadi

26   in contempt of Court for its demonstrated failure to comply with the Court's orders and impose

PLAINTIFFS' MOTION FOR AN ORDER
HOLDING MULVADI IN CONTEMPT - 5
CASE NO. 2:19-cv-00290
#1331955 v1 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

coercive sanctions in addition to the discovery sanctions required under Rule 37.

### B.      Coercive Sanctions Are Warranted.

Mulvadi's defiance of the Court's Orders are part of a pattern of behavior stonewalling Plaintiffs' efforts to obtain any meaningful discovery from Mulvadi. Coercive sanctions in this case are justified to ensure compliance. Plaintiffs request that Mulvadi be fined at the rate of $500 per day until it complies with the Court's orders. In light of the Court's determination that the costs of scanning and bates stamping Mulvadi's discovery would likely be no less than $7,000 overall, a $500 daily sanction should quickly spur Mulvadi's prompt compliance. As illustrated by Mulvadi's discovery intransigence to date, absent a coercive remedy, Mulvadi is likely to continue to prevent Plaintiffs from obtaining any meaningful discovery.

### C.      The Court Should Sanction Mulvadi For Its Discovery Misconduct.

Mulvadi's failure to comply with the Court's order compelling production is not only contumacious but is also a straightforward violation of Rule 37(b). "Rule 37(b) . . . applies to . . . defendants' productions after the Court had ordered disclosure." *McDonald v. Onewest Bank*, 929 F. Supp. 2d 1079, 1092, (W.D. Wash. 2013). Further, "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." *Id.* (*citing Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980) (internal quotation marks omitted).

Rule 37(b) permits the Court to impose sanctions serving "multiple purposes . . . ranging from coercion and compensation to deterrence and punishment. *Id.* (citation omitted). Rule 37 provides for compensation to Plaintiffs as a sanction for disobedience of a discovery order. In the absence of substantial justification, "[i]nstead of or in addition to the order above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." Rule 37(2)(C). In addition to holding Mulvadi in contempt, Plaintiffs seek a sanction of $100 per day beginning from the date of non-compliance, June 19, 2020, as well as their reasonable fees and costs resulting from Mulvadi's disobedience

PLAINTIFFS' MOTION FOR AN ORDER
HOLDING MULVADI IN CONTEMPT - 6
CASE NO. 2:19-cv-00290
#1331955 v1 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1    with the Court's Order. Plaintiffs stand ready to submit a petition for fees and costs upon the

2    Court's entry of an order determining sanctions are warranted.

3        **D.      The Court Should Stay All Case Deadlines Pertaining to Mulvadi.**

4            Mulvadi's non-compliance with this Court's orders has left the case against it at square

5    one. As a result, it is impossible for the parties to meet the current case schedule. Plaintiffs

6    therefore request that the Court stay all case deadlines until such time as Mulvadi substantially

7    complies with the Court's orders compelling production of documents in accordance with the ESI

8    Order.

9                        **V.      CONCLUSION**

10           Plaintiffs request that this Court:

11           (1) find Mulvadi in contempt of Court for its failure to comply with the Court's ESI Order,

12   Dkt. 152, and the Court's March 30, 2020 order compelling production, Dkt. 248;

13           (2) impose coercive sanctions of $500 per day on Mulvadi to compel compliance with the

14   Court's orders;

15           (3) impose discovery sanctions against Mulvadi of $100 per day from June 19, 2020

16   through to entry of the Court's contempt order for Mulvadi's failure to comply with a discovery

17   order pursuant to Rule 37(b)(2)(A);

18           (4) award Plaintiffs their reasonable fees and costs incurred due to Mulvadi's failure to

19   comply with the Court's orders to be determined on subsequent petition submitted by Plaintiffs;

20           (5) stay all case deadlines as they pertain to Mulvadi until Mulvadi has substantially

21   complied with the Court's orders and paid in full all sanctions including Plaintiffs' reasonable fees

22   and costs awarded by the Court.

23   ///

24   ///

25   ///

26

PLAINTIFFS' MOTION FOR AN ORDER
HOLDING MULVADI IN CONTEMPT - 7
CASE NO. 2:19-cv-00290
#1331955 v1 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1    Respectfully submitted this 4th day of August 2020.

2

3    KARR TUTTLE CAMPBELL                    LIEFF CABRASER HEIMANN &
                                             BERNSTEIN, LLP

4    *s/ Nathan T. Paine*                    *s/ Jason Lichtman*
     Nathan T. Paine, WSBA #34487            Jason L. Lichtman (*pro hac vice*)
5    Paul Richard Brown, WSBA #19357         Daniel E. Seltz (*pro hac vice*)
     Daniel T. Hagen, WSBA #54015            250 Hudson Street, 8th Floor
6    701 Fifth Avenue, Suite 3300            New York, NY 10013-1413
     Seattle, WA 98104                       Phone: 212.355.9500
7    Phone: 206.223.1313                     Email: jlichtman@lchb.com
     Email: npaine@karrtuttle.com                   dseltz@lchb.com
8           pbrown@karrtuttle.com
            dhagen@karrtuttle.com            Andrew Kaufman (*pro hac vice*)
9                                            222 2nd Avenue South, Suite 1640
     Michael W. Sobol (*pro hac vice*)       Nashville, TN  37201
10   275 Battery Street                      Phone: 615.313.9000
     San Francisco, CA 94111                 Email: akaufman@lchb.com
11   Phone: 415.956.1000
     Email: msobol@lchb.com                  *Attorneys for the Plaintiffs*
12                                           *and the Proposed Class*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' MOTION FOR AN ORDER
HOLDING MULVADI IN CONTEMPT - 8
CASE NO. 2:19-cv-00290
#1331955 v1 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

CERTIFICATE OF SERVICE

I, Julie Nesbitt, affirm and state that I am employed by Karr Tuttle Campbell in King County, in the State of Washington. I am over the age of 18 and not a party to the within action. My business address is: 701 Fifth Avenue, Suite 3300, Seattle, Washington 98104. On this day, I caused to be filed with the Court a true and correct copy of the foregoing Plaintiffs' Motion for an Order Finding Mulvadi in Contempt and for Sanction, via the Court's electronic filing system, which caused service of the document to all parties registered to receive notifications through CM/ECF.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct, to the best of my knowledge.

Dated this 4th day of August 2020, at Seattle, Washington.

*s/ Julie Nesbitt*
Julie Nesbitt
Legal Assistant

PLAINTIFFS' MOTION FOR AN ORDER
HOLDING MULVADI IN CONTEMPT - 9
CASE NO. 2:19-cv-00290
#1331955 v1 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100