UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE CORKER, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>COSTCO WHOLESALE, *et al.*,<br><br>    Defendants. | NO. C19-0290RSL<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL |

This matter comes before the Court on a motion to compel discovery filed by defendants Cameron's Coffee and Distribution Company, Gold Coffee Roasters, Inc., and the Kroger Company. Dkt. # 257. The moving defendants seek to compel plaintiffs to produce information and documents regarding scientific testing plaintiffs performed before filing their complaint, the putative class members, and the period of time prior to 2015. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

**A. Testing and Analysis Performed in Anticipation of Litigation**

The named plaintiffs grow Kona coffee in the Kona District of the Big Island of Hawaii. In the various versions of their complaint, they allege that defendants are distributors,

---

[1] The motion can be decided on the papers submitted. Defendants' request for oral argument is DENIED.

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO COMPEL - 1

wholesalers, and retailers who sell ordinary commodity coffee as "Kona" coffee, to the detriment of those who grow actual Kona coffee. In support of their claims, plaintiffs allege that they performed "elemental testing" of various coffee products sold by defendants to determine whether they contained authentic Kona coffee: the Second Amended Complaint contains pages of graphs showing the ratios of elemental concentrations in the tested products. Dkt. # 271 at 22-62. Defendants seek the identity of each product tested by plaintiffs, information regarding the tester, all documents related to the testing (including the methodology used and the scientific studies and data reviewed), and all documents supporting plaintiffs' allegations that defendants' products do not contain a meaningful percentage of Kona coffee beans. Plaintiffs argue that the testing data is protected from disclosure under Fed. R. Civ. P. 26(b)(4)(D) or, in the alternative, that production should be limited to the data specifically referenced in the Second Amended Complaint.

     Although expert reports and other such documents prepared for or in anticipation of litigation are normally covered by the attorney-client and work product privileges, these protections can be waived if a party puts the privileged communication at issue by relying on it to support a claim or defense. *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 90-91 (S.D.N.Y. 2016) (concluding that use of an economic consultant's report in the amended complaint and on appeal waived the right to object to disclosure of the report's contents); *Walker v. County of Contra Costa*, 227 F.R.D. 529, 536 (N.D. Cal. 2005) (finding that the employer waived any protection that may have applied to an internal report regarding the challenged hiring process by asserting as an affirmative defense that it had taken reasonable and prompt corrective action). Plaintiffs have done so here by citing to and relying upon the scientific testing as the

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO COMPEL - 2

factual basis for the claims asserted in the Second Amended Complaint and to defeat defendants' motion to dismiss. Having elected to make an affirmative and public use of the elemental testing and the conclusions drawn therefrom, plaintiffs waived the privileges that would otherwise protect a consulting expert's work from disclosure. *See U.S. v. Nobles*, 422 U.S. 225, 239-40 (1975) ("Respondent, by electing to present the investigator as a witness, waived the privilege with respect to matters covered in his testimony."); *In re Grand Jury Proceedings*, 219 F.3d 175, 191 (2nd Cir. 2000) ("the Court in *Nobles* found it crucial that the [party] elected to make affirmative use of the report and then shield it from scrutiny").

In their opposition memorandum, plaintiffs attempt to recover the privilege over the testing data by stating that the information "is unlikely necessary to prove Plaintiffs' case at trial" and that "they do not anticipate the need to use the scientific testing identified in the Complaint at trial." Dkt. # 284 at 9 and 11. They cite an unreported case from the Eastern District of New York, *Dover v. British Airways, PLC (UK)*, 2014 WL 5090021, at *2 (E.D.N.Y. Oct. 9, 2014), in which the plaintiffs "disclaimed future reliance" on the analysis conducted by their consulting expert. The court held that, given the fact that the data would not be relied upon at summary judgment or trial, the opposing party was no "worse off" for not having the consulting expert's analysis. *Id.* The Court need not determine whether this analysis is sound because the situation here is materially different: plaintiffs have not disavowed the scientific testing at the heart of their Second Amended Complaint, and the testing remains "at issue." Defendants will not be required to defer discovery until plaintiffs make a final determination on their trial strategy.

