1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE CORKER, d/b/a RANCHO
ALOHA, *et al.*,

Plaintiffs,

v.

COSTCO WHOLESALE CORPORATION,
*et al.*,

Defendants.

Cause No. C19-0290RSL

ORDER GRANTING IN PART THE
RETAILER DEFENDANTS'
MOTION FOR PROTECTIVE
ORDER (DKT. # 294)

This matter comes before the Court on the "Retailer Defendants' Motion for Protective

Order for Relief from Noticed 30(b)(6) Depositions." Dkt. # 294. The named plaintiffs grow

Kona coffee in the Kona District of the Big Island of Hawaii and allege that various distributors,

wholesalers, and retailers of coffee products sell ordinary commodity coffee labeled as "Kona"

coffee, to the detriment of those who grow actual Kona coffee. After reviewing defendants'

written discovery responses, plaintiffs issued deposition notices under Rule 30(b)(6). Defendants

The Kroger Co., Amazon.com, Inc., Walmart Inc., Albertsons Companies Inc., Safeway Inc.,

The TJZ Companies, Marshalls of MA, Inc., and Bed, Bath, & Beyond Inc., all of whom are

retailers, seek a protective order limiting the topics for which their witnesses must be prepared to

testify.

ORDER GRANTING IN PART THE RETAILER
DEFENDANTS' MOTION FOR PROTECTIVE
ORDER (DKT. # 294)  - 1

Rule 26 of the Federal Rules of Civil Procedure governs the permissible scope of discovery in federal civil litigation. Rule 26(b) sets forth the threshold requirement that information sought to be discovered must appear "relevant to any party's claim or defense and proportional to the needs of the case . . . ." In determining proportionality, courts consider factors such as "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Even if a discovery request seeks relevant and proportional information, discovery may nevertheless be prohibited under Rule 26(c) upon a showing of "annoyance, embarrassment, oppression, or undue burden or expense" in connection with a particular request. The Court is authorized to "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain matters...." Fed. R. Civ. P. 26(c)(1)(D). To establish good cause for a protective order under Rule 26(c), the movant must show "'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rinehart*, 467 U.S. 20, 36 (1984).

**A. Overbreadth Objections**

The moving defendants object to all of the proposed deposition topics to the extent they do not contain a temporal limitation and seek information regarding products manufactured and distributed by entities who are not defendants in this case. The parties previously agreed - and

ORDER GRANTING IN PART THE RETAILER
DEFENDANTS' MOTION FOR PROTECTIVE
ORDER (DKT. # 294) - 2

plaintiffs again confirm - that discovery is limited to the period after February 27, 2015, and to products produced by defendants. Defendants may limit their witness preparation accordingly.

Defendants argue that deposition topics 1-3 are not specific enough to inform their efforts to prepare a witness because they contain examples of the type of information sought and are therefore not definitive in scope. The three topics at issue request testimony regarding:

> 1. [Defendant's] supply chain for coffee that it markets, sells, or distributes with a Kona Label. For example, this includes the volumes of coffee that [defendant] purchases each month, the cost of such coffee, the country and region from which [defendant] purchased such coffee, the Identity of the persons or entities from whom coffee is purchased, and the percentage of coffee from any particular country and region that is used in coffee marketed, sold, or distributed with a Kona Label.

> 2. [Defendant's] sale and distribution of coffee with a Kona Label. For example, this includes processes employed for sales and distribution, the volumes of coffee, the volumes of coffee with a Kona Label that [defendant] sells or distributes each month, the revenue that [defendant] makes from such sales and distribution, the profit that [defendant] makes from such sales and distribution, the Identity of the persons or entities to whom coffee is sold, and the percentage of coffee originating in any particular country and region in coffee that is sold or distributed with a Kona Label.

> 3. [Defendant's] advertising and marketing of coffee with a Kona Label. For example, this includes [defendant's] expenditures on advertising and marketing, the content of such advertising and marketing, the geographic locations in which [defendant's] advertising and marketing uses the word "Kona," the marketing and advertising channels in which [defendant] used the word "Kona."

