UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE CORKER, d/b/a RANCHO ALOHA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COSTCO WHOLESALE CORPORATION, *et al.*, <br><br> Defendants. | Cause No. C19-0290RSL <br><br> ORDER GRANTING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER (DKT. # 300) |

This matter comes before the Court on "Cameron's Coffee and Distribution Co., Gold Coffee Roasters, Inc., and Costa Rican Gold Coffee Co., Inc.'s Motion for Protective Order for Relief from Noticed 30(b)(6) Depositions." Dkt. # 300. The named plaintiffs grow Kona coffee in the Kona District of the Big Island of Hawaii and allege that various distributors, wholesalers, and retailers of coffee products sell ordinary commodity coffee labeled as "Kona" coffee, to the detriment of those who grow actual Kona coffee. After reviewing defendants' written discovery responses, plaintiffs issued deposition notices under Rule 30(b)(6). Defendants Cameron's Coffee and Distribution Co., Gold Coffee Roasters, Inc., and Costa Rican Gold Coffee Co., Inc., all of whom are suppliers, seek a protective order limiting the topics for which their witnesses must be prepared to testify.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PROTECTIVE ORDER (DKT. # 300) - 1

Rule 26 of the Federal Rules of Civil Procedure governs the permissible scope of discovery in federal civil litigation. Rule 26(b) sets forth the threshold requirement that information sought to be discovered must appear "relevant to any party's claim or defense and proportional to the needs of the case . . . ." In determining proportionality, courts consider factors such as "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Even if a discovery request seeks relevant and proportional information, discovery may nevertheless be prohibited under Rule 26(c) upon a showing of "annoyance, embarrassment, oppression, or undue burden or expense" in connection with a particular request. The Court is authorized to "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain matters...." Fed. R. Civ. P. 26(c)(1)(D). To establish good cause for a protective order under Rule 26(c), the movant must show "'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

**A. Overbreadth Objections**

The moving defendants object to all of the proposed deposition topics to the extent they do not contain a temporal limitation and seek information regarding non-Kona coffee products. The parties previously agreed - and plaintiffs again confirm - that discovery is limited to the

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PROTECTIVE ORDER (DKT. # 300) - 2

period after February 27, 2015, and to Kona coffee products. Defendants may limit their witness preparation accordingly.

Defendants object to having to prepare their 30(b)(6) witnesses to testify regarding their respective responses to plaintiff's interrogatories and requests for production (topic 6) on the ground that the request seeks testimony regarding "hundreds of discovery responses." Dkt. # 300 at 9-10.[1] Plaintiffs contend, however, that the moving defendants' responses have been sparse: Cameron's has produced no electronically-stored information and Gold Coffee Roasters and Costa Rican Gold claim that they kept no records until this lawsuit was filed. It is a regular and common practice to follow up on written discovery responses at deposition. Defendants do not argue that the information is irrelevant or disproportional to the needs of the case. Nor do they make an effort to show that it will be unduly burdensome, oppressive, or expensive to prepare the witness to discuss the responses at issue. This objection is overruled.

Finally, defendants argue that the first three or four deposition topics (depending on the deponent) are not specific enough to inform their efforts to prepare a witness because they contain examples of the type of information sought and are therefore not definitive as to scope. In the deposition notice served on Gold Coffee Roaster, the four topics at issue request testimony regarding:

> 1. Gold Coffee's production of coffee that it markets, sells, or distributes with a Kona Label, whether on Kona Gold Coffee Plantation (the "Plantation") or elsewhere. For example, this includes the Identity of any roasters or other facilities used, the Plantation's size and acreage, number of coffee plants on the Plantation, pounds of cherry produced yearly on the Plantation, pounds of green coffee

---

[1] Plaintiffs served 24 interrogatories and 46 requests for production on defendant Cameron's and 28 interrogatories and 117 requests for production on defendants Gold Coffee Roasters and Costa Rican Gold.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PROTECTIVE ORDER (DKT. # 300) - 3

produced yearly on the Plantation, pounds of roasted coffee produced yearly on the Plantation, the Identity of personnel working at the Plantation.

