UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE CORKER, d/b/a RANCHO ALOHA, *et al.*,

  Plaintiffs,

  v.

COSTCO WHOLESALE CORPORATION, *et al.*,

  Defendants.

Cause No. C19-0290RSL

ORDER GRANTING IN PART SPROUTS FARMERS MARKET, INC.'S MOTION FOR PROTECTIVE ORDER (DKT. # 306)

This matter comes before the Court on "Defendant Sprouts Farmers Market, Inc.'s Motion for Protective Order for Relief from Noticed 30(b)(6) Depositions." Dkt. # 306.[1] The named plaintiffs grow Kona coffee in the Kona District of the Big Island of Hawaii and allege that various distributors, wholesalers, and retailers of coffee products sell ordinary commodity coffee labeled as "Kona" coffee, to the detriment of those who grow actual Kona coffee. After reviewing defendants' written discovery responses, plaintiffs issued deposition notices under Rule 30(b)(6). Defendant Sprouts Farmers Market, Inc., a retailers, seeks a protective order limiting the topics for which its witness must be prepared to testify.

---

[1] A redacted version of the motion is available for public viewing at Dkt. # 304.

ORDER GRANTING IN PART SPROUTS FARMERS
MARKET'S MOTION FOR PROTECTIVE
ORDER (DKT. # 306) - 1

Rule 26 of the Federal Rules of Civil Procedure governs the permissible scope of discovery in federal civil litigation. Rule 26(b) sets forth the threshold requirement that information sought to be discovered must appear "relevant to any party's claim or defense and proportional to the needs of the case . . . ." In determining proportionality, courts consider factors such as "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Even if a discovery request seeks relevant and proportional information, discovery may nevertheless be prohibited under Rule 26(c) upon a showing of "annoyance, embarrassment, oppression, or undue burden or expense" in connection with a particular request. The Court is authorized to "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain matters...." Fed. R. Civ. P. 26(c)(1)(D). To establish good cause for a protective order under Rule 26(c), the movant must show "'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

**A. Overbreadth Objections**

Sprouts objects to all of the proposed deposition topics to the extent they seek information regarding products manufactured and distributed by entities other than Cameron's. Plaintiffs have adequately alleged under Rule 9(b) only that Sprouts sells coffee products supplied by

ORDER GRANTING IN PART SPROUTS FARMERS
MARKET'S MOTION FOR PROTECTIVE
ORDER (DKT. # 306) - 2

defendant Cameron's and that those products falsely designate Kona as their place of origin. *See* Dkt. # 271 at ¶¶ 27 and 132. Plaintiffs may not use discovery to develop new claims or defenses that are not asserted in the pleadings. Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2000 amendment. This objection is sustained: Sprouts may limit its witness preparation to products supplied by Cameron's.

**B. Less Burdensome Source**

Defendants argue that the information sought in topics 4 and 8 could be obtained with less burden and expense from the supplier defendants. Some of the information sought in topics 4 and 8 is primarily, if not solely, within Sprouts' possession, such as its processes for knowing that the Kona-labeled coffee it sells contains coffee from the Kona district and its procedures for complying with the Food Safety Modernization Act ("FSMA"). Even if some of the requested information were in the possession of both the supplier and retailer defendants, Sprouts has not articulated any reason to suspect that producing the information would be burdensome or that it would be more convenient or less expensive to obtain the information from the supplier defendants. This objection is overruled.

**C. Relevance Objection**

Sprouts objects to topic 6, which seeks Sprouts' "document retention policies and efforts to preserve, search for, and produce documents requested in discovery in this litigation." Although the nature of the objection is not clearly stated, responsive information would be irrelevant to any issue in the case absent some indication that Sprouts' production has been insufficient or deficient in some way. Sprouts contends, and plaintiffs do not dispute, that it has produced over 6,500 documents during discovery. Plaintiffs offer no reason to suspect that the

ORDER GRANTING IN PART SPROUTS FARMERS
MARKET'S MOTION FOR PROTECTIVE
ORDER (DKT. # 306) - 3

production was deficient: Sprouts will not be required to prepare a witness to testify regarding topic 6.

Sprouts also objects on relevance grounds to two deposition topics seeking its "processes for knowing and tracking the contents of coffee sold with a Kona Label, including its food safety plan, recall plan, supply chain program, inventory cycle, EIN designations, and SKU data" and its "practices and procedures for compliance with the Food Safety Modernization Act." Dkt. # 307-1 at 13 and 19. Information regarding Sprouts' processes for knowing what is in the coffee products it sells, if any, is clearly relevant to plaintiffs' claim that Sprouts is selling products that are falsely labeled as Kona coffee. Topic 4 does not depend on the requirements of or Sprouts' compliance with FSMA: if Sprouts does not have a food safety plan, recall plan, supply chain program, SKU numbers, *etc*., or if those items do not help Sprouts know what is in its Kona coffee products, the corporate representative can simply state that the corporation has no responsive information. If, however, Sprouts does have plans, processes, inventory records, product numbers, *etc*. that help it keep track of the contents of the products it sells, it shall prepare its witness to testify about those materials. Plaintiffs have not, however, explained why Sprouts' practices and procedures for ensuring its compliance with FSMA (as opposed to the actual plans developed to track inputs and outputs as a means of enhancing food safety) are relevant. Sprouts therefore need not prepare its witness to testify regarding topic 8.

For all of the foregoing reasons, the retailer defendants' motion for protective order from the noticed Rule 30(b)(6) depositions (Dkt. # 306) is GRANTED in part.

● Sprouts has been accused of selling deceptive products produced or distributed by

ORDER GRANTING IN PART SPROUTS FARMERS
MARKET'S MOTION FOR PROTECTIVE
ORDER (DKT. # 306)  - 4

Cameron's: the Rule 30(b)(6) deponents may limit his or her preparations accordingly.

- Sprouts need not prepare its witness to respond to topics 6 or 8.

In all other respects, the motion for a protective order is denied.

Dated this 4th day of December, 2020.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART SPROUTS FARMERS
MARKET'S MOTION FOR PROTECTIVE
ORDER (DKT. # 306) - 5