UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE CORKER, d/b/a RANCHO ALOHA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, *et al.*,<br><br>Defendants. | Cause No. C19-0290RSL<br><br>ORDER GRANTING IN PART COSTCO'S MOTION FOR PROTECTIVE ORDER (DKT. # 317) |

This matter comes before the Court on "Costco Wholesale Corporation[']s] Motion for Protective Order for Relief from Noticed 30(b)(6) Depositions." Dkt. # 317. The named plaintiffs grow Kona coffee in the Kona District of the Big Island of Hawaii and allege that various distributors, wholesalers, and retailers of coffee products sell ordinary commodity coffee labeled as "Kona" coffee, to the detriment of those who grow actual Kona coffee. After reviewing defendants' written discovery responses, plaintiffs issued deposition notices under Rule 30(b)(6). Defendant Costco Wholesale Corporation, a retailer, seeks a protective order limiting the topics for which its witness must be prepared to testify.

Rule 26 of the Federal Rules of Civil Procedure governs the permissible scope of discovery in federal civil litigation. Rule 26(b) sets forth the threshold requirement that

ORDER GRANTING IN PART COSTCO'S
MOTION FOR PROTECTIVE ORDER (DKT. # 317)  - 1

information sought to be discovered must appear "relevant to any party's claim or defense and proportional to the needs of the case . . . ." In determining proportionality, courts consider factors such as "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Even if a discovery request seeks relevant and proportional information, discovery may nevertheless be prohibited under Rule 26(c) upon a showing of "annoyance, embarrassment, oppression, or undue burden or expense" in connection with a particular request. The Court is authorized to "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain matters...." Fed. R. Civ. P. 26(c)(1)(D). To establish good cause for a protective order under Rule 26(c), the movant must show "'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

**A. Overbreadth Objections**

Costco objects to all of the proposed deposition topics to the extent they do not contain a temporal limitation and seek information regarding all products manufactured and distributed by the supplier defendants (not just their Kona-labeled products). The parties previously agreed - and plaintiffs again confirm - that discovery is limited to the period after February 27, 2015, and to the Kona-labeled products produced by defendants. Costco may limit its witness preparation

ORDER GRANTING IN PART COSTCO'S
MOTION FOR PROTECTIVE ORDER (DKT. # 317) - 2

accordingly.

Costco argues that deposition topic 3 is not specific enough to inform its efforts to prepare a witness. Topic 3 seeks testimony regarding:

> Costco's advertising and marketing of coffee with a Kona Label. For example, this Topic includes Costco's expenditures on advertising and marketing, the content of such advertising and marketing, the geographic locations in which Costco's advertising and marketing uses the word "Kona," the marketing and advertising channels in which Costco's decision to use the word "Kona" in advertising and marketing.

Dkt. # 322-1 at 6. Plaintiffs need not, as Costco argues, identify a specific advertisement or marketing circular about which they intend to question the corporate representative: notice of the topics of interest is required, not notice of specific pieces of evidence. Nevertheless, a topic as broad as "advertising and marketing of coffee with a Kona label," without limitation or clarification, would leave Costco to guess what information plaintiffs seek and potentially result in a good faith, but misguided, effort to prepare the witness. If, however, the clarifying examples are read as limitations on the general topic, the overbreadth issues are resolved.[1] Questioning as to topic 3 will be limited to the examples provided.

**B. Relevance Objections**

Costco objects on relevance grounds to two deposition topics seeking its "processes for knowing and tracking the contents of coffee sold or distributed with a Kona Label, including its recall plan(s), supply chain program(s), inventory cycle(s), EIN designations, and SKU data" and its "fraud detection policies and procedures which it uses to prevent the selling of counterfeit products through Costco stores." Dkt. # 322-1 at 6. Information regarding Costco's processes for

---

[1] Costco argues that the specific testimony plaintiffs seek is too broad but offers no evidence regarding the number of advertisements or marketing materials at issue, the burden of obtaining the requested information, or the oppressiveness of having to testify thereto. Dkt. # 317 at 5; Dkt. # 324 at 4.

ORDER GRANTING IN PART COSTCO'S
MOTION FOR PROTECTIVE ORDER (DKT. # 317) - 3

knowing what is in the coffee products it sells and its efforts to detect manufacturer misinformation, if any, is clearly relevant to plaintiffs' claim that Costco is selling products that are falsely labeled as Kona coffee. Regardless of the requirements of the Food Safety Modernization Act, the supplier defendants' actions, or the specialized meaning of "counterfeit" in the retail world, if Costco does not have a food safety plan, recall plan, supply chain program, SKU numbers, *etc*., if those items do not help Costco know what is in its Kona coffee products, or if Costco has no policies designed to ensure that products it sells are what they say they are, the corporate representative can simply state that the corporation has no responsive information. If, however, Costco does have responsive plans, processes, inventory records, product numbers, *etc.*, it shall prepare its designee to testify about those materials.

For all of the foregoing reasons, the Costco's motion for protective order from the noticed Rule 30(b)(6) depositions (Dkt. # 317) is GRANTED in part.

- Discovery in this case is limited to the period after February 27, 2015, and to Kona-labeled products produced by defendants named in this litigation: the Rule 30(b)(6) deponent may limit his or her preparations accordingly.
- Costco shall prepare its witnesses to address the topics specifically identified in topic 3, without having to guess what else might be of interest to plaintiffs' counsel under the general heading of advertising and marketing.

ORDER GRANTING IN PART COSTCO'S
MOTION FOR PROTECTIVE ORDER (DKT. # 317) - 4

In all other respects, the motion for a protective order is denied.

Dated this 7th day of December, 2020.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART COSTCO'S
MOTION FOR PROTECTIVE ORDER (DKT. # 317) - 5