UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE CORKER, *et al.*,

    Plaintiffs,

v.

COSTCO WHOLESALE, *et al.*,

    Defendants.

NO. C19-0290RSL

ORDER GRANTING LEAVE TO AMEND AND DENYING THE RELATED MOTION TO SEAL

    This matter comes before the Court on plaintiff's motion to amend the case management schedule to allow the addition of Smithfarms LLC as a plaintiff and Kevin Kihnke as a defendant. Dkt. # 348. The Court finds good cause to extend the deadline for adding parties and GRANTS leave to amend the complaint on the condition that all discovery provided by Robert and Cecelia Smith shall be binding on Smithfarms LLC. Plaintiffs may, within fourteen days of the date of this Order, file a third amended complaint in essentially the form of Dkt. # 345-1.

    Plaintiffs filed the motion to amend under seal on the ground that L&K designated its Rule 30(b)(6) witness' testimony as "Attorney's Eyes Only" under the protective order entered in this case. Dkt. # 342. The motion to seal is DENIED. "There is a strong presumption of public access to the court's files," and L&K, as the party designating the information as confidential, has the burden of showing the legitimate private or public interests that warrant a seal and the

ORDER GRANTING LEAVE TO AMEND
AND DENYING MOTION TO SEAL - 1

injury that will result if the seal is not granted. LCR 5(g)(3). L&K relies almost exclusively[1] on the language of the protective order, however, asserting without evidence[2] that the redacted information is a "closely held trade secret[] and proprietary information" regarding product development and/or development processes and that its disclosure to competitors "would be highly prejudicial to [its] business[]." Dkt. # 360 at 6 and n.6. Essentially L&K is relying on the fact that it unilaterally designated the testimony as confidential under the protective order to justify the seal. Having reviewed the testimony at issue, it is far from clear that the testimony, while unfavorable in the context of this litigation, relates to product development or development processes or will put L&K at a competitive disadvantage if disclosed. The Clerk of Court is therefore directed to unseal Dkt. # 348.

DATED this 4th day of January, 2021.

Robert S. Lasnik
United States District Judge

---

[1] L&K also argues that the motion to seal was procedurally defective and that the information submitted was not relevant to the issues raised by plaintiffs' motion to amend the complaint. To the contrary, plaintiffs' motion comports with the procedures set forth in the protective order and LCR 5(g), and the information submitted was important to the Court's analysis regarding both diligence and futility in the context of the motion for leave to amend.

[2] L&K submitted a formulaic declaration of counsel purportedly "confirming" that the redacted information is confidential and that protection is necessary under the protective order. Dkt. # 361.

ORDER GRANTING LEAVE TO AMEND
AND DENYING MOTION TO SEAL - 2