UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE CORKER, d/b/a RANCHO ALOHA, *et al.*,

Plaintiffs,

v.

COSTCO WHOLESALE CORPORATION, *et al.*,

Defendants.

Cause No. C19-0290RSL

ORDER GRANTING IN PART MNS's MOTION FOR PROTECTIVE ORDER (DKT. # 330)

This matter comes before the Court on "Defendant MNS Ltd.'s Motion for Protective Order for Relief from Noticed 30(b)(6) Depositions." Dkt. # 330. The named plaintiffs grow Kona coffee in the Kona District of the Big Island of Hawaii and allege that various distributors, wholesalers, and retailers of coffee products sell ordinary commodity coffee labeled as "Kona" coffee, to the detriment of those who grow actual Kona coffee. After reviewing defendants' written discovery responses, plaintiffs issued deposition notices under Rule 30(b)(6). Defendant MNS, a retailer, seeks a protective order limiting the topics for which its witness must be prepared to testify and objects to the date on which the deposition was scheduled to occur.

Rule 26 of the Federal Rules of Civil Procedure governs the permissible scope of discovery in federal civil litigation. Rule 26(b) sets forth the threshold requirement that

information sought to be discovered must appear "relevant to any party's claim or defense and proportional to the needs of the case . . . ." In determining proportionality, courts consider factors such as "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Even if a discovery request seeks relevant and proportional information, discovery may nevertheless be prohibited under Rule 26(c) upon a showing of "annoyance, embarrassment, oppression, or undue burden or expense" in connection with a particular request. The Court is authorized to "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain matters...." Fed. R. Civ. P. 26(c)(1)(D). To establish good cause for a protective order under Rule 26(c), the movant must show "'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

**A. Overbreadth Objections**

MNS objects to all of the proposed deposition topics to the extent they do not contain a temporal limitation and seek information regarding all products manufactured and distributed by the supplier defendants (not just their Kona-labeled products). The parties previously agreed - and plaintiffs again confirm - that discovery is limited to a four year period and to the Kona-labeled products produced by defendants. MNS may limit its witness preparation accordingly.

MNS argues that deposition topics 1-3 are not specific enough to inform its efforts to prepare a witness because they contain "examples" of the subject matter at issue. Topic 3, for instance, seeks testimony regarding:

> MNS LTD's advertising and marketing of coffee with a Kona Label. For example, this includes MNS LTD's expenditures on advertising and marketing, the content of such advertising and marketing, the geographic locations in which MNS LTD['s] advertising and marketing uses the word "Kona," [and] the marketing and advertising channels in which MNS LTD used the word "Kona."

Dkt. # 331-1 at 6. The use of non-exclusive indicators such as "for example" or "includes" does not adequately inform MNS regarding the topics for which its witness needs to be prepared: MNS is left to guess what other information plaintiffs' counsel might inquire about under the general topics of supply, sale/distribution, and advertising/marketing. Questioning as to topics 1-3 will be limited to the examples provided.

MNS also objects to having to prepare its 30(b)(6) witness to testify regarding its responses to plaintiffs' interrogatories and requests for production (topic 5) on the ground that the request seeks testimony about the dozens of discovery responses MNS has provided. It is a regular and common practice to follow up on written discovery responses at deposition. MNS does not argue that the information is irrelevant or disproportional to the needs of the case. Nor does it make an effort to show that preparing to discuss responses to 11 interrogatories and 40 requests for production would be unduly burdensome, oppressive, or expensive. A general objection to having to discuss discovery responses at a deposition does not satisfy Rule 26(c). This objection is overruled.

**B. Work Product Doctrine**

Deposition topic 5 seeks testimony regarding "MNS LTD's responses to Plaintiff[s']

Interrogatories and Requests for Production." Dkt. # 331-1 at 6. MNS fears that plaintiffs will use this topic to delve into areas protected by the work product doctrine. MNS' responses to written discovery have already been produced, however, and there is no reason to believe that a discussion regarding the documents and answers would delve into privileged or protected matters. If a specific question seeks privileged information, MNS can object on the record and instruct the witness not to answer. *Naini v. King Cty. Pub. Hosp. Dist. No. 2*, 2019 WL 6877927, at *4 (W.D. Wash. Dec. 17, 2019) ("Accordingly, the Court need not strike the entire question as violative of the attorney-client privilege. Independent objections can be made on this basis at the deposition.") (internal quotation marks and citation omitted). This objection is overruled.

