Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

BRUCE CORKER d/b/a RANCHO ALOHA; COLEHOUR BONDERA and MELANIE BONDERA, husband and wife d/b/a KANALANI OHANA FARM; ROBERT SMITH and CECELIA SMITH, husband and wife d/b/a SMITHFARMS; and SMITHFARMS, LLC, a Hawaii limited liability company; on behalf of themselves and others similarly situated,

    Plaintiffs,

    v.

COSTCO WHOLESALE CORPORATION, a Washington corporation; AMAZON.COM, INC., a Delaware corporation; HAWAIIAN ISLES KONA COFFEE, LTD., LLC, a Hawaiian limited liability company; COST PLUS/WORLD MARKET, a subsidiary of BED BATH & BEYOND, a New York corporation; BCC ASSETS, LLC d/b/a BOYER'S COFFEE COMPANY, INC., a Colorado corporation; L&K COFFEE CO. LLC, a Michigan limited liability company;  MULVADI CORPORATION, a Hawaii corporation; COPPER MOON COFFEE, LLC, an Indiana limited liability company; GOLD COFFEE ROASTERS, INC., a Delaware corporation; CAMERON'S COFFEE AND DISTRIBUTION COMPANY, a Minnesota corporation; PACIFIC COFFEE, INC., a Hawaii corporation; THE KROGER CO., an Ohio corporation; WALMART, INC., a Delaware corporation; BED BATH & BEYOND, INC., a New York corporation; ALBERTSONS COMPANIES INC., a Delaware Corporation; SAFEWAY, INC., a Delaware Corporation;  MNS LTD., a Hawaii Corporation; THE TJX COMPANIES d/b/a T.J. MAXX, a Delaware Corporation; MARSHALLS OF MA, INC. d/b/a MARSHALLS, a Massachusetts

Case No. 2:19-cv-00290-RSL

**PLAINTIFFS' OPPOSITION TO DEFENDANT L&K COFFEE CO., LLC'S MOTION FOR PROTECTIVE ORDER REGARDING THE NOTICE OF DEPOSITION TO NON-PARTY L&K'S OWNER/EMPLOYEE KEVIN KIHNKE**

Noted for Hearing: January 15, 2021

PLAINTIFFS' OPPOSITION TO L&K COFFEE'S
MOTION FOR PROTECTIVE ORDER
CASE NO. 2:19-cv-00290
#1362146 v4 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

| | |
|---|---|
| 1 | corporation; SPROUTS FARMERS MARKET, INC. a Delaware corporation; COSTA RICAN GOLD COFFEE CO., INC., a Florida corporation; KEVIN KIHNKE, an individual |
| 2 | |
| 3 | Defendants. |
| 4 | |
| 5 | |

PLAINTIFFS' OPPOSITION TO L&K COFFEE'S
MOTION FOR PROTECTIVE ORDER
CASE NO. 2:19-cv-00290
#1362146 v4 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................. 1
II. SUMMARY OF THE CASE ............................................................................................... 2
III. SUMMARY OF DISCOVERY DISPUTE ......................................................................... 2
IV. LEGAL STANDARD ......................................................................................................... 4
   A. Standard For Protective Orders. ................................................................................... 4
   B. Relationship Between Fact Witness Deposition And Rule 30(b)(6) Deposition. ........ 5
   C. Written Discovery Is Not Equivalent To Oral Deposition. .......................................... 5
V. ARGUMENT ....................................................................................................................... 5
   A. L&K Cites No Factual Or Legal Support For Requiring A Deposition By Written
      Questions. ...................................................................................................................... 5
      1. L&K Seeks A Deposition By Written Questions For Improper Purposes. .............. 5
      2. There Is An Obvious Need For Mr. Kihnke's Testimony. ...................................... 6
      3. L&K's Has Offered No Legitimate Explanation Why Mr. Kihnke's Condition
         Requires A Deposition By Written Questions. ....................................................... 6
   B. Mr. Kihnke's Status As A Defendant Is Irrelevant. ..................................................... 7
   C. L&K May Not Prevent Deposition On Relevant Deposition Topics. .......................... 7
   D. Plaintiffs Seek Discoverable Documents From Mr. Kihnke. ...................................... 8
VI. CONCLUSION ................................................................................................................... 9

