1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE CORKER d/b/a RANCHO ALOHA;
COLEHOUR BONDERA and MELANIE
BONDERA, husband and wife d/b/a
KANALANI OHANA FARM; and ROBERT
SMITH and CECELIA SMITH, husband and
wife d/b/a SMITHFARMS, on behalf of
themselves and others similarly situated,

Plaintiff,

v.

COSTCO WHOLESALE CORPORATION, a
Washington corporation; AMAZON.COM, INC., a
Delaware corporation; HAWAIIAN ISLES KONA
COFFEE, LTD., LLC, a Hawaiian limited liability
company; COST PLUS/WORLD MARKET, a
subsidiary of BED BATH & BEYOND, a New York
corporation; BCC ASSETS, LLC d/b/a BOYER'S
COFFEE COMPANY, INC., a Colorado
corporation; L&K COFFEE CO. LLC, a Michigan
limited liability company; MULVADI
CORPORATION, a Hawaii corporation; COPPER
MOON COFFEE, LLC, an Indiana limited liability
company; GOLD COFFEE ROASTERS, INC., a
Delaware corporation; CAMERON'S COFFEE
AND DISTRIBUTION COMPANY, a Minnesota
corporation; PACIFIC COFFEE, INC., a Hawaii
corporation; THE KROGER CO., an Ohio
corporation; WALMART INC., a Delaware
corporation; BED BATH & BEYOND INC., a New
York corporation; ALBERTSONS COMPANIES
INC., a Delaware Corporation; SAFEWAY INC., a
Delaware Corporation; MNS LTD., a Hawaii
Corporation; THE TJX COMPANIES d/b/a T.J.
MAXX, a Delaware Corporation; MARSHALLS OF
MA, INC. d/b/a MARSHALLS, a Massachusetts
corporation; SPROUTS FARMERS MARKET,
INC. a Delaware corporation;

Defendants.

CASE NO. 2:19-CV-00290-RSL

**MOTION FOR PRELIMINARY
APPROVAL OF FIVE CLASS
SETTLEMENTS AND
MEMORANDUM IN SUPPORT**

The Honorable Robert S. Lasnik

Noted for consideration: January 29,
2021

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2059779.5

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

# TABLE OF CONTENTS

**Page**

INTRODUCTION ......................................................................................................................1

BACKGROUND AND PROCEDURAL HISTORY ................................................................1

SUMMARY OF SETTLEMENT TERMS .............................................................................3

LEGAL STANDARD ..............................................................................................................4

ARGUMENT ...........................................................................................................................5

I.   The Court will be able to approve the settlements as fair, reasonable, and
     adequate. ...................................................................................................................5

     A.   Class Counsel and the Settlement Class Representatives Have Adequately
          Represented the Class. ...................................................................................5

     B.   The Settlements Are the Result of Arm's Length Negotiations. ...................6

     C.   The Relief for the Class is Substantial. ........................................................7

          1.   The settlement relief outweighs the costs, risks, and delay of trial
               and appeal. ...........................................................................................8

          2.   Settlement Class Members will obtain relief through a
               straightforward claims process. ...........................................................9

          3.   The terms of any proposed award of attorney's fees, including
               timing of payment, will be reasonable. ................................................9

     D.   The Proposal Treats Class Members Equitably Relative to Each Other. .............10

II.  The Court will be able to certify the Class for settlement purposes upon final
     approval. .................................................................................................................11

     A.   The Settlement Class Meets Rule 23(a)'s Requirements. ...........................11

     B.   The Settlement Class Meets Rule 23(b)(3)'s Requirements. ......................14

III. The proposed notice plan should be approved. .....................................................16

CONCLUSION ......................................................................................................................17

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2059779.5

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ali v. Menzies Aviation, Inc.*,
   No. 2:16-CV-00262RSL, 2016 WL 4611542 (W.D. Wash. Sept. 6, 2016).............................18

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) ...............................................................................................11, 12

*Amgen Inc. v. Conn. Ret. Plans and Tr. Funds*,
   568 U.S. 455 (2014) .........................................................................................................15

*Bennett v. SimplexGrinnell LP*,
   11-cv-01854, 2015 WL 12932332 (N.D. Cal. Sept. 3, 2015) ...................................10

*Carr v. United Health Care Serv., Inc.*,
   No.2:15-CV-1105, 2017 WL 11458425 (W.D. Wash. June 2, 2017).......................11

*David v. Bankers Life and Cas. Co.*,
   No. 14-CV-00766-RSL, 2019 WL 2339971 (W.D. Wash. June 3, 2019) ...............11

*Durant v. State Farm Mut. Auto. Ins. Co.*,
   No.2-15-01710-RAJ, 2019 WL 2422592 (W.D. Wash. June 10, 2019) ...................11

*Eisen v. Carlisle & Jacquelin*,
   417 U.S. 156 (1974) .........................................................................................................17

*Evon v. Law Offices of Sidney Mickell*,
   688 F.3d 1015 (9th Cir. 2012)........................................................................................14

*Farrell v. Bank k of Am. Corp.*,
   827 Fed. App'x 628 (9th Cir. 2020) ...............................................................................10

*Free Range Content, Inc. v. Google, LLC*,
   No. 14-CV-02329-BLF, 2019 WL 1299504 (N.D. Cal. Mar. 21, 2019) ...................7

*Hardie v. Countrywide*,
   2010 WL 3894377 (W.D. Wash. Sept. 30, 2010) ........................................................11

*Hefler v. Wells Fargo & Company*,
   No. 16-CV-05479-JST, 2018 WL 6619983 (N.D. Cal. Dec. 18, 2018)....................10

*In re Anthem, Inc. Data Breach Litig.*,
   327 F.R.D. 299 (N.D. Cal. 2018) .....................................................................................7

*In re Banc of California Sec. Litig.*,
   326 F.R.D. 640 (C.D. Cal. 2018) ...................................................................................12

*In re Chambers Dev. Sec. Litig.*,
   912 F. Supp. 822 (W.D. Pa. 1995) ...................................................................................9

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000)..............................................................................................7

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,
   No. 2672 CRB (JSC), 2016 WL 4010049 (N.D. Cal. July 26, 2016) ................11, 12

