1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE CORKER d/b/a RANCHO ALOHA;
COLEHOUR BONDERA and MELANIE
BONDERA, husband and wife d/b/a
KANALANI OHANA FARM; ROBERT SMITH
and CECELIA SMITH, husband and
wife d/b/a SMITHFARMS, and SMITHFARMS,
LLC on behalf of themselves and others similarly
situated,

        Plaintiff,

        v.

COSTCO WHOLESALE CORPORATION, a
Washington corporation; AMAZON.COM, INC., a
Delaware corporation; HAWAIIAN ISLES KONA
COFFEE, LTD., LLC, a Hawaiian limited liability
company; COST PLUS/WORLD MARKET, a
subsidiary of BED BATH & BEYOND, a New York
corporation; BCC ASSETS, LLC d/b/a BOYER'S
COFFEE COMPANY, INC., a Colorado
corporation; L&K COFFEE CO. LLC, a Michigan
limited liability company; MULVADI
CORPORATION, a Hawaii corporation; COPPER
MOON COFFEE, LLC, an Indiana limited liability
company; GOLD COFFEE ROASTERS, INC., a
Delaware corporation; CAMERON'S COFFEE
AND DISTRIBUTION COMPANY, a Minnesota
corporation; PACIFIC COFFEE, INC., a Hawaii
corporation; THE KROGER CO., an Ohio
corporation; WALMART INC., a Delaware
corporation; BED BATH & BEYOND INC., a New
York corporation; ALBERTSONS COMPANIES
INC., a Delaware Corporation; SAFEWAY INC., a
Delaware Corporation; MNS LTD., a Hawaii
Corporation; THE TJX COMPANIES d/b/a T.J.
MAXX, a Delaware Corporation; MARSHALLS OF
MA, INC. d/b/a MARSHALLS, a Massachusetts
corporation; SPROUTS FARMERS MARKET,
INC. a Delaware corporation; COSTA RICAN
GOLD COFFEE CO., INC., a Florida Corporation;
and KEVIN KIHNKE, an individual,

        Defendants.

CASE NO. 2:19-CV-00290-RSL

**MOTION FOR PRELIMINARY**
**APPROVAL OF THREE CLASS**
**SETTLEMENTS AND**
**MEMORANDUM IN SUPPORT**

The Honorable Robert S. Lasnik

Noted for consideration: March 8, 2021

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2131754.1

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................1

BACKGROUND AND PROCEDURAL HISTORY ...........................................................1

SUMMARY OF SETTLEMENT TERMS ..........................................................................3

LEGAL STANDARD ...........................................................................................................4

ARGUMENT ........................................................................................................................4

I.      The Court will be able to approve the settlement as fair, reasonable, and adequate..........4

    A.      Class Counsel and the Settlement Class Representatives Have Adequately Represented the Class............................................................................................5

    B.      The Settlements Are the Result of Arm's Length Negotiations. ...........................6

    C.      The Relief for the Class is Substantial. ..................................................................7

        1.      The settlement relief outweighs the costs, risks, and delay of trial and appeal...........................................................................................7

        2.      Settlement Class Members will obtain relief through a straightforward claims process. ..................................................................8

        3.      The terms of any proposed award of attorney's fees, including timing of payment, will be reasonable. ..................................................9

    D.      The Proposal Treats Class Members Equitably Relative to Each Other. .............10

II.     The Court will be able to certify the Class for settlement purposes upon final approval. ...........................................................................................................................10

    A.      The Settlement Class Meets Rule 23(a)'s Requirements. ....................................11

    B.      The Settlement Class Meets Rule 23(b)(3)'s Requirements. ...............................14

III.    The proposed notice plan should be approved. .................................................................16

CONCLUSION ..................................................................................................................17

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2131754.1

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ali v. Menzies Aviation, Inc.*,
No. 2:16-CV-00262RSL, 2016 WL 4611542 (W.D. Wash. Sept. 6, 2016)............................16

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ...................................................................................................10, 11

*Amgen Inc. v. Conn. Ret. Plans and Tr. Funds*,
568 U.S. 455 (2014) ...........................................................................................................14

*Bennett v. SimplexGrinnell LP*,
11-cv-01854, 2015 WL 12932332 (N.D. Cal. Sept. 3, 2015) ...................................................9

*Carr v. United Health Care Serv., Inc.*,
No.2:15-CV-1105, 2017 WL 11458425 (W.D. Wash. June 2, 2017)......................................10

*David v. Bankers Life and Cas. Co.*,
No. 14-CV-00766-RSL, 2019 WL 2339971 (W.D. Wash. June 3, 2019) ...............................10

*Durant v. State Farm Mut. Auto. Ins. Co.*,
No.2-15-01710-RAJ, 2019 WL 2422592 (W.D. Wash. June 10, 2019) ..................................10

*Eisen v. Carlisle & Jacquelin*,
417 U.S. 156 (1974) ...........................................................................................................16

*Evon v. Law Offices of Sidney Mickell*,
688 F.3d 1015 (9th Cir. 2012).............................................................................................13

*Farrell v. Bank k of Am. Corp.*,
827 Fed. App'x 628 (9th Cir. 2020) ......................................................................................9

*Free Range Content, Inc. v. Google, LLC*,
No. 14-CV-02329-BLF, 2019 WL 1299504 (N.D. Cal. Mar. 21, 2019) ...................................6

*Hardie v. Countrywide*,
2010 WL 3894377 (W.D. Wash. Sept. 30, 2010) ...................................................................10

*Hefler v. Wells Fargo & Company*,
No. 16-CV-05479-JST, 2018 WL 6619983 (N.D. Cal. Dec. 18, 2018)....................................9

*In re Anthem, Inc. Data Breach Litig.*,
327 F.R.D. 299 (N.D. Cal. 2018) ..........................................................................................6

*In re Banc of California Sec. Litig.*,
326 F.R.D. 640 (C.D. Cal. 2018) .........................................................................................11

*In re Chambers Dev. Sec. Litig.*,
912 F. Supp. 822 (W.D. Pa. 1995) ........................................................................................8

