BRUCE CORKER d/b/a RANCHO ALOHA,
*et al.*,

                    Plaintiffs,

        v.

COSTCO WHOLESALE CORPORATION,
*et al.*,

                    Defendants.

Cause No. C19-0290RSL

ORDER DENYING L&K'S MOTION
FOR PROTECTIVE ORDER

        This matter comes before the Court on "Defendant L&K Coffee Co., LLC's Motion for

Protective Order Regarding the Notice of Deposition to Non-Party L&K's Owner/Employee

Kevin Kihnke." Dkt. # 372.[1] L&K argues that its president and owner, Mr. Kihnke, should not

be required to testify live at a deposition because of medical issues that may impede his ability to

provide accurate and reliable testimony in that setting. L&K also objects to the timing and scope

of the proposed deposition and objects to the accompanying document request as vague and an

invasion of various privileges. Each of these contentions is considered below.

        Rule 26 of the Federal Rules of Civil Procedure governs the permissible scope of

---

[1] Between the time the motion and reply memoranda were filed, the Court granted plaintiffs leave
to add Mr. Kihnke as a defendant.

ORDER DENYING L&K'S MOTION
FOR PROTECTIVE ORDER - 1

discovery in federal civil litigation. L&K does not challenge the relevance and proportionality of the discovery sought: it therefore has the burden under Rule 26(c) of showing that a protective order is necessary to avoid "annoyance, embarrassment, oppression, or undue burden or expense" in connection with the discovery request. To establish good cause for a protective order, the movant must show "'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)).

**A. Deposition by Written Question**

Mr. Kihnke suffers from an episodic medical condition which, if he is in the midst of a flare-up, can result in problems with memory and concentration. He therefore requests that he be deposed by way of written questions under Rule 31 so that he, his counsel, and L&K can work together to develop complete and accurate responses to the questions. Rule 31 allows litigants to conduct a deposition through written questions.

> [T]he questions are written in advance and served on all parties. Questions other parties desire to ask are likewise written out and served. Additional questions in the nature of "redirect examination" and "re-cross examination" may be exchanged. Unless abbreviated by agreement or by order, the process takes at least 28 days. On the date set for the deposition, the accumulated written questions are read to the witness by the officer—usually the court reporter—designated to make the deposition record. The answers must be given extemporaneously and recorded, as in other depositions, either by a stenographer or by audio or video recorder. The process of responding, objecting, or even instructing the witness not to answer is the same as in oral depositions.

3 Bus. & Com. Litig. Fed. Cts. § 24:4 (4th ed.). *See also Mosley v. Nangalama*, No. 2:13-CV-00270-KJN P, 2014 WL 1877459, at *2 (E.D. Cal. May 9, 2014). Because the

ORDER DENYING L&K'S MOTION
FOR PROTECTIVE ORDER - 2

questions are exchanged before the deposition, the procedure is analogous to a take-home examination and deprives the deposing party of the chance to ask follow-up questions. Given the arguments raised in the motion, the risk that Mr. Kihnke's responses to written questions would be in lockstep with L&K's prior discovery responses is significant. Use of the written question format would deprive plaintiffs' counsel of the opportunity to "use the skills of his trade to plumb the depths of a witness' recollection, using to advantage not only what a witness [or his company] may have admitted in answering interrogatories, but also any new tidbits that usually come out in the course of answering carefully framed and pin-pointed deposition questions." *Shoen v. Shoen*, 5 F.3d 1289, 1297 (9th Cir. 1993).

L&K argues that these disadvantages are "minor inconveniences" that are outweighed by "the need to accommodate Mr. Kihnke's medical condition." Dkt. # 372 at 11. L&K is not arguing that a deposition under the procedures set forth in Rule 30 would be deleterious to Mr. Kihnke's health, however. Dkt. # 386 at 4. Nor has it shown that Mr. Kihnke's medical condition compromises his ability to sit for a deposition or poses a hardship for the witness. Rather, the company argues that forcing Mr. Kihnke to respond extemporaneously would be prejudicial to L&K because his condition might interfere with the substance of his responses: in short, L&K is concerned about what Mr. Kihnke might say and how plaintiffs might use those responses. While the Court clearly has the power to "prescrib[e] a discovery method other than the one selected by the party seeking discovery" (Rule 26(c)(1)(C), in the circumstances presented here, L&K has not shown that a deposition through written questions in necessary to avoid annoyance, embarrassment, oppression, or undue burden or expense. The Court therefore

declines to exercise its discretion in L&K's favor. [2]

**B. Limitations Imposed by Rule 30(b)(6)**

L&K objects to the fact that it has not been apprised of the topics about which Mr.

