UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE CORKER, *et al*., on behalf of themselves and others similarly situated,

Plaintiff,

v.

COSTCO WHOLESALE CORPORATION, *et al*.,

Defendants.

Case No. 2:19-CV-00290-RSL

**ORDER GRANTING MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS**

Upon review and consideration of Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards ("Motion"), and all declarations and exhibits submitted in support thereof, the Court GRANTS the motion and finds as follows:

1. Unless otherwise provided, all capitalized terms shall have the same meaning as set forth in the Motion.

2. Plaintiffs have presented eight class action settlements for the Court's approval. The settlements include monetary relief totaling $13,105,750.00, and injunctive provisions that institute labeling changes for the products supplied and sold by the Settling Defendants. Plaintiffs' experts have calculated the value of the injunctive relief provided for in the

ORDER
Case No. 2:19-CV-00290-RSL

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

settlements to be $37.9 million over five years. The Court has reviewed the declarations of Plaintiffs' experts and finds that the value of the injunctive relief provided for in the settlements is quantifiable, and that the experts present a reliable methodology for calculating that value.

## 2. Attorneys' Fees

3. Class Counsel have requested attorneys' fees in the amount of $5.6 million, or just under 11 percent of the total economic value of the settlements. The Court will apply the percentage-of-the-fund method to calculate their award, taking into account both the monetary component of the eight settlements and the value of the injunctive relief deriving from the injunctive relief components of the settlements. *See Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003).

4. The requested fees are fair and reasonable under the circumstances. The Court reaches this conclusion upon consideration of the results achieved, the complexity of the case and risks involved in prosecuting it, especially on a contingent basis, the benefits to the class beyond the immediate generation of a cash fund, fees awarded in similar cases, and a lodestar cross-check. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-52 (9th Cir. 2002).

5. First, the results obtained by Class Counsel are excellent. In addition to the substantial monetary component of the settlements, the settlements also provide for meaningful injunctive relief in the form of practice changes on the part of the Settling Defendants who supply the coffee at issue in this litigation and the Settling Defendants who are retailers, and whose vendors will now be subject to certification and labeling processes.

6. Second, the Court finds that the complexity of this case presented unusual risks, particularly in a contingent fee case. The sheer number of defendants presented its own complexities, as did pursuing Lanham Act claims on a class basis, in the onset of and through a global health crisis. These circumstances weigh in favor of the requested fee.

ORDER
Case No. 2:19-CV-00290-RSL

-2-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

7. Third, the Court has considered the benefits to the Settlement Class beyond the cash component of the settlements. The Court finds that the injunctive relief provisions of the settlements support the requested fee.

8. Fourth, the Court has considered other cases involving the creation of both a cash fund and quantifiable injunctive relief, and finds that the requested fee is consistent with awards in analogous cases.

9. The Court also exercises its discretion to perform a lodestar cross-check. *See Vizcaino*, 290 F.3d at 1050. The Court finds that the hours and rates used to generate the overall lodestar figure are reasonable. That cross-check reveals a negative multiplier of [.66], which confirms the reasonableness of the requested fee.

10. The Court grants Class Counsel's request of a fee of $5,600,000 to be paid from the Settlement Funds generated by the settlements presented to the Court to date.

### 3. Costs and Expenses

11. Class Counsel has also requested reimbursement of litigation expenses in the amount of $1,200,000.

12. The Court has reviewed Class Counsel's costs and finds that they were reasonably incurred, and accordingly grants reimbursement of $1,200,000 from the Settlement Funds.

### 4. Service Awards

13. Class Counsel requests service awards of $35,000 for each farm whose owners have served as class representatives in this litigation: Rancho Aloha, Kanalani Ohana Farm, and Smithfarms.

14. The requested awards are fair and reasonable. The owners of each farm, as class representatives, invested substantial amounts of time in this case and have made significant contributions to the case on behalf of the members of the Settlement Class. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). The Court accordingly awards the

ORDER
Case No. 2:19-CV-00290-RSL
-3-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

requested service awards of $35,000 to each of the three farming units as follows: (a) Bruce Corker; (b) Colehour and Melanie Bondera; and (c) Robert and Cecelia Smith.

Dated this 25th day of June, 2021.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER
Case No. 2:19-CV-00290-RSL

-4-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592