# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| BRUCE CORKER, *et al*., on behalf of themselves and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, *et al*.,<br><br>Defendant. | Case No. 2:19-CV-00290-RSL<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL** |

THIS MATTER comes before the Court upon the unopposed "Motion for Final Approval of the Class Settlement" filed by Plaintiffs. The Court, being fully advised of the premises of the Motion, FINDS:

1. Plaintiff commenced this action by filing their Complaint on February 27, 2019, and ultimately filed a Third Amended Complaint on April 30, 2020 (Dkt. 381) ("Complaint"). Plaintiffs alleged that the defendants violated the Lanham Act, 15 U.S.C. § 1125, by misleadingly labeling and selling coffee not from the Kona region as "Kona" coffee. On November 12, 2019, this Court denied motions to dismiss Plaintiffs' original complaint (Dkt. 155), and discovery began.

FINAL JUDGMENT AND ORDER OF DISMISSAL
Case No. 2:19-CV-00290-RSL

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

2. Plaintiffs have negotiated class action settlements with eight defendants: (1) BCC Assets LLC d/b/a Boyer's Coffee ("BCC"), (2) Cameron's Coffee and Distribution Company ("Cameron's"), (3) Copper Moon Coffee, LLC ("Copper Moon"), (4) Cost Plus Inc. ("Cost Plus), (5) Pacific Coffee, Inc., d/b/a Maui Coffee Company ("MCC"), (6) Gold Coffee Roasters, Inc., Costa Rican Gold Coffee Company, Inc., and John Parry ("Gold"), (7) Costco Wholesale Corporation ("Costco"), and (8) The TJX Companies, Inc. and Marshalls of MA, Inc. (together, "TJX"). (collectively, "Settling Defendants"). The Settlement Agreements with BCC, Cameron's, Copper Moon, Cost Plus, and MCC were attached as Exhibits 1-5 to the declaration of counsel accompanying the Motion for Preliminary Approval of Class Action Settlements, filed on January 29, 2021 (Dkt. 394-1 through 5), and the Settlement Agreements with Gold, TJX, and Costco, were filed on March 8, 2021 as Exhibits 1-3 to the Motion for Preliminary Approval of Class Action Settlements, filed on March 8, 2021 (Dkt. 412-1 through 3).

3. Through the Settlement Agreements, Settling Defendants will fully and completely satisfy the claims of Class Members relating to the claims alleged by Plaintiffs in the Third Amended Complaint by paying Class Members a total payment of $13,105,750, and provide injunctive relief relating to the labeling of the Kona coffee products at issue. Attorneys' fees and costs of Class Counsel and administrative costs will be paid from the Settlement Fund. By entering into the Settlement Agreements, the Settling Defendants made no admissions relating to the claims raised in this lawsuit, nor did Plaintiffs make admissions relating to the Settling Defendants' Defenses.

4. The Settlement Class, as defined in each of the Settlement Agreements, includes the following: All persons and entities who, between February 27, 2015, and the date of Court's

FINAL JUDGMENT AND ORDER OF DISMISSAL
Case No. 2:19-CV-00290-RSL
-2-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

order granting preliminary approval to the settlement, farmed Kona coffee in the Kona District and then sold their Kona coffee. Excluded from the Settlement Class are any defendants to the action, as well as any judge assigned to the action, and the judge's immediate family and staff.

5. The Settlement Agreements describe the claims that are being settled on behalf of the Class (defined as the "Settled Claims"). The Settlement Agreements and their terms, including the definitions, are incorporated into this Final Judgment And Order of Dismissal (the "Final Judgment") as if fully set forth herein. The Settlement Agreements and Final Judgment shall be referred to collectively herein as the "Settlements."

6. This Court entered an Order dated February 17, 2021, directing that notice of the proposed Settlements with the first five Settling Defendants be effectuated as to the Settlement Class (Dkt. 400), and an Order dated March 9, 2021, directing that notice of the proposed settlements with the three additional defendants be effectuated as to the Settlement Class (Dkt. 414) (together, "Preliminary Approval Orders"). The Preliminary Approval Orders set a hearing for June 18, 2021 to determine whether the proposed Settlements should be approved as fair, reasonable and adequate.

