UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

BRUCE CORKER d/b/a RANCHO ALOHA, *et al.*

Plaintiffs,

v.

COSTCO WHOLESALE CORPORATION, *et al.*

Defendants.

CASE NO. 2:19-cv-00290-RSL

**ORDER GRANTING PLAINTIFFS' SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY DEFENDANT MULVADI CORPORATION**

This matter comes before the Court on "Plaintiffs' Second Motion to Compel Production of Documents by Defendant Mulvadi Corporation." Dkt. # 433. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] Mulvadi's objections are overruled, and the second motion to compel is GRANTED. Whether Mulvadi's ESI is the best evidence of the company's purchase and sales activities does not determine whether it is discoverable. QuickBooks provides functionality not found in stacks of paper documents, acts as a check on the sufficiency of the paper production, and likely capture additional information not contained in the paper purchase and sale documents that have already been produced. Mulvadi offers no justification for its unilateral decision to produce only three years' worth of documents, to exclude coffee sales simply because the product is "instant," or to search only a few of its acknowledged ESI repositories.

---

[1] The relevance of the electronically-stored information ("ESI") at issue is not disputed. Neither Mulvadi' discussion of the merits of plaintiffs' claims nor plaintiffs' reply thereto is helpful in resolving the current discovery dispute. The Court has not, therefore, considered Section V of the reply memorandum (Dkt. # 442) or the evidence cited therein.

ORDER GRANTING PLAINTIFFS' SECOND
MOTION TO COMPEL DEFENDANT
MULVADI - 1

For all of the foregoing reasons, it is hereby ORDERED that defendant Mulvadi Corporation shall, within twenty-one days of the date of this Order:

   1. Perform a comprehensive ESI search for responsive documents on all sources (including email accounts, computers, external backup servers, cell phones, *etc.*, used for company business) from February 27, 2015, to the present;

   2. Disclose the search terms, queries, and methodologies used to locate responsive ESI;

   3. Produce all responsive ESI, including documents concerning freeze-dried coffee labeled "Kona;" and

   4. Provide plaintiffs' experts access to its complete QuickBooks data.

The Court declines to award sanctions at this time. If Mulvadi fails to comply with this Order, plaintiffs may renew their request as to past and continuing discovery violations. Sanctions shall be imposed against Defendant Mulvadi Corporation in an amount to be

Dated this 6th day of July, 2021.

*[signature: MM S Lasnik]*
ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE