|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON AT SEATTLE | |
| BRUCE CORKER d/b/a RANCHO ALOHA, et al.<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, et al.<br><br>Defendants. | CASE NO. 2:19-cv-0290-RSL<br><br>**ORDER** |

      This matter comes before the Court on "Defendant Mulvadi Corporation's Motion for Clarification." Dkt. # 503. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds that Mulvadi's motion for clarification is an untimely motion for reconsideration. Mulvadi has not identified any ambiguity in the Court's order. Rather, it argues that the Court could not have meant what it said. The language to which Mulvadi objects was proposed by plaintiffs when they moved to compel. Dkt. # 433-1 at 2. Mulvadi did not respond or otherwise object to plaintiffs' request that their experts be given "access to [Mulvadi's] complete QuickBooks data." When the Court adopted plaintiffs' language, Mulvadi failed to seek reconsideration, waiting until the day production was due to seek clarification. Mulvadi has waived its opportunity to oppose the relief that was specifically requested and ultimately granted.

      The Court acknowledges that the information regarding non-Kona coffee products is not relevant to the claims and defenses at issue in this litigation. It appears, however, that Mulvadi included such information in its earlier document productions, turning over invoices, purchase orders, receipts, *etc*. related to pancake mix, shrimp chips, and other non-coffee items. Its vague assertion of harm or competitive disadvantage arising from such disclosures is unsupported. Nor

ORDER - 1

has Mulvadi shown (a) that the non-Kona coffee data in its QuickBooks is internally separable from the relevant data[1] or (b) that irreparable harm will arise if plaintiffs' experts are given access to its complete QuickBooks data. The motion for clarification is both procedurally and substantively flawed.

Mulvadi's request for clarification is DENIED. It shall, within seven days of the date of this Order, allow plaintiffs' experts access to its complete QuickBooks data. Plaintiffs' request for sanctions is GRANTED. Plaintiffs may, within fourteen days of the date of this Order, file a declaration and supporting documentation to establish the reasonable fees and costs incurred in opposing Mulvadi's motion for clarification.

Dated this 31st day of August, 2021.

*[signature]*
ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

---

[1] *See Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, 2016 WL 6246384, at *2 (C.D. Cal. Feb. 23, 2016) (producing party "may not redact otherwise responsive documents because those documents contain irrelevant material"); *Bonnell v. Carnival Corp.*, 2014 WL 10979823, at *4 (S.D. Fla. Jan. 31, 2014) (the "better, less-risky approach" is not to allow parties "the carte blanche right to willy-nilly redact information from otherwise responsive documents in the absence of privilege, merely because the producing party concludes on its own that some words, phrases, or paragraphs are somehow not relevant").

ORDER - 2