The Honorable Robert S. Lasnik

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| BRUCE CORKER d/b/a RANCHO ALOHA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MULVADI CORPORATION, a Hawaii corporation, *et al.*,<br><br>Defendants. | CASE NO. 2:19-CV-290<br><br>PLAINTIFFS' MOTION FOR SANCTIONS OF DEFAULT AND AN ORDER TO CEASE UNLAWFUL CONDUCT<br><br>**REDACTED**<br><br>ORAL ARGUMENT REQUESTED<br><br>Note for hearing: December 17, 2021 |

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................1

II.   FACTS..............................................................................2

    A.    Mulvadi began this litigation by threatening Rule 11 sanctions and declining to comply with the Court's discovery order. ...........................6

    B.    Mulvadi moves to reconsider the order that it produce discovery and supports that motion with untrue statements under oath. ......................8

    C.    Mulvadi only began to produce the at-issue documents after Plaintiffs filed a motion for contempt and sanctions............................................10

    D.    Plaintiffs deposed Mulvadi in March 2021, learning that Mulvadi and its counsel had made materially inaccurate statements from the outset of the litigation............................................................................10

    E.    Plaintiffs deposed a company called HCC in April 2020, ▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ........................11

    F.    Mulvadi opposed production of its ESI with additional apparently false statements. .......................................................................12

    G.    Mulvadi refused to produce QuickBooks information or other ESI despite two Court orders that it do so. .....................................................13

III.  LEGAL STANDARD ........................................................17

    A.    This motion implicates Rule 37 and the Court's inherent authority..................18

    B.    A five-factor test governs any motion for default. ..............................18

IV.  PLAINTIFFS ASK THE COURT TO ORDER DEFAULT ...........................19

    A.    The first two factors weigh heavily in favor of default. .......................20

    B.    Plaintiffs face a significant risk of prejudice if the Court denies this motion.......................................................................21

    C.    The public policy favoring resolution on the merits does not help Mulvadi........22

    D.    Less drastic sanctions are insufficient. ..........................................22

V.   THE COURT SHOULD ISSUE AN INJUNCTION. ...................................23

VI.  CONCLUSION ...............................................................24

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL

-i-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Adobe Sys. Inc. v. Johnson*,
  No. CV146313, 2015 WL 12681313 (C.D. Cal. Apr. 27, 2015)................................23

*Amazon.com v. Kurth*,
  No. 2:18-CV-00353-RAJ, 2019 WL 3426064 (W.D. Wash. July 30, 2019) ..........................21

*Bernal v. All Am. Inv. Realty, Inc.*,
  479 F. Supp. 2d 1291 (S.D. Fla. 2007)................................22

*Bolding v. Banner Bank*,
  No. C17-0601RSL, 2021 WL 4147848 (W.D. Wash. Sept. 13, 2021) ..............................18, 19

*Burris v. JPMorgan Chase & Co.*,
  No. CV-18-3012, ___ F. Supp. 3d ___, 2021 WL 4627312 (D. Ariz. Oct. 7, 2021) ........2, 22, 23

*Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*,
  482 F.3d 1091 (9th Cir. 2007)................................18, 19

*CrossFit, Inc. v. Nat'l Strength & Conditioning Ass'n*,
  No. 14-CV-1191 JLS (KSC), 2019 WL 6527951 (S.D. Cal. Dec. 4, 2019) ............................21

*Dawson v. Porch.com, Inc.*,
  No. C20-0604RSL, 2021 WL 3630503 (W.D. Wash. Aug. 17, 2021) ..............................18, 19

*DR Distributors, LLC v. 21 Century Smoking, Inc.*,
  513 F. Supp. 3d 839 (N.D. Ill. 2021)................................17, 24

*Goodyear Tire & Rubber Co. v. Haeger*,
  137 S. Ct. 1178 (2017)................................18

*In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*,
  460 F.3d 1217 (9th Cir. 2006)................................19, 22

*Lee v. Trees, Inc.*,
  No. 3:15-CV-0165-AC, 2017 WL 5147146 (D. Or. Nov. 6, 2017) ..........................21

*Loiseau v. Reel Network LLC*,
  No. 2:17-CV-08998-SVW-SS, 2018 WL 6039834 (C.D. Cal. July 26, 2018) ........................21

*Malone v. U.S. Postal Serv.*,
  833 F.2d 128 (9th Cir. 1987)................................18, 20, 21, 22

*Patterson v. United Healthcare Ins. Co.*,
  No. 1:21-CV-00470, 2021 WL 2069548 (N.D. Ohio May 24, 2021) ..................................22

*Sec. & Exch. Comm'n v. Blockvest, LLC*,
  2020 WL 1910355 (S.D. Cal. May 29, 2020) ................................20, 22

*Stewart v. RockTenn CP, LLC*,
  No. 3:13-CV-2147-AC, 2016 WL 3566731 (D. Or. June 29, 2016)................................18

*Thompson v. Hous. Auth. of City of Los Angeles*,
  782 F.2d 829 (9th Cir. 1986)................................19

*United States v. Reeves*,
  No. 2:12-CV-01916-RFB, 2015 WL 273597 (D. Nev. Jan. 21, 2015) ....................................20

*Valley Engineers Inc. v. Elec. Eng'g Co.*,
  158 F.3d 1051 (9th Cir. 1998)................................2, 22, 23

*Wanderer v. Johnston*,
  910 F.2d 652 (9th Cir. 1990)................................19

**Statutes**
28 U.S.C. § 1927 ................................25

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL

-ii-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

**TABLE OF AUTHORITIES**
**(continued)**

Page

**Rules**
Fed. R. Civ. P. 1...................................................................................................................2
Fed. R. Civ. P. 37..........................................................................................................17, 18

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

## I.   **INTRODUCTION**

Plaintiffs respectfully ask this Court to strike Defendant Mulvadi Corporation's Answer, enter an order of default, and enjoin Mulvadi from all further sales of coffee labeled as "Kona." Mulvadi and its counsel have submitted sworn testimony that is inconsistent with the facts, have declined to follow multiple court orders, and have conducted themselves in a way that prevents the orderly adjudication of this case.

The parties have been litigating for over two years. Mulvadi, however, still has not produced even basic foundational discovery that its co-defendants generally provided at the outset of litigation. For example, Plaintiffs do not know how much coffee Mulvadi purchased, the price it paid for that coffee, the suppliers of the coffee, or Mulvadi's profits on its sales. This is not carelessness: Mulvadi and its counsel have taken affirmative acts to obscure the facts, prejudicing Plaintiffs and misusing judicial resources.

The pattern of misconduct dates to the beginning of the case, when Mulvadi refused to provide *any* discovery under the Court's order governing document production. It supported this position with a declaration from their outside counsel, arguing that Mulvadi did not need to comply with that order in part because "substantially all Mulvadi transactions [are] . . . in paper . . . including detailed financial records." Dkt. 201 ¶ 4. Mulvadi's counsel emphasized that the discovery relevant to this case was contained in "44 bankers boxes" of documents that Mulvadi had previously "produced to the State of Hawaii Department of Agriculture . . . in the ordinary course of business." *Id*. Mulvadi's counsel stated plainly that Mulvadi did not "retain . . . electronic copies" of its business records. *Id*.

