The Honorable Robert S. Lasnik

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| BRUCE CORKER d/b/a RANCHO ALOHA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MULVADI CORPORATION, a Hawaii corporation, *et al.*,<br><br>Defendants. | CASE NO. 2:19-CV-290<br><br>PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS OF DEFAULT AND AN ORDER TO CEASE UNLAWFUL CONDUCT<br><br>ORAL ARGUMENT REQUESTED<br><br>Note for hearing: December 17, 2021 |

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   ADDITIONAL FACTS RAISED BY MULVADI'S RESPONSE ........................2

III.  ARGUMENT .......................................................................................................5

    A.    Mulvadi does not dispute that it violated Rule 1 repeatedly. ...................5

    B.    Mulvadi has not complied with the Court's discovery orders................6

    C.    Mulvadi has never provided useful access to its QuickBooks data........6

    D.    Mulvadi does not apologize for or explain its misrepresentations. ........7

    E.    Mulvadi does not provide a good explanation for its misconduct related to Pacifica. ..............................................................................................9

    F.    Mulvadi's remaining arguments are off point. ......................................11

IV.   CONCLUSION ...................................................................................................12

PLAINTIFFS' REPLY ISO MOTION FOR SANCTIONS
Case No. 2:19-CV-00290-RSL

-i-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Bernal v. All Am. Inv. Realty, Inc.*,
    479 F. Supp. 2d 1291 (S.D. Fla. 2007)........................................................................5

*Bolding v. Banner Bank*,
    No. C17-0601, 2021 WL 4147848 (W.D. Wash. Sept. 13, 2021) (Lasnik, J.) ............5

*Burris v. JPMorgan Chase & Co.*,
    No. CV-18-3012, __ F. Supp. 3d ___, 2021 WL 4627312 (D. Ariz. Oct. 7, 2021)....................7

*Dawson v. Porch.com, Inc.*,
    No. C20-0604, 2021 WL 3630503 (W.D. Wash. Aug. 17, 2021) (Lasnik, J.) ............5

*DR Distributors, LLC v. 21 Century Smoking, Inc.*,
    513 F. Supp. 3d 839, 948–51 (N.D. Ill. 2021)...............................................................6

*Patterson v. United Healthcare Ins. Co.*,
    No. 1:21-CV-00470, 2021 WL 2069548 (N.D. Ohio May 24, 2021).........................5

*Valley Engineers Inc. v. Elec. Eng'g Co.*,
    158 F.3d 1051 (9th Cir. 1998)......................................................................................7

*Wolstein v. Bernardin*,
    159 F.R.D. 546 (W.D. Wash. 1994) (Coughenour, J.)..............................................2, 7

**Rules**

Fed. R. Civ. P. 1. ..............................................................................................................1, 5

PLAINTIFFS' REPLY ISO MOTION FOR SANCTIONS
Case No. 2:19-CV-290-RSL

-ii-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

## I.    **INTRODUCTION**

Mulvadi's response to Plaintiffs' motion for sanctions emphasizes why this Court should enter an order of default. Mulvadi does not apologize for, deny, or even address many of the bases for sanctions in Plaintiffs' motion, including false testimony under oath and multiple improper Rule 11 threats. Mulvadi does not dispute:

- Both Mulvadi and its counsel have submitted incorrect testimony under oath.

- Its counsel has repeatedly attempted to use Rule 11 to intimidate Plaintiffs.

- It has never reviewed documents for responsiveness.

- It has not met *any* discovery deadlines.

- It refuses to participate in meet and confer conferences to delay litigation.

- It has not complied with multiple discovery orders.

- It has not produced ESI after 2016, despite an express court order that it do so.

