1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   BRUCE CORKER, d/b/a RANCHO
     ALOHA, *et al.*,                            Case No.  C19-0290RSL

10            Plaintiffs,

11        v.                                      ORDER DENYING PLAINTIFFS'
                                                  MOTION TO SEAL AND MULVADI'S
12   COSTCO WHOLESALE CORPORATION,                MOTION TO CONTINUE
     *et al.*,
13
14            Defendants.

15

16        This matter comes before the Court on plaintiffs' "Motion to Seal" (Dkt. # 542) and

17  "Defendant Mulvadi Corporation's Motion for Continuance of Plaintiffs' Motion for Sanctions

18  of Default and an Order to Cease Unlawful Conduct" (Dkt. # 549). In support of their motion for

19  sanctions, plaintiffs rely upon portions of the deposition testimony of Dana Mattos that are

20  marked "Confidential Attorney's Eyes Only." Mr. Mattos is the Rule 30(b)(6) designee of third-

21  party Hawaii Coffee Connection ("HCC"). Plaintiffs assert that the relevant portions of the

22  deposition at issue are not confidential, but that they were unable to obtain HCC's agreement to

23  withdraw the designation. HCC, for its part, has taken the position that "[p]laintiffs designated

24  the testimony as confidential. [They] are stuck with that." Dkt. # 553-1 at 4.

25        "There is a strong presumption of public access to the court's files," and, absent a

26

27  ORDER DENYING PLAINTIFFS'
    MOTION TO SEAL AND MULVADI'S
28  MOTION TO CONTINUE - 1

showing that the public's right of access is outweighed by the interests of the public and/or the parties in shielding the material from public view, a seal is not appropriate. LCR 5(g). The presumption of access is "based on the need for federal courts, although independent - indeed, particularly because they are independent - to have a measure of accountability and for the public to have confidence in the administration of justice." *U.S. v. Amodeo*, 71 F.3d 1044, 1048 (2nd Cir. 1995). By making government records available for public scrutiny, the presumption of access "promot[es] the public's understanding of the judicial process and of significant public events." *Valley Broad. Co. v. U.S. Dist. Court - D. Nev*., 798 F.2d 1289, 1294 (9th Cir. 1986).

In order to overcome the presumption, the party requesting that court records be sealed generally has the burden of making a compelling showing that the public should be excluded. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).[1]

> Under this stringent standard, a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture. The court must then conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. What constitutes a "compelling reason" is best left to the sound discretion of the trial court. Examples include when a court record might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing.

*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (internal citations, alterations, and quotation marks omitted).

Neither party claims that the deposition testimony at issue is confidential. Because there is no countervailing interest to the public's right to access the evidence, the motion to seal is DENIED.

---

[1] Where the motion at issue involves discovery or some other non-dispositive issue, "[a] 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Id.* at 1180.

ORDER DENYING PLAINTIFFS'
MOTION TO SEAL AND MULVADI'S
MOTION TO CONTINUE - 2

With regards to Mulvadi's motion to continue, it appears that Mulvadi is aware of the substance of Mr. Mattos' deposition testimony but believes that he misspoke. Through its communications with HCC's counsel, Mulvadi has come to believe that Laurie Mattos, HCC's co-owner, handles the freeze-dried coffee side of the business and that Mr. Mattos' testimony on the subject requires clarification. No admissible evidence supports Mulvadi's conjecture, however. The declaration of John Crosetto recounts statements made by HCC's counsel which, in turn, appear to be based on statements made by Mr. and/or Mrs. Mattos. It is not at all clear what, if anything, about Mr. Mattos' testimony was erroneous or needs clarification. Rather than spend the three weeks between the filing of the motion for sanctions and the filing of its opposition to obtain a declaration from HCC's owners, Mulvadi waited two weeks before relying on multiple levels of hearsay to request a continuance. The motion is DENIED.

For all of the foregoing reasons, plaintiffs' motion to seal (Dkt. # 542) and Mulvadi's motion to continue (Dkt. # 549) are DENIED. The Clerk of Court is directed to unseal Dkt. # 546 and # 547.

Dated this 22nd day of December, 2021.

Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFFS'
MOTION TO SEAL AND MULVADI'S
MOTION TO CONTINUE - 3