UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE CORKER, d/b/a RANCHO ALOHA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, *et al.*,<br><br>Defendants. | Cause No. C19-0290RSL<br><br>ORDER GRANTING SMITHFARMS LLC'S MOTION FOR PROTECTIVE ORDER (DKT. # 450) |

This matter comes before the Court on "Smithfarms LLC's Motion for Protective Order." Dkt. # 450. The named plaintiffs grow Kona coffee in the Kona District of the Big Island of Hawaii and allege that various distributors, wholesalers, and retailers of coffee products sell ordinary commodity coffee labeled as "Kona" coffee, to the detriment of those who grow actual Kona coffee. Among these named plaintiffs are Robert and Cecelia Smith, who were initially identified in the complaint as "d/b/a Smithfarms." Dkt. # 271. In August 2020, during the Smiths' depositions, plaintiffs' counsel learned that Smithfarms was no longer operating as a d/b/a, but was instead formed into an LLC wholly owned and operated by Robert and Cecelia Smith. Dkt. # 344, 345. Given this new information, plaintiffs sought to add Smithfarms LLC as a plaintiff. Dkt. # 344. On January 4, 2021, the Court granted leave to amend the complaint in

ORDER GRANTING SMITHFARMS
LLC's MOTION FOR PROTECTIVE
ORDER (DKT. # 450) - 1

this case to add Smithfarms LLC as a plaintiff "on the condition that all discovery provided by Robert and Cecelia Smith shall be binding on Smithfarms LLC." Dkt. # 379.

After Smithfarms LLC was added as a plaintiff, retailer defendants issued a deposition notice to the organization under 30(b)(6). In response to this notice, Smithfarms offered to provide a set of written stipulations to obviate the need for a third deposition. Dkt. # 451, 451-7. However, the parties were unable to reach an agreement on the proffered stipulations. Dkt. # 451, 451-7. Defendant L&K initially joined the notice of deposition, but has since withdrawn its joinder after working with Smithfarms on a set of stipulations that obviate the need for an additional deposition. Dkt. # 464. Accordingly, plaintiff Smithfarms LLC seeks a protective order prohibiting retailer defendants, specifically The Kroger Co., Safeway Inc., and Albertsons Companies, from seeking a third deposition from Smithfarms LLC under Rule 30(b)(6).

Rule 26 of the Federal Rules of Civil Procedure governs the permissible scope of discovery in federal civil litigation. Rule 26(b) sets forth the threshold requirement that information sought to be discovered must appear "relevant to any party's claim or defense and proportional to the needs of the case...." In determining proportionality, courts consider factors such as "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Even if a discovery request seeks relevant and proportional information, discovery may nevertheless be prohibited under Rule 26(c) upon a

ORDER GRANTING SMITHFARMS
LLC's MOTION FOR PROTECTIVE
ORDER (DKT. # 450) - 2

showing of "annoyance, embarrassment, oppression, or undue burden or expense" in connection with a particular request. The Court is authorized to "forbid[ ] inquiry into certain matters, or limit[ ] the scope of disclosure or discovery to certain matters...." Fed. R. Civ. P. 26(c)(1)(D). To establish good cause for a protective order under Rule 26(c), the movant must show "'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

**A. Rule 30(b)(6) Depositions**

Generally, a litigant may depose a single witness both as an individual under Rule 30(a)(1) and as an organizational representative under Rule 30(b)(6). *Sunwood Condo. Ass'n v. Travelers Cas. Ins. Co. of Am.*, No. C16-1012-JCC, 2017 WL 1652965, at *2 (W.D. Wash. May 2, 2017) ("[A] Rule 30(b)(6) deposition is not necessarily cumulative if an individual deponent also testifies about the topics in the 30(b)(6) notice."); *Mitchell Eng'g v. City and Cnty. of S.F.*, No. C 08-04022 SI, 2010 WL 455290, at *1 (N.D. Cal. Feb. 2, 2010) ("Even if the general topics to be addressed at the 30(b)(6) deposition will overlap to some extent, the questions asked and the answers given might not."); *see also* Fed. R. Civ. P. 30(b)(6) ("This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules."). This is because, typically, the deposition of an individual witness and the deposition of that same witness as a

ORDER GRANTING SMITHFARMS
LLC's MOTION FOR PROTECTIVE
ORDER (DKT. # 450) - 3

representative of the organization are distinct matters. *Doe v. Trump*, 329 F.R.D. 262, 273 (W.D. Wash. 2018). Specifically, a 30(b)(6) witness testifying as a representative of the entity is responsible for providing all the relevant information known or reasonably available to the entity, and his or her testimony binds the entity. *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012). When providing a representative in response to a Rule 30(b)(6) notice, the organization "has a duty to educate its witnesses so they are prepared to fully answer the questions posed at the deposition." *Bowoto v. ChevronTexaco Corp.*, No. C 99–02506 SI, 2006 WL 294799, at *1 (N.D. Cal. Feb. 7, 2006).