Having determined that there was a waiver, it is necessary to determine its scope. In their

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO COMPEL - 3

motion to compel, defendants seek a wide array of documents and information, including test results regarding products of non-parties and scientific studies not discussed in the Second Amended Complaint. These matters are extraneous to the disclosures made by plaintiffs, however, and, as discussed above, a party's pre-filing investigation is generally shielded from discovery in the absence of a waiver. As the Court held in *Murray v. S. Route Maritime, S.A.*, 2014 WL 1671581, at *3 (W.D. Wash. Apr. 28, 2014), "the non-testifying expert privilege protects from disclosure 'facts known or opinions held' by an expert:" the disclosure of an expert's report or analysis "waive[s] the privilege as to that document, [but] preserve[s] the confidentiality of the underlying examination records and any unreported facts or opinions held by the . . . experts." Where testing, analyses, and opinions were not used in a way that put defendants at an unfair disadvantage, there is no waiver and supplementation will not be compelled. Defendants must prepare their own case and will have ample opportunity to discover all underlying facts and hire their own expert witnesses to opine on their meaning: they may not, however, help themselves to the undisclosed expert analysis and opinions obtained by plaintiffs in anticipation of litigation. Fed. R. Civ. P. 26(b)(4)(D).

In the circumstances presented here, plaintiffs will be required to respond to discovery requests regarding the elemental testing upon which they affirmatively relied and publicly disclosed, but need not produce documents regarding products not at issue in the complaint or other types of testing, analysis, or scientific study they may have performed in anticipation of litigation.

**B. Putative Class Members**

Plaintiffs have alleged claims on behalf of a class and subclasses made up of "[all persons

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO COMPEL - 4

and entities who commercially farmed Kona coffee in the Kona District" during the time defendants sold coffee products with allegedly false designations of origin. Dkt. # 271 at 16. Defendants have propounded discovery seeking the identity of every putative class member of whom the named plaintiffs are aware, the amount of coffee each class member grows, all efforts to contact putative class members, and documents reflecting the marketing preferences of the class members. Defendants justify the requests by citing a number of cases which hold that pre-certification discovery regarding the class may be appropriate where the discovery is needed to evaluate numerosity, commonality, or other class certification issues. Dkt. # 257 at 14. Defendants do not, however, explain how the information they seek is relevant to any of the considerations set forth in Fed. R. Civ. P. 23.[2] Rather, defendants argue that "insight into the members of Plaintiffs' purported class" is critical to their substantive defenses because it will allow defendants to determine whether the original source of the coffee they distribute or sell was, in fact, a coffee grower in the Kona District. Dkt. # 257 at 15.

    The deadline for seeking class certification is January 28, 2021. Discovery at this stage of the proceeding should be focused on the appropriateness of representative litigation under Rule 23 and the facts giving rise to the claims and defenses of the named parties. Unless and until a class is certified and/or defendants show that discovery regarding (or from) the putative class members is relevant to the Rule 23 analysis, these requests are premature. Defendants will have an opportunity to conduct discovery following the certification determination.

---

[2] Defendants assert that the information they seek is important to defendants' ability to defend against class certification (Dkt. # 289 at 7), but make no effort to support the assertion.

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO COMPEL - 5

**C. Materials Generated Before 2015**

Defendants have asserted a laches defense and seek evidence that plaintiffs had knowledge of but unreasonably delayed bringing the claims asserted in this lawsuit. Plaintiffs do not contest the relevance of the material sought, but argue that they should not have to produce documents outside of the agreed-upon four-year period because defendants have refused to do so. Whether plaintiffs are entitled to discovery of materials generated before 2015 is not currently before the Court, and plaintiffs offer no authority for their position that they can refuse to produce discoverable materials as a sanction for defendants' perceived discovery violations. Plaintiffs are free to file their own motion to compel if they believe defendants are improperly withholding responsive documents: they may not, however, use their own responsive documents as leverage to obtain the desired production.

For all of the foregoing reasons, defendants' motion to compel (Dkt. # 257) is GRANTED in part. Plaintiffs shall, within thirty days of the date of this Order, supplement their production regarding the scientific testing they affirmatively and publicly disclosed and produce any documents generated prior to 2015 that may be relevant to defendants' laches defense.

Dated this 28th day of September, 2020.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO COMPEL - 6