Dkt. # 295 at 184-85. The use of non-exclusive indicators such as "for example" or "includes" does not adequately inform defendants regarding the topics for which their witnesses need to be prepared: defendants are left to guess what other information plaintiffs' counsel might inquire about under the general topics of supply, sale/distribution, and advertising/marketing. Questioning as to topics 1-3 will be limited to the examples provided.

ORDER GRANTING IN PART THE RETAILER
DEFENDANTS' MOTION FOR PROTECTIVE
ORDER (DKT. # 294)  - 3

Defendants also object to having to prepare their 30(b)(6) witnesses to testify regarding their respective responses to plaintiff's interrogatories and requests for production (topic 5) on the ground that the request seeks "testimony about the dozens of discovery responses each Retailer has provided." Dkt. # 309 at 3. It is a regular and common practice to follow up on written discovery responses at deposition. Defendants do not argue that the information is irrelevant or disproportional to the needs of the case. Nor do they make an effort to show that the number of written discovery requests makes any attempt to prepare a witness unduly burdensome, oppressive, or expensive. A general objection to having to discuss discovery responses at a deposition does not satisfy Rule 26(c). This objection is overruled.

**B. Work Product Doctrine**

Deposition topic 5 seeks testimony regarding defendants' "responses to Plaintiff's Interrogatories and Requests for Production." Dkt. # 295 at 185. Defendants fear that plaintiffs will use this topic to delve into areas protected by the work product doctrine. Defendants' responses to written discovery have already been produced, however, and there is no reason to believe that a discussion regarding the documents and answers would delve into privileged or protected matters. If a specific question seeks privileged information, defendants can object on the record and instruct the witness not to answer. *Naini v. King Cty. Pub. Hosp. Dist. No. 2*, 2019 WL 6877927, at *4 (W.D. Wash. Dec. 17, 2019) ("Accordingly, the Court need not strike the entire question as violative of the attorney-client privilege. Independent objections can be made on this basis at the deposition.") (internal quotation marks and citation omitted). This objection is overruled.

ORDER GRANTING IN PART THE RETAILER
DEFENDANTS' MOTION FOR PROTECTIVE
ORDER (DKT. # 294) - 4

## C. Less Burdensome Source

Defendants argue that the information sought in topics 1, 2, and 4 could be obtained with less burden and expense from the supplier defendants. A number of the items listed in topics 1, 2, and 4 are primarily, if not solely, within the retailer defendants' possession, such as the revenue and profits generated from their sale of Kona products and the processes they use to ensure that products they sell with the Kona label are what they say they are. To the extent that both the supplier and retailer defendants have the requested information - such as how much Kona coffee a particular supplier sold to a particular retailer - the moving defendants have not articulated any reason to suspect that producing the information would be burdensome or that it would be more convenient or less expensive to obtain the information from the supplier defendants. Finally, defendants vaguely suggest that they do not have some of the requested information: if that is the case, the 30(b)(6) witness can make that assertion on the record. This objection is overruled.

## D. Relevance Objection

Defendants object to topics 6 and 7 on the ground that the information sought is not relevant. Topic 6 seeks each defendant's "document retention policies and efforts to preserve, search for, and produce documents requested in discovery in this litigation." Defendants argue that responsive information is irrelevant absent some indication that their production has been insufficient or deficient in some way. Plaintiffs contend, however, that the paucity of records produced in this case justifies further investigation. Plaintiffs provided a chart, which defendants do not contest, showing that Albertsons and Safeway have each produced a single document in

ORDER GRANTING IN PART THE RETAILER
DEFENDANTS' MOTION FOR PROTECTIVE
ORDER (DKT. # 294)  - 5

response to all of plaintiffs' discovery requests, that Amazon.com has produced 28 documents, and that Bed Bath & Beyond, The Kroger Co., Marshalls of MA, and The TJX Companies have each produced fewer than 310 documents. Plaintiffs, on the other hand, have produced over 7,000 documents. Dkt. # 298 at 12; Dkt. # 299 at 21-24. Given the type of information sought in this litigation (including purchase, sale, revenue, and profit information associated with various products and product lines), plaintiffs could reasonably have expected that there would be more records produced in response to its discovery requests. Following up on a disappointing production with questions regarding how documents are kept and produced is appropriate. This objection is largely overruled. The one exception is that Walmart, which has produced almost 5,000 documents, will not be required to prepare a witness to testify regarding topic 6.