2. Gold Coffee's entire supply chain for coffee that it markets, sells, or distributes with a Kona Label. For example, this includes the number of pounds of coffee that Gold Coffee purchases each month, the cost of such coffee, the country and region from which Gold Coffee purchased such coffee, the Identify of the persons or entities from whom coffee is purchased, and the percentage of coffee from any particular country and region that is used in coffee marketed, sold, or distributed with a Kona Lab

3. Gold Coffee's sale and distribution of coffee with a Kona Label. For example, this includes the number of pounds with a Kona Label that Gold Coffee sells or distributes each month, the revenue that Gold Coffee makes from such sales and distribution, the profit that Gold Coffee makes from such sales and distribution, the Identify of the persons or entities to whom coffee is sold, and the percentage of coffee origina coffee that is sold or distributed with a Kona Label.

4. Gold Coffee's advertising and marketing of coffee with a Kona Label. For example, this includes Gold Coffee's expenditures on advertising and marketing, the content of such advertising and marketing, the geographic locations in which Gold Coffee advertising and marketing uses the word "Kona," the marketing and advertising channels in which Gold Coffee used the word "Kona," Gold Coffee's decision to use advertising and marketing, and Gold Coffee's package design for its coffee with a Kona Label.

Dkt. # 301 at 97-98. The use of non-exclusive indicators such as "for example" or "includes" in these inquiries does not adequately inform defendants regarding the topics for which the witness needs to be prepared: defendants are left to guess what other information plaintiffs' counsel might inquire about under the general topics of supply, sale/distribution, and advertising/marketing. Questioning as to topics 1-4 will be limited to the examples provided.

**B. Work Product Doctrine**

Deposition topic 6 seeks testimony regarding defendants' "responses to Plaintiff's Interrogatories and Requests for Production." Dkt. # 301 at 98. Defendants fear that plaintiffs will use this topic to delve into areas protected by the work product doctrine. Defendants' responses to written discovery have already been produced, however, and there is no reason to

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PROTECTIVE ORDER (DKT. # 300)  - 4

believe that a discussion regarding these responses would delve into privileged or protected matters. If a specific question seeks privileged information, defendants can object on the record and instruct the witness not to answer. *Naini v. King Cty. Pub. Hosp. Dist. No. 2*, 2019 WL 6877927, at *4 (W.D. Wash. Dec. 17, 2019) ("Accordingly, the Court need not strike the entire question as violative of the attorney-client privilege. Independent objections can be made on this basis at the deposition.") (internal quotation marks and citation omitted). This objection is overruled.

**C. Relevance Objection**

      Cameron's objects to topic 7, which seeks testimony regarding "document retention policies and efforts to preserve, search for, and produce documents requested in discovery in this litigation," on the grounds that the information sought is not relevant. Cameron's argues that responsive information has no bearing on the litigation absent some indication that its production has been insufficient or deficient in some way. Given that there is no issue regarding the sufficiency of Cameron's production, it is unclear how discovery regarding document retention policies and search/production efforts is relevant to any claim, defense, or dispute at issue in this litigation. Plaintiff asserts only that the information requested is not, in and of itself, privileged, but Cameron's objection is based on relevance, not privilege. Cameron's will not be required to prepare a witness to testify regarding topic 7.

      Costa Rican Gold and Gold Coffee Roasters object to topic 1 insofar as it seeks information about Kona Gold Coffee Plantation, a separate legal entity that has not been named as a defendant in this lawsuit. Defendants' Rule 30(b)(6) designee, John Parry, also manages

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PROTECTIVE ORDER (DKT. # 300) - 5

Kona Gold Coffee Plantation and is therefore likely to have information about its operations. Defendants argue, however, that the information is irrelevant "because the plantation is not a party and [p]laintiffs do not have claims against it." Dkt. # 300 at 11. Evidence held by third parties is often relevant to a claim or defense: the discovery rules clearly contemplate accessing that information. In contrast to defendants' bald and unsupported argument that information held by a non-defendant is not relevant, plaintiffs contend that Kona Gold Coffee Plantation is part of an integrated coffee-producing family of companies that includes defendants Costa Rican Gold and Gold Coffee Roasters, that the vertically-integrated companies market coffee products with tag lines such as "Direct From Our Fields," "Parry Estate Kona Coffee Plantation," "From my plantation to your cup!," and "Farmer|Roaster|Owner," and that all three companies have used the tradename "Gold Coffee Company." Dkt. # 314 at ¶ 7. Given that the source of defendants' coffee is the primary issue in this litigation, it seems likely that information regarding Kona Gold Coffee Plantation's production is relevant to plaintiffs' claims. This objection is overruled.