**C. Less Burdensome Source**

MNS argues that the information sought in topics 1, 2, and 4 could be obtained with less burden and expense from the supplier defendants. A number of the items listed in topics 1, 2, and 4 are primarily, if not solely, within the retailer defendants' possession, such as the revenue and profits generated from their sale of Kona products and the processes they use to ensure that products they sell with the Kona label are what they say they are. To the extent that both the supplier and retailer defendants have the requested information - such as how much Kona coffee a particular supplier sold to a particular retailer - MNS has not articulated any reason to suspect that producing the information would be burdensome or that it would be more convenient or less expensive to obtain the information from the supplier defendants. Finally, MNS vaguely suggest that they do not have some of the requested information: if that is the case, the 30(b)(6) witness can make that assertion on the record. This objection is overruled.

**D. Relevance Objections**

MNS objects on relevance grounds topic 6, which seeks information regarding "MNS LTD's document retention policies and efforts to preserve, search for, and produce documents requested in discovery in this litigation." Dkt. # 331-1 at 6. MNS argues that responsive information is irrelevant absent some indication that its production has been insufficient or deficient in some way. Plaintiffs contend, however, that the paucity of records produced in this case justifies further investigation. Plaintiffs provided evidence, which MNS does not contest, showing that MNS has produced three emails and 37 documents during discovery. Plaintiffs, on the other hand, have produced over 16,000 documents. Dkt. # 335 at ¶ 8. Given the type of information sought in this litigation (including purchase, sale, revenue, and profit information associated with various products and product lines), plaintiffs could reasonably have expected that there would be more records produced in response to its discovery requests. Following up on a disappointing production with questions regarding how documents are kept and produced is appropriate. This objection is overruled.

**E. Duplicative Requests**

MNS argues that it they should not have to prepare a witness to testify regarding topics that were already covered in written discovery, specifically objecting to topics 1, 2, 3, 4, 7, and 8. MNS does not argue that the information is irrelevant or not proportional to the needs of the case. Nor do they suggest that their written productions covered complex or highly technical data which a corporate representative could not reasonably be expected to master in preparation for a deposition. *See Darbee Vision v. C&A Marketing*, 2019 WL 290267, at *7 (C.D. Cal. Jan. 28,

2019) (written discovery is the "preferred device" for "complex and highly technical" topics). Rather, the objection is based on the fact that MNS has produced or promised to produce responses to written discovery regarding the same topics about which plaintiffs now seek corporate testimony.

The objection is overruled. Investigating a topic by requesting the production of relevant documents or posing a series of written questions does not make follow-up questioning at a Rule 30(b)(6) deposition unreasonably cumulative. Plaintiffs are entitled to know MNS' position on the subjects at issue in this litigation, and a Rule 30(b)(6) deposition is the mechanism through which binding corporate statements are recorded. In addition, there is a difference between reviewing corporate documents and/or carefully crafted interrogatory responses and asking a corporate representative to explain the documents and answers at deposition. *Naini*, 2019 WL 6877927, at *3. A party does not waive the opportunity to depose a corporate representative simply by serving preparatory written discovery on the party.

For all of the foregoing reasons, the MNS' motion for protective order from the noticed Rule 30(b)(6) depositions (Dkt. # 330) is GRANTED in part.

- Discovery in this case is limited to the period after February 27, 2015, and to products produced by defendants named in this litigation: the Rule 30(b)(6) deponents may limit their preparations accordingly.
- Defendants shall prepare their witnesses to address the topics specifically identified in topics 1-3, without having to guess what else might be of interest to plaintiffs'

counsel under the general headings of supply, sales/distribution, and advertising/marketing.

In all other respects, the motion for a protective order is denied. The parties shall work together to schedule the Rule 30(b)(6) deposition as soon as practicable.

Dated this 11th day of January, 2021.

Robert S. Lasnik
United States District Judge