PLAINTIFFS' OPPOSITION TO L&K COFFEE'S
MOTION FOR PROTECTIVE ORDER - i
CASE NO. 2:19-cv-00290
#1362146 v4 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

TABLE OF AUTHORITIES

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259 (N.D. Cal. 2012) ............................................ 7

*Corker v. Costco Wholesale Corp.*, 2020 U.S. Dist. LEXIS 228343 (W.D. Wash. Dec. 4, 2020) (Lasnik, J.) ............................................................................................................. 4

*Doe v. Trump*, 329 F.R.D. 262 (W.D. Wash. 2018) (Robert, J.) ................................................. 5, 7

*FDIC v. Arch Ins. Co.*, 2017 U.S. Dist. LEXIS 80749 (W.D. Wash. May 25, 2017) (Lasnik, J.) ................................................................................................................. 4

*Folwell v. Sanchez Hernandez*, 210 F.R.D. 169 (M.D.N.C. 2002) ............................................... 7

*Garcia v. Pueblo Country Club*, 299 F.3d 1233 (10th Cir. 2002) .................................................. 5

*Greenway v. Int'l Paper Co.*, 144 F.R.D. 322 (W.D. La. 1992) ...................................................... 5

*Hambleton Bros. Lumber Co. v. Balkin Enters.*, 397 F.3d 1217 (9th Cir. 2005) ....................... 5, 6

*Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226 (9th Cir. 1979) .............................................................. 7

*Lederman v. N.Y.C. Dep't of Parks & Rec.*, 731 F.3d 199 (2d Cir. 2013) .................................. 7, 8

*Nat'l Life Ins. Co. v. Hartford Accident & Indem. Co.*, 615 F.2d 595 (3d Cir. 1980) ................... 5

*Precision Replacement Parts Corp. v. Auto Glass Components, Inc.*, 2005 U.S. Dist. LEXIS 54592 (W.D. Wash. July 29, 2005) ................................................................. 4, 6, 8, 9

*Rivera v. NIBCO, Inc.*, 384 F.3d 822 (9th Cir. 2004) ..................................................................... 5

*Scott v. Chipotle Mexican Grill, Inc.*, 306 F.R.D. 120 (S.D.N.Y. 2015) ....................................... 7

*Serrano v. Cintas Corp.*, 699 F.3d 884 (6th Cir. 2012) ................................................................. 7

*Shoen v. Shoen*, 5 F.3d 1289 (9th Cir. 1993) ................................................................................. 5

*Stagman v. Ryan*, 176 F.3d 986 (7th Cir. 1999) ............................................................................ 7

*Sullivan v. Dollar Tree Stores, Inc.*, 2008 U.S. Dist. LEXIS 27458 (E.D. Wash. Mar. 14, 2008) ........................................................................................................................ 5

**Rules**

Fed. R. Civ. P. 26 ............................................................................................................................ 5

Fed. R. Civ. P. 26(b) ....................................................................................................................... 4

Fed. R. Civ. P. 26(b)(1) .................................................................................................................. 4

Fed. R. Civ. P. 26(b)(5)(A)(ii) ....................................................................................................... 9

Fed. R. Civ. P. 26(c) ...................................................................................................................... 4

Fed. R. Civ. P. 30(b)(6) ............................................................................................................. 1, 5

Fed. R. Civ. P. 30(d)(2) ................................................................................................................. 6

PLAINTIFFS' OPPOSITION TO L&K COFFEE'S
MOTION FOR PROTECTIVE ORDER - ii
CASE NO. 2:19-cv-00290
#1362146 v4 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Plaintiffs respectfully ask this Court to deny Defendant L&K Coffee Co., Ltd.'s ("L&K") Motion for Protective Order. The motion is without merit and unsupported by facts or legal authority.