*In re Washington Public Power Supply Sys. Securs. Litig.*,
   720 F. Supp. 2d. 1379 (D. Ariz. 1989).............................................................................9

*Jama v. Golden Gate America, LLC*,
   No. 2:16-CV-00611-RSL, 2017 WL 7053650 (W.D. Wash. June 27, 2017) ..........12

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2059779.5                                          -i-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

## TABLE OF AUTHORITIES
### (continued)

Page(s)

*Just Film v. Buono*,
   847 F.3d 1108 (9th Cir. 2017) ............................................................................ 16

*Lane v. Facebook, Inc.*,
   696 F.3d 811 (9th Cir. 2012) ................................................................................ 8

*McCluskey v. Trustees of Red Dot Corp. Emp. Stock Ownership Plan and Trust*,
   268 F.R.D. 670 (W.D. Wash. 2010) .................................................................... 17

*Munday v. Navy Fed. Credit Union*,
   No. 15-1629, 2016 WL 7655807 (C.D. Cal. Sept. 15, 2016) ................................ 8

*O'Connor v. Uber Techs., Inc.*,
   No. 13-03826, 2019 WL 1437101 (N.D. Cal. Mar. 29, 2019) .............................. 5

*Parsons v. Ryan*,
   754 F.3d 657 (9th Cir. 2014) .............................................................................. 13

*Powers v. Eichen*,
   229 F.3d 1249 (9th Cir. 2000) ............................................................................ 10

*Sampson v. Knight Transportation, Inc.*,
   No. C17-0028-JCC, 2020 WL 3050217 (W.D. Wash. June 8, 2020) .................. 14

*Sandoval v. Tharaldson Emp. Mgmt., Inc.*,
   No. 08-482, 2010 WL 2486346 (C.D. Cal. June 15, 2010) ................................... 6

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) .............................................................................. 10

*Stockwell v. City & Cty. of San Francisco*,
   749 F.3d 1107 (9th Cir. 2014) ............................................................................ 12

*Thomas v. MagnaChip Semiconductor Corp.*,
   No. 14-CV-01160-JST, 2017 WL 4750628 (N.D. Cal. Oct. 20, 2017) ............... 10

*Torrisi v. Tucson Elec. Power Co.*,
   8 F.3d 1370 (9th Cir. 1993) .................................................................................. 9

*Trosper v. Styker Corp.*,
   13-CV-0607-LHK 2014 WL 4145448 (N.D. Cal. August 21, 2014) .................. 16

*Tyson Foods, Inc. v. Bouaphakeo*,
   136 S. Ct. 1036 (2016) ........................................................................................ 15

*Wilbur v. City of Mount Vernon*,
   298 F.R.D. 665 (W.D. Wash. 2012) .................................................................... 14

*Wolin v. Jaguar Land Rover N. Am., LLC*,
   617 F.3d 1168 (9th Cir. 2010) ............................................................................ 13

*Zamora Jordan v. Nationstar Mortg., LLC*,
   No. 2:14-CV-0175-TOR, 2019 WL 1966112 (E.D. Wash. May 2, 2019) ............ 5

**Statutes**

Lanham Act, 15 U.S.C. § 1125 ....................................................................... 1, 13

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2059779.5

-ii-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

**Rules**

Fed. R. Civ. P. 23(a) ..................................................................................................12

Fed. R. Civ. P. 23(a)(2) .............................................................................................12

Fed. R. Civ. P. 23(a)(3) .............................................................................................13

Fed. R. Civ. P. 23(a)(4) ........................................................................................14, 15

Fed. R. Civ. P. 23(b)(3)(D) .......................................................................................17

Fed. R. Civ. P. 23(c)(2)(B) ...............................................................................5, 17, 18

Fed. R. Civ. P. 23(e) ...........................................................................................passim

Fed. R. Civ. P. 23(e)(1) .......................................................................................5, 17

Fed. R. Civ. P. 23(e)(1)(B) .........................................................................................5

Fed. R. Civ. P. 23(e)(2) ...............................................................................................5

Fed. R. Civ. P. 23(e)(2)(A) .........................................................................................6

Fed. R. Civ. P. 23(e)(2)(B) .........................................................................................6

Fed. R. Civ. P. 23(e)(2)(C) ......................................................................................7, 8

Fed. R. Civ. P. 23(e)(2)(C)(ii) .....................................................................................9

Fed. R. Civ. P. 23(e)(2)(C)(iii) ..................................................................................10

Fed. R. Civ. P. 23(e)(2)(D) ........................................................................................11

Fed. R. Civ. P. 23(e)(3) .............................................................................................10

Fed. R. Civ. P. 23(e)(5) ...............................................................................................5

Fed. R. Civ. P. 23(h) .................................................................................................10

Fed. R. Civ. P. 30(b)(6) ...............................................................................................2

**Treatises**

2 McLaughlin on Class Actions,
§ 6:7 (8th ed. 2011) ...................................................................................................6

5 *Moore's Federal Practice—Civil*
§ 23.22 (2016) ...........................................................................................................12

William B. Rubenstein, et al., 4 Newberg on Class Actions (5th ed. 2012) ...................7

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2059779.5                                                      -iii-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

**INTRODUCTION**

Plaintiffs are pleased to move for preliminary approval of proposed class settlements with five defendants in this multi-defendant litigation: BCC Assets LLC d/b/a Boyer's Coffee ("BCC"), Cameron's Coffee and Distribution Company ("Cameron's"), Copper Moon Coffee, LLC ("Copper Moon"), Cost Plus Inc. ("Cost Plus"), and Pacific Coffee, Inc., d/b/a Maui Coffee Company ("MCC"), and an order directing notice of these proposed settlements ("Settlements") to the proposed settlement class members.  As set out below, Plaintiffs respectfully submit that the Court is likely to certify the proposed class for settlement purposes and approve these Settlements after notice and a final approval hearing.  The Settlements provide substantial, immediate, and needed monetary relief to class members, and include valuable injunctive relief preventing future economic harm by requiring content labeling changes for coffee products described as containing coffee from the Kona region.  Because these Settlements more than satisfy Rule 23(e)'s standard for preliminary approval, the Court may approve the issuance of notice to the class and set a schedule for final approval.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs are coffee farmers in the Kona region of Hawaii, and along with members of the proposed Settlement Class, grow the entire worldwide supply of Kona coffee.  Plaintiffs filed their initial complaint on February 27, 2019, alleging that Defendants, who are both suppliers and retailers of coffee, violated the Lanham Act, 15 U.S.C. § 1125, by misleadingly labeling and selling coffee not from the Kona region as "Kona" coffee.  The complaint included the results of an extraordinary pre-filing investigation that included scientific testing to confirm that the coffee marketed and sold by Defendants as "Kona" coffee in fact contained little or no such coffee.