*In re Mego Fin. Corp. Sec. Litig.*,
213 F.3d 454 (9th Cir. 2000)................................................................................................6

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,
No. 2672 CRB (JSC), 2016 WL 4010049 (N.D. Cal. July 26, 2016) ................................10, 11

*In re Washington Public Power Supply Sys. Securs. Litig.*,
720 F. Supp. 2d. 1379 (D. Ariz. 1989)...................................................................................8

*Jama v. Golden Gate America, LLC*,
No. 2:16-CV-00611-RSL, 2017 WL 7053650 (W.D. Wash. June 27, 2017) ..........................11

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2131754.1

-i-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Just Film v. Buono*,
   847 F.3d 1108 (9th Cir. 2017) ........................................................................15

*Lane v. Facebook, Inc.*,
   696 F.3d 811 (9th Cir. 2012) ...........................................................................8

*McCluskey v. Trustees of Red Dot Corp. Emp. Stock Ownership Plan and Trust*,
   268 F.R.D. 670 (W.D. Wash. 2010) ..............................................................15

*Munday v. Navy Fed. Credit Union*,
   No. 15-1629, 2016 WL 7655807 (C.D. Cal. Sept. 15, 2016) ...........................7

*O'Connor v. Uber Techs., Inc.*,
   No. 13-03826, 2019 WL 1437101 (N.D. Cal. Mar. 29, 2019) .........................4

*Parsons v. Ryan*,
   754 F.3d 657 (9th Cir. 2014) .........................................................................12

*Powers v. Eichen*,
   229 F.3d 1249 (9th Cir. 2000) .........................................................................9

*Sampson v. Knight Transportation, Inc.*,
   No. C17-0028-JCC, 2020 WL 3050217 (W.D. Wash. June 8, 2020) .............13

*Sandoval v. Tharaldson Emp. Mgmt., Inc.*,
   No. 08-482, 2010 WL 2486346 (C.D. Cal. June 15, 2010) .............................6

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ...........................................................................9

*Stockwell v. City & Cty. of San Francisco*,
   749 F.3d 1107 (9th Cir. 2014) .......................................................................11

*Thomas v. MagnaChip Semiconductor Corp.*,
   No. 14-CV-01160-JST, 2017 WL 4750628 (N.D. Cal. Oct. 20, 2017) ...........9

*Torrisi v. Tucson Elec. Power Co.*,
   8 F.3d 1370 (9th Cir. 1993) .............................................................................8

*Trosper v. Styker Corp.*,
   13-CV-0607-LHK 2014 WL 4145448 (N.D. Cal. August 21, 2014) .............15

*Tyson Foods, Inc. v. Bouaphakeo*,
   136 S. Ct. 1036 (2016) ...................................................................................14

*Wilburv. City of Mount Vernon*,
   298 F.R.D. 665 (W.D. Wash. 2012) ..............................................................13

*Wolin v. Jaguar Land Rover N. Am., LLC*,
   617 F.3d 1168 (9th Cir. 2010) .......................................................................12

*Zamora Jordan v. Nationstar Mortg., LLC*,
   No. 2:14-CV-0175-TOR, 2019 WL 1966112 (E.D. Wash. May 2, 2019) ........5

**Statutes**

Lanham Act, 15 U.S.C. § 1125 ..................................................................1, 12

**Rules**

Fed. R. Civ. P. 23(a) ..............................................................................10, 11

Fed. R. Civ. P. 23(a)(2) ................................................................................11

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2131754.1

-ii-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

Fed. R. Civ. P. 23(a)(3) ...................................................................................12

Fed. R. Civ. P. 23(a)(4) ..............................................................................13, 14

Fed. R. Civ. P. 23(b)(3)(D) ..........................................................................16

Fed. R. Civ. P. 23(c)(2)(B) ...............................................................4, 16, 17

Fed. R. Civ. P. 23(e) ...........................................................................1, 5, 7, 10

Fed. R. Civ. P. 23(e)(1) ...................................................................................4, 16

Fed. R. Civ. P. 23(e)(1)(B) ...............................................................................4

Fed. R. Civ. P. 23(e)(2) .....................................................................................4, 5

Fed. R. Civ. P. 23(e)(2)(A) .................................................................................5

Fed. R. Civ. P. 23(e)(2)(B) .................................................................................6

Fed. R. Civ. P. 23(e)(2)(C) .................................................................................7

Fed. R. Civ. P. 23(e)(2)(C)(ii) ...........................................................................8

Fed. R. Civ. P. 23(e)(2)(C)(iii) ..........................................................................9

Fed. R. Civ. P. 23(e)(2)(D) ...............................................................................10

Fed. R. Civ. P. 23(e)(3) .......................................................................................9

Fed. R. Civ. P. 23(e)(5) .......................................................................................4

Fed. R. Civ. P. 23(h) ...........................................................................................9

**Treatises**

2 McLaughlin on Class Actions,
§ 6:7 (8th ed. 2011) ..........................................................................................6

5 *Moore's Federal Practice—Civil*
§ 23.22 (2016) .................................................................................................11

William B. Rubenstein, et al., 4 Newberg on Class Actions (5th ed. 2012) ...................6

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2131754.1
-iii-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

**INTRODUCTION**

On February 17, 2021, this Court granted preliminary approval to a set of settlements between Plaintiffs and five defendants in this multi-defendant lawsuit.  *See* Dkt. 400.  Plaintiffs now present to the Court their motion for preliminary approval of three additional class settlements: one with Gold Coffee Roasters, Inc., Costa Rican Gold Coffee Company, Inc., and John Parry ("Gold"), one with Costco Wholesale Corporation ("Costco"), and one with The TJX Companies, Inc. and Marshalls of MA, Inc. ( "TJX"), and for an order directing notice of these proposed settlements to the proposed settlement class members.  Like the set of settlements previously presented to this Court, Plaintiffs respectfully submit that the Court is likely to certify the proposed class for settlement purposes and approve these settlements after notice and a final approval hearing.  Also like the previously approved settlements, the Gold settlement provides for a substantial monetary payment to class members, and all three settlements provide for valuable injunctive relief that will benefit the members of the settlement class and prevent future economic harm.  The settlements satisfy Rule 23(e)'s standard for preliminary approval, and the Court may approve the issuance of notice to the class and set a schedule for final approval.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs are coffee farmers in the Kona region of Hawaii, and along with members of the proposed Settlement Class, grow the entire worldwide supply of Kona coffee.  Plaintiffs filed their initial complaint on February 27, 2019, alleging that Defendants, who are both suppliers and retailers of coffee, violated the Lanham Act, 15 U.S.C. § 1125, by misleadingly labeling and selling coffee not from the Kona region as "Kona" coffee.  The complaint included the results of an extraordinary pre-filing investigation that included scientific testing to confirm that the coffee marketed and sold by Defendants as "Kona" coffee in fact contained little or no such coffee.