Kihnke might be asked at deposition, citing Rule 30(b)(6) as the source of such an obligation.

Mr. Kihnke is being deposed in his personal capacity, not as the representative of L&K. Rule

30(b)(6) is therefore inapplicable. The objection is overruled.

**C. Timing**

L&K argues that, because Mr. Kihnke was only recently added as a defendant in this

matter, discovery against him is stayed under Rule 26 until the parties have conferred regarding

case management issues. A Rule 26(f) conference already took place in this action, however, and

a case management schedule was established long ago. Dkt. # 115 and # 125. Discovery has

been on-going for almost two years. L&K offers no case law or plausible reading of Rule 26 that

supports its argument that an additional Rule 26(f) conference is required every time a new party

is added to the case. While the language of Rule 26 does not explicitly address what happens

when a new party is added, it is clear that the primary purpose of the conference is to facilitate

the preparation of a case management schedule that is appropriate for the case. *See also*

Advisory Committee Notes, 1993 amendment (subdivision f) (indicating that all parties who

have appeared in the case are obligated to participate in the Rule 26(f) conference "[t]o assure

that the court has the litigants' proposals before deciding on a scheduling order and that the

---

[2] Plaintiffs have offered to accommodate Mr. Kihnke's condition by taking his deposition over
several days, if necessary. Dkt. # 383 at 7. The Court expects the parties to be flexible: if Mr. Kihnke's
condition flares up during the deposition, the parties shall take a recess and cooperate in scheduling its
completion.

ORDER DENYING L&K'S MOTION
FOR PROTECTIVE ORDER - 4

commencement of discovery is not delayed."). "If more parties are joined or appear after the initial meeting, an additional meeting may be desirable," but it is clearly not mandatory. *Id.*

"Because a prior Rule 26(f) conference was held and a scheduling order issued, an additional Rule 26(f) conference was not *required* as to the newly added parties before discovery could proceed as to them." *In re Outlaw Laboratories, LP Litig.*, No. 18CV840 GPC (BGS), 2020 WL 1674552, at *5-7 (S.D. Cal. Apr. 6, 2020) (emphasis in original) (collecting cases). In the absence of any reason why the parties should again be required to confer regarding case management issues or why discovery from the newly-added party should be further postponed, the Court declines to require another Rule 26(f) conference.

**D. Vagueness**

The deposition notice served on Mr. Kihnke requests that the witness produce at the examination "any and all documents and records examined by the Witness in preparation for deposition and/or referenced to and/or relied upon in said person's deposition." Dkt. # 373 at 44. L&K asserts that this request for documents is vague and ambiguous in that Mr. Kihnke has no idea what documents he might reference or rely upon in response to questions asked at the deposition and therefore cannot have them ready to produce at the examination.[3]

The request for the production of documents reviewed in preparation for the deposition is clear, unambiguous, and substantively unopposed: those documents shall be produced at the time of the deposition. If Mr. Kihnke refers to or relies on other documents during the deposition, he

---

[3] L&K initially asserted a privilege objection, but did not pursue that objection in its reply memorandum. To the extent Mr. Kihnke reviewed privileged material in preparation for his deposition, he may withhold the documents and produce a privilege log sufficient to allow plaintiffs to evaluate the claim of privilege.

ORDER DENYING L&K'S MOTION
FOR PROTECTIVE ORDER - 5

1   shall produce them within seven days of the reference or reliance.

2

3
        For all of the foregoing reasons, L&K's motion for a protective order (Dkt. # 372) is
4
    DENIED.
5

6

7       Dated this 21st day of June, 2021.

8                                          *MwrS Casnik*
                                           Robert S. Lasnik
9                                          United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
    ORDER DENYING L&K'S MOTION
28  FOR PROTECTIVE ORDER - 6