7. In accordance with the Court's Preliminary Approval Orders, the Settlement Administrator caused to be mailed and emailed to potential members of the Settlement Class for whom addresses could be located, a notice (the "Settlement Notice") in the form approved by the Court in the Preliminary Approval Orders. Also in accordance with the Court's Preliminary Approval Orders, the Settlement Administrator also caused the publication notice to be placed in the *West Hawaii Today*. The Court finds that the Settlement Notice, along with the publication notice, provided to potential members of the Settlement Class constituted the best and most

FINAL JUDGMENT AND ORDER OF DISMISSAL
Case No. 2:19-CV-00290-RSL
-3-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

practicable notice under the circumstances, thereby complying fully with due process and Rule 23 of the Federal Rules of Civil Procedure. The Court did not receive any objections to the Settlement from class members.

8. The Settling Defendants caused to be mailed to the appropriate federal and state officials the materials required to be submitted by the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.* ("CAFA"). The Court finds that CAFA's notice requirements have been satisfied.

9. On June 18, 2021, the Court held a hearing on the proposed Settlements, at which time all interested persons were given an opportunity to be heard. Furthermore, the Court has read and considered all submissions in connection with the Settlements. Having done so, the Court has determined that approval of the Settlements will bestow a substantial economic benefit on the Settlement Class, result in substantial savings in time and money to the litigants and the Court and will further the interests of justice, and that the Settlements are the product of good-faith arm's length negotiations between the Settling Parties.

NOW, THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

10. The Settlement Agreements, including all of the terms defined therein including but not limited to the definitions of "Settled Claims," are incorporated herein. Any terms used in this Final Judgment are governed by their definitions in the Settlement Agreements. The Court has jurisdiction over the subject matter of this litigation and all parties to this litigation, including all members of the Settlement Class.

11. Pursuant to Fed. R. Civ. P. 23(e), the Court finds that the proposed Settlement

FINAL JUDGMENT AND ORDER OF DISMISSAL
Case No. 2:19-CV-00290-RSL

-4-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

Class meets the requirements for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3) as follows:

    a.    The Settlement Class is so numerous that joinder of all members in a single proceeding would be impracticable;

    b.    Resolution of the claims will involve common questions of law and fact;

    c.    The named Plaintiffs' claims are typical of those of the Settlement Class Members;

    d.    The named Plaintiffs and Settlement Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; and

    e.    Questions of law and fact common to the Settlement Class predominate over the questions affecting only individual Settlement Class Members, and certification of the Settlement Class is superior to other available methods to the fair and efficient adjudication of this controversy.

12.    The certified Settlement Class is defined for purposes of the Settlement Agreements and this Final Judgment as set forth in Paragraph 4 above.

13.    Upon review and application of the factors set forth in Federal Rule of Civil Procedure 23(e)(2), the Court finds that the Settlements were made in good faith and their terms are fair, reasonable, and adequate as to the Settlement Class.

14.    Therefore, the Settlements are approved in all respects, and shall be binding upon, and inure to the benefit of, all members of the Settlement Class.

15.    All Settled Claims are hereby dismissed with prejudice.

FINAL JUDGMENT AND ORDER OF DISMISSAL  
Case No. 2:19-CV-00290-RSL  
-5-  
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP  
250 Hudson Street, 8th Floor  
New York, NY 10013-1413  
Tel. 212.355.9500 • Fax 212.355.9592

16. This Final Judgment may not be used as an admission by or against Settling Defendants of any fact, claim, assertion, matter, contention, fault, culpability, obligation, wrongdoing or liability whatsoever.

17. The Court has, by separate order, granted Class Counsel's "Motion for Attorneys' Fees and Reimbursement of Litigation Expenses." The amount of Attorneys' Fees and Litigation Expenses awarded to Class Counsel shall be distributed to Class Counsel by the Settlement Administrator from the Settlement Funds.

18. The Court reserves jurisdiction over this matter, the Settling Parties, and all counsel herein, without affecting the finality of this Final Judgment, including over (a) the implementation, administration, and enforcement of this Settlement and any award or distribution from the Settlement Funds; (b) disposition of the Settlement Funds; and (c) other matters related or ancillary to the foregoing.

19. Unless otherwise provided for by an individual Settling Defendant's settlement agreement, Settling Defendants shall pay their individual settlement amounts, less any payments made prior to this Order, within 21 days of entry of this order.

20. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds that there is no reason for delay in the entry of this Final Order and Judgment as a final order and final judgment, and the Court further expressly directs the Clerk of the Court to file this Final Order and Judgment as a final order and final judgment.

FINAL JUDGMENT AND ORDER OF DISMISSAL
Case No. 2:19-CV-00290-RSL

-6-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

Dated this 25th day of June, 2021.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

FINAL JUDGMENT AND ORDER OF DISMISSAL
Case No. 2:19-CV-00290-RSL

-7-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592