Counsel's sworn statements were not correct. Mulvadi regularly maintains its financial records in (and conducts business through) a popular accounting program called "QuickBooks." Dkt. 434-3 at 7-10. And Mulvadi did not produce boxes of paper documents to the State of Hawaii, but instead produced data generated from its accounting program. *See* Paine Decl., Ex. A at 177:12-182:7; Dkt. 434-3 at 22-23. Despite two orders from this Court that Mulvadi must

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL

-1-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

produce "complete QuickBooks data" or face sanctions, Dkt. 487 at 2; Dkt. 523 at 2, *Mulvadi has not produced that data to this day*, *see* Barrick Decl. ¶¶ 4-14.[1]

The QuickBooks saga is only illustrative. Mulvadi and its counsel have not complied with their discovery obligations, this Court's orders, or the Federal Rules' admonition that parties must work to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Plaintiffs respectfully submit that Mulvadi's conduct has reached the level where it is not practicable for Plaintiffs to prosecute their claims or for the Court to assure itself that Mulvadi or its counsel will comport with their obligations—or even submit accurate testimony—in the future. This is particularly so because the Court has already sanctioned Mulvadi, and it did not have any impact on Mulvadi's or its counsel's approach to this litigation: they still have not complied with the Court's order to produce Mulvadi's core business records.

At bottom, Plaintiffs ask the Court to conclude that it is appropriate to enter an order of default and additional sanctions because Mulvadi's "pattern of deception and discovery abuse" make it "impossible . . . to conduct a trial with any reasonable assurance that the truth [will] be available." *Burris v. JPMorgan Chase & Co.*, No. CV-18-3012, __ F. Supp. 3d ___, 2021 WL 4627312, at *17 (D. Ariz. Oct. 7, 2021) (quoting *Valley Engineers Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).

## II.    FACTS

Plaintiffs have now asked the Court to sanction Mulvadi and its counsel for three types of conduct: false statements under oath, violation of court orders, and obstruction of the litigation. Plaintiffs summarize each category prior to providing a more complete chronology.

---

[1] Mulvadi also maintains additional relevant ESI in three workstations and other devices that would have been in plain view of Mulvadi's attorney before he submitted his declaration that Mulvadi did not "retain . . . electronic copies" of its records. *Cf.* Dkt. 201 ¶¶4-5 (attesting that counsel visited Mulvadi's offices prior to submitting his declaration).

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL

-2-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

| Statement Under Oath | Evidence |
|---|---|
| Mulvadi does not "retain . . . electronic copies" of its business records. Instead, "substantially all Mulvadi transactions [are] done in paper . . . including detailed financial records." Dkt. 201 ¶ 4. | Mulvadi's financial records are regularly maintained in QuickBooks and Mulvadi generates invoices from QuickBooks. Dkt. 434-3 at 7-15.<br><br>Mulvadi stores the same type of ESI as other small businesses. *Id*. at 22-33.<br><br>Mulvadi relies on the accuracy of its QuickBooks data to prepare its tax returns and run quarterly profit-and-loss reports. *Id*. at 15-17. |
| The documents most relevant to this case are 44 boxes of paper documents "produced to the State of Hawaii Department of Agriculture . . . in the ordinary course of business." Dkt. 201 ¶ 4; *see also* Dkt. 253 at 2 (same); Dkt. 338 at 4 (same). | Mulvadi did not provide the documents in these boxes to the Hawaii Department of Agriculture. Paine Decl., Ex. A at 177:5-78:15.<br><br>The boxes largely contain information that has nothing to do with Kona coffee. Dkt. 434 ¶ 4; Dkt. 434-3 at 14-19.<br><br>Mulvadi produced only the limited data shown in its president's declaration, Dkt. 439 at ¶5 , to the Hawaii Department of Agriculture. Paine Decl., Ex. A at 181:15-82:7. This data was generated from QuickBooks. *Id*. |
| Mulvadi could not afford $7000 to produce documents. *See* Dkt. 253 at 2 ("There is no way I can afford the costs to scan all 40+ boxes of information I have provided to the State of Hawaii over the past few years…"); *see also* Dkt. 274 at 3 (estimating the cost of production at $7000). | Mulvadi received $235,600 from the federal government three days before making this declaration. *See* Paine Decl., Ex. A at 187:24-89:14; *see also* Dkt. 434-6 at 1. |

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL

-3-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

| Statement Under Oath | Evidence |
| --- | --- |
| In support of its contention that it cannot afford to comply with the Court's order compelling discovery, Mulvadi's president submitted a declaration stating, "On March 25, 2020, I laid off all personnel of Mulvadi, and am the only person working at this time. Dkt. 253 ¶ 4. "[R]ight now I have zero staff." *Id*. ¶ 5. | Mulvadi employed 12-15 people when its president submitted that declaration. Paine Decl., Ex. A at 33:7-35:17 & 182:8-191:1.<br><br>Mulvadi laid off three people. Paine Decl., Ex. A at 33-35. Mulvadi testified that it had to retain most of its staff to qualify for forgiveness of a loan. Paine Decl., Ex. A at 33:7-35:17 & 182:8-191:1. |
| Mulvadi purchases the freeze-dried 100% Kona coffee it sells exclusively from Hawaii Coffee Connection ("HCC") for the time period 2015 to present. *See* Paine Decl., Ex. A at 60. | ████████████████████ |
| Mulvadi's counsel declares that he has personally visited one of the three farms where Mulvadi states that it purchases its coffee, stating that he has attached "true and correct copies of photographs that I took when Mr. Mulgrew and I visited Pacifica Services Kona coffee farm." Dkt. 448 ¶ 3. | There is no record of Pacifica Services owning or operating a Kona coffee farm. *See* Dkt. 444. The address Mulvadi provided for Pacifica is an office park with no visible connection to coffee. *Compare* Paine Decl., Ex. D *with* Paine Decl., Ex. E.<br><br>The farm shown in counsel's photographs does not appear to have any connection to Pacifica Services. *See id.*, Ex. C.¶¶ 3-14.. |