Many of the factual statements in its most recent brief, moreover, are contradicted by the record. For example, Mulvadi says that Plaintiffs refused to produce the testing data demonstrating that Mulvadi sells counterfeit "100% Kona Coffee." *See* Dkt. 554 at 3. In fact, Plaintiffs produced this data to Mulvadi and its co-defendants last year. *See* Ex. 1.[1]

Mulvadi did not need to take this path. It could have responded to Plaintiffs' motion by making a good faith attempt to mitigate the prejudice from its past misconduct and demonstrating that it takes its discovery obligations and the Court's orders seriously. It could have provided a copy of its "complete QuickBooks data." It could have requested a discovery conference to negotiate a reasonable plan to remedy its outstanding discovery deficiencies. Such efforts might have demonstrated that no matter the reason for its past intransigence, it now intended to litigate consistent with its obligation to help "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

---

[1] Plaintiffs attach exhibits to the second declaration of Nathan T. Paine, filed with this brief.

PLAINTIFFS' REPLY ISO MOTION FOR SANCTIONS
Case No. 2:19-CV-290-RSL

-1-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

Instead, Mulvadi's response is not merely unrepentant, but defiant. It evinces nothing less than a "cavalier disrespect for plaintiffs' right to prosecute this case in good faith, for the rules of discovery, and for the Court itself." *Wolstein v. Bernardin*, 159 F.R.D. 546, 553 (W.D. Wash. 1994) (Coughenour, J.). Default is appropriate.

## II.    ADDITIONAL FACTS RAISED BY MULVADI'S RESPONSE

In Plaintiffs' opening motion, they asked the Court to sanction Mulvadi and its counsel for false statements under oath, violation of court orders, and obstruction of the litigation. Mulvadi's response to this motion contains additional statements that are contradicted by the record.

| Mulvadi's Response | Record Evidence |
|---|---|
| "Plaintiffs withdrew the testing as the basis for their claims, refusing to provide discovery to back up the testing." Dkt. 554 at 3. | Plaintiffs did not withdraw their testing, which they produced to Mulvadi's counsel on October 28, 2020. Ex. 1. This evidence was produced to all defense counsel, *see id.*, by the deadline set in the Court's order. *See* Dkt. 341 at 6. |
| The farm depicted in the photographs Mr. Thoreson submitted to the Court, *see* Dkt. 448 ¶ 3, is Pacifica's farm, which Hawaii Coffee Connection ("HCC") confirmed at its deposition, *see* Dkt. 555 ¶ 8. | Plaintiffs' private investigator located and visited the farm shown in Mr. Thoreson's photographs. *See* Dkt. 545-3. He submitted evidence to the Court demonstrating that the farm does not have a connection to Pacifica Services, Inc. ("Pacifica") or Susan Decker. *See id.* |
| "Plaintiffs sent an ex-police officer to a mail-stop used by Pacifica Services, and on that basis represent to this Court that Pacific Services' farm does not exist." Dkt. 554 at 8. | The information that HCC provided for Pacifica identifies the same farm (just the neighboring parcel) previously located by Plaintiffs' investigator. *Cf.* Ex. 7 *with* Dkt. 545-3 at 20.  It is not owned by (or leased to) Pacifica or Susan Decker, it is owned and leased by the same individuals and entities identified by Plaintiffs' investigator.  *Id.* |
| "Plaintiffs have been given complete access to Mulvadi's [QuickBooks] database."  Dkt. 555 ¶ 12. | The QuickBooks data file that Mulvadi produced is highly restricted and does not permit Plaintiffs or their experts to access a significant amount of data or generate reports. *See* Dkt. 548 ¶¶ 12-14; *see also* 2nd Barrick Decl., ¶¶ 7-10.<br><br>One of Plaintiffs' experts submitted declarations detailing that this level of access is not useful for Plaintiffs. *See id.* |