However, "the court has an obligation to prevent a party from using a Rule 30(b)(6) deposition to harass the opposing party or to subject the opposing party to unreasonably burdensome or cumulative discovery." *La. Pac. Corp.*, 285 F.R.D. at 487. For example, in the case of a closely held corporation, there may be no difference between the knowledge of the entity and the knowledge of its principals. *See Sabre v. First Dominion Cap., LLC*, No. 01CIV2145BSJHBP, 2001 WL 1590544, at *2 (S.D.N.Y. Dec. 12, 2001) ("In the case of many closely held corporations, the knowledge of an individual concerning a particular subject also constitutes the total knowledge of the entity."). Thus, the designated representative may be able to simply adopt the testimony he or she previously provided as an individual. *See A.I.A. Holdings, S.A. v. Lehman Bros.*, No. 97CIV4978LMMHBP, 2002 WL 1041356, at *3 (S.D.N.Y. May 23, 2002) ("A 30(b)(6) deposition may not be justified where, assuming the witness is properly prepared, the entity establishes that the witness's testimony as a 30(b)(6) witness would

ORDER GRANTING SMITHFARMS
LLC's MOTION FOR PROTECTIVE
ORDER (DKT. # 450) - 4

be identical to his testimony as an individual and the 30(b)(6) is limited, or substantially limited, to topics covered in the deposition taken in the witness's individual capacity."). An organization "may also satisfy its Rule 30(b)(6) obligation by offering to be bound by prior deposition testimony regarding a noticed Rule 30(b)(6) topic." *Peterson v. Alaska Commc'ns Sys. Grp., Inc.*, No. 312CV00090TMBMMS, 2020 WL 6889168, at *3 (D. Alaska Nov. 22, 2020) (quoting *EEOC v. Boeing Co.*, No. CV 05–03034–PHX–FJM, 2007 WL 1146446, at *2 (D. Ariz. Apr. 18, 2007)).

      Here, the testimony previously provided by Robert and Cecelia Smith is already binding on Smithfarms LLC pursuant to the January 2021 order of this Court. Dkt. # 379. Thus, the critical question in determining whether a protective order is warranted is whether the information sought in the Rule 30(b)(6) deposition is unnecessarily duplicative of the testimony previously gathered during the fourteen hours of deposition testimony provided by Robert and Cecelia Smith and the supplemental stipulations. Smithfarms argues that such a deposition would be cumulative and unreasonable, pointing out that many of the topics outlined in defendants' 30(b)(6) notice were already discussed in the Smiths' individual depositions. The Court agrees. Defendants point out, however, that although the Smiths were questioned on these topics, they were unable to provide testimony on a number of issues. Defendants contend that a deposition under Rule 30(b)(6) is needed because the preparation requirements of the rule would ensure responses to questions that were unanswered during the Smith's individual depositions.

ORDER GRANTING SMITHFARMS
LLC's MOTION FOR PROTECTIVE
ORDER (DKT. # 450) - 5

Because outstanding questions identified by the defendants can be answered via the plaintiffs' offered stipulations, the protective order is granted.

**B. Stipulations**

Plaintiffs argue that the topics identified by defendants have already been addressed in the previous fourteen hours of deposition. Specifically, Topics 1, 2, and 5, which respectively seek information about Smithfarms' operations, purchases of coffee from other farms, and the representation that Smithfarms' coffee is "fairly traded," were all explored in the initial depositions. Having reviewed the deposition transcripts provided as exhibits by the parties, the Court concludes that these topics were indeed addressed in the previous Smith depositions. Dkt. # 451-1, 451-2.

To the extent defendants have identified specific questions that the Smiths were not sufficiently prepared to answer in their individual depositions, such as (1) how many pounds of green coffee Smithfarms roasted last year; (2) the number of pounds of coffee cherry Smithfarms' harvested in the last several years and the existence of any relevant documents recording this information; (3) Smithfarms' profits in the last several years; (4) the volume and price of coffee Smithfarms purchases for use in its products; (5) whether Smithfarms' pays workers on its farm minimum wage; and (6) whether Smithfarms sells out of its coffee every year, Smithfarms has offered to provide answers and specific calculations where needed, and stipulate to these responses. Dkt. # 451-7, 467. While defendants argue there are certain facts to which plaintiff will not stipulate, review of the deposition transcripts and offered stipulations

ORDER GRANTING SMITHFARMS
LLC's MOTION FOR PROTECTIVE
ORDER (DKT. # 450) - 6

undermine this claim. For example, defendants argue Smithfarms would not stipulate to the "amount of coffee cherry it sold to its miller," Dkt. # 465 at 4–5, however, Robert Smith previously testified that Smithfarms has not sold coffee cherry in the past ten years, Dkt. # 466-2 at 4.

Plaintiff also argues that Topics 3 and 4, which respectively seek testimony concerning statements and actions taken by the plaintiff to express a view on the meaning of the words "Kona Coffee," and the plaintiff's assertion that consumers believe "Kona Blend" coffees "predominantly" contain coffee beans from the Kona District, have similarly been addressed in prior testimony and are included in the plaintiff's offered stipulations. The Court agrees. Dkt. # 451-1, 451-2, 451-7. Furthermore, plaintiff emphasizes that Smithfarms intends to rely "on expert testimony to address these issues at class certification and/or trial and [is] willing to stipulate to that." Dkt. # 467 at 6. As Smithfarms was able to reach a satisfactory set of stipulations with defendant L&K, explaining that plaintiff intends to rely on expert testimony with respect to consumer perception issues, the Court is confident that a similar solution can be forged here.

For all of the foregoing reasons, the Court finds that the topics identified by defendants in their Rule 30(b)(6) notice were already explored during the fourteen hours of deposition testimony previously provided by the Smiths and/or can be adequately addressed through stipulations. A third deposition would therefore be unnecessary and duplicative, and plaintiffs'

ORDER GRANTING SMITHFARMS
LLC's MOTION FOR PROTECTIVE
ORDER (DKT. # 450) - 7

motion for protective order from the noticed Rule 30(b)(6) depositions (Dkt. # 450) is GRANTED. It is further ORDERED that:

- Smithfarms LLC is not required to produce a witness for a third deposition under Rule 30(b)(6).
- Plaintiff shall, within fourteen days of the date of this Order, provide defendants with the proffered stipulations, including complete calculations, set forth in Dkt. 451-7.

DATED this 10th day of January, 2022.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING SMITHFARMS LLC's MOTION FOR PROTECTIVE ORDER (DKT. # 450) - 8