Topic No. 7 seeks from two retailer defendants, Amazon and Bed, Bath, & Beyond, the "fraud detection policies and procedures which it uses to prevent the selling of counterfeit products through" their stores. Dkt. # 295 at 192 and 197. Amazon and Bed, Bath, & Beyond argue that their anti-counterfeiting policies and procedures are aimed at preventing "the sale of products falsely using another's trademark" and, because plaintiffs do not claim "Kona" as their mark, the policies are irrelevant to this case. Dkt. # 294 at 10. Plaintiffs allege that the supplier defendants have flooded the market with counterfeit "Kona" products, however, trading on a label that connotes distinctive characteristics drawn from a distinctive geographic region to sell ordinary commodity coffee. *See* Dkt. # 81 at 5. In short, plaintiffs allege that the retailer defendants are selling products which are not what they say they are. To the extent the retailers have policies and procedures designed to catch such counterfeits and prevent their sale in their

ORDER GRANTING IN PART THE RETAILER
DEFENDANTS' MOTION FOR PROTECTIVE
ORDER (DKT. # 294)  - 6

stores, the materials are relevant. If Amazon and Bed, Bath, & Beyond have no such policies or

procedures, their designee may say so on the record.

**E. Duplicative Requests**

Defendants argue that they should not have to prepare a witness to testify regarding topics

that were already covered in written discovery, specifically objecting to topics 1, 2, 3, 4, 8, and

9. Defendants do not argue that the information is irrelevant or not proportional to the needs of

the case. Nor do they suggest that their written productions covered complex or highly technical

data which a corporate representative could not reasonably be expected to master in preparation

for a deposition. *See Darbee Vision v. C&A Marketing*, 2019 WL 290267, at *7 (C.D. Cal. Jan.

28, 2019) (written discovery is the "preferred device" for "complex and highly technical"

topics). Rather, the objection is based on the fact that defendants have produced or promised to

produce responses to written discovery regarding the same topics about which plaintiffs now

seek corporate testimony.

The objection is overruled. Investigating a topic by requesting the production of relevant

documents or posing a series of written questions does not make follow-up questioning at a Rule

30(b)(6) deposition unreasonably cumulative. Plaintiffs are entitled to know the position of each

retailer defendant on the subjects at issue in this litigation, and a Rule 30(b)(6) deposition is the

mechanism through which binding corporate statements are recorded. In addition, there is a

difference between reviewing corporate documents and/or carefully crafted interrogatory

responses and asking a corporate representative to explain the documents and answers at

deposition. *Naini*, 2019 WL 6877927, at *3. A party does not waive the opportunity to depose a

ORDER GRANTING IN PART THE RETAILER
DEFENDANTS' MOTION FOR PROTECTIVE
ORDER (DKT. # 294)  - 7

corporate representative simply by serving preparatory written discovery on the party.

For all of the foregoing reasons, the retailer defendants' motion for protective order from the noticed Rule 30(b)(6) depositions (Dkt. # 294) is GRANTED in part.

- Discovery in this case is limited to the period after February 27, 2015, and to products produced by defendants named in this litigation: the Rule 30(b)(6) deponents may limit their preparations accordingly.

- Defendants shall prepare their witnesses to address the topics specifically identified in topics 1-3, without having to guess what else might be of interest to plaintiffs' counsel under the general headings of supply, sales/distribution, and advertising/marketing.

- Defendant Walmart need not prepare its witness to respond to topic 6.

In all other respects, the motion for a protective order is denied.

Dated this 23rd day of November, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART THE RETAILER
DEFENDANTS' MOTION FOR PROTECTIVE
ORDER (DKT. # 294)  - 8