Defendants also object on relevance grounds to two deposition topics seeking their "processes for knowing and tracking the contents of coffee produced and sold with a Kona Label, including its food safety plan, recall plan, supply chain program, inventory cycle, EIN designations, and SKU data" and their "practices and procedures for compliance with the Food Safety Modernization Act" ("FSMA"). *See, e.g.*, Dkt. # 301 at 98-99. Defendants describe both inquiries as seeking "information regarding their compliance with FSMA" (Dkt. # 300 at 11), but the first more broadly seeks information regarding defendants' processes for knowing and tracking the contents of their coffee products. This information is clearly relevant to plaintiffs'

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PROTECTIVE ORDER (DKT. # 300) - 6

claim that defendants are falsely labeling commodity coffee as Kona coffee. If a defendant does not have a food safety plan, recall plan, supply chain program, SKU numbers, *etc*., or if those items do not help defendants know or track the contents of their coffee products, the corporate representative can simply state that the corporation has no responsive information. If, however, defendants do have plans, processes, inventory records, product numbers, *etc.* that help it keep track of the contents of the products sold, they shall prepare their witnesses to testify about those materials. Plaintiffs have not, however, explained why defendants' practices and procedures for ensuring its compliance with FSMA (as opposed to the actual plans developed to track inputs and outputs as a means of enhancing food safety) are relevant. Defendants therefore need not prepare their witnesses to testify regarding topic 12 as to Cameron's and topic 10 as to Gold Coffee Roasters and Costa Rican Gold.

**E. Duplicative Requests**

Cameron's argues that it should not have to prepare a witness to testify regarding topics that were already covered in written discovery, specifically objecting to topics 1, 2, 8, and 11. Cameron's does not argue that the information is irrelevant or not proportional to the needs of the case. Nor do they suggest that their written productions covered complex or highly technical data which a corporate representative could not reasonably be expected to master in preparation for a deposition. *See Darbee Vision v. C&A Marketing*, 2019 WL 290267, at *7 (C.D. Cal. Jan. 28, 2019) (written discovery is the "preferred device" for "complex and highly technical" topics). Rather, the objection is based on the fact that defendants have produced have promised

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PROTECTIVE ORDER (DKT. # 300) - 7

to produce written discovery in the form of spreadsheets regarding sales and associated costs[2] regarding the same topics about which plaintiffs now seek corporate testimony.

The objection is overruled. Investigating a topic by requesting the production of relevant documents or posing a series of written questions does not automatically make follow-up questioning at a Rule 30(b)(6) deposition unreasonably cumulative. Plaintiffs are entitled to know the position of each defendant on the subjects at issue in this litigation, and a Rule 30(b)(6) deposition is the mechanism through which binding corporate statements are recorded. While it would be improper to force the corporate representative to memorize a spreadsheet and require him or her to repeat at deposition the information that has already been produced, there is a material difference between reviewing corporate documents and/or carefully crafted interrogatory responses and having the opportunity to ask a corporate representative to explain the documents and answers at deposition. *Naini*, 2019 WL 6877927, at *3. A party does not waive the opportunity to depose a corporate representative on a given topic simply by serving preparatory written discovery on the party.

For all of the foregoing reasons, defendants' motion for protective order from the noticed Rule 30(b)(6) depositions (Dkt. # 300) is GRANTED in part.

- Discovery in this case is limited to the period after February 27, 2015, and to products

---

[2] In a footnote, Cameron's objects to a request for information regarding its profits, arguing that profits must be calculated by financial experts and are not a proper subject for inquiry under Rule 30(b)(6). To the extent Cameron's, the entity, knows, calculates, or tracks its profits in the course of its business, the information is discoverable.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PROTECTIVE ORDER (DKT. # 300) - 8

produced by defendants named in this litigation: the Rule 30(b)(6) deponents may limit their preparations accordingly.

- Defendants shall prepare their witnesses to address the topics specifically identified in topics 1-3 as to Cameron's and topics 1-4 as to Gold Coffee Roasters and Costa Rican Gold, without having to guess what else might be of interest to plaintiffs' counsel under the general headings of production, supply, sales/distribution, and advertising/marketing.
- Defendant Cameron's need not prepare its witness to respond to topic 7.
- Defendants need not prepare their witnesses to testify regarding topic 12 as to Cameron's and topic 10 as to Gold Coffee Roasters and Costa Rican Gold.

In all other respects, the motion for a protective order is denied.

Dated this 23rd day of November, 2020.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PROTECTIVE ORDER (DKT. # 300) - 9