## I. INTRODUCTION

In the latest round of Defendants' collective efforts to derail discovery in this matter, L&K moves for a protective order preventing Plaintiffs from taking the oral deposition of L&K president and owner Kevin Kihnke, delaying Mr. Kihnke's deposition, greatly narrowing the scope of the deposition, and excusing Mr. Kihnke from his obligation to respond to document requests.

First, L&K alleges that Mr. Kihnke has a medical condition that requires he be deposed by written questions instead of by oral deposition. Instead of explaining how an oral deposition is dangerous to Mr. Kihnke's health and why a deposition by written questions is not, L&K's counsel admits that a deposition by written questions will hinder Plaintiffs' examination of Mr. Kihnke, spare Mr. Kihnke "surprise," permit L&K's counsel to help Mr. Kihnke in responding, and permit L&K's counsel to consult L&K regarding Mr. Kihnke's responses.

Second, L&K asks the Court to delay Mr. Kihnke's deposition as he has recently been added to this matter as a defendant. L&K ignores the fact that Mr. Kihnke, as president and owner of L&K, presumably has been participating in this lawsuit for over a year and a half and his liability is directly tied to L&K's liability.

Third, L&K asks the Court to drastically limit the scope of Mr. Kihnke's deposition by reference to L&K's prior Rule 30(b)(6) deposition, spending much of its time discussing cases that govern 30(b)(6) depositions. Mr. Kihnke is being deposed as a fact witness; the entire discussion is irrelevant. L&K fails to specify the topics which it believes are included in this limited scope and seems unaware that its disclosures designate Mr. Kihnke as knowledgeable about the broad topic of "L&K products at issue in this case." Beyond conclusory statements, L&K cites no relevant legal basis or coherent factual basis for narrowing the scope of Mr. Kihnke's deposition.

Finally, L&K asks the Court to permit it to ignore the document request in Mr. Kihnke's deposition notice while at the same time admitting some documents should be produced. The

PLAINTIFFS' OPPOSITION TO L&K COFFEE'S
MOTION FOR PROTECTIVE ORDER - 1
CASE NO. 2:19-cv-00290
#1362146 v4 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1  documents L&K seeks to protect are not identified with any particularity and L&K offers little
2  justification for the Court to grant its request.

3  Every aspect of L&K's motion fails to meet its heavy burden of proof to show good cause;
4  the Court should deny L&K's Motion For Protective Order in its entirety.

**II. SUMMARY OF THE CASE**

Plaintiffs are Kona coffee farmers who have been harmed by Defendants' deceptive labeling and advertising practices. *See* Dkt. 381 at ¶ 2. Plaintiffs bring this action against coffee distributors, wholesalers, and retailers who for years have wrongfully profited from the goodwill and reputation associated with the geographic region of Kona by passing off ordinary commodity coffee as "Kona" coffee. *Id*. Defendant L&K is one such wholesaler, selling its "Kona" coffee under the brand "Magnum Exotics." *Id*. at ¶ 11. Mr. Kihnke is the president and owner of L&K and its primary decision-maker, listed in L&K's disclosures as one of two people that can testify on behalf of L&K regarding the issues in this matter. Brown Decl., Ex. A at 2. The Court recently permitted Plaintiffs to add Mr. Kihnke as a defendant in his individual capacity based on his active participation in the manufacturing and marketing of L&K's "Kona" coffees. Dkt. 379 at 1; Dkt. 381 at 5.[1] In response to Plaintiffs efforts to depose Mr. Kihnke, L&K has filed a motion that seeks to radically limit the scope of and conditions under which Mr. Kihnke can be deposed and provides little to no justification for the Court to do so.