A group of retailer defendants and a group of supplier defendants filed motions to dismiss; BCC filed a separate motion to dismiss.  *See* Dkt. Nos. 100, 106, & 107, respectively.  On November 12, 2019, the Court denied the suppliers' and BCC's motions in full, and denied the retailers' motion in part, dismissing only false advertising claims against the

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2059779.5                                                    -1-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

retailers.  *See* Dkt. Nos. 154-56.  Discovery then commenced, and continues at present.
Plaintiffs are due to file their class certification motion against non-settling defendants on March
29, 2021, and fact discovery will close on September 14, 2021.

As discovery began, Plaintiffs and Copper Moon began exploring potential resolution of
Plaintiffs' claims.  *See* Lichtman Decl. ¶ 5.  As part of that process, Copper Moon provided sales
data and other information to Plaintiffs' counsel.  *Id.*  Plaintiffs subsequently engaged in
discovery, including third-party discovery, that confirmed the accuracy of the information
provided by Copper Moon.  *Id.*  On January 30, 2020, the parties engaged in a full-day, in-person
negotiation with Hon. David A. Garcia (ret.), in San Francisco, and reached an agreement in
principle.  *Id.*  Over subsequent weeks, in numerous phone conferences and communications, the
parties reached the settlement described below in Section III.  *Id.*

While Plaintiffs negotiated with Copper Moon, the rest of the parties began to litigate this
case intensively.  The parties served dozens of document requests, interrogatories, and requests
for admission, and began producing tens of thousands of documents.  This Court has already
resolved several discovery disputes, including one involving BCC.  S*ee* Dkt. Nos. 144, 248, 255,
266, 274.  Defendants took the depositions of the five named plaintiffs during the week of
August 17, 2020.  Plaintiffs have taken two depositions and, with the recent resolution of
multiple motions concerning the scope of various Rule 30(b)(6) deposition notices, are planning
to begin Rule 30(b)(6) depositions of non-settling defendants.

In the spring of 2020, the parties agreed to a brief pause in most discovery activity to
engage in a near-global mediation.  *See* Declaration of Jason L. Lichtman ("Lichtman Decl.") ¶
6.  All parties, other than Copper Moon (which had already settled with Plaintiffs) and defendant
Mulvadi Corporation, participated in an all-day remote mediation with Hon. Edward Infante, on
June 2, 2020.  With Judge Infante's assistance, BCC and Plaintiffs reached an agreement in
principle at the end of that mediation, and negotiated over subsequent weeks, finalizing the
agreement on August 19, 2020.  *Id.*

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2059779.5

-2-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1    MCC and Cost Plus also participated in the mediation with Judge Infante, and while these

2    two defendants did not come to an agreement that day, the parties continued to negotiate after the

3    remote mediation, ultimately reaching agreements with each of these two defendants in the

4    months that followed that mediation. *Id.* ¶ 7.

5    Plaintiffs and Cameron's participated in a second mediation with Mark LeHocky, of

6    ADR Services, Inc. on November 17, 2020, and with the ongoing assistance of Mr. LeHocky,

7    were able to reach an agreement in principle on November 23, 2020. *Id.* ¶ 8.

8    ## SUMMARY OF SETTLEMENT TERMS

9    The result of months of hard-fought litigation and arms-length negotiation is a set of

10   Settlements that delivers substantial monetary relief to the Settlement Class and, importantly,

11   injunctive terms that will accomplish one of the primary objectives of this litigation: to bring

12   about changes in the labeling of coffee described as containing coffee from the Kona region, thus

13   preventing further economic harm to the growers of legitimate Kona coffee.  .

14   The five Settlements are structured similarly.  Each first provides for a substantial

15   monetary payment to the Class.  The injunctive provisions create specific labeling obligations on

16   the part of the settling defendants that will increase needed information to consumers and subject

17   the settling defendants to Hawaii's more stringent labeling laws on a nationwide basis.

18   The monetary payments from the Settlements total $7,005,750.  BCC will pay

19   $1,125,000; Cameron's will pay $4,900,000; Cost Plus will pay $200,000; Copper Moon will

20   pay $360,000; and MCC will pay $420,750.[1]

21   The Settlements' injunctive relief provisions achieve a key objective of this litigation: to

22   change the labeling practices for the subject products.  All of the settling defendants have agreed

23   "that any of its current or future products labeled as 'Kona' will accurately and unambiguously

24   state on the front label of the product the minimum percentage of authentic Kona coffee beans

25   contained in the product.  Only Kona coffee certified and graded by the Hawaii Department of

26   ---

[1] The relevant settlement agreements are attached as Exhibits 1-5 to the accompanying Lichtman Declaration.

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2059779.5                                          -3-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1   Agriculture as 100% Kona shall be considered authentic Kona coffee." Ex. 1 (Copper Moon

2   Agreement), at § 8(a); Exs. 2-4 (BCC, MCC, and Cost Plus Agreements), at § 12; Ex. 5

3   (Cameron's Agreement), at § 14(a). BCC, MCC, and Cost Plus agreed that for any current or

4   future Kona-labeled products, they will comply with the more stringent labeling standards

5   provided for under Hawaii law, even if that statute is modified, and whether or not the product is

6   sold in Hawaii. *See* Exs. 2-4, at § 12(b). Cameron's has agreed to use at least the percentage

7   required by Hawaii law, unless Hawaiian law provides for a percentage greater or equal to 51

8   percent, in which case Cameron's agrees to use at least 51 percent. Ex. 5, at § 14(b). The

9   Copper Moon agreement includes detailed labeling requirements that must be met to satisfy

10  Section 8(a)'s accuracy provision, *see* § 12, and provides that if at least three of certain of the

11  supplier defendants in this litigation are subsequently obligated to comply with alternative

12  labeling requirements, it will be similarly obligated. *Id.*

13       BCC represents it has ceased production of any product labeled as "Kona" that does not

14  contain coffee from the Kona region of Hawaii, Ex. 2, at § 12(c), and MCC represents that it has

15  suspended all of its Kona-labeled coffee. Ex. 3, at § 12(a).