A group of retailer defendants and a group of supplier defendants filed motions to dismiss; Defendant BCC Assets, LLC ("BCC") filed a separate motion to dismiss.  *See* Dkt. Nos. 100, 106, & 107, respectively.  On November 12, 2019, the Court denied the suppliers' and

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2131754.1

-1-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

BCC's motions in full, and denied the retailers' motion in part, dismissing only false advertising claims against the retailers. *See* Dkt. Nos. 154-56.  Discovery then commenced, and continues at present.  Plaintiffs are due to file their class certification motion against non-settling defendants on June 28, 2021, and fact discovery will close on December 10, 2021.

The parties have litigated the case intensively.  The parties served dozens of document requests, interrogatories, and requests for admission, and produced tens of thousands of documents.  This Court has already resolved numerous discovery disputes involving the scope of document production and depositions. *See* Dkt. Nos. 144, 248, 255, 266, 274, 341, 350, 362, 382.  Defendants took the depositions of the five named plaintiffs during the week of August 17, 2020.  Plaintiffs have taken three depositions and have scheduled three additional depositions as of the time of this filing.

As Plaintiffs described in their motion for preliminary approval of the first set of settlements (Dkt. 393), there have been parallel efforts at resolution as the parties continued to litigate intensively. Those efforts, which led to the separately negotiated settlements previously presented to the Court, have also included Gold, Costco, and TJX. First, in the spring of 2020, the parties agreed to a brief pause in most discovery activity to engage in a near-global mediation with Hon. Edward Infante on June 2, 2020. *See* Declaration of Jason L. Lichtman ("Lichtman Decl.") ¶ 6.  While the settling parties and Plaintiffs did not reach a settlement at that mediation, Gold and Plaintiffs participated in a second mediation with Mark LeHocky, of ADR Services, Inc. on November 30, 2020, and with the ongoing assistance of Mr. LeHocky, were able to reach an agreement in principle through that mediation, and worked intensively afterwards to reach a formal settlement agreement. *Id.* ¶ 8.  The parties negotiated and finalized the TJX and Costco agreements over the course of numerous phone conferences and correspondence from December 2020 through February 2021. *Id.* ¶ 9.

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2131754.1
-2-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

## SUMMARY OF SETTLEMENT TERMS

This settlements[1] deliver substantial monetary relief to the Settlement Class and include injunctive terms that will accomplish one of the primary objectives of this litigation: to bring about changes in the labeling of coffee described as containing coffee from the Kona region, thus preventing further economic harm to the growers of legitimate Kona coffee.

The Gold settlement includes both monetary and injunctive terms.  First, Gold will pay $6,100,000 to the class.  The injunctive provisions create detailed labeling obligations that will increase information available to consumers about Kona content and subject Gold to Hawaii's more stringent labeling laws on a nationwide basis. Gold agrees "that any of its current or future products labeled as 'Kona' will accurately and unambiguously state on the front label of the product the minimum percentage of authentic Kona coffee beans contained in the product.  Only Kona coffee certified and graded by the Hawaii Department of Agriculture as 100% Kona shall be considered authentic Kona coffee."  Ex. 1 at ¶ 13(a).  It has agreed to use at least the percentage required by Hawaii law, unless Hawaiian law provides for a percentage greater or equal to 51 percent, in which case Cameron's agrees to use at least 51 percent.  *Id.* ¶ 13(b). Gold's agreement to alter its labeling practices and comply with the stricter Hawaiian law on a national basis compounds the benefits of the agreements of the previously settling defendants to do the same.

The injunctive terms in the Costco and TJX settlements reinforce the labeling changes that numerous suppliers have already agreed to, but apply even more broadly to Costco's and TJX's vendors of Kona-labeled coffee.  Costco and TJX have agreed that their vendors must include clear and conspicuous labeling of the contents of Kona-labeled coffee.  Both defendants have agreed that "any coffee product labeled as 'Kona coffee' or 'Kona Blend coffee' will state on the front of the product's label the percentage of Kona coffee beans the supplier of the products states are contained in the product, using the same font type and same color as the word

---

[1] The proposed settlement agreements are attached as Exhibits 1-3 to the accompanying Lichtman Declaration.

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2131754.1

-3-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

Kona or a similar color scheme and no smaller than one-half the size as the word "Kona"

appears, on the front of the package."  Exs. 2 and 3 ¶ 13(a).  Further, the agreements provide for

a certification process in which vendors of coffee labeled as "Kona" or "Kona blend" are or will

be requested to certify to Costco or TJX that that their labeling complies with Paragraph 13(a).

Ex. 2 ¶ 13(d) (Costco); Ex. 3 ¶ 13(c) (TJX).

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 23(e) provides that class actions "may be settled … only

with the court's approval."  Rule 23(e) governs a district court's analysis of the fairness of a

proposed class action settlement and creates a multistep process for approval.  First, a court must

determine that it is likely to (i) approve the proposed settlement as fair, reasonable, and adequate,

after considering the factors outlined in Rule 23(e)(2), and (ii) certify the settlement class after

the final approval hearing.  *See* Fed. R. Civ. P. 23(e)(1)(B).  Second, a court must direct notice to

the proposed settlement class, describing the terms of the proposed settlement and the definition

of the proposed class, to give them an opportunity to object to or to opt out of the proposed

settlement.  *See* Fed. R. Civ. P. 23(c)(2)(B); Fed. R. Civ. P. 23(e)(1), (5).  Third, after a hearing,

the court may grant final approval of the proposed settlement on a finding that the settlement is

fair, reasonable, and adequate, and certify the settlement class.  Fed. R. Civ. P. 23(e)(2).