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL

-4-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

| Court Order | Conduct |
|---|---|
| Denying Mulvadi's motion for protective order (filed with its co-defendants) and ordering Defendants to respond to Plaintiffs' discovery by September 27, 2019. Dkt. 144. | Mulvadi refuses to produce any documents, stating on October 23, 2019, "we do not believe that discovery is due or a meet and confer is appropriate." Dkt. 184-6 at 17. |
| Compelling Mulvadi to produce its 40+ boxes of documents in compliance with ESI Order (Dkt. 152) by May 5, 2020, *see* Dkt. 248.<br><br>Mulvadi moved for reconsideration, and while that motion was denied, the Court extended the deadline to June 18, 2020, Dkt. 274. | On June 17 (the day before the deadline), without producing any of the court-ordered documents, Mulvadi submits a declaration saying it would not comply with the Court's deadline. *See* Dkt. 286 ¶ 6.<br><br>Mulvadi does not start producing the documents until after Plaintiffs' filed a motion for contempt in August 2020. *See* Dkt. 434 at ¶¶ 3-5; *see also* Dkt. 319. |
| Compelling Mulvadi to "Provide Plaintiffs' experts access to its complete QuickBooks data" by July 27, 2021. Dkt. 487 at 2. Court warns that "[s]anctions shall be imposed" if Mulvadi fails to comply with this order. *Id.* | Instead of providing access to the complete QuickBooks data, on July 27, 2021, Mulvadi files a motion for "clarification." *See* Dkt. 503. |
| Denying Mulvadi's "procedurally and substantively flawed" motion for clarification and orders Mulvadi to "allow plaintiffs' experts access to its complete QuickBooks data" by September 7, 2021. Dkt. 523 at 2. Court also orders monetary sanctions. *Id.* | To date, Mulvadi has refused to provide "plaintiffs' experts' access to its complete QuickBooks data," instead choosing to obstruct and limit access to the data in a manner that renders it unusable by Plaintiffs' experts. Barrick Decl. ¶¶ 4-14. |
| Compelling Mulvadi to "Perform a comprehensive ESI search for responsive documents on all sources…from February 27, 2015, to the present…Produce all responsive ESI." Dkt. 487 at 2. | On the Court's deadline, Mulvadi provides Plaintiffs a declaration, essentially conceding noncompliance. *See* Dkt. 506-2.<br><br>Mulvadi later produces some ESI after the Court's deadline, but the production is not Bates stamped, violates other requirements of the Court's ESI Order, Dkt. 152, and is limited to 2015 and 2016.  Paine Decl. ¶¶ 19-20. |

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL

-5-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

**Conduct Inconsistent with Rule 1**

| |
|---|
| Mulvadi's attorneys threaten Rule 11 sanctions on at least five separate occasions. *See* Dkt. 184-1 at 2 (Aug. 23, 2019); Dkt. 184-6 at 12-13 (Oct. 31, 2019); Dkt. 177 at 13 (Dec. 17, 2019); Dkt. 184-3 (Dec. 19, 2019); Paine Decl., Ex. G (Mar. 9, 2021); *cf.* Fed. R. Civ. P. 11 Cmmt. Notes ("[Rule 11 motions or threats] should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations . . . [nor] to intimidate an adversary into withdrawing contentions that are fairly debatable[.]"). |
| Mulvadi has never reviewed documents for responsiveness, instead producing tens of thousands of pages of irrelevant materials, such as invoices for pancake mix and shrimp chips. *See* Dkt. 434 ¶ 5; *see also* Dkt. 432-2 at 13-19. |
| Mulvadi has not met any discovery deadlines, making its first production of documents from the 40+ boxes approximately one year after its motion for a protective order to stay discovery was denied. *See, e.g.,* Dkt. 319; Dkt. 433; Dkt. 505; *see also* Barrick Decl. ¶¶4-14; Paine Decl. ¶¶ 14-27. |
| Mulvadi is evasive in answering an interrogatory asking for the address of the farm photographed by Thoreson and submitted to the Court to refute Plaintiffs' contentions that Pacifica Services does not own or operate a farm in Kona. *Cf.* Dkt. 448 *with* Paine Decl., Ex. F at 3:24-4:3. Attempts to obtain the address of the farm photographed by Thoreson remain unsuccessful. Paine Decl. ¶ 26. |
| Refuses to participate in basic meet and confer conferences for nearly a month or more on several occasions. *See*, e.g., Dkt. 184-6; Paine Decl. ¶¶ 23-25. |

Having provided the Court a summary of the relevant conduct, Plaintiffs now turn to a chronology of the past two years of litigation. The below procedural issues occur against the backdrop of the central issue in the case: whether Mulvadi's "100% Kona Coffee" products contain only coffee grown in Kona. *See* Dkt. 381 ¶¶ 70-72. Plaintiffs have submitted testing data showing that these products contain little (if any) Kona, *see id.*, while Mulvadi's "founder and president" declares that all of his coffee "'is sourced from the Kona District,'" Dkt. 437 at 4.

A. **Mulvadi began this litigation by threatening Rule 11 sanctions and declining to comply with the Court's discovery order.**

Plaintiffs filed their lawsuit on February 27, 2019. *See* Dkt. 1. After initial motions practice, Plaintiffs and Defendants submitted a stipulated order governing production of

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL

-6-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

documents. *See* Dkt. 152. Outside counsel signed that order on Mulvadi's behalf, and the Court entered the order without modification. *See id*.

On June 13, 2019, Plaintiffs propounded ten requests for production and three interrogatories on Mulvadi, *see* Dkt. 184-4, which then filed a motion for a protective order along with its co-defendants, *see* Dkt. 112. Mulvadi's counsel also responded to the discovery requests by sending Plaintiffs a letter threatening a Rule 11 motion, demanding that Plaintiffs "voluntarily dismiss Mulvadi." *See* Dkt. 184-1; *cf.* Dkt. 184-2 (Plaintiffs' letter in response).

On August 27, 2019, the Court denied Mulvadi's motion for a protective order. *See* Dkt. 144.

On September 25, 2019, Mulvadi responded to Plaintiffs' discovery requests primarily by summarizing its Rule 11 letter. *See* Dkt. 188 at 3 (describing the non-confidential contents of those responses, which Mulvadi designated "highly confidential"). On October 22, 2019, Plaintiffs asked to meet and confer, Dkt. 184-5, and Mulvadi's counsel refused, stating "we do not believe that discovery is due or a meet and confer is appropriate." Dkt. 184-6 at 17.

On October 31, 2019, Mulvadi's attorneys finally agreed to participate in a discovery conference, but coupled Mulvadi's willingness to comply with its discovery requirements with another threat of sanctions:

> Finally, consider this email your 21 day sanction notice (9th CIR) of bad faith discovery and overall litigation approach. This will inevitably be the topic of future discussions with Judge Lasnik, I find it remarkable that you are demanding a meet and confer on far less evidence (both sworn and otherwise) than offered informally August 2019 by my client.

Dkt. 184-6 at 13.

On November 13, 2019, the parties conferred. Dkt. 184-6 at 6-8. At the conference, counsel said that Mulvadi did not have responsive electronic documents because Mulvadi conducted business almost entirely by pen and paper. *Accord* Dkt. 201 ¶ 5 (counsel attesting same). Mulvadi added that it would *not* comply with the stipulated discovery order and basic federal practice, insisting that it would only make documents available for review in Hawaii.

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL                    -7-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

Dkt. 184-6 at 3.

On December 17, 2019, four days after the court-ordered deadline, *see* Dkt. 158 at 6, Mulvadi served its Answer to the Amended Complaint, *see* Dkt. 177. With its Answer, Mulvadi asserted several affirmative defenses, including more threats of Rule 11 sanctions and other disparaging statements directed at Plaintiffs and their counsel. *See id.* at 13. Plaintiffs moved to strike Mulvadi's improper defenses, which Mulvadi did not oppose and the Court granted. *See* Dkt. 230.