PLAINTIFFS' REPLY ISO MOTION FOR SANCTIONS
Case No. 2:19-CV-290-RSL

-2-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

| Mulvadi's Response | Record Evidence |
|---|---|
| "When Ms. Barrick finally contacted me, I gave her the password, and she connected to the session." Dkt. 556 ¶ 7. | "Mr. Crawford's statements that he gave me a password and I 'connected to the session' are false. . . . I never connected to any TeamViewer session and Mr. Crawford never gave me any separate password to do so. I do not know why Mr. Crawford is claiming to the contrary, but there is no truth to his statements." 2nd Barrick Decl. ¶ 14. |
| "Plaintiffs' counsel never gave [their expert] the second copy of the [QuickBooks] database." Dkt. 554 ¶ 12. | Plaintiffs' counsel provided one of their experts (Ms. Barrick) with the second copy of Mulvadi's QuickBooks database the day Mulvadi sent it. *See* Ex. 3. Ms. Barrick confirmed that her access to that database was severely restricted. *See* Dkt. 548 ¶¶ 12-14; *see also* 2nd Barrick Decl. ¶¶ 7-10. |
| Mr. Thoreson did not agree to the ESI order: his signature was added by lead counsel due to a misunderstanding attributable to the "Covid pandemic at the time." Dkt. 555 ¶ 10. | Mulvadi signed the ESI order on or around October 31, 2019. *See* Dkt. 248 (finding same). This was months before the first reported case of COVID-19 in the United States. *See* bit.ly/33psGgb. |
| "As for ESI, after Mulvadi's paper production, I learned that an ESI agreement had been reached, but which I did not agree to on behalf of Mulvadi." Dkt. 555 ¶ 10. | The Parties (including Mulvadi) entered the ESI order on the docket on October 31, 2019. *See* Dkt. 151. The Court entered that order on November 1, 2019. *See* Dkt. 152. These events served notice to all counsel of record.<br><br>The Court found previously that Mulvadi identified its documents "*after* the entry of the ESI order" and that "Mulvadi [] stipulated to" the ESI protocol. Dkt. 248 (emphasis added).<br><br>Mulvadi did not produce documents until months after Plaintiffs moved to compel their production. *See* Dkt. 188; *see also* Dkt. 319. The first sentence of Plaintiffs' motion to compel references the ESI order. *See* Dkt. 188 at 1. |
| Mulvadi's QuickBooks data is not accurate because "the paper documents showed what actually came in and went out the door." Dkt. 555 ¶ 8.<br><br>"The production of Mulvadi's purchases and sales of freeze-dried Kona coffee is therefore moot." Dkt. 554 at 8, n. 2. | Mulvadi testified that its QuickBooks data is accurate and updated on almost a daily basis. *See* Ex. 9 at 130-132.<br><br>Mulvadi admitted that its production of paper invoices for freeze-dried coffee is not complete. *See id.* at 252-253. |

PLAINTIFFS' REPLY ISO MOTION FOR SANCTIONS
Case No. 2:19-CV-290-RSL

-3-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

| Mulvadi's Response | Record Evidence |
|---|---|
| "Plaintiffs did not serve HCC counsel with the Motion to Seal (Dkt. 550 at 2), so Plaintiffs have denied HCC the opportunity to oppose the designation." Dkt. 554 at 13. | On November 16, 2021, Plaintiffs provided HCC with the testimony at issue and asked for permission to file publicly. *See* Dkt. 552 at 2. HCC refused. *Id.*<br><br>Plaintiffs provided HCC a copy of the motion on December 10, 2021. *See* Ex. 10 at 3. HCC made clear that they have no intention of responding to the motion to seal. *Id.* at 1. |
| "Had the lawyers for Plaintiffs made the modest effort to go to [the farm that Mr. Thoreson identifies as Pacifica's farm], they would have seen the same thing" shown in his photographs. Dkt. 555 ¶ 8. | Plaintiffs' counsel went to Kona to inspect the address that HCC and Mulvadi provided in discovery. *Cf.* Ex. 2 at 7 *with* Exs. 5 & 6.; This was an office park. *See* Dkt. 545 ¶ 6.[2]<br><br>Mulvadi responded to every request by Plaintiffs for the address of the farm shown in Mr. Thoreson's photographs by providing the same office park address. *See* Dkt. 545 ¶¶ 5-6; *see also* Dkt. 545-10 at 4. |
| The parties agreed the experts would meet at 11:00 a.m. Hawaii Standard Time on September 7. Dkt. 554 at 11. | There was no such agreement. *See* 2nd Paine Decl. ¶¶ 13-15; *see also* 2nd Barrick Decl. ¶¶ 12-14. |
| Plaintiffs refused to review or consider the discovery that Mulvadi has produced. *See, e.g.,* Dkt. 554 at 4; Dkt. 555 ¶ 13. | Plaintiffs reviewed over 100,000 pages of documents that Mulvadi did not review for responsiveness and through those efforts Plaintiffs discovered evidence that Mulvadi uses QuickBooks. *See* Dkt. 434 at 2. |
| The data in the charts included in Mr. Thoreson's August 23, 2019 Rule 11 letter were "based on Mulvadi's purchase orders and invoices." Dkt. 555 ¶ 5. | Mulvadi generated these charts from QuickBooks. *See* Dkt. 434-3 at 22-23.[3] |