**III. SUMMARY OF DISCOVERY DISPUTE**

On June 19, 2019 L&K listed Mr. Kihnke in L&K's disclosures as one of two people with knowledge about "L&K products at issue in this case; the relevant coffee market". Brown Decl., Ex. A at 2. On August 7, 2020, Plaintiffs deposed L&K's corporate representative, Mark Stedman. Dkt. No. 373 at 12. L&K testified that Mr. Kihnke was the person who did L&K's cupping and coffee purchasing, selected the Kona coffee that L&K purchased, and determined the percentage of Kona coffee beans that would be included in L&K's "Kona" blends. *See* Dkt. 373 at 21.

---

[1] For clarity and consistency, Plaintiffs will cite to the page numbers added by the Court at the top of each filed document (as opposed to each document's internal page numbers).

PLAINTIFFS' OPPOSITION TO L&K COFFEE'S
MOTION FOR PROTECTIVE ORDER - 2
CASE NO. 2:19-cv-00290
#1362146 v4 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1    Plaintiffs first noted the deposition of Mr. Kihnke for September 17, 2020. Dkt. 373 at 16. In doing so, Plaintiffs asked Mr. Kihnke to produce any and all documents and records examined by Mr. Kihnke in preparation for his deposition or referenced to or relied upon in his deposition. *Id*.

On September 10, 2020, L&K served Plaintiffs with objections to the deposition notice. *Id.* at 31-34. L&K alleged that Mr. Kihnke suffered from "chronic, persistent complications of a serious disease" and had not been "cleared by his physician to appear for a deposition." *Id.* at 32. Additionally, L&K objected that Mr. Kihnke's deposition was cumulative of the testimony obtained in the 30(b)(6) deposition, that the notice's request for production of documents sought privileged and proprietary information and was so vague, broad, and unwieldy that the deponent "cannot be expected to comply[.]" *Id.* at 32-34.

On October 6, 2020, L&K sent documents to Plaintiffs' counsel purportedly demonstrating that Mr. Kihnke could not be a "reliable witness in litigation" and therefore could only be deposed by written questions. *Id*. at 27. The documentation L&K provided did not include any legitimate explanation as to why Mr. Kihnke's reliability would be improved by a deposition by written questions or why Mr. Kihnke's condition was impacted by an oral deposition by videoconference as compared to a deposition by written questions by videoconference. *Id.* Plaintiffs rescheduled Mr. Kihnke's deposition to November 24, 2020. *See id.* at 37. L&K again objected. *Id.* at 37-40.

Plaintiffs responded to L&K's objections, explained why the objections were without merit, and offered to accommodate Mr. Kihnke's condition by taking the deposition over several days if necessary. *See id.* at 20-22. Plaintiffs informed L&K that they would note Mr. Kihnke's deposition for December 14, 2020 unless L&K proposed an alternate date. *Id.* at 22. L&K did not. Brown Decl., ¶ 3. As such, Mr. Kihnke's deposition was rescheduled for December 14, 2020. Dkt. 372 at 43-45. L&K's counsel emailed Plaintiffs' counsel, objecting once again to Mr. Kihnke's deposition and stating L&K's intent to move for a protective order. *See id.* at 53-55. L&K's counsel informed Plaintiffs' counsel that Mr. Kihnke would not appear at his deposition on December 14, 2020. *Id.* at 51. L&K then filed this motion for a protective order. Dkt. No. 372.

PLAINTIFFS' OPPOSITION TO L&K COFFEE'S
MOTION FOR PROTECTIVE ORDER - 3
CASE NO. 2:19-cv-00290
#1362146 v4 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

On January 4, 2020, the Court granted Plaintiffs' motion to add Mr. Kihnke in his individual capacity as a Defendant on the basis that he was the sole decision-maker determining the percentage of Kona coffee included in the L&K "Kona" coffee products. *See* Dkt. 379 at 1, ll. 14–17; Dkt. 381 at 9, ll. 6-11. In light of this development and its impact on the arguments made by L&K in its motion, Plaintiffs asked L&K whether it would withdraw its motion. Brown Decl., Ex. B at 1. It refused. Brown Decl., ¶ 5.