16       Three of the proposed settlements contain representations from the defendants concerning

17  their financial condition that affect their ability to pay a judgment or a larger settlement. *See*

18  BCC, MCC, and Cost Plus Agreements (Exs. 2-4), at § 9.

19                              **<u>LEGAL STANDARD</u>**

20       Federal Rule of Civil Procedure 23(e) provides that class actions "may be settled … only

21  with the court's approval." Rule 23(e) governs a district court's analysis of the fairness of a

22  proposed class action settlement and creates a multistep process for approval. First, a court must

23  determine that it is likely to (i) approve the proposed settlement as fair, reasonable, and adequate,

24  after considering the factors outlined in Rule 23(e)(2), and (ii) certify the settlement class after

25  the final approval hearing. *See* Fed. R. Civ. P. 23(e)(1)(B). Second, a court must direct notice to

26  the proposed settlement class, describing the terms of the proposed settlement and the definition

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2059779.5                                      -4-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1    of the proposed class, to give them an opportunity to object to or to opt out of the proposed

2    settlement. *See* Fed. R. Civ. P. 23(c)(2)(B); Fed. R. Civ. P. 23(e)(1), (5). Third, after a hearing,

3    the court may grant final approval of the proposed settlement on a finding that the settlement is

4    fair, reasonable, and adequate, and certify the settlement class. Fed. R. Civ. P. 23(e)(2).

5         Through this motion, Plaintiffs respectfully request that the Court set in motion the first

6    two steps of this three-part process: provide preliminary approval of the Settlements, and

7    approve the issuance of notice to the class.

8    **ARGUMENT**

9    **I.**    <u>**The Court will be able to approve the settlements as fair, reasonable, and adequate.**</u>

10         Recent amendments to Rule 23, which took effect on December 1, 2018, "provide new

11    guidance on the 'fair, adequate, and reasonable' standard at the preliminary approval stage."

12    *O'Connor v. Uber Techs., Inc.*, No. 13-03826, 2019 WL 1437101, at *4 (N.D. Cal. Mar. 29,

13    2019). While the amendments provided new guidance, fairness, reasonableness, and adequacy

14    remain the "touchstones" for approval of a class action settlement. *Zamora Jordan v. Nationstar*

15    *Mortg., LLC*, No. 2:14-CV-0175-TOR, 2019 WL 1966112, at *2 (E.D. Wash. May 2, 2019).

16    The amendments served to "to focus the court and the lawyers on the core concerns of procedure

17    and substance that should guide the decision whether to approve the proposal." *Id.* (quoting Fed.

18    R. Civ. P. 23 advisory committee's note to 2018 amendments).

19         Under the amended rule, a court is to preliminarily approve the settlement and direct

20    notice to the class if it finds that the court "is likely to approve the proposal under Rule

21    23(e)(2)." Rule 23(e)(2) contains the "core concerns of procedure and substance" that guide this

22    inquiry. The Settlements proposed here readily satisfy the criteria for preliminary approval. The

23    Court can find that it is likely that each will be satisfied, and direct notice to issue.

24         **A.**    <u>**Class Counsel and the Settlement Class Representatives Have Adequately**</u>

25            <u>**Represented the Class.**</u>

26         Under Rule 23(e)(2), the Court first considers whether counsel for the class, as well as

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2059779.5
     -5-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

the class representatives, adequately represent the class.  Fed. R. Civ. P. 23(e)(2)(A).  This requirement is met. Class Counsel have zealously advanced the interests of the Plaintiffs and the proposed Settlement Class.  Following an extensive pre-filing investigation, they defeated motions to dismiss by the retailer defendants and the supplier defendants, and have taken on the daunting logistical task of pursuing discovery against over twenty defendants and from numerous third parties.  These efforts put Plaintiffs and the Settlement Class in a position to negotiate the Settlements with the help of experienced mediators.

For their part, the Plaintiffs have worked tirelessly on behalf of the Settlement Class members they seek to represent, and more than meet this standard.  They have worked closely with proposed Class Counsel at every stage of this litigation, answered dozens of written discovery requests, produced thousands of documents, sat for day-long depositions, and personally participated in each of the mediations that led to the Settlements.  Each Plaintiff runs a small coffee farm, and amidst the challenges of the global pandemic, have unflaggingly devoted their time, along with expertise and experience as Kona farmers, to help Class Counsel move this litigation in a positive direction for the Settlement Class.

### B. The Settlements Are the Result of Arm's Length Negotiations.

To grant final approval, this Court will determine if the Settlements were negotiated at arm's length.  Fed. R. Civ. P. 23(e)(2)(B).  This Court is likely to so find here. Settlements reached after a supervised mediation are entitled to a presumption of reasonableness and the absence of collusion.  2 McLaughlin on Class Actions, § 6:7 (8th ed. 2011); *see also Sandoval v. Tharaldson Emp. Mgmt., Inc.*, No. 08-482, 2010 WL 2486346, at *6 (C.D. Cal. June 15, 2010) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive"); *Free Range Content, Inc. v. Google, LLC*, No. 14-CV-02329-BLF, 2019 WL 1299504, at *6 (N.D. Cal. Mar. 21, 2019) (holding that a "presumption of correctness" attaches where, as here, a "class settlement [was] reached in arm's-length negotiations between experienced capable counsel after meaningful discovery").

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2059779.5                                                    -6-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1   Here, proposed Class Counsel negotiated the Settlements only after conducting discovery

2   and obtaining sales and other pertinent data as to the settling defendants' businesses.  The

3   significant exchange of documents and information supports the parties' ability to make a well-

4   supported decision on settlement.  Where extensive information has been exchanged, "[a] court

5   may assume that the parties have a good understanding of the strengths and weaknesses of their

6   respective cases and hence that the settlement's value is based upon such adequate information."