Through this motion, Plaintiffs respectfully request that the Court set in motion the first

two steps of this three-part process: provide preliminary approval of the settlements, and

approval of the issuance of notice to the class.

## **ARGUMENT**

## I.    **The Court will be able to approve the settlement as fair, reasonable, and adequate.**

Recent amendments to Rule 23, which took effect on December 1, 2018, "provide new

guidance on the 'fair, adequate, and reasonable' standard at the preliminary approval stage."

*O'Connor v. Uber Techs., Inc.*, No. 13-03826, 2019 WL 1437101, at *4 (N.D. Cal. Mar. 29,

2019).  While the amendments provided new guidance, fairness, reasonableness, and adequacy

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2131754.1

-4-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

remain the "touchstones" for approval of a class action settlement.  *Zamora Jordan v. Nationstar Mortg., LLC*, No. 2:14-CV-0175-TOR, 2019 WL 1966112, at *2 (E.D. Wash. May 2, 2019). The amendments served to "to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal."  *Id.* (quoting Fed. R. Civ. P. 23 advisory committee's note to 2018 amendments).

Under the amended rule, a court is to preliminarily approve the settlement and direct notice to the class if it finds that the court "is likely to approve the proposal under Rule 23(e)(2)."  Rule 23(e)(2) contains the "core concerns of procedure and substance" that guide this inquiry.  The settlements readily satisfy the criteria for preliminary approval.

**A.**   **Class Counsel and the Settlement Class Representatives Have Adequately Represented the Class.**

Under Rule 23(e)(2), the Court first considers whether counsel for the class, as well as the class representatives, adequately represent the class.  Fed. R. Civ. P. 23(e)(2)(A).  This requirement is met. Class Counsel have zealously advanced the interests of the Plaintiffs and the proposed Settlement Class.  Following an extensive pre-filing investigation, they defeated motions to dismiss by the retailer defendants and the supplier defendants, and have taken on the daunting logistical task of pursuing discovery against over twenty defendants and from numerous third parties.  These efforts put Plaintiffs and the Class in a position to negotiate the prior set of settlements with the help of experienced mediators, leading to these Settlements.

As explained in the previous motion for preliminary approval, the Plaintiffs have worked tirelessly on behalf of the Settlement Class members they seek to represent, and more than meet this standard.  They have worked closely with proposed Class Counsel at every stage of this litigation, answered dozens of written discovery requests, produced thousands of documents, sat for day-long depositions, and personally participated in each of the mediations that led to these Settlements.  Each Plaintiff runs a small coffee farm, and amidst the challenges of the global pandemic, have unflaggingly devoted their time, along with expertise and experience as Kona

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2131754.1                                    -5-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1   farmers, to help Class Counsel move this litigation in a positive direction for the Settlement

2   Class.

3   **B.**     **The Settlements Are the Result of Arm's Length Negotiations.**

4   To grant final approval, this Court will determine if the proposed settlements were

5   negotiated at arm's length.  Fed. R. Civ. P. 23(e)(2)(B).  This Court is likely to so find here.

6   Settlements reached after a supervised mediation are entitled to a presumption of reasonableness

7   and the absence of collusion.  2 McLaughlin on Class Actions, § 6:7 (8th ed. 2011); *see also*

8   *Sandoval v. Tharaldson Emp. Mgmt., Inc.*, No. 08-482, 2010 WL 2486346, at *6 (C.D. Cal. June

9   15, 2010) ("The assistance of an experienced mediator in the settlement process confirms that the

10   settlement is non-collusive"); *Free Range Content, Inc. v. Google, LLC*, No. 14-CV-02329-BLF,

11   2019 WL 1299504, at *6 (N.D. Cal. Mar. 21, 2019) (holding that a "presumption of correctness"

12   attaches where, as here, a "class settlement [was] reached in arm's-length negotiations between

13   experienced capable counsel after meaningful discovery").

14   Here, proposed Settlement Class Counsel negotiated these settlements only after

15   conducting discovery, and obtaining sales and other pertinent data as to Gold's, Costco's, and

16   TJX's sales and businesses, as well as Gold's and its owner's overall financial condition.  Where

17   extensive information has been exchanged, "[a] court may assume that the parties have a good

18   understanding of the strengths and weaknesses of their respective cases and hence that the

19   settlement's value is based upon such adequate information."  William B. Rubenstein, et al., 4

20   Newberg on Class Actions § 13:49 (5th ed. 2012) ("*Newberg*"); *see also In re Anthem, Inc. Data*

21   *Breach Litig.*, 327 F.R.D. 299, 320 (N.D. Cal. 2018) (concluding that the "extent of discovery"

22   and factual investigation undertaken by the parties gave them "a good sense of the strength and

23   weaknesses of their respective cases in order to 'make an informed decision about settlement")

24   (citing *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000)).

25   Further, there is no evidence of fraud or collusion in arriving at resolution.  Only after

26   pertinent discovery and the meaningful exchange of information did the parties participate in

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2131754.1

-6-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

mediation.  Plaintiffs continued to litigate against these settling defendants after the first set of

settlements was negotiated, and have shown their willingness to continue with highly contested

litigation with all remaining defendants.

## C.   **The Relief for the Class is Substantial.**

Next Rule 23(e)(2)(C) asks whether the relief provided for the class is "adequate," taking

into account: "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any

proposed method of distributing relief to the class, including the method of processing class-

member claims; (iii) the terms of any proposed award of attorney's fees, including timing of

payment; and (iv) any agreement required to be identified under Rule 23(e)."  Fed. R. Civ. P.

23(e)(2)(C).  Here, the proposed settlements provide significant monetary relief and important

injunctive relief to the Class.