On December 19, 2019, Mulvadi reiterated its refusal to comply with the discovery order and threatened Rule 11 sanctions for the fourth time. *See* Dkt. 184-3.

On December 23, 2019, Plaintiffs moved to compel Mulvadi to produce discovery, *see* Dkt. 188, and the Court granted that motion, *see* Dkt. 248.

**B.    Mulvadi moves to reconsider the order that it produce discovery and supports that motion with untrue statements under oath.**

On April 10, 2020, Mulvadi moved for reconsideration of the order that it produce discovery, claiming that it could not comply with the order because it lacked financial or human resources. *See* Dkt. 253. It supported this motion with a sworn declaration from its sole owner (Steven Mulgrew), in which he stated, "I laid off all personnel of Mulvadi, and am the only person working for the company at this time….There is no way I can afford the costs to scan all 40+ boxes of information I have provided to the State of Hawaii over the past few years relative to my sales and associated records. I simply do not have the staff (right now, I have zero staff) or the funds to do so." Dkt. 253 at 2. His sworn statements were untrue in at least three respects.

First, Mr. Mulgrew received $235,600 from the federal government a few days before he submitted his declaration. Paine Decl., Ex. A at 187:24-191:1. Thus, his statement that there was

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL

-8-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

"no way" Mulvadi could afford document production was not accurate: the Court estimated the cost of Mulvadi's document production to be $7,000, Dkt. 274 at 3.[2]

Second, Mulvadi didn't have "zero staff," but had a staff of approximately 12-15 people. Paine Decl., Ex. A at 33:7-35:17 & 182:8-191:1. In fact, Mulvadi only laid off three employees as that was the maximum it could lay off and still qualify for the $235,600 in financial assistance from the federal government. *Id.*

Third, Mulgrew's contention that document production would be "40+ boxes of information I have provided to the State of Hawaii" was also false. Mulvadi only provided to the state two charts that it generated from the QuickBooks program, *See* Paine Decl., Ex. A at 177:5-78:15 & 181:15-182:7, which Mulvadi and its counsel made a concerted effort to conceal from the Plaintiffs and the Court, *see id.* at 146:1-148:16. Mulvadi and its counsel have attempted to bolster Mulvadi's claim that Mulvadi did not keep electronic records with the untrue statement about providing boxes of paper documents to the State of Hawaii on several other occasions. *See* Dkt. 184-6 at 3; Dkt. 201 at 2; Dkt. 338 at 4.

The Court denied Mulvadi's motion for reconsideration. *See* Dkt. 274 at 3. It did, however, extend the deadline for "Mulvadi's production" to June 18, 2020. *Id.*

---

[2] The $235,600 was a PPP loan, which Mulvadi does not need to repay if it complies with the program:

> PPP is a loan designed to provide a direct incentive for small businesses to keep their workers on payroll. First Draw PPP loans can be used to help fund payroll costs, including benefits, and may also be used to pay for mortgage interest, rent, utilities, worker protection costs related to COVID-19, uninsured property damage costs caused by looting or vandalism during 2020, and certain supplier costs and expenses for operations. SBA will forgive loans if all employee retention criteria are met, and the funds are used for eligible expenses.

https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program/first-draw-ppp-loan

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL

-9-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

**C.    Mulvadi only began to produce the at-issue documents after Plaintiffs filed a motion for contempt and sanctions.**

On June 17, 2020, rather than comply with the Court's order that it produce documents by June 18, Mulvadi filed a "supplemental declaration" from its owner, Mulgrew. *See* Dkt. 286. Mulgrew's supplemental declaration stated that Mulvadi did not have the money or staff to comply with its discovery obligations and estimated that it could take until mid-August to comply with the Court's order. *See id*. But Mulvadi had just received $235,600 from the federal government and had its entire staff other than three employees. Paine Decl., Ex. A at 33:7-35:17 & 182:8-191:1..

On August 4, 2020, Plaintiffs moved for contempt and sanctions. *See* Dkt. 319. Shortly thereafter, Mulvadi began producing approximately 46,000 scanned pages. Dkt. 434 at 3. Most of these documents were non-responsive: for example, many thousands of pages concerned purchase orders for products such as shrimp chips. *Id.*; *see also* Dkt. 434-2 at 11-19.

On December 22, 2020, Mulvadi produced another 55,000 scanned pages of documents. Dkt. 434 at 5. There were a very large number of irrelevant documents in the production, which indicated that Mulvadi did not conduct any review for responsiveness. *See* Dkt. 434 at 4.

**D.    Plaintiffs deposed Mulvadi in March 2021, learning that Mulvadi and its counsel had made materially inaccurate statements from the outset of the litigation.**

On March 17, 2021, Plaintiffs deposed Mulvadi's sole owner and president Steven Mulgrew as Mulvadi's Rule 30(b)(6) representative. He testified that Mulvadi had a significant amount of electronically stored information. *See* Dkt. 433 at 8-10. This included financial information contained in a widely used accounting program called QuickBooks. *See id*. at 9.[3] His

---

[3] Among other things, QuickBooks contains: (1) all information provided to Mulvadi's accountant, who prepares Mulvadi's taxes; (2) invoices generated for retailers who place orders with Mulvadi; (3) invoices generated for orders placed on Mulvadi's website; (4) prices paid by Mulvadi per pound for roasted 100% Kona coffee, including 100% Kona coffee in bean, ground, and freeze-dried form; (5) reports showing, with specificity, sales of 100% Kona coffee products to each of Mulvadi's retailers and distributors; (6) the costs of all goods that Mulvadi sells; (7)

*Footnote continued on next page*

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL
-10-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

testimony directly contradicted Thoreson's sworn declaration at the outset of the case stating that "substantially all Mulvadi transactions [are] done in paper . . . including detailed financial records" Dkt. 201 ¶ 4; ("I visited its operations in Hawaii . . . .").

Plaintiffs respectfully note that the first two years of discovery in this litigation were predicated almost entirely on Mulvadi's and Thoreson's insistence that Mulvadi's records—*including its financial information*—did not exist in electronic format and had to be produced in paper. *See, e.g.*, Dkt. 201 ¶ 4; Dkt. 253 at 3 ("Mulvadi has neither the staff nor the financial resources to image and produce the 40+ banker boxes of records, it is just that simple").

### E.    Plaintiffs deposed a company called HCC in April 2020. ██████████

When Plaintiffs deposed Mulvadi's corporate designee (Mulgrew), much of their questioning focused on where Mulvadi purchased their coffee. While Plaintiffs have been unable to *confirm* that testimony, one part is demonstrably false: Mulvadi's testimony that a company called HCC is its sole supplier of its "100% Kona" freeze dried coffee and has been since 2015. Paine Decl. Ex. A at 60:1-23.

In April 2020, Plaintiffs deposed HCC. Paine Decl., Ex. B at 115-116. ████████

██████████████████████████████████

██████████

Until the Court ordered Mulvadi to produce its QuickBooks data and all responsive ESI concerning its freeze-dried coffee labeled "Kona," *see* Dkt. 487 at 2, Mulvadi had refused to produce any discovery concerning those products, *see* Dkt. 433 at 12-13. Even then, Mulvadi has placed numerous restrictions on the QuickBooks file produced such that Plaintiffs' expert is not able to access any information concerning Mulvadi's purported supplier of Kona coffee, whether that be freeze dried, whole bean, or ground. Barrick Decl. ¶¶ 12-14.