---

[2] Plaintiffs provided Mr. Thoreson six weeks' notice that they intended to inspect the site that Mulvadi provided as the address for Pacifica farm, but he never informed Plaintiffs of his contention that the farm was not located at that address. *See* 2nd Paine Decl. ¶ 19. Indeed, he submitted his sur-reply declaration the same day that Plaintiffs inspected the address he provided; i.e., the office park.

[3] Mulvadi's president included those same charts in a declaration. *See* 438-1 at 30. He confirmed at his deposition that he generated these charts from QuickBooks. *See* Dkt. 434-3 at 22-23.

PLAINTIFFS' REPLY ISO MOTION FOR SANCTIONS
Case No. 2:19-CV-290-RSL

-4-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

## III.    ARGUMENT

Default "is justified only by willfulness, bad faith, and fault." *Bolding v. Banner Bank*, No. C17-0601, 2021 WL 4147848, at *1 (W.D. Wash. Sept. 13, 2021) (Lasnik, J.); *Dawson v. Porch.com, Inc.*, No. C20-0604, 2021 WL 3630503, at *4 (W.D. Wash. Aug. 17, 2021) (Lasnik, J.). Mulvadi's response to Plaintiffs' motion demonstrates that all three are present.

### A.    Mulvadi does not dispute that it violated Rule 1 repeatedly.

Plaintiffs' opening brief explained that Mulvadi has engaged in a pattern of conduct that delayed the litigation, multiplied expenses, and used court resources inefficiently. *Compare* Dkt. 544 at 10 *with* Fed. R. Civ. P. 1. Mulvadi repeatedly attempted to use Rule 11 as a weapon to intimidate Plaintiffs, has never reviewed documents for responsiveness, has not met *any* discovery deadlines, still refuses to provide a straightforward answer to a basic interrogatory, and has repeatedly refused to participate in meet and confer conferences to delay litigation. *See* Dkt. 544 at 10 (detailing this conduct). Mulvadi does not deny this.

Rather than apologize for its conduct, Mulvadi has doubled down with additional unsupported Rule 11 accusations, *see* Dkt. 555 ¶¶ 6, 13 & 15, and another procedurally and substantively flawed motion apparently intended to delay proceedings, *see* Dkt. 552 (responding to same). This conduct alone merits significant sanctions. *See, e.g.*, *Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1299 (S.D. Fla. 2007) ("Although Kleppin did not file a Rule 11 motion, he had no basis for even threatening to file one. Kleppin's behavior was willfully abusive and cannot be tolerated."); *Patterson v. United Healthcare Ins. Co.*, No. 1:21-CV-00470, 2021 WL 2069548, at *3 (N.D. Ohio May 24, 2021) (holding that it violates Rule 11 to attach a Rule 11 letter as an exhibit, as Mulvadi's counsel has done in this case). Mulvadi does not attempt to distinguish either *Bernal* or *Patterson*, and they are not distinguishable except to the extent that those cases "only" involved improper Rule 11 threats.