### IV.  LEGAL STANDARD

**A.  Standard For Protective Orders.**

Parties have the right to discovery regarding any non-privileged matter that is relevant to their claims and proportional to the needs of the case. *FDIC v. Arch Ins. Co.*, 2017 U.S. Dist. LEXIS 80749, at *3 (W.D. Wash. May 25, 2017) (Lasnik, J.). This Court has set forth the legal standard it applies when a party seeks to limit this right:

> Rule 26(b) sets forth the threshold requirement that information sought to be discovered must appear "relevant to any party's claim or defense and proportional to the needs of the case . . . ." In determining proportionality, courts consider factors such as "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Even if a discovery request seeks relevant and proportional information, discovery may nevertheless be prohibited under Rule 26(c) upon a showing of "annoyance, embarrassment, oppression, or undue burden or expense" in connection with a particular request. … To establish good cause for a protective order under Rule 26(c), the movant must show "'that specific prejudice or harm will result' if the protective order is not granted."

*Corker v. Costco Wholesale Corp.*, 2020 U.S. Dist. LEXIS 228343, at *5-6 (W.D. Wash. Dec. 4, 2020) (Lasnik, J.) (internal citations omitted). The moving party must support its allegations of specific harm or prejudice with "specific demonstrations of fact supported by concrete examples instead of mere conclusory allegations of potential harm." *Precision Replacement Parts Corp. v. Auto Glass Components, Inc.*, 2005 U.S. Dist. LEXIS 54592, at *3 (W.D. Wash. July 29, 2005)

PLAINTIFFS' OPPOSITION TO L&K COFFEE'S
MOTION FOR PROTECTIVE ORDER - 4
CASE NO. 2:19-cv-00290
#1362146 v4 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

(internal quotes and citations omitted) (Lasnik, J.). Demonstrating good cause under Rule 26 is a heavy burden. *Rivera v. NIBCO, Inc.*, 384 F.3d 822, 827 (9th Cir. 2004).

### B. Relationship Between Fact Witness Deposition And Rule 30(b)(6) Deposition.

Rule 30(b)(6) expressly states that a 30(b)(6) deposition "does not preclude a deposition by any other procedure allowed by these rules." The Court has rejected "the notion that taking a Rule 30(b)(6) deposition is necessarily duplicative of a fact witness deposition even if the same person is being deposed in both instances." *Doe v. Trump*, 329 F.R.D. 262, 273 (W.D. Wash. 2018) (Robert, J.).

### C. Written Discovery Is Not Equivalent To Oral Deposition.

> Only by examining a witness live can a lawyer use the skills of his trade to plumb the depths of a witness' recollection, using to advantage not only what a witness may have admitted in answering interrogatories, but also any new tidbits that usually come out in the course of answering carefully framed and pin-pointed deposition questions.

*Shoen v. Shoen*, 5 F.3d 1289, 1297 (9th Cir. 1993). Written discovery deprives the deposing party of the "spontaneity of witness responses" and deposition should not be treated as a "take home examination." *See Sullivan v. Dollar Tree Stores, Inc.*, 2008 U.S. Dist. LEXIS 27458, at *4 (E.D. Wash. Mar. 14, 2008);[2] *Hambleton Bros. Lumber Co. v. Balkin Enters.*, 397 F.3d 1217, 1225 (9th Cir. 2005).[3]

## V. ARGUMENT

### A. L&K Cites No Factual Or Legal Support For Requiring A Deposition By Written Questions.

#### 1. L&K Seeks A Deposition By Written Questions For Improper Purposes.

L&K's motion presents the Court with ample reasons to deny its request that Mr. Kihnke's deposition take place by written questions. L&K admits it seeks to eliminate the "surprise" inherent in an oral deposition and deprive Plaintiffs of the ability to ask "instant follow-up questions." *Id*.

---

[2] *Citing Nat'l Life Ins. Co. v. Hartford Accident & Indem. Co.*, 615 F.2d 595, 600 (3d Cir. 1980).

[3] *Quoting Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002) (*quoting Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992).