7   William B. Rubenstein, et al., 4 Newberg on Class Actions § 13:49 (5th ed. 2012) ("*Newberg*");

8   *see also In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 320 (N.D. Cal. 2018)

9   (concluding that the "extent of discovery" and factual investigation undertaken by the parties

10   gave them "a good sense of the strength and weaknesses of their respective cases in order to

11   'make an informed decision about settlement") (citing *In re Mego Fin. Corp. Sec. Litig.*, 213

12   F.3d 454, 459 (9th Cir. 2000)).

13   Further, there is no evidence of fraud or collusion in arriving at resolution.  Only after

14   pertinent discovery and the meaningful exchange of information did the parties participate in

15   mediation.  The fact that the three mediations led to settlements only with these five defendants

16   is further evidence of their fairness, as Plaintiffs have shown their willingness to continue with

17   highly contested litigation with all remaining defendants.

18   **C.**    **<u>The Relief for the Class is Substantial.</u>**

19   Next Rule 23(e)(2)(C) asks whether the relief provided for the class is "adequate," taking

20   into account: "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any

21   proposed method of distributing relief to the class, including the method of processing class-

22   member claims; (iii) the terms of any proposed award of attorney's fees, including timing of

23   payment; and (iv) any agreement required to be identified under Rule 23(e)."  Fed. R. Civ. P.

24   23(e)(2)(C).  Here, the proposed settlements provide exemplary monetary and injunctive relief to

25   the Class.

26

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2059779.5                                        -7-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1.      **The settlement relief outweighs the costs, risks, and delay of trial and appeal.**

The settlements provide significant monetary and injunctive relief to the proposed Settlement Class, and avoid the hurdles and delays associated with litigating class certification and potential interlocutory appeals, dispositive motions, trial, and appeals.  *See Munday v. Navy Fed. Credit Union*, No. 15-1629, 2016 WL 7655807, at *8 (C.D. Cal. Sept. 15, 2016) (granting preliminary approval of class action settlement).  The Settlements account for these risks, costs, and delays, and accordingly compensate Settlement Class Members for their past harm, and prevent future harm by requiring the settling defendants to change their practices going forward if they choose to sell such products.  While Plaintiffs believe in the merits of their case, success at class certification, summary judgment, and trial is not guaranteed.  And any trial victory would come only after the COVID-related backlog is cleared, and would be subject to years of appeals.

The immediate relief provided by the Settlements outweighs these risks, and the prospect of immediate relief weighs more heavily here, given the involvement of financially distressed defendants.  *See Lane v. Facebook, Inc.*, 696 F.3d 811, 823–24 (9th Cir. 2012) (affirming trial court did not abuse its discretion in concluding that class settlement was substantial in light of the fact that a defendant was on the verge of bankruptcy when evaluating the risks of continued litigation of meritorious claims); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993) (holding trial court acted within its discretion when considering the precarious financial status of the defendant to determine the adequacy of the settlement); *In re Washington Public Power Supply Sys. Securs. Litig.*, 720 F. Supp. 2d. 1379, 1395–6 (D. Ariz. 1989) (finding the terms of a class agreement with the smallest defendants in a multiparty MDL were fair, reasonable, and adequate where the defendants did not have assets Plaintiffs could obtain "without precipitating virtually certain bankruptcy proceedings" for the defendants).  In other words, as one court has put it in approving a class settlement, "[a] very large bird in the hand in this litigation is surely worth more than whatever birds are lurking in the bushes." *In re*

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2059779.5

-8-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1    *Chambers Dev. Sec. Litig.*, 912 F. Supp. 822, 838 (W.D. Pa. 1995).

2        The Settlements also puts into effect the changes in labeling practices that will benefit the

3    Settlement Class.  These changes provide members of the Settlement Class significant benefits

4    now.

### 2.    Settlement Class Members will obtain relief through a straightforward claims process.

6        "[T]he effectiveness of any proposed method of distributing relief to the class, including

7    the method of processing class-member claims," is also a relevant factor in determining the

8    adequacy of relief. Fed. R. Civ. P. 23(e)(2)(C)(ii).  This factor is intended to encourage courts to

9    evaluate a proposed claims process "to ensure that it facilitates filing legitimate claims.  A claims

10   processing method should deter or defeat unjustified claims, but the court should be alert to

11   whether the claims process is unduly demanding." *Id.* Advisory Committee's note to 2018

12   amendments.  The claims process to be administered by the experienced settlement administrator

13   will be straightforward and manageable, involving a discrete community of farmers who are

14   highly aware of this case, and will be asked only to provide information about their aggregate

15   sales during the relevant time period.  This is information that all coffee farmers undoubtedly

16   maintain and keep accessible, and will allow for a fair and efficient distribution of the net

17   settlement proceeds.  *See, e.g., Hefler v. Wells Fargo & Company*, No. 16-CV-05479-JST, 2018

18   WL 6619983, at *12 (N.D. Cal. Dec. 18, 2018) (approving pro rata settlement distribution based

19   on the purchase and sales data provided by class members); *Thomas v. MagnaChip*

20   *Semiconductor Corp.*, No. 14-CV-01160-JST, 2017 WL 4750628, at *8-9 (N.D. Cal. Oct. 20,

21   2017) (same).

### 3.    The terms of any proposed award of attorney's fees, including timing of payment, will be reasonable.

24       Proposed Class Counsel will move the Court for an award of reasonable attorneys' fees

25   and reimbursement of their litigation expenses that is squarely in line with Ninth Circuit

26   precedent. Fed. R. Civ. P. 23(e)(2)(C)(iii).  The total amount requested will not exceed $3

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2059779.5
-9-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1   million, or 25 percent of the total economic value of the Settlements, whichever is less.[2]  Class

2   Counsel will also seek reimbursement of only a portion of the expenses they have incurred in this

3   litigation to date.  Class Counsel will file their fee application, which will provide the supporting

4   basis for their request, sufficiently in advance of the Exclusion/Objection deadline, and it will be

5   available on the Settlements' website after it is filed.  Settlement Class Members will thus have

6   the opportunity to comment on or object under Fed. R. Civ. P. 23(h) prior to the Final Approval

7   Hearing.[3]

8          **D.      <u>The Proposal Treats Class Members Equitably Relative to Each Other.</u>**

9          The Settlements will be distributed fairly and equitably. *See* Fed. R. Civ. P. 23(e)(2)(D).

10  This subsection of Rule 23(e) determines "whether the apportionment of relief among class

11  members takes appropriate account of differences among their claims, and whether the scope of

12  the release may affect class members in different ways that bear on the apportionment of relief."