### 1.   **The settlement relief outweighs the costs, risks, and delay of trial and appeal.**

The settlements provide significant monetary and injunctive relief to the proposed

Settlement Class, and avoid the hurdles and delays associated with litigating class certification

and potential interlocutory appeals, dispositive motions, trial, and appeals.  *See Munday v. Navy*

*Fed. Credit Union*, No. 15-1629, 2016 WL 7655807, at *8 (C.D. Cal. Sept. 15, 2016) (granting

preliminary approval of class action settlement).  The Settlements account for these risks, costs,

and delays, and accordingly compensate Settlement Class Members for their past harm, and

prevents future harm by requiring Gold to join the other settling defendants in change their

practices going forward if they choose to sell such products, and as to Costco and TJX, binding

current *and* future suppliers to labeling and certification obligations for any Kona-labeled coffee

products.  While Plaintiffs believe in the merits of their case, success at class certification,

summary judgment, and trial is not guaranteed.  And any trial victory would come only after the

COVID-related backlog is cleared, and would be subject to years of appeals.

The immediate relief provided by the Settlements outweighs these risks, and the prospect

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2131754.1
-7-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1  of immediate relief weighs more heavily here, given the involvement of financially distressed

2  defendants.  *See Lane v. Facebook, Inc.*, 696 F.3d 811, 823–24 (9th Cir. 2012) (affirming trial

3  court did not abuse its discretion in concluding that class settlement was substantial in light of

4  the fact that a defendant was on the verge of bankruptcy when evaluating the risks of continued

5  litigation of meritorious claims); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir.

6  1993) (holding trial court acted within its discretion when considering the precarious financial

7  status of the defendant to determine the adequacy of the settlement); *In re Washington Public*

8  *Power Supply Sys. Securs. Litig.*, 720 F. Supp. 2d. 1379, 1395–6 (D. Ariz. 1989) (finding the

9  terms of a class agreement with the smallest defendants in a multiparty MDL were fair,

10 reasonable, and adequate where the defendants did not have assets Plaintiffs could obtain

11 "without precipitating virtually certain bankruptcy proceedings" for the defendants).  In other

12 words, as one court has put it in approving a class settlement, "[a] very large bird in the hand in

13 this litigation is surely worth more than whatever birds are lurking in the bushes."  *In re*

14 *Chambers Dev. Sec. Litig.*, 912 F. Supp. 822, 838 (W.D. Pa. 1995).

15

16          **2.    Settlement Class Members will obtain relief through a
                     straightforward claims process.**

17          "[T]he effectiveness of any proposed method of distributing relief to the class, including

18 the method of processing class-member claims," is also a relevant factor in determining the

19 adequacy of relief. Fed. R. Civ. P. 23(e)(2)(C)(ii).  This factor is intended to encourage courts to

20 evaluate a proposed claims process "to ensure that it facilitates filing legitimate claims.  A claims

21 processing method should deter or defeat unjustified claims, but the court should be alert to

22 whether the claims process is unduly demanding."  *Id.* Advisory Committee's note to 2018

23 amendments.  The claims process to be administered by the experienced settlement administrator

24 will be straightforward and manageable, involving a discrete community of farmers who are

25 highly aware of this case, and will be asked only to provide information about their aggregate

26 sales during the relevant time period.  This is information that all coffee farmers undoubtedly

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2131754.1                                              -8-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1    maintain and keep accessible, and will allow for a fair and efficient distribution of the net

2    settlement proceeds.  *See, e.g., Hefler v. Wells Fargo & Company*, No. 16-CV-05479-JST, 2018

3    WL 6619983, at *12 (N.D. Cal. Dec. 18, 2018) (approving pro rata settlement distribution based

4    on the purchase and sales data provided by class members); *Thomas v. MagnaChip*

5    *Semiconductor Corp.*, No. 14-CV-01160-JST, 2017 WL 4750628, at *8-9 (N.D. Cal. Oct. 20,

6    2017) (same).

7                     **3.    The terms of any proposed award of attorney's fees, including timing**
8                          **of payment, will be reasonable.**

9            Proposed Class Counsel will move the Court for an award of reasonable attorneys' fees

10   and reimbursement of their litigation expenses that is squarely in line with Ninth Circuit

11   precedent. Fed. R. Civ. P. 23(e)(2)(C)(iii).  The total amount requested will not exceed $2.6

12   million, or 25 percent of the total economic value of the settlement, whichever is less.[2]  Class

13   Counsel will also seek reimbursement of only a portion of the expenses they have incurred in this

14   litigation to date.  Class Counsel will file their fee application, which will provide the supporting

15   basis for their request, sufficiently in advance of the Exclusion/Objection deadline, and it will be

16   available on the Settlement website after it is filed.  Settlement Class Members will thus have the

17   opportunity to comment on or object under Fed. R. Civ. P. 23(h) prior to the Final Approval

18   Hearing.[3]

19

20   [2] The Court does not need to approve any specific fee amount before granting preliminary approval, only determine
     whether the request raises any obvious red flags that would preclude settlement approval. But it bears emphasis that

21   counsel's request is well within the norm for class settlements. When awarding attorney's fees on the percentage of
     the fund method in common fund cases, twenty-five percent (25%) is the benchmark, but a court may adjust that

22   benchmark up or down when warranted. *See Powers v. Eichen*, 229 F.3d 1249, 1256–57 (9th Cir. 2000).  And, the
     Court may consider the value of injunctive relief in awarding fees in a class action settlement. *See, e.g., Staton v.*

23   *Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003) (holding that in appropriate circumstances, the value of injunctive
     relief can be added to the common fund in applying the percentage method of awarding fees); *Farrell v. Bank k of*

24   *Am. Corp.*, 827 Fed. App'x 628, 630 (9th Cir. 2020) (affirming fee award based in part on consideration of value of
     injunctive relief); *Bennett v. SimplexGrinnell LP*, 11-cv-01854, 2015 WL 12932332, at *6 (N.D. Cal. Sept. 3, 2015).
     Class Counsel's fee request will be properly supported and reflect Ninth Circuit guidance on such requests.

25   [3] Per Fed. R. Civ. P. 23(e)(3), the parties have negotiated Supplemental Agreements described at paragraph 31 of the
     Gold settlement agreement, paragraph 30 of the Costco settlement agreement, and paragraph 30 of the TJX

26   settlement agreement.