---

the percentage of Mulvadi's 100% Kona coffee sales that is attributable to Mulvadi's freeze-dried coffee products; and (8) charts displaying data concerning Mulvadi's purchases and sales of Kona coffee from 2015 through 2021. Dkt. 433 at 9 (containing citations for each category).

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL
-11-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

**F.**     **Mulvadi opposed production of its ESI with additional apparently false statements.**

On May 6, 2021, Plaintiffs moved for sanctions and to compel production of Mulvadi's QuckBooks data and other ESI, arguing:

> Mulvadi intentionally concealed the existence of its QuickBooks data, protested about the price of scanning volumes of documents, opted to scan and produce over 100,000 pages of documents (over forty thousand pages of which were scanned paper invoices, and a significant number of which were nonresponsive), and to date refuses to provide to Plaintiffs its QuickBooks data. Plaintiffs respectfully request that the Court put an end to Mulvadi's continuing gamesmanship by granting Plaintiffs' motion to compel and sanctioning Mulvadi.

Dkt. 433 at 10 (cleaned up).

On May 17, 2021, Mulvadi responded largely by attacking the merits of Plaintiffs' claims, submitting declarations from its purported suppliers of Kona coffee. *See* Dkt. 438.[4] Mulvadi submitted sworn declarations claiming that Mulvadi sourced *all* its coffee from three farms: Llanes Coffee Estates, Inc., Makapueo Farms, and Pacifica Services. *See* Dkt. 438-1 at 26-30. It submitted declarations from those farms attesting to the same. *Id*. at 16-30. These declarations appear at least partially false, both because Plaintiffs' testing demonstrates that Mulvadi's "100% Kona" coffee contains little or no Kona coffee, *see* Dkt. 381 ¶¶ 70-72, and because Pacifica Services does not appear to own, operate, or manage any farm. *See* Dkt. 444; *see also* Paine Decl., Ex. C. ¶¶ 3-14.

---

[4] Mulvadi attached one of its many Rule 11 threats as an exhibit to its brief:

> We demand the dismissal of Mulvadi, consistent with this evidence, or we will seek CR 11 sanctions directly against your law firm, as we cannot imagine your clients had any interest in suing and defaming an innocent party. In this vein, we have in our possession sworn declarations from the four farms within the Kona district. Mulvadi *exclusively* purchases, and has purchased its coffee beans (whole and ground) for many years from those farms. But for the purposes of this letter, we limit the data to the years of 2017 and 2018 as conclusive proof of the same. Those four farms are Llannes Coffee State, Inc. [sic], Pacifica Services, Makapeuo Farms, Inc. and Hawaii Coffee Connection, LLC. The four sworn declarations of the owners of those farms are enclosed.

*See* Dkt. 438-1 at 12-13 (emphasis added).

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL

-12-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

On May 26, 2021, Mulvadi filed a sur-reply. *See* Dkt. 447. As relevant here, Mulvadi's counsel submitted a declaration swearing that he had been to Pacifica's farm with photographs of what he contended was Pacifica's farm he took during his visit. *See* Dkt. 448 ¶ 2. Plaintiffs' investigation reveals that the farm in the photographs has no connection to Pacifica. *See* Paine Decl., Ex. C. ¶¶ 3-14

On May 28, 2021, Plaintiffs served Mulvadi with an interrogatory asking for the address of the farm its counsel claims to have visited. *See* Paine Decl., Ex. F. 3:18-22.

On June 28, 2021, Mulvadi responded with an evasive answer to the interrogatory. *Id.* It did, however, produce a document purporting to show the address for Pacifica. *See id*., Ex. D. That address is for a business park, not a farm. *See id*., Ex. E. This was the same address that Plaintiffs' had visited and attempted to inspect pursuant to a subpoena, confirming that no farm whatsoever exists at that address. Paine Decl. ¶ 6. Plaintiffs' investigator had also submitted a sworn declaration confirming no farm exists at that address. Dkt. 444 ¶ 8. Thus, Mulvadi and its counsel knew or should have known that the address provided in response to these discovery requests was not that of any farm, much less a farm associated with Pacifica.

G.    **Mulvadi refused to produce QuickBooks information or other ESI despite two Court orders that it do so.**

On July 6, 2021, the Court granted Plaintiffs' motion to compel production of Mulvadi's complete QuickBooks data and additional ESI within 21 days. *See* Dkt. 487. The Court warned Mulvadi that its failure to comply would be sanctionable. *See id*.

On July 27, 2021, the deadline for compliance, Mulvadi filed what it captioned a motion for clarification. *See* Dkt. 503.[5] The Court sanctioned Mulvadi for that filing on August 31, 2021. *See* Dkt. 523. It held that Mulvadi had seven days to provide Plaintiffs' experts with "complete"

---

[5] This arguably should not have surprised Plaintiffs because, as discussed more fully above, Mulvadi did not comply with the deadline from Plaintiffs' first motion to compel, *see* Dkt. 274 at 3, instead submitting what it captioned a "supplemental declaration" the day before that deadline, *see* Dkt. 248.

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL

-13-

access to their QuickBooks information. *Id*. at 2.

**1.      Mulvadi has not provided its complete QuickBooks data.**

More than two months since that order, Mulvadi still has not allowed Plaintiffs complete access to its QuickBooks data. *See* Barrick Decl. ¶¶ 4-14. Instead, Mulvadi provided only very limited data, restricting Plaintiffs' access in a way that makes it impossible for their expert to run any reports or otherwise access the data she would normally review to conduct her analysis. *Id*. In particular, when Plaintiffs' expert attempts to run a report or access information such as Mulvadi's suppliers of Kona coffee and those transactions, QuickBooks displays a message stating she is not permitted to access the data. *Id*.

The long history of Mulvadi's obfuscation about the QuickBooks data makes it unlikely to Plaintiffs that Mulvadi will ever produce complete, unaltered records:

- Mulvadi and its counsel denied the existence of ESI for the first year of litigation. *See, e.g.*, Dkt. 201 at 2 ¶¶ 4-5.

- In February 2021, Plaintiffs discovered what appeared to be QuickBooks reports buried in Mulvadi's paper document production. *See* Dkt. 434 ¶¶ 6-12.

- On February 26, 2021, Plaintiffs asked why Mulvadi did not produce QuickBooks data. Dkt. 434-2 at 11.

- On March 17, 2021, Mulvadi admitted at deposition that it regularly used and maintained its business records in QuickBooks. *See* Dkt.434-3 at 8-17.

- On May 6, 2021, Plaintiffs filed a motion to compel the QuickBooks data, which the Court granted on July 6, 2021. Dkt. 487.

- On July 13, 2021, Plaintiffs requested information about Mulvadi's plan to comply with the Court's July 27, 2021 deadline. Dkt. 506-1 at 8.