PLAINTIFFS' REPLY ISO MOTION FOR SANCTIONS
Case No. 2:19-CV-290-RSL

-5-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

**B.    Mulvadi has not complied with the Court's discovery orders.**

Plaintiffs' opening brief detailed multiple occasions on which Mulvadi has violated or continues to violate the Court's discovery orders. *See* Dkt. 544 at 9. Mulvadi does not contest two of these violations: it admits that it completed producing paper documents more than six months after the Court's deadline and does not try to explain why it produced *no* ESI after 2016. *See* Dkt. 555 ¶ 9. Mulvadi does, however, attempt to declare "moot" the fact that it did not produce any discovery about its freeze-dried coffee products, Dkt. 554 n. 2, notwithstanding that the Court ordered Mulvadi to "[p]roduce all responsive ESI, including document concerning freeze-dried coffee labeled "Kona," Dkt. 487 at 2. But a party cannot simply declare a Court order moot rather than comply with the order.

Mulvadi's two responses addressing its non-compliance are of no moment. First, Mulvadi argues that because it produced its QuickBooks file, it does not need to produce other ESI. Setting aside that Mulvadi did *not* produce its QuickBooks file in a meaningful sense, parties must follow the Court's orders unless they receive specific relief from them. Second, Mulvadi attempts to relitigate discovery issues that the Court resolved in prior orders. *Compare, e.g.*, Dkt. 555 ¶¶ 10-11 *with* Dkts. 152, 248, 274 & 487. Mulvadi's arguments now are no more persuasive than they were at the time, and a party cannot refuse to follow a court's discovery orders and *later* argue that the discovery order was incorrect. *Cf., e.g.*, *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 948–51 (N.D. Ill. 2021) (analyzing a district court's "full arsenal of authority" when a party fails to comply with its discovery obligations).

**C.    Mulvadi has never provided useful access to its QuickBooks data.**

In August, the Court ordered Mulvadi to produce its "complete Quickbooks data," denying Mulvadi's "procedurally and substantively flawed" attempt to resist providing that data despite an earlier Court order. Dkt. 523 at 2. Mulvadi has not complied with the Court's order. *See* 2nd Barrick Decl. ¶¶ 7-10; *see also* Dkt. 548 ¶ 12.

In Plaintiffs opening brief, their expert detailed the way in which Mulvadi provided

PLAINTIFFS' REPLY ISO MOTION FOR SANCTIONS
Case No. 2:19-CV-290-RSL

-6-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

highly restricted, unusable access to its QuickBooks file. *See* Dkt. 548. Mulvadi has never attempted to work with Plaintiffs to remove the restrictions Mulvadi placed on its QuickBooks file (twice). Instead Mulvadi blames Plaintiffs for its own non-compliance. *See, e.g.*, Dkt. 554 at 10-12; Dkt. 555, ¶¶ 11-12; Dkt. 556.[4] Setting aside that Mulvadi's description of the facts contains numerous inaccuracies detailed in the chart above, what matters for present purposes is that Mulvadi has long been in violation of the Court's order compelling it to provide complete access to its QuickBooks data, *see* Dkt. 523 at 2, and it did not remedy that non-compliance after Plaintiffs indicated they would move for sanctions. *Cf.* Dkt. 540 at 2 (notifying Mulvadi).

### D.    Mulvadi does not apologize for or explain its misrepresentations.

One of the bases for Plaintiffs' request for terminating sanctions was that Mulvadi's "pattern of deception and discovery abuse" have made it "impossible . . . to conduct a trial with any reasonable assurance that the truth [will] be available." *Burris v. JPMorgan Chase & Co.*, No. CV-18-3012, __ F. Supp. 3d ___, 2021 WL 4627312, at *17 (D. Ariz. Oct. 7, 2021) (quoting *Valley Engineers Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). Mulvadi does not offer any reasonable explanation for its misrepresentations.

### 1.    Mulvadi does not meaningfully address the false statements it made about its financial ability to comply with the Court's discovery orders.