PLAINTIFFS' OPPOSITION TO L&K COFFEE'S
MOTION FOR PROTECTIVE ORDER - 5
CASE NO. 2:19-cv-00290
#1362146 v4 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

at 11, ll. 9-10. L&K admits that a deposition by written questions will "necessarily" permit L&K's counsel to review the deposition questions and discuss them not only with Mr. Kihnke, but L&K. *See* Dkt. 372 at 11, ll. 7-10. L&K deems these acts "minor inconveniences" to the Plaintiffs, claims this is the only way to ensure Mr. Kihnke's testimony will be "complete and accurate", and even asserts that allowing this conduct is a matter of "fundamental fairness." *Id*. at 11, ll. 11, 19. Impeding or frustrating the fair examination of a deponent is not a minor inconvenience, it is sanctionable conduct. *See* Fed. R. Civ. P. 30(d)(2). L&K seeks to turn Mr. Kihnke's deposition into a "take home examination" and makes no effort to hide the fact. *See Hambleton Bros. Lumber Co.*, 397 F.3d at 1225.

## 2. There Is An Obvious Need For Mr. Kihnke's Testimony.

L&K seeks deposition on written questions in part because there is "low need" for and "low probative value" of Mr. Kihnke's testimony. *See* Dkt. 372 at 6, ll. 10-11. Even before Mr. Kihnke was added as a defendant in his individual capacity, the assertion is nonsense. Mr. Kihnke is L&K's owner and president. Dkt. 371 at 5, l. 3. He is listed in L&K's disclosures as one of two people with knowledge relevant to this matter. Brown Decl., Ex. A at 2.  Plaintiffs should not even have to explain the value of his deposition.

## 3. L&K's Has Offered No Legitimate Explanation Why Mr. Kihnke's Condition Requires A Deposition By Written Questions.

L&K has presented no evidence or "specific demonstrations of fact supported by concrete examples" to support its assertion that Mr. Kihnke's medical condition requires that he be deposed by written questions. *See Precision Replacement Parts Corp.*, 2005 U.S. Dist. LEXIS 54592, at *3. If Mr. Kihnke's medical condition prevents him from participating in an oral deposition by videoconference, it stands to reason that his condition would also preclude his ability to respond to written questions asked by a court reporter by videoconference. L&K not only fails to address this inconsistency in its motion, L&K fails to put forth evidence that *any* deposition will impact Mr. Kihnke's health. *See* Dkt. 372 at 10-11. L&K has also not explained why the accommodations offered Mr. Kihnke by the Plaintiffs are insufficient. *See e.g*. Dkt. 373 at 21.  Instead, L&K justifies

PLAINTIFFS' OPPOSITION TO L&K COFFEE'S
MOTION FOR PROTECTIVE ORDER - 6
CASE NO. 2:19-cv-00290
#1362146 v4 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

its demand for a deposition by written questions by stating that it will ensure Mr. Kihnke's testimony is "complete and accurate" and admitting it will allow L&K, Mr. Kihnke, and L&K's counsel to respond to the questions by committee. *See* Dkt. 372 at 11, ll. 7-9. This is not a basis to grant L&K relief.

**B.     Mr. Kihnke's Status As A Defendant Is Irrelevant.**

L&K asserts that because Mr. Kihnke has been added in his individual capacity as a defendant, his deposition should be delayed so that he can challenge the allegations and choose counsel. *See* Dkt. 372 at 6, ll. 21-22. There is no legal support for this request, and L&K ignores the fact that Mr. Kihnke's liability hinges on L&K's liability. Dkt. 381 at ¶ 12. Presumably as owner and president of L&K Mr. Kihnke has been involved in the matter since L&K appeared in this suit a year and a half ago. The fact he is now a named defendant does not entitle him to delay the proceedings more than he already has. *See* Dkt. 372 at 5, ll. 6-7; at 8, ll. 13. The justifications that L&K provide for delaying Mr. Kihnke's deposition are unconvincing.