13  *Id.* advisory committee's note to 2018 amendments.  Each member of the proposed Class will

14  receive a pro rata share of the settlement based on the volume of Kona coffee they sold during

15  the limitations period.  This allocation plan ensures members of the proposed Class will receive

16  meaningful compensation directly proportional to the harm they suffered based on their actual

17  sales.  Additionally, Plaintiffs will request service awards for each plaintiff farm (three in total),

18  as are commonly awarded in class actions, and are justified here by Plaintiffs' efforts in

19

20  [2] The Court does not need to approve any specific fee amount before granting preliminary approval, only determine
    whether the request raises any obvious red flags that would preclude settlement approval. But it bears emphasis that

21  counsel's request is well within the norm for class settlements. When awarding attorney's fees on the percentage of
    the fund method in common fund cases, twenty-five percent (25%) is the benchmark, but a court may adjust that

22  benchmark up or down when warranted. *See Powers v. Eichen*, 229 F.3d 1249, 1256–57 (9th Cir. 2000).  And, the
    Court may consider the value of injunctive relief in awarding fees in a class action settlement. *See, e.g., Staton v.*

23  *Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003) (holding that in appropriate circumstances, the value of injunctive
    relief can be added to the common fund in applying the percentage method of awarding fees); *Farrell v. Bank k of*

24  *Am. Corp.*, 827 Fed. App'x 628, 630 (9th Cir. 2020) (affirming fee award based in part on consideration of value of
    injunctive relief); *Bennett v. SimplexGrinnell LP*, 11-cv-01854, 2015 WL 12932332, at *6 (N.D. Cal. Sept. 3, 2015).
    Class Counsel's fee request will be properly supported and reflect Ninth Circuit guidance on such requests.

25  [3] Per Fed. R. Civ. P. 23(e)(3), there are no agreements other than the settlement agreements made in connection with
    the proposed settlements other than the Supplemental Agreement described at paragraph 31 in the Cameron's

26  settlement agreement.

1  prosecuting the litigation.  *See*, *e.g.*, *Durant v. State Farm Mut. Auto. Ins. Co.*, No.2-15-01710-

2  RAJ, 2019 WL 2422592 at *2 (W.D. Wash. June 10, 2019) (approving $10,000 incentive award

3  to plaintiff as part of final approval of class action); *Carr v. United Health Care Serv., Inc.*,

4  No.2:15-CV-1105, 2017 WL 11458425 at *3 (W.D. Wash. June 2, 2017) (approving incentive

5  award); *Hardie v. Countrywide*, 2010 WL 3894377, at *2 (W.D. Wash. Sept. 30, 2010)

6  (approving incentive award).

7  **II.     The Court will be able to certify the Class for settlement purposes upon final**
        **approval.**

8

9       Since December 2018, the court must determine if it will be likely to certify the class

10  prior to granting preliminary approval of the proposed class settlement.  Fed. R. Civ. P.

11  23(e)(1)(B)(ii); *David v. Bankers Life and Cas. Co.*, No. 14-CV-00766-RSL, 2019 WL 2339971,

12  at *1 (W.D. Wash. June 3, 2019) (Lasnik, J.).  Certification of a settlement class is "a two-step

13  process." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, No.

14  2672 CRB (JSC), 2016 WL 4010049, at *10 (N.D. Cal. July 26, 2016) (Breyer, J.) (citing

15  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997)).  First, the Court must find that the

16  proposed settlement class satisfies Rule 23(a)'s four requirements. *Id.* (citing Fed. R. Civ. P.

17  23(a)).  Second, the Court must find that "a class action may be maintained under either

18  Rule 23(b)(1), (2), or (3)." *Id.* (citing *Amchem*, 521 U.S. at 613).  The proposed Settlement Class

19  here readily satisfies all requirements of Rule 23(a), as well as those of Rule 23(b)(3).

20       **A.     The Settlement Class Meets Rule 23(a)'s Requirements.**

21       **Rule 23(a)(1): The Class is sufficiently numerous**.  Rule 23(a)(1) is satisfied where, as

22  here, "the class is so numerous that joinder of all class members is impracticable."  Fed. R. Civ.

23  P. 23(a)(1).  A "class of 41 or more is usually sufficiently numerous." 5 *Moore's Federal*

24  *Practice—Civil* § 23.22 (2016); *see also In re Banc of California Sec. Litig.*, 326 F.R.D. 640, 646

25  (C.D. Cal. 2018).  Plaintiffs alleged that there are more than 600 members of the Settlement

26  Class, Sec. Am. Compl. ¶¶ 32, 42, Dkt. No. 271, and through discovery from third parties that

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2059779.5                                                    -11-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

provide milling and processing services to a large proportion of the class, have confirmed the size of the class. *See* Declaration of Nathan Paine ¶ 6.  Numerosity is satisfied.

**Rule 23(a)(2): Common questions of law and fact are present.**  "Federal Rule of Civil Procedure 23(a)(2) conditions class certification on demonstrating that members of the proposed class share common 'questions of law or fact.'" *Stockwell v. City & Cnty. of San Francisco*, 749 F.3d 1107, 1111 (9th Cir. 2014).  Courts routinely find commonality where, as here, the class claims arise from a defendant's uniform course of conduct. *Jama v. Golden Gate America, LLC*, No. 2:16-CV-00611-RSL, 2017 WL 7053650, at *1 (W.D. Wash. June 27, 2017) (Lasnik, J.).