**D.** **The Proposal Treats Class Members Equitably Relative to Each Other.**

The Settlement funds from the Gold settlement will be distributed fairly and equitably. *See* Fed. R. Civ. P. 23(e)(2)(D).  This subsection of Rule 23(e) determines "whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief."  *Id.* advisory committee's note to 2018 amendments. Each member of the proposed Class will receive a pro rata share of the settlement based on the volume of Kona coffee they sold during the limitations period.  This allocation plan ensures members of the proposed Class will receive meaningful compensation directly proportional to the harm they suffered based on their actual sales.  Additionally, Plaintiffs will request service awards for each plaintiff farm (three in total), as are commonly awarded in class actions, and are justified here by Plaintiffs' efforts in prosecuting the litigation.  *See*, *e.g.*, *Durant v. State Farm Mut. Auto. Ins. Co.*, No.2-15-01710-RAJ, 2019 WL 2422592 at *2 (W.D. Wash. June 10, 2019) (approving $10,000 incentive award to plaintiff as part of final approval of class action); *Carr v. United Health Care Serv., Inc.*, No.2:15-CV-1105, 2017 WL 11458425 at *3 (W.D. Wash. June 2, 2017) (approving incentive award); *Hardie v. Countrywide*, 2010 WL 3894377, at *2 (W.D. Wash. Sept. 30, 2010) (approving incentive award).

**II.** **The Court will be able to certify the Class for settlement purposes upon final approval.**

Since December 2018, the court must determine if it will be likely to certify the class prior to granting preliminary approval of the proposed class settlement.  Fed. R. Civ. P. 23(e)(1)(B)(ii); *David v. Bankers Life and Cas. Co.*, No. 14-CV-00766-RSL, 2019 WL 2339971, at *1 (W.D. Wash. June 3, 2019) (Lasnik, J.).  Certification of a settlement class is "a two-step process."  *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 2672 CRB (JSC), 2016 WL 4010049, at *10 (N.D. Cal. July 26, 2016) (Breyer, J.) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997)).  First, the Court must find that the proposed settlement class satisfies Rule 23(a)'s four requirements.  *Id.* (citing Fed. R. Civ. P. 23(a)).  Second, the Court must find that "a class action may be maintained under either

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2131754.1

-10-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

Rule 23(b)(1), (2), or (3)." *Id.* (citing *Amchem*, 521 U.S. at 613).  The proposed Settlement Class here readily satisfies all requirements of Rule 23(a), as well as those of Rule 23(b)(3).  The Settlement Class is identical to the one that the Court recently found meets the requirements of Rule 23.  *See* Dkt. 400 ¶ 3.

### A.   The Settlement Class Meets Rule 23(a)'s Requirements.

**Rule 23(a)(1): The Class is sufficiently numerous**.  Rule 23(a)(1) is satisfied where, as here, "the class is so numerous that joinder of all class members is impracticable."  Fed. R. Civ. P. 23(a)(1).  A "class of 41 or more is usually sufficiently numerous."  5 *Moore's Federal Practice—Civil* § 23.22 (2016); *see also In re Banc of California Sec. Litig.*, 326 F.R.D. 640, 646 (C.D. Cal. 2018).  Plaintiffs alleged that there are more than 600 members of the Settlement Class, Third Am. Compl. ¶¶ 33, 43, Dkt. No. 381, and through discovery from third parties that provide milling and processing services to a large proportion of the class, have confirmed the size of the class.  *See* accompanying Declaration of Nathan Paine ¶ 9.  Numerosity is satisfied.

**Rule 23(a)(2): Common questions of law and fact are present.**  "Federal Rule of Civil Procedure 23(a)(2) conditions class certification on demonstrating that members of the proposed class share common 'questions of law or fact.'"  *Stockwell v. City & Cnty. of San Francisco*, 749 F.3d 1107, 1111 (9th Cir. 2014).  Courts routinely find commonality where, as here, the class claims arise from a defendant's uniform course of conduct.  *Jama v. Golden Gate America, LLC*, No. 2:16-CV-00611-RSL, 2017 WL 7053650, at *1 (W.D. Wash. June 27, 2017) (Lasnik, J.).

Here, the Settlement Class' claims are rooted in common questions of fact relating to Defendants' use of the "Kona" name.  This Court has recognized that Plaintiffs alleged that Defendants "falsely designated the geographic origin of their coffee as Kona," that they misled "consumers into believing their products contain an appreciable amount of Kona coffee beans in order to use the reputation and goodwill of the Kona name to justify higher prices for what is actually ordinary commodity coffee," and that the alleged false designation "damages the geographic designation itself and the designation's value to the farmers of authentic Kona coffee

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2131754.1

-11-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

from the Kona District." *See* Dkt. No. 155 at 2–3 (Order Denying Mot. to Dismiss).  The answer

to the question of whether a defendant's label does or does not contain a false designation of

origin will not vary among class members.  This case thus presents common questions of fact

that would yield, if litigated, common answers "apt to drive the resolution of the litigation" for

the Settlement Class as a whole. *Wal-Mart Stores v. Dukes*, 564 U.S. 338, 350 (2011).  This

common course of conduct satisfies commonality.

   **Rule 23(a)(3): Settlement Class Representatives' claims are typical of those of the**

**Class members'.**  Under Rule 23(a)(3), "'the claims or defenses of the representative parties'"

must be "'typical of the claims or defenses of the class.'"  *Parsons v. Ryan*, 754 F.3d 657, 685

(9th Cir. 2014) (quoting Fed. R. Civ. P. 23(a)(3)).  "Typicality 'assure[s] that the interest of the

named representative aligns with the interests of the class.'"  *Id.* (quoting *Wolin v. Jaguar Land*

*Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (citation and quotations omitted)).

Specifically, "'representative claims are 'typical' if they are reasonably coextensive with those of

absent class members; they need not be substantially identical.'"  *Id.* (quoting *Hanlon v. Chrysler*

*Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).