- On July 20, 2021, Mulvadi's attorneys claimed that "QuickBooks is a cloud-based subscription service" and that they needed to restrict Plaintiffs' access on that basis. *Id*. at 7.

- On July 27, 2021, Mulvadi filed a "motion for clarification," rejecting Plaintiffs' various attempts to obtain Mulvadi's compliance with the Court's order. Dkt. 503.

- On August 31, 2021, the Court denied Mulvadi's motion, sanctioned Mulvadi, and

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL
-14-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

ordered Mulvadi to produce its "complete QuickBooks data" by September 14, 2021. Dkt. 523.

- On September 2, 2021, Mulvadi counsel wrote: "Mulvadi will have access set up . . . on September 7, 2021 based on the email you provided." Paine Decl. Ex. H.

- On September 7, 2021, Mulvadi stated that it would only provide *limited* access to the data for 10 hours while Mulvadi's staff monitored Plaintiffs. *See* Barrick Decl. ¶ 8.

- On September 7, 2021, Mulvadi also admitted that its QuickBooks was *not* exclusively cloud-based and that Mulvadi could download the QuickBooks information. *See id.* Based on this new information, Plaintiffs' expert asked Mulvadi to download and produce the data. *Id.*

- On September 13, 2021, Plaintiffs requested a discovery conference to discuss Mulvadi's failure to comply with the Court's unambiguous order requiring Mulvadi to provide Plaintiffs' experts with complete access to its QuickBooks data. Paine Decl. ¶ 23. Mulvadi delays the requested discovery conference until October 14, 2021. *Id.* ¶ 25.

- On October 18, 2021, Mulvadi purportedly produced the complete QuickBooks data, although it did not provide complete login credentials to access it. *Id.*, Ex. I.

- On October 19, 2021, Plaintiffs' expert received the complete login credentials from Mulvadi, but the expert still was unable to access the data. *See* Barrick Decl. ¶10. Plaintiffs' spent the next ten days trying to obtain from Mulvadi complete access to its QuickBooks data without success. *Id.* ¶¶ 11-14.

- On October 28, 2021, Mulvadi's counsel responded to Plaintiffs' request for full access with yet another false statement, writing, "As you know, Mulvadi has already fully complied with the Court's order by granting full access to its QuickBooks." Paine Decl. Ex. J. Counsel then provided a second highly restricted copy of Mulvadi's data that did not provide Plaintiffs "complete" (or helpful) access. *See* Barrick Decl. ¶¶ 12-14.

### 2.    <u>Mulvadi also did not produce non-QuickBooks ESI in compliance with the Court's order.</u>

On July 27, 2021, Mulvadi provided Plaintiffs a declaration stating that Mulvadi had complied with the Court's order that it produce ESI. *Cf.* Dkt. 506-2 *with* Dkt. 487. But while the Court ordered Mulvadi to perform a "comprehensive ESI search for responsive documents," Dkt. 487 at 2, Mulvadi did not produce any new ESI for 2017 through the present. Dkt. 506 ¶¶ 4-5. What Mulvadi did produce (late) was in a format and manner that violated the Court's ESI

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL

-15-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

Order. *Cf*. Dkt. 506 at 2 *with* Dkt. 152. For example, Mulvadi produced the information in a manner that prevented Plaintiffs from searching it effectively. *See* Dkt. 152 at 6.[6] And as with Mulvadi's previous productions, it does not appear that Mulvadi conducted any meaningful review for relevance, in contravention of the Federal Rules and the Court's ESI order. *See* Paine Decl. ¶ 27.[7]

On September 13, 2021, Plaintiffs asked Mulvadi to meet and confer about its QuickBooks production, ESI production, and its evasive answer to Plaintiffs' interrogatory requesting the address of the farm that outside counsel claimed he had visited and photographed. *See* Dkt. 523; Paine Decl. ¶ 23. Mulvadi delayed the conference for nearly a month. When it did confer on October 14, 2021, it sent a new attorney, who apparently was unfamiliar with the casefile. *See* Paine Decl. ¶¶ 23-25. Plaintiffs' counsel had exclusively communicated with two different attorneys on discovery matters for the prior two years. *Id*.

Given Mulvadi's past discovery conduct, Plaintiffs arranged for a court reporter to prepare a transcript of the discovery conference. Paine Decl., Ex. K. The first issue concerned the address for the Pacifica Services farm that outside counsel declared he visited and photographed. *Id* at 4:1-10:20. The new attorney was unable to provide the address during the conference and was evasive in responding to requests confirming whether she would reach out to the attorney who submitted the declaration to obtain the address. *Id*. at 8:23-10:20. Mulvadi still has not provided the address. *See id.*, Ex. J.

---

[6] In slightly technical terms, this is so because—in violation of the ESI Order—Mulvadi did not Bates number the ESI on single-page TIFF images or provide a delimited data file ("load file") Dkt. 506 ¶ 5.

[7] The Court ordered Mulvadi to disclose "the search terms, queries, and methodologies used to locate responsive ESI." Dkt. 487 at 2. Mulvadi made the unilateral decision to disregard the targeted search terms that Plaintiffs had negotiated with Mulvadi's co-defendants, *see* Dkt. 506-3, and searched only the term "Kona." Mulvadi's decision to reject Plaintiffs' search terms without ever conferring about the search terms or its proposed methodology with Plaintiffs violated the Court's ESI Order. *See* Dkt. 152 at 5-6.

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL
-16-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

Next, the parties discussed Mulvadi's failure to provide access to its complete QuickBooks data. The new attorney began the discussion by misrepresenting the record with the false claim that Mulvadi had provided access to Plaintiffs' expert on multiple occasions. *Id*. at 11:18-23. Despite the fact that Mulvadi's IT professional had already confirmed on September 7, 2021 that he was capable of producing the complete QuickBooks file tods Plaintiffs' expert, *see* Barrick Decl. ¶ 8, the new attorney requested a week to confirm whether Mulvadi would so produce to data, *see* Paine Decl., Ex. K at 15:15-18:11. Over a month later, and over two-months past the Court's deadline, Mulvadi still has not provided the complete QuickBooks data. *See* Barrick Decl. ¶¶ 4-14.

Finally, the parties discussed Mulvadi's continued non-compliance with the rest of the terms of the Court's order compelling discovery. *See* Dkt. 487. Specifically, Plaintiffs detailed numerous issues concerning various deficiencies in Mulvadi's court-ordered ESI search. Paine Decl., Ex. K at 18:12-21:24. But the new attorney would only commit to addressing one of the various issues, she agreed to Bates stamp the production within a month. *See id.* at 21:25-27:12. When pressed for details concerning Mulvadi's ESI search and its compliance with the Court's orders, the new attorney was evasive, *see id*. at 27:1-33:14, stating only, "we will provide documents in compliance with the court order." *Id*. at 33:5-6.

Plaintiffs now move for sanctions.