Plaintiffs' opening brief explained that Mulvadi's president had misrepresented its financial condition and number of employees. *See* Dkt. 544 at 7-8. Mulvadi's only response is to state in passing that this should be a "non-issue." Dkt. 554 at 8. This is the type of "cavalier disrespect for plaintiffs' right to prosecute this case in good faith, for the rules of discovery, and for the Court itself" for which Judge Coughenour rightly entered default judgment in *Wolstein*, 159 F.R.D. at 553.

---

[4] Mulvadi spent the first two years of this litigation trying to conceal the fact that QuickBooks (or any ESI) even existed. *See* Dkt. 433. There is no dispute that this evidence is relevant. *See* Dkt. 487 n. 1.

PLAINTIFFS' REPLY ISO MOTION FOR SANCTIONS
Case No. 2:19-CV-290-RSL

-7-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

Far from being a "non-issue," Mulvadi filed a motion for reconsideration of the Court's first order compelling discovery on the basis that it had no money or staff. Dkt. 253 at 2. That was not true: Mulvadi had just received $235,600 and retained most of its staff. Dkt. 554 at 8. And while the Court ultimately denied the motion for reconsideration, *see* Dkt. 274, Mulvadi benefited from the perjured statements: the Court extended Mulvadi's deadline for compliance based on them, *compare* Dkt. 248 at 3 *with* Dkt. 274 at 3, and Mulvadi did not comply with even that later deadline, waiting to *begin* producing documents until Plaintiffs filed a motion for contempt. *See* Dkt. 319; *see also* Dkt. 555 ¶ 9 (identifying the date for the first production).[5] This significant and unnecessary delay was predicated on Mulvadi's misrepresentations. *Cf.* Dkt. 253 ¶¶ 4-5 ("[R]ight now I have zero staff.") *with* Dkt. 545-1 at 4-6 & 16-25 (admitting Mulvadi retained almost its entire staff).

**2.    Mulvadi's counsel does not meaningfully address the misrepresentations that he made about Mulvadi's use of ESI.**

As Plaintiffs explained in their opening brief, one of their first discovery disputes with Mulvadi centered around outside counsel's contention that his client only keeps paper records, and Mulvadi objected to the burden and expense of producing them in accordance with the Court's ESI Order. *See* Dkt. 200. Mulvadi's counsel wrote in a declaration:

> During my visit, my understanding that substantially all Mulvadi transactions were done in paper was confirmed, observing over 44 bankers boxes of purchase and sale materials, including detailed financial records, which had been produced to the State of Hawaii Department of Agriculture in the manner kept in the ordinary course of business over the prior four (4) years. Mr. Mulgrew explained that Mulvadi retains paper copies of its business records because that is how it produces those records for the Hawaii Department of Agriculture, and how most of his business is run, and has run the past 20 years.

Dkt. 201 ¶ 4.

---

[5] As Mulvadi admits, it did not complete the Court-ordered production of documents until December 22, 2020, *see* Dkt. 555 ¶ 9, more than six months after the Court's deadline and eighteen months after Plaintiffs served the discovery requests, *see* Dkt. 112-1 at 6-13.

PLAINTIFFS' REPLY ISO MOTION FOR SANCTIONS
Case No. 2:19-CV-290-RSL

-8-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

None of these statements were true. Mulvadi has conducted its business through QuickBooks for decades, and it updates QuickBooks on an almost a daily basis. *See* Dkt. 434-3 at 8-10. Mulvadi uses QuickBooks to generate invoices, generate profit and loss statements, prepare its taxes, record prices paid for Kona coffee, and track the costs of goods sold. *Id*. at 7, 8, 11-12, 14-16, & 22-23. And like most businesses, Mulvadi uses computer workstations connected to servers, conducts business via email, and maintains electronically stored information. *Id*. at 24-30. Mulvadi testified, moreover, that the information provided to the Hawaii Department of Agriculture was *not* documents in the 44 bankers' boxes, but reports generated from QuickBooks. *See* Dkt. 545-1 at 11-12 & 15-16. Plaintiffs learned all of this in a few minutes of deposition. Mulvadi's counsel thus should have been able to observe Mulvadi's reliance on ESI after spending a "day observing Mulvadi's operations and reviewing records." Dkt. 555 ¶ 7.