**C.     L&K May Not Prevent Deposition On Relevant Deposition Topics.**

L&K tries to convince this Court that information obtained in L&K's 30(b)(6) deposition justifies drastically limiting the scope of Mr. Kihnke's deposition as a fact witness. *See* Dkt. 372 at 7, ll. 4-6. L&K falls short of making a convincing argument, relying entirely on law that applies to 30(b)(6) depositions and law which, beyond being from outside the Ninth Circuit, is inapplicable to its argument.[4] Dkt. 372 at 12-13. L&K ignores legal authority from this Court rejecting the proposition that Rule 30(b)(6) testimony renders fact witness testimony duplicative. *See Doe*, 329 F.R.D. at 273. Even the Second Circuit case L&K quotes as support undermines its argument: that

---

[4] Some of L&K's cases addressed the depositions of high-ranking government officials and so are inapplicable. *Lederman v. N.Y.C. Dep't of Parks & Rec.*, 731 F.3d 199, 203 (2d Cir. 2013); *Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979); *Stagman v. Ryan*, 176 F.3d 986, 994 (7th Cir. 1999). The remainder of the cases involved courts *allowing* depositions of high-ranking corporate officers. *Serrano v. Cintas Corp.*, 699 F.3d 884, 900 (6th Cir. 2012) (CEO); *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 267 (N.D. Cal. 2012) (Executive Vice President); *Scott v. Chipotle Mexican Grill, Inc.*, 306 F.R.D. 120, 123–24 (S.D.N.Y. 2015) (CEO); *Folwell v. Sanchez Hernandez*, 210 F.R.D. 169, 175 (M.D.N.C. 2002) (President and CEO).

PLAINTIFFS' OPPOSITION TO L&K COFFEE'S
MOTION FOR PROTECTIVE ORDER - 7
CASE NO. 2:19-cv-00290
#1362146 v4 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1  court explicitly says that "unique first-hand knowledge related to the litigated claims" is cause to
2  permit a fact witness deposition.[5] Dkt. 372 at 13, ll. 14-18.

3        L&K misleadingly claims that Plaintiffs identified "very limited areas of deposition
4  testimony" for which they desire Mr. Kihnke's testimony. *See* Dkt. No. 372 at 13, ll. 4-7. This is
5  not accurate; Plaintiffs merely gave L&K examples of topics on which Mr. Kihnke had personal
6  knowledge, and thus relevant testimony. *See* Dkt. No. 373 at 21. Plaintiffs never indicated that
7  they intended to limit their deposition questioning to these topics. *See id.*

8        Finally, in trying to convince the Court to limit the topics upon which Mr. Kihnke can be
9  deposed, L&K states its request only applies to two scenarios: (1) if the Court allows Mr. Kihnke's
10 deposition before it rules on whether to add Mr. Kihnke as a defendant or (2) if the Court denies
11 the motion to add Mr. Kihnke. *See* Dkt. 372 at 7, ll. 1-3. Because the Court granted Plaintiffs leave
12 to add Mr. Kihnke as a defendant, it follows that L&K is not pursuing this relief. This request can
13 be denied on that ground alone.

14       There is no legal authority nor factual support for L&K's request to limit the Plaintiffs'
15 ability to depose Mr. Kihnke regarding relevant matters and L&K's request that the Court do so
16 should be denied.

17 **D.  Plaintiffs Seek Discoverable Documents From Mr. Kihnke.**

18       L&K concedes that Plaintiffs may ask Mr. Kihnke to produce documents upon which he
19 relied before his deposition. Dkt. No. 372 at 15, ll. 22-23. However, L&K claims in conclusory
20 fashion that the request for documents "referenced to and/or relied upon" in deposition is vague,
21 ambiguous, and overbroad. The support for the claim is that L&K has "no idea" what documents
22 may be referenced in deposition. *See* Dkt. 372 at 15, ll. 12-16. As with all its requests, L&K fails
23 to offer the Court "specific demonstrations of fact supported by concrete examples instead of mere
24 conclusory allegations of potential harm." *See Precision Replacement Parts Corp.*, 2005 U.S. Dist.
25 LEXIS 54592, at *3. Plaintiffs' request for documents is quite straightforward; if Mr. Kihnke is

---

[5] *Quoting Lederman v. N.Y.C. Dep't of Parks & Rec.*, 731 F.3d 199, 203 (2d Cir. 2013).