Here, the Settlement Class claims are rooted in common questions of fact relating to Defendants' use of the "Kona" name.  This Court has recognized that Plaintiffs alleged that Defendants "falsely designated the geographic origin of their coffee as Kona," that they misled "consumers into believing their products contain an appreciable amount of Kona coffee beans in order to use the reputation and goodwill of the Kona name to justify higher prices for what is actually ordinary commodity coffee," and that the alleged false designation "damages the geographic designation itself and the designation's value to the farmers of authentic Kona coffee from the Kona District."  *See* Dkt. No. 155 at 2–3 (Order Denying Mot. to Dismiss).  The answer to the question of whether a defendant's label does or does not contain a false designation of origin will not vary among class members.  This case thus presents common questions of fact that would yield, if litigated, common answers "apt to drive the resolution of the litigation" for the Settlement Class as a whole. *Wal-Mart Stores v. Dukes*, 564 U.S. 338, 350 (2011).  This common course of conduct satisfies commonality.

**Rule 23(a)(3): Settlement Class Representatives' claims are typical of those of the Class members'.**  Under Rule 23(a)(3), "'the claims or defenses of the representative parties'" must be "'typical of the claims or defenses of the class.'"  *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014) (quoting Fed. R. Civ. P. 23(a)(3)).  "Typicality 'assure[s] that the interest of the named representative aligns with the interests of the class.'"  *Id.* (quoting *Wolin v. Jaguar Land*

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2059779.5

-12-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

*Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (citation and quotations omitted)). Specifically, "'representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).

The Settlement Class Representatives' claims are typical of other Settlement Class Members' claims; they assert the same claims under the Lanham Act.  The Settlement Class Representatives have alleged that a common course of conduct injured the Settlement Class Representatives and the proposed Settlement Class in the same way.  The Settlement Class Representatives, like the members of the proposed Settlement Class, grew and sold authentic Kona coffee, but they competed against suppliers and sellers of coffee labeled as "Kona" or "Kona Blend" that in fact contained little or no appreciable amount of authentic Kona coffee. *See* Sec. Am. Compl. ¶ 32(c).  Further, Plaintiffs alleged that the false designation of ordinary commodity coffee as "Kona" coffee depressed the market price of authentic Kona coffee, which negatively affected the price both the Settlement Class Representatives and Settlement Class Members could receive for their Kona coffee. *See Id.* ¶ 3.  Typicality is satisfied.

**Rule 23(a)(4): The Settlement Class Representatives have and will protect the interests of the Class.**  Rule 23(a)(4)'s adequacy requirement is met where, as here, "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  Adequacy entails a two-prong inquiry: "'(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012) (quoting *Hanlon*, 150 F.3d at 1020).  Both prongs are readily satisfied here.

First, the Settlement Class Representatives have no interests antagonistic to Settlement Class Members and will continue to protect the Class' interests in the implementation of the settlement and in continuing litigation against the non-settling defendants, and there are no

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2059779.5

-13-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1   conflicts of interest between the class representatives and members of the Settlement Class.  *See*

2   *Sampson v. Knight Transportation, Inc.*, No. C17-0028-JCC, 2020 WL 3050217, at *5 (W.D.

3   Wash. June 8, 2020) ("Plaintiffs' claims . . . are uniform across the class members, thus the

4   Plaintiffs adequately represent the injuries of the putative class.").  The Class Representatives

5   "suffered the same injuries as other members" of the Class in the form of reduced market prices

6   and damage to goodwill and reputation.  *Id.*  The Class Representatives also understand their

7   duties, have agreed to consider the interests of absent Settlement Class Members, and have

8   reviewed and uniformly endorsed the Settlement terms.  *See* Lichtman Decl. ¶¶ 13–15.

9        Second, proposed Class Counsel have and will continue to vigorously and ethically

10   pursue this litigation.  *See Wilbur v. City of Mount Vernon*, 298 F.R.D. 665, 669 (W.D. Wash.

11   2012) (Lasnik, J.) (finding adequacy requirement satisfied and granting class certification).  The

12   two firms serving as proposed Class Counsel bring a wealth of experience in complex civil

13   litigation and class actions, along with relevant expertise in intellectual property litigation.  They

14   have and will continue to commit substantial resources to this case.  *See* Lichtman Decl. ¶ 9.

15   Proposed Class Counsel have undertaken an enormous amount of work, including a pre-filing

16   scientific investigation, litigating dispositive motions, and extensive discovery to advocate for

17   the Class.  *Id.*  They satisfy Rule 23(a)(4)'s adequacy requirement, as well as the standard for

18   appointment of class counsel under Rule 23(g).

19        **B.      The Settlement Class Meets Rule 23(b)(3)'s Requirements.**

20        Rule 23(b)(3)'s requirements are also satisfied because (i) "questions of law or fact

21   common to class members predominate over any questions affecting only individual members";

22   and (ii) a class action is "superior to other available methods for fairly and efficiently

23   adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).

24        **Predominance.**  "The predominance inquiry 'asks whether the common, aggregation-

25   enabling, issues in the case are more prevalent or important than the non-common, aggregation-

26   defeating, individual issues.'"  *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016).

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2059779.5                                                    -14-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1   The rule requires "a showing that *questions* common to the class predominate, not that those

2   questions will be answered, on the merits, in favor of the class." *Amgen Inc. v. Conn. Ret. Plans*

3   *and Tr. Funds*, 568 U.S. 455, 459 (2014).  Thus, "[w]hen common questions present a significant

4   aspect of the case and they can be resolved for all members of the class in a single adjudication,

5   there is clear justification for handling the dispute on a representative rather than on an

6   individual basis." *Hanlon*, 150 F.3d at 1022.

7       Here, common questions predominate because there are few, if any, individualized

8   factual issues, and because the core factual and legal questions involve the defendants' conduct:

9   (1) whether their labels were false or misleading; (2) whether those labels created or were likely

10  to create confusion among consumers; and (3) whether the conduct was willful.  Questions of

11  damages are also common: these will turn on how much money defendants made by selling their

12  products and the extent to which conduct at issue negatively impacted the market price of

13  authentic Kona Coffee and/or damaged the goodwill and reputation of the Kona name.  Common

14  questions predominate.