   The Settlement Class Representatives' claims are typical of other Settlement Class

Members' claims; they assert the same claims under the Lanham Act.  The Settlement Class

Representatives have alleged that a common course of conduct injured the Settlement Class

Representatives and the proposed Settlement Class in the same way.  The Settlement Class

Representatives, like the members of the proposed Settlement Class, grew and sold authentic

Kona coffee, but they competed against suppliers and sellers of coffee labeled as "Kona" or

"Kona Blend" that in fact contained little or no appreciable amount of authentic Kona coffee.

*See* Sec. Am. Compl. ¶ 33(c).  Further, Plaintiffs alleged that the false designation of ordinary

commodity coffee as "Kona" coffee depressed the market price of authentic Kona coffee, which

negatively affected the price both the Settlement Class Representatives and Settlement Class

Members could receive for their Kona coffee. *See Id.* ¶ 3.  Typicality is satisfied.

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2131754.1                                                -12-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1    **Rule 23(a)(4): The Settlement Class Representatives have and will protect the**

2    **interests of the Class.**  Rule 23(a)(4)'s adequacy requirement is met where, as here, "the

3    representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P.

4    23(a)(4).  Adequacy entails a two-prong inquiry: "'(1) do the named plaintiffs and their counsel

5    have any conflicts of interest with other class members and (2) will the named plaintiffs and their

6    counsel prosecute the action vigorously on behalf of the class?'" *Evon v. Law Offices of Sidney*

7    *Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012) (quoting *Hanlon*, 150 F.3d at 1020).  Both prongs

8    are readily satisfied here.

9    First, the Settlement Class Representatives have no interests antagonistic to Settlement

10   Class Members and will continue to protect the Class' interests in the implementation of the

11   settlement and in continuing litigation against the non-settling defendants, and there are no

12   conflicts of interest between the class representatives and members of the Settlement Class.  *See*

13   *Sampson v. Knight Transportation, Inc.*, No. C17-0028-JCC, 2020 WL 3050217, at *5 (W.D.

14   Wash. June 8, 2020) ("Plaintiffs' claims . . . are uniform across the class members, thus the

15   Plaintiffs adequately represent the injuries of the putative class.").  The Class Representatives

16   "suffered the same injuries as other members" of the Class in the form of reduced market prices

17   and damage to goodwill and reputation.  *Id.*  The Class Representatives also understand their

18   duties, have agreed to consider the interests of absent Settlement Class Members, and have

19   reviewed and uniformly endorsed the Settlement terms.  *See* Lichtman Decl. ¶ 18.

20   Second, proposed Class Counsel have and will continue to vigorously and ethically

21   pursue this litigation.  *See Wilburv. City of Mount Vernon*, 298 F.R.D. 665, 669 (W.D. Wash.

22   2012) (Lasnik, J.) (finding adequacy requirement satisfied and granting class certification).  The

23   two firms serving as proposed Class Counsel bring a wealth of experience in complex civil

24   litigation and class actions, along with relevant expertise in intellectual property litigation.  They

25   have and will continue to commit substantial resources to this case.  *See* Lichtman Decl. ¶ 3.

26   Proposed Class Counsel have undertaken an enormous amount of work, including a pre-filing

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2131754.1
-13-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1    scientific investigation, litigating dispositive motions, and extensive discovery to advocate for

2    the Class. *Id.* ¶ 10.  They satisfy Rule 23(a)(4)'s adequacy requirement, as well as the standard

3    for appointment of class counsel under Rule 23(g).

### B.    The Settlement Class Meets Rule 23(b)(3)'s Requirements.

5    Rule 23(b)(3)'s requirements are also satisfied because (i) "questions of law or fact

6    common to class members predominate over any questions affecting only individual members";

7    and (ii) a class action is "superior to other available methods for fairly and efficiently

8    adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).

9    **Predominance.**  "The predominance inquiry 'asks whether the common, aggregation-

10   enabling, issues in the case are more prevalent or important than the non-common, aggregation-

11   defeating, individual issues.'"  *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016).

12   The rule requires "a showing that *questions* common to the class predominate, not that those

13   questions will be answered, on the merits, in favor of the class." *Amgen Inc. v. Conn. Ret. Plans*

14   *and Tr. Funds*, 568 U.S. 455, 459 (2014).  Thus, "[w]hen common questions present a significant

15   aspect of the case and they can be resolved for all members of the class in a single adjudication,

16   there is clear justification for handling the dispute on a representative rather than on an

17   individual basis."  *Hanlon*, 150 F.3d at 1022.

18   Here, common questions predominate because there are few, if any, individualized

19   factual issues, and because the core factual and legal questions involve the defendants' conduct:

20   (1) whether their labels were false or misleading; (2) whether those labels created or were likely

21   to create confusion among consumers; and (3) whether the conduct was willful.  Questions of

22   damages are also common: these will turn on how much money defendants made by selling their

23   products and the extent to which conduct at issue negatively impacted the market price of

24   authentic Kona Coffee and/or damaged the goodwill and reputation of the Kona name.  Common

25   questions predominate.

26   **Superiority.**  Rule 23(b)(3)'s superiority requirement asks "whether the objectives of the

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2131754.1

-14-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1    particular class action procedure will be achieved in the particular case." *Hanlon*, 150 F.3d at

2    1023.  In other words, the court must "determine whether maintenance of this litigation as a class

3    action is efficient and whether it is fair." *Wolin*, 617 F.3d at 1175-76.  Under Rule 23(b)(3), "the

4    Court evaluates whether a class action is a superior method of adjudicating plaintiff's claims by

5    evaluating four factors: '(1) the interest of each class member in individually controlling the

6    prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning

7    the controversy already commenced by or against the class; (3) the desirability of concentrating

8    the litigation of the claims in the particular forum; and (4) the difficulties likely to be

9    encountered in the management of a class action.'" *Trosper v. Styker Corp.*, 13-CV-0607-LHK

10   2014 WL 4145448, at *17 (N.D. Cal. August 21, 2014).