III.   **LEGAL STANDARD**

District courts sanction parties and counsel who engage in significant misconduct. *See, e.g., DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 948–51 (N.D. Ill. 2021) (analyzing a district court's "full arsenal of authority"). When a party violates a court order or submits perjured testimony, that sanction properly includes default. *See, e.g.*, Fed. R. Civ. P. 37(b)(2)(A)(vi) (default appropriate when a party violates a court order); *Loop AI Labs Inc. v. Gatti*, No. 15-CV-00798-HSG, 2017 WL 934599, at *8 (N.D. Cal. Mar. 9, 2017)

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL
-17-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

(collecting citations for case terminating sanctions), *aff'd*, 742 F. App'x 286 (9th Cir. 2018); *Stewart v. RockTenn CP, LLC*, No. 3:13-CV-2147-AC, 2016 WL 3566731, at *2 (D. Or. June 29, 2016) (collecting citations involving perjury and false evidence).

### A.   This motion implicates Rule 37 and the Court's inherent authority.

Under the Federal Rules, district courts can sanction a party or its counsel that does not comply with their discovery obligations. *See Bolding v. Banner Bank*, No. C17-0601RSL, 2021 WL 4147848, at *1 (W.D. Wash. Sept. 13, 2021) (Lasnik, J.). In relevant part, Rule 37(b)(2) provides that the court may issue orders "striking pleadings," "rendering a default judgment," and finding "contempt of court" when a party or its counsel "fails to obey an order to provide or permit discovery." Rule 37(c)(1) also permits those same sanctions for a party or counsel that does not update incomplete or incorrect discovery responses. In particular, "[a]ctions taken with the intent to increase expenses ... or delay may . . . constitute bad faith worthy of sanctions." *Dawson v. Porch.com, Inc.*, No. C20-0604RSL, 2021 WL 3630503, at *3 (W.D. Wash. Aug. 17, 2021) (Lasnik, J.) (citations omitted).

District courts also have the inherent authority "to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (citation omitted). If a district court acts "under its inherent powers, a district court must find either (1) a willful violation of a court order or (2) bad faith." *Dawson*, 2021 WL 3630503, at *5.

### B.   A five-factor test governs any motion for default.

The Ninth Circuit has long encouraged district courts to use a "five-part test, with three subparts to the fifth part" to determine whether they should issue a sanction of default. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007); *see also, e.g., Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). In particular, the five factors are:

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL
-18-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.

*Connecticut Gen. Life*, 482 F.3d at 1096 (quotation marks and citation omitted). Default, moreover, "is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). It "is justified only by willfulness, bad faith, and fault." *Bolding*, 2021 WL 4147848, at *1; *Dawson*, 2021 WL 3630503, at *4.

## IV.    PLAINTIFFS ASK THE COURT TO ORDER DEFAULT

Even the Court's multiple orders compelling production of the complete QuickBooks data and ESI, *see* Dkt. 248, 274, 487, 523, have not motivated Mulvadi to comply, as evidenced by its failure to comply with a single Court-ordered discovery deadline from the outset of this litigation. Despite the Court's warning that Mulvadi would be sanctioned if it failed to produce its complete QuickBooks data, Dkt. 487, and despite a prior order awarding monetary sanctions, Dkt. 523, Mulvadi continues to obstruct Plaintiffs' access to the data. Accordingly, and in view of the repeated incorrect statements that Mulvadi and its counsel have made under oath, Plaintiffs respectfully submit that this case does not present a close call. All five of the relevant factors indicate that the Court should order default. *See, e.g., Wanderer v. Johnston,* 910 F.2d 652, 655 (9th Cir. 1990) (affirming default judgment against defendants who "exhibited complete indifference to [the court's] warnings, the orders of th[e] court and their discovery obligations, thereby thwarting plaintiffs' every attempt to secure basic, legitimate discovery"). Default is not only just under the circumstances of this case, it will also "deter those who might be tempted to such conduct in the absence of such a deterrent." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (citation omitted).

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL

-19-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

### A.    The first two factors weigh heavily in favor of default.

The first two factors are the public's interest in expeditious resolution of litigation and the Court's need to manage its docket. *See Malone*, 833 F.2d at 131. They counsel for default if a party's "dilatory conduct greatly impede[s] resolution of the case . . . ." *Id.* And there should be little question that Mulvadi's conduct is "greatly impeding resolution." Mulvadi continues to refuse to produce some of the most critical discovery in the case, notwithstanding two previous court orders—one issuing monetary sanctions—demanding that they do so. This alone supports default. *See Malone,* 833 F.2d at 133 ("A [party] can hardly be surprised by a harsh sanction in response to willful violation of a pretrial order."); *United States v. Reeves,* No. 2:12-CV-01916-RFB, 2015 WL 273597, at *6 (D. Nev. Jan. 21, 2015) (citing same).

As indicated above, moreover, it is not "only" that Mulvadi has violated the Court's ESI Order and three orders compelling discovery. Mulvadi and its counsel have also made false statements to Plaintiffs and the Court, which themselves have delayed resolution of this case; Plaintiffs lost months of time addressing Mulvadi's misrepresentations about paper records alone. To that extent, this case is also like *Sec. & Exch. Comm'n v. Blockvest, LLC*, where the court ordered default when "[d]efendants' misconduct has greatly impeded the resolution of the case by obscuring critical facts, and Plaintiff expended a substantial amount of time and resources obtaining discovery relating to the false declarations at issue." 2020 WL 1910355, at *14, *adopted* 2020 WL 2786869 (S.D. Cal. May 29, 2020).

In sum, the first two factors weigh even more heavily in this case than they did in cases like *Malone* (violation of court orders) or cases like *Blockvest* (perjury) because it includes violations of court orders *and* perjury, in addition to Mulvadi and its counsel's long pattern of delay and obstruction. Plaintiffs, indeed, were recently forced to file *another* motion seeking to extend the schedule for class certification because of Mulvadi's repeated delays in handing over the key evidence necessary for such a motion.

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL

-20-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

**B.    Plaintiffs face a significant risk of prejudice if the Court denies this motion.**

The third factor is the risk of prejudice. *See Malone*, 833 F.2d at 131. Plaintiffs face the significant risk of prejudice if the Court does not order default against Mulvadi. First and most critically, there is great risk of prejudice in any case where there is "extensive perjury" because "[t]here is no point to a lawsuit ... if it merely applies law to lies." *CrossFit, Inc. v. Nat'l Strength & Conditioning Ass'n*, No. 14-CV-1191 JLS (KSC), 2019 WL 6527951, at *19 (S.D. Cal. Dec. 4, 2019); *see also Lee v. Trees, Inc.*, No. 3:15-CV-0165-AC, 2017 WL 5147146, at *3 (D. Or. Nov. 6, 2017) (collecting authority). Both Mulvadi and its counsel have repeatedly submitted false testimony. There is no reason to expect them to stop. *See id*.