Mulvadi benefited from its misconduct by delaying the production of highly relevant ESI for almost 2.5 years (and counting). Mulvadi's opposition provides no meaningful explanation for counsel's significant misrepresentation.

**E.    Mulvadi does not provide a good explanation for its misconduct related to Pacifica.**

Another of the bases for sanctions in Plaintiffs' motion relates to Mulvadi's conduct with Pacifica, which according to Mulvadi is one of only three farms from which it sources its Kona coffee.  *Id*. at 22. The difficulty with Pacifica began on August 23, 2019, when Mulvadi's attorney sent one of his many Rule 11 threats to Plaintiffs' counsel. *See* Dkt. 555 at 12. This letter included a declaration from Susan Decker, who stated that she was the owner of Pacifica, "which grows and sells only Kona coffee" that is provided to Mulvadi. *See id*. Mulvadi has relied on that declaration repeatedly to support its claim that its "100% Kona Coffee" contains only authentic Kona coffee. *See, e.g.,* Dkt. 554 at 7.

PLAINTIFFS' REPLY ISO MOTION FOR SANCTIONS
Case No. 2:19-CV-290-RSL

-9-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

Plaintiffs have been unable to find any record that Ms. Decker owns a farm, even though such a farm would presumably be registered with the State of Hawaii or otherwise discoverable through publicly available records. *See* Dkt. 444. Plaintiffs have also used various discovery tools to try to learn about Pacifica's farm and the veracity of the statements in Ms. Decker's declaration. *See* 2nd Paine Decl. ¶¶ 17-21 (describing these efforts).[6] Plaintiffs ultimately propounded discovery on Mulvadi requesting the address of the farm that Mulvadi claims to have visited with its counsel. Dkt. 545-6 at 4-5. Mulvadi has never provided that address to allow Plaintiffs' to definitively investigate the veracity of Ms. Decker's contentions in her declaration upon which Mulvadi is reliant for its primary defense, *cf*. Dkt. 545-11 at 6-12 (transcript of discovery conference concerning the address) *and* Dkt. 545-10 at 4 (Mulvadi's subsequent response).

Notwithstanding Mulvadi's intransigence, Plaintiffs' investigator was ultimately able to locate the farm in counsel's picture. *See* Dkt. 545-3 at 18. This farm does not appear to have any connection to Ms. Decker or Pacifica. *Id*. For that reason, Plaintiffs' opening brief explained that Mulvadi's submissions about the farm appeared to be additional incorrect statements made under penalty of perjury. *See* Dkt. 544 at 8.

Mulvadi's responses are unavailing. First, Mulvadi says that the farm is the one that a third party (HCC) pointed to on a tax map key. *See* Dkt. 554 at 7-8. That tax map key is for a parcel of land that is not owned by or leased to Pacifica or Susan Decker. *See* Ex. 7. It is owned and leased by the same individuals and entities that Plaintiffs' investigator already identified. *See* Dkt. 545-3 at 18. Second, Mulvadi and its counsel state that Plaintiffs should have been able to locate the "Pacifica Farm" without Mulvadi's help because it is in very close proximity to one of the Plaintiff's farms. *See* Dkt. 554 at 7-8; *see also* Dkt. 555 ¶ 10. While this is an exaggeration (many farms and three miles separate "Pacifica" from the Plaintiff's farm), *see* Ex. 8, this does

---

[6] Ms. Decker has a long history of fraud, culminating in the loss of her real estate license. *See* Dkt. 443-1 at 6-20. This was another reason that Plaintiffs did not find her testimony plausible.