PLAINTIFFS' OPPOSITION TO L&K COFFEE'S
MOTION FOR PROTECTIVE ORDER - 8
CASE NO. 2:19-cv-00290
#1362146 v4 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

going to reference or rely on a document, he should produce it. And even if the Court were convinced by this argument, L&K makes no attempt to tailor its request for relief; L&K asks that Mr. Kihnke to produce no documents at all. *See* Dkt. 372-1 at 2.

L&K also opposes the document request to the extent it seeks documents protected by "attorney work-product, attorney-client privilege, and proprietary concerns." *Id.* at 16, ll. 17-19. L&K does not explain its "proprietary concerns" or why such documents should be withheld. L&K does not describe the nature of the documents to which it refers in a manner that enables the Plaintiffs to assess the claim as required by Fed. R. Civ. P. 26(b)(5)(A)(ii). In fact, L&K does not attempt to describe the nature of any documents. *See* Dkt. 372 at 15-16. Yet again L&K fails to present "specific demonstrations of fact supported by concrete examples," providing only "mere conclusory allegations of potential harm." *See Precision Replacement Parts Corp.*, 2005 U.S. Dist. LEXIS 54592, at *3. The Court should deny L&K's request and order Mr. Kihnke to produce the requested documents.

## VI. CONCLUSION

As Plaintiffs have demonstrated, L&K's motion consists of conclusory statements, inapplicable legal authority, and admissions that it seeks the Court's protection for an improper purpose. L&K falls far short of meeting the heavy burden of demonstrating good cause for a protective order. The Court should not permit Mr. Kihnke to further delay and frustrate Plaintiffs' discovery efforts; the Court should deny L&K's Motion For Protective Order.

Dated this 11th day of January, 2021.

KARR TUTTLE CAMPBELL, P.S.

*/s/ Peter V. Montine*
Nathan T. Paine, WSBA #34487
Paul Richard Brown, WSBA #19357
Daniel T. Hagen, WSBA #54015
Andrew W. Durland, WSBA #49747
Joshua M. Howard, WSBA #52189
Peter V. Montine, WSBA #49815
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Telephone: (206) 223-1313
Email: pbrown@karrtuttle.com

PLAINTIFFS' OPPOSITION TO L&K COFFEE'S
MOTION FOR PROTECTIVE ORDER - 9
CASE NO. 2:19-cv-00290
#1362146 v4 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

npaine@karrtuttle.com
dhagen@karrtuttle.com
adurland@karrrtuttle.com
jhoward@karrtuttle.com
pmontine@karrtuttle.com

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

Jason L. Lichtman (*pro hac vice*)
Daniel E. Seltz (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone: (212) 355-9500
Email: jlichtman@lchb.com
dseltz@lchb.com

Andrew Kaufman (*pro hac vice*)
222 Second Avenue South, Suite 1640
Nashville, TN  37201
Telephone: (615) 313-9000
Email: akaufman@lchb.com

Michael W. Sobol (*pro hac vice*)
275 Battery Street
San Francisco, CA 94111
Telephone: (415) 956-1000
Email: msobol@lchb.com

*Attorneys for the Plaintiffs and the Proposed Class*

PLAINTIFFS' OPPOSITION TO L&K COFFEE'S
MOTION FOR PROTECTIVE ORDER - 10
CASE NO. 2:19-cv-00290
#1362146 v4 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

## **CERTIFICATE OF SERVICE**

I, Kay M. Sagawinia, certify that on January 11, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

*/s/ Kay M. Sagawinia*
Kay M. Sagawinia
Legal Assistant

PLAINTIFFS' OPPOSITION TO L&K COFFEE'S MOTION FOR PROTECTIVE ORDER - 11
CASE NO. 2:19-cv-00290
#1362146 v4 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100