15      **Superiority.**  Rule 23(b)(3)'s superiority requirement asks "whether the objectives of the

16  particular class action procedure will be achieved in the particular case." *Hanlon*, 150 F.3d at

17  1023.  In other words, the court must "determine whether maintenance of this litigation as a class

18  action is efficient and whether it is fair." *Wolin*, 617 F.3d at 1175-76.  Under Rule 23(b)(3), "the

19  Court evaluates whether a class action is a superior method of adjudicating plaintiff's claims by

20  evaluating four factors: '(1) the interest of each class member in individually controlling the

21  prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning

22  the controversy already commenced by or against the class; (3) the desirability of concentrating

23  the litigation of the claims in the particular forum; and (4) the difficulties likely to be

24  encountered in the management of a class action.'" *Trosper v. Styker Corp.*, 13-CV-0607-LHK

25  2014 WL 4145448, at *17 (N.D. Cal. August 21, 2014).

26      A class action is the superior method of adjudication of these claims.  First, the

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2059779.5

-15-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1  Settlement Class Members have little incentive to individually prosecute this action because the

2  risks and expense of prosecuting an individual case are prohibitive in a case like this one, in

3  which individual damages are comparatively small in relation to the costs each individual class

4  member would have to incur to prove liability and damages, which requires expert analysis from

5  multiple fields.  *See Just Film v. Buono*, 847 F.3d 1108, 1123 (9th Cir. 2017) (affirming finding

6  of superiority in case where individual damages are too small "to make litigation cost effective in

7  a case against funded defenses and with a likely need for expert testimony").  Second, it is more

8  efficient for the parties and the Court to have a single resolution rather than individual cases

9  about the same issue.  Without a class, the hundreds of individuals and entities that grow

10  authentic Kona coffee would have no recourse, or a multiplicity of suits would follow resulting

11  in an inefficient and possibly disparate administration of justice.  By resolving these issues in one

12  action, the Court "will avoid the risk of duplicative efforts by multiple judges, as well as

13  potentially inconsistent rulings."  *McCluskey v. Trustees of Red Dot Corp. Emp. Stock*

14  *Ownership Plan and Trust*, 268 F.R.D. 670, 674 (W.D. Wash. 2010).

15      Finally, because this Court is considering the likelihood of class certification in the

16  settlement context, this Court need not consider any possible management-related problems as it

17  otherwise would.  *See Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted

18  with a request for settlement-only class certification, a district court need not inquire whether the

19  case, if tried, would present intractable management problems, see Fed. R. Civ. P. 23(b)(3)(D),

20  for the proposal is that there be no trial.").  Superiority is met here, and Rule 23(e)(1)(B)(ii) is

21  satisfied.

22  **III.**      **The proposed notice plan should be approved.**

23      Before a proposed class settlement may be finally approved, the Court "must direct notice

24  in a reasonable manner to all class members who would be bound by the proposal."  Fed. R. Civ.

25  P. 23(e)(1).  Where certification of a Rule 23(b)(3) settlement class is sought, the notice must

26  also comply with Rule 23(c)(2)(B), which requires:

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2059779.5

-16-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1
2
3
4
5
6
7

> the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

8   Fed. R. Civ. P. 23(c)(2)(B); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974).

9          The proposed Notice program here was designed in consultation with the proposed

10   Settlement Administrator and meets all applicable standards.  *See Ali v. Menzies Aviation, Inc.*,

11   No. 2:16-CV-00262RSL, 2016 WL 4611542, at *4 (W.D. Wash. Sept. 6, 2016) (Lasnik, J.)

12   (approving form and plan of notice).  The Notice program includes direct notice to Settlement

13   Class Members sent via first class U.S. Mail for all members for whom address information is

14   available (which is nearly the entire class), publication notice in the newspaper widely read and

15   circulated in the Kona region (the *West Hawaii Today*), the establishment of a settlement

16   website—where Settlement Class Members can view the full Settlement Agreement, the Notice,

17   and other key case documents—and the establishment of a toll-free telephone number where

18   Settlement Class Members can get additional information.  Moreover, the proposed forms of

19   notice (Ex. 6 and Ex. 7) inform Settlement Class Members, in clear and concise terms, about the

20   nature of this case, the Settlement, and their rights, including all of the information required by

21   Rule 23(c)(2)(B).[4]  The Court should approve the proposed Notice program.

22                                      **CONCLUSION**

23          For the foregoing reasons, Plaintiffs respectfully request that the Court grant preliminary

24   approval of the settlements, direct notice to the class, and set a schedule for the remaining steps

25

26

---

[4] Certain dates in the notice are tied to the date that this Court grants preliminary approval of the proposed settlements and issuance of notice, as reflected in the accompanying proposed order.  When those dates are known, the Settlement Administrator will fill in dates in the notice consistent with this Court's order.

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2059779.5                                    -17-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1   towards final approval, as set out in the accompanying proposed order or as the Court deems fit.

2

3   Dated:  January 29, 2021

4   KARR TUTTLE CAMPBELL                    LIEFF CABRASER HEIMANN &
                                            BERNSTEIN, LLP

5   /s Nathan T. Paine                      /s/ Jason L. Lichtman
6   Paul Richard Brown, WSBA #19357         Jason L. Lichtman (*pro hac vice*)
    Nathan T. Paine, WSBA #34487            Daniel E. Seltz (*pro hac vice*)
7   Daniel T. Hagen, WSBA #54015            250 Hudson Street, 8th Floor
    701 Fifth Avenue, Suite 3300            New York, NY  10013-1413
8   Seattle, Washington 98104               Telephone:  212-355-9500
    206.223.1313

9                                           Andrew Kaufman (*pro hac vice*)
10                                          222 2nd Avenue South, Suite 1640
                                            Nashville, TN  37201
11                                          615.313.9000

12                                          *Attorneys for the Plaintiffs*
                                            *and the Proposed Settlement Class*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2059779.5
-18-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1

## **CERTIFICATE OF SERVICE**

2       I, Daniel E. Seltz, certify that on January 29, 2021, I caused the foregoing to be

3  electronically filed with the Clerk of the Court using the CM/ECF system, which will send

4  notification of such filing to those attorneys of record registered on the CM/ECF system.

5

6                    /s *Daniel E. Seltz*
                      Daniel E. Seltz

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2059779.5                                         -19-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592