11        A class action is the superior method of adjudication of these claims.  First, the

12   Settlement Class Members have little incentive to individually prosecute this action: the risks

13   and expense of proceeding individually are prohibitive in a case like this one, in which individual

14   damages are comparatively small in relation to the costs an individual plaintiff would have to

15   incur to prove liability and damages, which requires expert analysis from multiple fields.  *See*

16   *Just Film v. Buono*, 847 F.3d 1108, 1123 (9th Cir. 2017) (affirming finding of superiority in case

17   where individual damages are too small "to make litigation cost effective in a case against

18   funded defenses and with a likely need for expert testimony").  Second, it is more efficient for

19   the parties and the Court to have a single resolution rather than individual cases about the same

20   issue.  Without a class, the hundreds of individuals and entities that grow authentic Kona coffee

21   would have no recourse, or a multiplicity of suits would follow resulting in an inefficient and

22   possibly disparate administration of justice.  By resolving these issues in one action, the Court

23   "will avoid the risk of duplicative efforts by multiple judges, as well as potentially inconsistent

24   rulings." *McCluskey v. Trustees of Red Dot Corp. Emp. Stock Ownership Plan and Trust*, 268

25   F.R.D. 670, 674 (W.D. Wash. 2010).

26        Finally, because this Court is considering the likelihood of class certification in the

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2131754.1                                    -15-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1  settlement context, this Court need not consider any possible management-related problems as it

2  otherwise would.  *See Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted

3  with a request for settlement-only class certification, a district court need not inquire whether the

4  case, if tried, would present intractable management problems, see Fed. R. Civ. P. 23(b)(3)(D),

5  for the proposal is that there be no trial.").  Superiority is met here, and Rule 23(e)(1)(B)(ii) is

6  satisfied.

7  **III.  <u>The proposed notice plan should be approved.</u>**

8          Before a proposed class settlement may be finally approved, the Court "must direct notice

9  in a reasonable manner to all class members who would be bound by the proposal."  Fed. R. Civ.

10  P. 23(e)(1).  Where certification of a Rule 23(b)(3) settlement class is sought, the notice must

11  also comply with Rule 23(c)(2)(B), which requires:

12        the best notice that is practicable under the circumstances,
13        including individual notice to all members who can be identified
      through reasonable effort. The notice may be by one or more of the
14        following: United States mail, electronic means, or other
      appropriate means. The notice must clearly and concisely state in
15        plain, easily understood language: (i) the nature of the action; (ii)
      the definition of the class certified; (iii) the class claims, issues, or
16        defenses; (iv) that a class member may enter an appearance
      through an attorney if the member so desires; (v) that the court will
      exclude from the class any member who requests exclusion; (vi)
17        the time and manner for requesting exclusion; and (vii) the binding
      effect of a class judgment on members under Rule 23(c)(3).
18

19  Fed. R. Civ. P. 23(c)(2)(B); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974).

20          The proposed Notice program here is identical to the one that the Court recently approved

21  (Dkt. 400) and that Plaintiffs, with the Settlement Administrator, are on track to effectuate.  Like

22  the recently approved program, it was designed in consultation with the proposed Settlement

23  Administrator and meets all applicable standards.  *See Ali v. Menzies Aviation, Inc.*, No. 2:16-

24  CV-00262RSL, 2016 WL 4611542, at *4 (W.D. Wash. Sept. 6, 2016) (Lasnik, J.) (approving

25  form and plan of notice).  The proposed Notice program includes direct notice to Settlement

26  Class Members sent via first class U.S. Mail for all members for whom address information is

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2131754.1

-16-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1   available (which is nearly the entire class), publication notice in the newspaper widely read and

2   circulated in the Kona region (the *West Hawaii Today*), the establishment of a settlement

3   website—where Settlement Class Members can view the full Settlement Agreements, the Notice,

4   and other key case documents—and the establishment of a toll-free telephone number where

5   Settlement Class Members can get additional information.  Moreover, the proposed forms of

6   notice (Ex. 4 and Ex. 5) inform Settlement Class Members, in clear and concise terms, about the

7   nature of this case, the Settlements, and their rights, including all of the information required by

8   Rule 23(c)(2)(B).[4]  The Court should approve the proposed Notice program.

9   **CONCLUSION**

10         For the foregoing reasons, Plaintiffs respectfully request that the Court grant preliminary

11   approval of the proposed settlements, direct notice to the class, and set a schedule for the

12   remaining steps towards final approval, as set out in the accompanying proposed order or as the

13   Court deems fit.

14

15   Dated:  March 8, 2021

16   KARR TUTTLE CAMPBELL          LIEFF CABRASER HEIMANN &
                                         BERNSTEIN, LLP

17   /s Nathan T. Paine                     /s/ Jason L. Lichtman
   Paul Richard Brown, WSBA #19357         Jason L. Lichtman (*pro hac vice*)

18   Nathan T. Paine, WSBA #34487            Daniel E. Seltz (*pro hac vice*)
   Daniel T. Hagen, WSBA #54015            250 Hudson Street, 8th Floor

19   701 Fifth Avenue, Suite 3300              New York, NY  10013-1413
   Seattle, Washington 98104                Telephone:  212-355-9500

20   206.223.1313

21                                               Andrew Kaufman (*pro hac vice*)

22                                               222 2nd Avenue South, Suite 1640
                                            Nashville, TN  37201

23                                               615.313.9000

24                                               *Attorneys for the Plaintiffs*
                                            *and the Proposed Settlement Class*

25   _____
   [4] Certain dates in the notices are tied to the date that this Court grants preliminary approval of the proposed

26   settlement and issuance of notice, as reflected in the accompanying proposed order.  When those dates are known,
the Settlement Administrator will fill in dates in the notices consistent with this Court's order.

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL          LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Case No. 2:19-CV-00290-RSL                           250 Hudson Street, 8th Floor
2131754.1                           -17-                      New York, NY  10013-1413
                                                Tel. 212.355.9500 • Fax 212.355.9592

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2131754.1

-18-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1

## **CERTIFICATE OF SERVICE**

2      I, Daniel E. Seltz, certify that on March 8, 2021, I caused the foregoing to be

3  electronically filed with the Clerk of the Court using the CM/ECF system, which will send

4  notification of such filing to those attorneys of record registered on the CM/ECF system.

5

6                          /s *Daniel E. Seltz*
                         Daniel E. Seltz

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2131754.1                                    -19-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592