Second, Mulvadi continues to sell its counterfeit coffee. *See* Paine Decl., Ex. L. Courts routinely find prejudice weighing in favor of default when a defendant is selling a counterfeit product. *See Loiseau v. Reel Network LLC*, No. 2:17-CV-08998-SVW-SS, 2018 WL 6039834, at *2 (C.D. Cal. July 26, 2018) ("If a default judgment is not entered, Plaintiff will continue to suffer harm from Defendant's continued copyright infringement."); *cf. Amazon.com v. Kurth*, No. 2:18-CV-00353-RAJ, 2019 WL 3426064, at *3 (W.D. Wash. July 30, 2019) (Jones, J.) (granting default judgment over contract claim when defendant was selling a counterfeit product).[8] This general caselaw applies with particular force here because there is a real risk that Mulvadi will never be able to pay its full damages in this matter. *See* Dkt. 253 (Mulvadi's president attesting to Mulvadi's poor financial condition).

Finally, Mulvadi's conduct is imposing significant additional litigation costs: filtering through stacks of irrelevant material, fighting to even get a meet and confer, needing to bring motions to compel to obtain any material at all. Continued litigation serves only to reduce the ultimate recovery that will be available to the class, as opposed to lawyers and experts.

---

[8] *Loiseau* considered a Rule 55 motion, which involves a slightly different test than a motion for sanctions. Plaintiffs ask the Court to conclude that the logic of this case also applies here, however.

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL

-21-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

## C.    The public policy favoring resolution on the merits does not help Mulvadi.

The fourth factor asks a district court to consider the public policy favoring resolution on the merits. *Malone*, 833 F.2d at 131. But this factor does not help Mulvadi or its counsel, because they are the ones preventing resolution on the merits with their repeated, extreme misconduct. This factor is thus "neutral," lending "little support to a party whose conduct impeded progress toward disposition on the merits." *Blockvest*, 2020 WL 1910355, at *15 (citing *In re Phenylpropanolamine*, 460 F.3d at 1228). Indeed, it is unclear when, if ever, this case could be resolved fully and finally on the merits because Mulvadi and its counsel simply refuse to participate honestly and in good faith in the litigation.

## D.    Less drastic sanctions are insufficient.

The final factor asks whether sanctions other than default will resolve matters. *Malone*, 833 F.2d at 131. They will not. On this point, the repeated false statements under oath and repeated Rule 11 threats should be dispositive: "[d]ismissal is appropriate where a pattern of deception and discovery abuse made it impossible for the district court to conduct a trial with any reasonable assurance that the truth would be available." *Burris*, __ F. Supp. 3d ___, 2021 WL 4627312, at *17 (quoting *Valley Engineers Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)) (internal quotation marks omitted); *cf. Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1299 (S.D. Fla. 2007) ("Although Kleppin did not file a Rule 11 motion, he had no basis for even threatening to file one. Kleppin's behavior was willfully abusive and cannot be tolerated.").[9]

---

[9] Another district court held recently that an attorney who attached a Rule 11 letter as an exhibit—just as Mulvadi's counsel has done in this case, *see* Dkt. 201 at 34; & Dkt. 438-1 at 12-14, violated Rule 11(b)(1) by doing so. *See Patterson v. United Healthcare Ins. Co.*, No. 1:21-CV-00470, 2021 WL 2069548, at *3 (N.D. Ohio May 24, 2021) ("But the record shows, and the Court finds, that counsel wanted the Court to know precisely what the contents of that letter contain—namely, that in his view Defendants, their counsel, or both have acted before the Court in a manner worthy of sanctions. Whether they did or not, the Court does not know. But Plaintiff's counsel, emphatically, did *not* have a proper purpose in submitting the letter to the Court." (emphasis in original)).

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL

-22-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

The Court, indeed, has already attempted lesser sanctions. *See* Dkt. 523 at 2. Far from discouraging Mulvadi and its counsel, they filed a largely frivolous brief in response to Plaintiffs' motion for fees, *still have not complied with the initial discovery orders for which the Court ultimately issued sanctions*, and sent a non-partner who is seemingly new to the case file to the discovery conference to explain their non-compliance with other discovery. The failure of lesser sanctions is also noteworthy because the initial discovery dispute was not a close call, as demonstrated by the fact that Mulvadi's opposition to that motion was essentially devoid of pertinent legal authority. *See* Dkt. 200.

One final point. Mulvadi may argue that default is not warranted because the Court did not specifically warn Mulvadi that it could strike Mulvadi's Answer if it failed to comply with the Court's previous sanctions order. Plaintiffs respectfully ask this Court to give this argument no weight because the other factors weigh so heavily in favor of default. *See, e.g.*, *Valley Engineers*, 158 F.3d at 1056 (affirming default without prior warning). In particular, Mulvadi's owner and counsel have both repeatedly submitted inaccurate testimony under oath. No warning would make it possible "to conduct a trial with any reasonable assurance that the truth would be available." *Burris*, __ F. Supp. 3d ___, 2021 WL 4627312, at \*17 (quoting *Valley Engineers*, 158 F.3d at 1057).

## V.    THE COURT SHOULD ISSUE AN INJUNCTION.

While both class certification and damages must wait for separate proceedings, Plaintiffs will have established as a matter of law that Mulvadi's coffee is willfully counterfeit if the Court strikes Mulvadi's Answer. Under these facts, Plaintiffs are also entitled to an immediate injunction against future sales of the infringing products. *See Adobe Sys. Inc. v. Johnson*, No. CV146313, 2015 WL 12681313, at \*7 (C.D. Cal. Apr. 27, 2015).

First, "when a plaintiff establishes in a trademark infringement or unfair competition action a likelihood of confusion, it is generally presumed that the plaintiff will suffer irreparable harm if an injunction is not granted." *Id*. (citation omitted). Second, monetary damages are

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL

-23-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

insufficient in this litigation "due to the risk of continued infringement absent judicial intervention." *See id*. Third, "[t]he balance of hardships tips in plaintiff's favor because defendants face no cognizable hardship in refraining from future infringement …." *Id*. Last, "the public has an interest in the protection of intellectual property rights and prevention of willful infringement." *Id*. Mulvadi should thus be enjoyed immediately from further sales of any coffee product labeled "Kona."

## VI.    CONCLUSION

For the above reasons, Plaintiffs respectfully ask this Court to strike Mulvadi's Answer, enter an order of default against Mulvadi, and enjoin Mulvadi from future sales of any coffee product labeled as "Kona." Plaintiffs respectfully reserve the issue of fees and costs, including under 28 U.S.C. § 1927. *Cf. DR Distributors*, 513 F. Supp. 3d at 921 (awarding fees and costs following resolution of the litigation).


Dated:  November 23, 2021

KARR TUTTLE CAMPBELL

/s Nathan T. Paine
Nathan T. Paine, WSBA #34487
Daniel T. Hagen, WSBA #54015
701 Fifth Avenue, Suite 3300
Seattle, WA  98104
206.223.1313
npaine@karrtuttle.com

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP

/s/ Jason L. Lichtman
Jason L. Lichtman (*pro hac vice*)
Daniel E. Seltz (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, NY  10013
212.355.9500
jlichtman@lchb.com
dseltz@lchb.com


*Attorneys for the Plaintiffs
and the Proposed Class*

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL

-24-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

**CERTIFICATE OF SERVICE**

I, Jason L. Lichtman, certify that on November 23, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

/s *Jason L. Lichtman*
Jason L. Lichtman

*Counsel for Plaintiffs*

PLAINTIFFS' MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL

-25-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592