PLAINTIFFS' REPLY ISO MOTION FOR SANCTIONS
Case No. 2:19-CV-290-RSL

-10-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

not change the fact that the farm identified by Mulvadi does not appear to have any connection to Pacifica or Ms. Decker. *See* Ex. 7. And a defendant cannot refuse to respond to a properly served interrogatory requesting an address by responding that the plaintiff should find it himself, however difficult or easy the search may be.

Mulvadi's refusal to provide information as basic as an address for the purported farm of its three suppliers of Kona coffee is yet another example of the way Mulvadi has refused in bad faith to comply with its discovery obligations and has unreasonably multiplied Plaintiffs' costs.

**F.   Mulvadi's remaining arguments are off point.**

**1.   Mulvadi has responded to HCC's redacted testimony.**

Mulvadi's contention that it cannot respond to HCC's redacted testimony is incorrect. *See* Dkt. 552 at 3. Mulvadi *has* responded to it. *See* Dkt. 550 ¶¶ 9-11. Plaintiffs ask the Court to consider Mulvadi's conduct with respect to HCC's testimony as an additional example of gamesmanship meriting case terminating sanctions: Mulvadi moved for a continuance on the ostensible basis that it could not respond to a few sentences of (non-confidential) sealed testimony and then demonstrated that it knew the complete substance of that testimony. *See* Dkt. 552 at 3. The circumstances surrounding this testimony—e.g., that Mulvadi sources all of its coffee from HCC thus making their economic interests aligned in continuing business as usual, that the testimony is not confidential, and that HCC has previously cooperated with Mulvadi in this litigation by identifying its sources of coffee—also indicate strongly that Mulvadi could have obtained the precise testimony if it had asked HCC for it. *See id*.

**2.   Mulvadi's arguments on the merits are irrelevant and incorrect.**

Mulvadi devotes much of its opposition to attacking the merits of Plaintiffs' claims. *See* Dkt. 554 at 4-10. Such arguments are not relevant. *See* Dkt. 487, n. 1. Plaintiffs respectfully make two observations, however. First, Plaintiffs ask the Court to conclude that it is reasonable to question whether a defendant that conducts itself as Mulvadi has conducted itself in this litigation could have a meritorious defense to claims that it is a counterfeiter. *See Wolstein*, 159

PLAINTIFFS' REPLY ISO MOTION FOR SANCTIONS
Case No. 2:19-CV-290-RSL

-11-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

F.R.D. at 553. Second, Plaintiffs note that they are filing their motion for class certification on December 22, 2021, and that filing will include a declaration from Dr. Jim Ehleringer describing why the testing data that Plaintiffs produced to Mulvadi in 2020 proves that Mulvadi sells counterfeit "100% Kona Coffee."

IV.   **CONCLUSION**

For the above reasons, Plaintiffs respectfully renew their request that the Court strike Mulvadi's Answer, enter an order of default, and enjoin Mulvadi from future sales of any coffee product labeled as "Kona."

Dated:  December 17, 2021

KARR TUTTLE CAMPBELL

/s/ *Nathan T. Paine*
Nathan T. Paine, WSBA #34487
Daniel T. Hagen, WSBA #54015
701 Fifth Avenue, Suite 3300
Seattle, WA  98104
206.223.1313
npaine@karrtuttle.com
dhagen@karrtuttle.com

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP

/s/ *Jason L. Lichtman*
Jason L. Lichtman (*pro hac vice*)
Daniel E. Seltz (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, NY  10013
212.355.9500
jlichtman@lchb.com
dseltz@lchb.com

*Attorneys for the Plaintiffs*
*and the Proposed Class*

PLAINTIFFS' REPLY ISO MOTION FOR SANCTIONS
Case No. 2:19-CV-290-RSL

-12-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

## <u>CERTIFICATE OF SERVICE</u>

I, Jason L. Lichtman, certify that on December 17, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

/s *Jason L. Lichtman*
Jason L. Lichtman

*Counsel for Plaintiffs*

PLAINTIFFS' REPLY ISO MOTION FOR SANCTIONS
Case No. 2:19-CV-290-RSL

-13-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592