1

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

3

4

5

6

7

8

9

10

BRUCE CORKER d/b/a RANCHO ALOHA;
COLEHOUR BONDERA and MELANIE
BONDERA, husband and wife d/b/a
KANALANI OHANA FARM; ROBERT SMITH
and CECELIA SMITH, husband and
wife d/b/a SMITHFARMS, and SMITHFARMS,
LLC on behalf of themselves and others similarly
situated,

               Plaintiff,

     v.

CASE NO. 2:19-CV-00290-RSL

**MOTION FOR PRELIMINARY
APPROVAL OF THREE CLASS
SETTLEMENTS AND
<u>MEMORANDUM IN SUPPORT</u>**

The Honorable Robert S. Lasnik

Noted for consideration: February 11,
2022

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COSTCO WHOLESALE CORPORATION, a
Washington corporation; AMAZON.COM, INC., a
Delaware corporation; HAWAIIAN ISLES KONA
COFFEE, LTD., LLC, a Hawaiian limited liability
company; COST PLUS/WORLD MARKET, a
subsidiary of BED BATH & BEYOND, a New York
corporation; BCC ASSETS, LLC d/b/a BOYER'S
COFFEE COMPANY, INC., a Colorado
corporation; L&K COFFEE CO. LLC, a Michigan
limited liability company; MULVADI
CORPORATION, a Hawaii corporation; COPPER
MOON COFFEE, LLC, an Indiana limited liability
company; GOLD COFFEE ROASTERS, INC., a
Delaware corporation; CAMERON'S COFFEE
AND DISTRIBUTION COMPANY, a Minnesota
corporation; PACIFIC COFFEE, INC., a Hawaii
corporation; THE KROGER CO., an Ohio
corporation; WALMART INC., a Delaware
corporation; BED BATH & BEYOND INC., a New
York corporation; ALBERTSONS COMPANIES
INC., a Delaware Corporation; SAFEWAY INC., a
Delaware Corporation; MNS LTD., a Hawaii
Corporation; THE TJX COMPANIES d/b/a T.J.
MAXX, a Delaware Corporation; MARSHALLS OF
MA, INC. d/b/a MARSHALLS, a Massachusetts
corporation; SPROUTS FARMERS MARKET,
INC. a Delaware corporation; COSTA RICAN
GOLD COFFEE CO., INC., a Florida Corporation;
and KEVIN KIHNKE, an individual,

               Defendants.

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................1

BACKGROUND AND PROCEDURAL HISTORY .........................................................2

SUMMARY OF SETTLEMENT TERMS .......................................................................3

LEGAL STANDARD ........................................................................................................5

ARGUMENT .....................................................................................................................6

I.    The Court will be able to approve the settlement as fair, reasonable, and adequate. .........6

    A.    Class Counsel and the Settlement Class Representatives Have Adequately Represented the Class. ..................................................................................6

    B.    The Settlements Are the Result of Arm's Length Negotiations. ...........................7

    C.    The Relief for the Class is Substantial. ................................................................8

        1.    The settlement relief outweighs the costs, risks, and delay of trial and appeal. ...........................................................................8

        2.    Settlement Class Members will obtain relief through a straightforward claims process. ...............................................10

        3.    The terms of any proposed award of attorney's fees, including timing of payment, will be reasonable. ..................................11

    D.    The Proposal Treats Class Members Equitably Relative to Each Other. .............11

II.    The Court will be able to certify the Class for settlement purposes upon final approval. .....................................................................................12

    A.    The Settlement Class Meets Rule 23(a)'s Requirements. ...................................12

    B.    The Settlement Class Meets Rule 23(b)(3)'s Requirements. ..............................16

III.    The proposed notice plan should be approved. ......................................................18

CONCLUSION ................................................................................................................19

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2346114.2

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ali v. Menzies Aviation, Inc.,*
  No. 2:16-CV-00262RSL, 2016 WL 4611542 (W.D. Wash. Sept. 6, 2016)...........................18

*Amchem Prods., Inc. v. Windsor,*
  521 U.S. 591 (1997) ..........................................................................................................12

*Amgen Inc. v. Conn. Ret. Plans and Tr. Funds,*
  568 U.S. 455 (2014) ..........................................................................................................16

*Carr v. United Health Care Serv., Inc.,*
  No.2:15-CV-1105, 2017 WL 11458425 (W.D. Wash. June 2, 2017)....................................12

*David v. Bankers Life and Cas. Co.,*
  No. 14-CV-00766-RSL, 2019 WL 2339971 (W.D. Wash. June 3, 2019) ..............................12

*Durant v. State Farm Mut. Auto. Ins. Co.,*
  No.2-15-01710-RAJ, 2019 WL 2422592 (W.D. Wash. June 10, 2019) .................................12

*Eisen v. Carlisle & Jacquelin,*
  417 U.S. 156 (1974) ..........................................................................................................18

*Evon v. Law Offices of Sidney Mickell,*
  688 F.3d 1015 (9th Cir. 2012) ............................................................................................15

*Free Range Content, Inc. v. Google, LLC,*
  No. 14-CV-02329-BLF, 2019 WL 1299504 (N.D. Cal. Mar. 21, 2019) ...............................7

*Hardie v. Countrywide,*
  2010 WL 3894377 (W.D. Wash. Sept. 30, 2010) .................................................................12

*Hefler v. Wells Fargo & Company,*
  No. 16-CV-05479-JST, 2018 WL 6619983 (N.D. Cal. Dec. 18, 2018)..................................10

*In re Anthem, Inc. Data Breach Litig.,*
  327 F.R.D. 299 (N.D. Cal. 2018) .........................................................................................8

*In re Banc of California Sec. Litig.,*
  326 F.R.D. 640 (C.D. Cal. 2018) .........................................................................................13

*In re Chambers Dev. Sec. Litig.,*
  912 F. Supp. 822 (W.D. Pa. 1995) ......................................................................................9

*In re Mego Fin. Corp. Sec. Litig.,*
  213 F.3d 454 (9th Cir. 2000)...............................................................................................8

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.,*
  No. 2672 CRB (JSC), 2016 WL 4010049 (N.D. Cal. July 26, 2016) ....................................12

*In re Washington Public Power Supply Sys. Securs. Litig.,*
  720 F. Supp. 2d. 1379 (D. Ariz. 1989)..................................................................................9

*Jama v. Golden Gate America, LLC,*
  No. 2:16-CV-00611-RSL, 2017 WL 7053650 (W.D. Wash. June 27, 2017) ..........................13

*Just Film v. Buono,*
  847 F.3d 1108 (9th Cir. 2017)..............................................................................................17

*Lane v. Facebook, Inc.,*
  696 F.3d 811 (9th Cir. 2012)................................................................................................9

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-cv-00290-RSL
2346114.2

-i-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*McCluskey v. Trustees of Red Dot Corp. Emp. Stock Ownership Plan and Trust*,
   268 F.R.D. 670 (W.D. Wash. 2010) ............................................................... 17

*Munday v. Navy Fed. Credit Union*,
   No. 15-1629, 2016 WL 7655807 (C.D. Cal. Sept. 15, 2016) .............................. 8

*O'Connor v. Uber Techs., Inc.*,
   No. 13-03826, 2019 WL 1437101 (N.D. Cal. Mar. 29, 2019) ............................ 6

*Parsons v. Ryan*,
   754 F.3d 657 (9th Cir. 2014) ....................................................................... 14

*Powers v. Eichen*,
   229 F.3d 1249 (9th Cir. 2000) ..................................................................... 11

*Sampson v. Knight Transportation, Inc.*,
   No. C17-0028-JCC, 2020 WL 3050217 (W.D. Wash. June 8, 2020) .................. 15

*Sandoval v. Tharaldson Emp. Mgmt., Inc.*,
   No. 08-482, 2010 WL 2486346 (C.D. Cal. June 15, 2010) ................................. 7

*Stockwell v. City & Cty. of San Francisco*,
   749 F.3d 1107 (9th Cir. 2014) ..................................................................... 13

*Thomas v. MagnaChip Semiconductor Corp.*,
   No. 14-CV-01160-JST, 2017 WL 4750628 (N.D. Cal. Oct. 20, 2017) ............... 10

*Torrisi v. Tucson Elec. Power Co.*,
   8 F.3d 1370 (9th Cir. 1993) ........................................................................... 9

*Trosper v. Styker Corp.*,
   13-CV-0607-LHK 2014 WL 4145448 (N.D. Cal. August 21, 2014) .................. 17

*Tyson Foods, Inc. v. Bouaphakeo*,
   136 S. Ct. 1036 (2016) ............................................................................... 16

*Wilburv. City of Mount Vernon*,
   298 F.R.D. 665 (W.D. Wash. 2012) ............................................................. 15

*Wolin v. Jaguar Land Rover N. Am., LLC*,
   617 F.3d 1168 (9th Cir. 2010) ..................................................................... 14

*Zamora Jordan v. Nationstar Mortg., LLC*,
   No. 2:14-CV-0175-TOR, 2019 WL 1966112 (E.D. Wash. May 2, 2019) ............ 6

**Statutes**

Lanham Act, 15 U.S.C. § 1125 .................................................................... 2, 14

**Rules**

Fed. R. Civ. P. 23(a) .................................................................................. 12

Fed. R. Civ. P. 23(a)(2) .............................................................................. 13

Fed. R. Civ. P. 23(a)(3) .............................................................................. 14

Fed. R. Civ. P. 23(a)(4) .......................................................................... 14, 15

Fed. R. Civ. P. 23(b)(3)(D) .......................................................................... 18

Fed. R. Civ. P. 23(c)(2)(B) .................................................................. 5, 18, 19

Fed. R. Civ. P. 23(e) ......................................................................... 1, 6, 8, 11

Fed. R. Civ. P. 23(e)(1) .......................................................................... 5, 18

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2346114.2

-ii-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

## TABLE OF AUTHORITIES
### (continued)

Page(s)

Fed. R. Civ. P. 23(e)(1)(B) ......................................................................................5
Fed. R. Civ. P. 23(e)(2) .......................................................................................5, 6
Fed. R. Civ. P. 23(e)(2)(A) ......................................................................................6
Fed. R. Civ. P. 23(e)(2)(B) ......................................................................................7
Fed. R. Civ. P. 23(e)(2)(C) ......................................................................................8
Fed. R. Civ. P. 23(e)(2)(C)(ii) ...............................................................................10
Fed. R. Civ. P. 23(e)(2)(C)(iii) ..............................................................................11
Fed. R. Civ. P. 23(e)(2)(D) ....................................................................................11
Fed. R. Civ. P. 23(e)(3) ..........................................................................................11
Fed. R. Civ. P. 23(e)(5) ............................................................................................5
Fed. R. Civ. P. 23(h) ..............................................................................................11

**Treatises**

2 McLaughlin on Class Actions,
   § 6:7 (8th ed. 2011) .............................................................................................7
5 *Moore's Federal Practice—Civil*
   § 23.22 (2016) ...................................................................................................13
William B. Rubenstein, et al., 4 Newberg on Class Actions (5th ed. 2012) ...................8

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2346114.2
-iii-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1

## **INTRODUCTION**

2       Plaintiffs are pleased to present three additional settlements for preliminary approval by

3   this Court and for the Court's approval to issue notice to the Settlement Class of the settlements.

4   These settlements – one with The Kroger Co. ("Kroger"), one with Safeway Inc. and Albertsons

5   Companies Inc. ("Safeway/Albertsons"), and one with Hawaiian Isles Coffee Co. Ltd. ("HIKC")

6   – follow eight prior settlements previously approved by this Court and successfully implemented

7   by Class Counsel.  These three agreements bring the total monetary relief obtained from settling

8   defendants to over $15.25 million, and, like the prior settlements, deliver additional injunctive

9   relief that exceeds what Plaintiffs could have achieved through litigation.  Those injunctive

10  terms, which remarkably include, for one defendant, a name change, continue to deliver on

11  Plaintiffs' goals for this litigation – improved and clearer labeling practices of Kona coffee.

12  These settlements also reflect the class representatives' and Class Counsel's commitment to

13  delivering these benefits efficiently and as quickly as possible; only four defendants now remain

14  in a case that has included more than twenty.

15      This Court has previously assessed the propriety of preliminary approval and the issuance

16  of notice as to multiple defendants and settlements in this litigation.  Those prior settlements

17  were on behalf of the identical class of Kona coffee farmers, involved the same claims, the same

18  allegations, and were structured substantially identically as the ones that are now before the

19  Court.  Just as the Court previously found as to those prior settlements, Plaintiffs respectfully

20  submit that the Court is likely to certify the proposed class for settlement purposes and approve

21  these settlements after notice and a final approval hearing.  Like the previously approved

22  settlements, these settlements will deliver a substantial monetary payment to class members and

23  also provide for valuable injunctive relief that will benefit the members of the settlement class

24  and prevent future economic harm.  Accordingly, the settlements satisfy Rule 23(e)'s standard

25  for preliminary approval, and the Court may approve the issuance of notice to the class and set a

26  schedule for final approval.

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2346114.2                                              -1-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## BACKGROUND AND PROCEDURAL HISTORY

In their two previous motions for preliminary approval (Dkt. 393, 411), Plaintiffs set forth the relevant background to their motions, and do so again here for completeness of the record and with updates through the filing of this motion.

Plaintiffs are coffee farmers in the Kona region of Hawaii, and along with members of the proposed Settlement Class, grow the entire worldwide supply of Kona coffee.  Plaintiffs filed their initial complaint on February 27, 2019, alleging that Defendants, who are both suppliers and retailers of coffee, violated the Lanham Act, 15 U.S.C. § 1125, by misleadingly labeling and selling coffee not from the Kona region as "Kona" coffee.  The complaint included the results of an extraordinary pre-filing investigation that included scientific testing to confirm that the coffee marketed and sold by Defendants as "Kona" coffee in fact contained little or no such coffee.

A group of retailer defendants and a group of supplier defendants filed motions to dismiss; Defendant BCC Assets, LLC ("BCC") filed a separate motion to dismiss.  *See* Dkt. Nos. 100, 106, & 107, respectively.  On November 12, 2019, the Court denied the suppliers' and BCC's motions in full, and denied the retailers' motion in part, dismissing only false advertising claims against the retailers.  *See* Dkt. Nos. 154-56.  Discovery then commenced, and continues at present as to the non-settling defendants.  Plaintiffs filed their class certification motion against those non-settling defendants on December 22, 2021, which followed a motion for default against defendant Mulvadi Corporation (Dkt. 544) on November 23, 2021.  Fact discovery will close on March 11, 2022.

As those recent motions reflect, the parties have litigated the case intensively.  The parties served dozens of document requests, interrogatories, and requests for admission, and produced tens of thousands of documents.  This Court resolved numerous discovery disputes involving the scope of document production and depositions.  *See* Dkt. Nos. 144, 248, 255, 266, 274, 341, 350, 362, 382, 470, 477, 487, 578.  Defendants took the depositions of the five named plaintiffs during the week of August 17, 2020.  Plaintiffs have taken or participated in nine

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2346114.2                                                    -2-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

depositions of parties and non-parties to date (plus noting and appearing for two depositions in which a third party failed to appear), as well as taken two expert depositions.

As Plaintiffs described in their motion for preliminary approval of the first set of settlements (Dkt. 393), there have been parallel efforts at resolution as the parties litigated the case. Those efforts, which led to the separately negotiated settlements previously presented to the Court, included Safeway/Albertsons, Kroger, and HIKC. First, in the spring of 2020, the parties agreed to a brief pause in most discovery activity to engage in a near-global mediation with Hon. Edward Infante on June 2, 2020. *See* Declaration of Jason L. Lichtman ("Lichtman Decl.") ¶ 6. Plaintiffs and Kroger did not reach a settlement at that mediation and returned to active litigation until a second mediation with Mark LeHocky, of ADR Services, Inc. on May 3, 2021, followed by continuous discussions between counsel, much of them focused on understanding and confirming Kroger's sales volumes of the at-issue coffee, and then a third mediation on August 11, 2021, at which time they were able to reach an agreement. *Id.* ¶ 8.

Safeway/Albertsons participated in the mediation with Judge Infante, and then negotiated separately with Class Counsel during the spring and summer of 2021, ultimately leading to an agreement in August 2021.

As for HIKC, following the unsuccessful mediation with Judge Infante, counsel for both parties explored potential resolution throughout the remainder of 2020 and 2021, with much of those negotiations focused on verifying HIKC's representations of its financial condition, which affected the company's ability to pay. *Id.* ¶ 10. The parties ultimately reached an agreement in principle in October 2021.

## SUMMARY OF SETTLEMENT TERMS

Like the previous settlements, these settlements[1] deliver substantial monetary relief to the Settlement Class and include injunctive terms that will continue to change the marketplace: each of the settlements includes changes in the labeling of coffee described as containing coffee from

---

[1] The proposed settlement agreements are attached as Exhibits 1-3 to the accompanying Lichtman Declaration.

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2346114.2
-3-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1  the Kona region, thus preventing further economic harm to the growers of legitimate Kona

2  coffee.  The HIKC settlement goes further, with the company agreeing to change its name to

3  remove the word "Kona" altogether.

4      The Kroger settlement includes both monetary and injunctive terms.  First, Kroger will

5  pay $1,350,000.  It will also now be subject to labeling obligations for the coffee that it sells

6  either under its own name or any brand name that it wholly owns and that is labeled as "Kona

7  coffee" or "Kona Blend."  Those products will state on the front of the product's label the

8  minimum percentage (or the percentage) of Kona coffee beans contained in the product using the

9  same font type and same (or similar) color as the word Kona, and no smaller than one-half (1/2)

10  the size as the word "Kona" appears, on the front of the package.  Exh. 1 ¶ 13.  The injunctive

11  terms of Kroger's settlement compound the benefits of the agreements of the previously settling

12  defendants that increase and improve the information found on Kona-labeled products in the

13  marketplace.

14      The injunctive terms in the Safeway/Albertsons agreement also reinforce the labeling

15  changes that numerous settling suppliers and retailers have already agreed to and have already

16  begun to implement.  Safeway/Albertsons agrees to sell coffee labeled as "Kona" or "Kona

17  blend" only if certain labeling standards are met, and will require its vendors to certify that its

18  Kona-labeled products will meet such standards, ensuring that the labeling information is clear

19  and conspicuous.  *See* Exh. 2 ¶ 13. It agrees that "any coffee product labeled as 'Kona coffee' or

20  'Kona Blend coffee' will state on the front of the product's label the minimum percentage (or

21  percentage) of Kona coffee beans the supplier of the products states is contained in the Kona

22  Coffee Product using the same font type and same (or similar) color as the word Kona and no

23  smaller than one-half (1/2) the size as the word 'Kona' appears, on the front of the package."  *Id.*

24      HIKC will pay $800,000. The non-monetary terms of the HIKC settlement are

25  extraordinary. First, it will change its company name to remove the word "Kona."  Exh. 3 ¶

26  12(c).  Second, it will, like previously settling defendants, alter its labeling of Kona-labeled

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2346114.2                                                    -4-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1  coffee so that such products "will accurately and unambiguously state on the front label of the

2  product the minimum percentage of authentic Kona coffee beans contained in the product using

3  the same font type and same (or similar) color as the word Kona, and no smaller than one-half

4  (1/2) the size as the word "Kona" appears, on the front of the package." Exh. 3 ¶ 12(a).  The

5  agreements clarifies, "Only Kona coffee certified and graded by the Hawaii Department of

6  Agriculture as 100% Kona shall be considered authentic Kona coffee." *Id.*  HIKC also agrees

7  "to use at least the percentage of Kona coffee required by Hawaiian law, or as may be required

8  by Hawaii law in the future, in any product labeled as "'Kona' or "'Kona Blend.'" *Id.* ¶ 12(b).

9  Finally, it will send a special communication to its subscriber list, explaining the difference

10  between 100 percent Kona coffee and Kona blend coffees, and that HIKC's current offerings are

11  Kona blends and not 100 percent Kona coffee.  *Id.* ¶ 13.

12  ## LEGAL STANDARD

13       Federal Rule of Civil Procedure 23(e) provides that class actions "may be settled … only

14  with the court's approval."  Rule 23(e) governs a district court's analysis of the fairness of a

15  proposed class action settlement and creates a multistep process for approval.  First, a court must

16  determine that it is likely to (i) approve the proposed settlement as fair, reasonable, and adequate,

17  after considering the factors outlined in Rule 23(e)(2), and (ii) certify the settlement class after

18  the final approval hearing.  *See* Fed. R. Civ. P. 23(e)(1)(B).  Second, a court must direct notice to

19  the proposed settlement class, describing the terms of the proposed settlement and the definition

20  of the proposed class, to give them an opportunity to object to or to opt out of the proposed

21  settlement.  *See* Fed. R. Civ. P. 23(c)(2)(B); Fed. R. Civ. P. 23(e)(1), (5).  Third, after a hearing,

22  the court may grant final approval of the proposed settlement on a finding that the settlement is

23  fair, reasonable, and adequate, and certify the settlement class.  Fed. R. Civ. P. 23(e)(2).

24       Through this motion, Plaintiffs respectfully request that the Court set in motion the first

25  two steps of this three-part process: provide preliminary approval of the settlements, and

26  approval of the issuance of notice to the class.

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2346114.2                                    -5-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

# ARGUMENT

## I.    The Court will be able to approve the settlement as fair, reasonable, and adequate.

The December 1, 2018 amendments to Rule 23 "provide new guidance on the 'fair, adequate, and reasonable' standard at the preliminary approval stage." *O'Connor v. Uber Techs., Inc.*, No. 13-03826, 2019 WL 1437101, at *4 (N.D. Cal. Mar. 29, 2019).  Even after the amendments, fairness, reasonableness, and adequacy remain the "touchstones" for approval of a class action settlement.  *Zamora Jordan v. Nationstar Mortg., LLC*, No. 2:14-CV-0175-TOR, 2019 WL 1966112, at *2 (E.D. Wash. May 2, 2019).  The amendments served "to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." *Id.* (quoting Fed. R. Civ. P. 23 advisory committee's note to 2018 amendments).

Under the amended rule, a court is to preliminarily approve the settlement and direct notice to the class if it finds that the court "is likely to approve the proposal under Rule 23(e)(2)." Rule 23(e)(2) contains the "core concerns of procedure and substance" that guide this inquiry.  Just as the previous settlements did, these settlements readily satisfy the criteria for preliminary approval.

### A.    Class Counsel and the Settlement Class Representatives Have Adequately Represented the Class.

Under Rule 23(e)(2), the Court first considers whether counsel for the class, as well as the class representatives, adequately represent the class. Fed. R. Civ. P. 23(e)(2)(A).  This requirement is met. Class Counsel have zealously advanced the interests of the Plaintiffs and the proposed Settlement Class.  Following an extensive pre-filing investigation, they defeated motions to dismiss by the retailer defendants and the supplier defendants, and took on the daunting logistical task of pursuing discovery against over twenty defendants and from numerous third parties.  These efforts put Plaintiffs and the Class in a position to negotiate the prior sets of settlements with the help of experienced mediators, leading to these Settlements.

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2346114.2                                                    -6-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1    As explained in previous motions for preliminary approval, the class representatives have

2    worked tirelessly on behalf of Settlement Class members, and more than meet this standard.

3    They have worked closely with proposed Class Counsel at every stage of this litigation,

4    answered dozens of written discovery requests, produced thousands of documents, sat for day-

5    long depositions, personally participated in each of the mediations conducted so far, and

6    continue to monitor and participate actively in both the claims process relating to the prior

7    settlements and ongoing litigation against the remaining defendants.  Each Plaintiff runs a small

8    coffee farm, and amidst the challenges of the global pandemic, have unflaggingly devoted their

9    time, along with expertise and experience as Kona farmers, to help Class Counsel move this

10   litigation in a positive direction for the Settlement Class.

11           **B.      The Settlements Are the Result of Arm's Length Negotiations.**

12           To grant final approval, this Court will determine if the proposed settlements were

13   negotiated at arm's length.  Fed. R. Civ. P. 23(e)(2)(B).  This Court is likely to so find here.

14   Settlements reached after a supervised mediation are entitled to a presumption of reasonableness

15   and the absence of collusion.  2 McLaughlin on Class Actions, § 6:7 (8th ed. 2011); *see also*

16   *Sandoval v. Tharaldson Emp. Mgmt., Inc.*, No. 08-482, 2010 WL 2486346, at *6 (C.D. Cal. June

17   15, 2010) ("The assistance of an experienced mediator in the settlement process confirms that the

18   settlement is non-collusive"); *Free Range Content, Inc. v. Google, LLC*, No. 14-CV-02329-BLF,

19   2019 WL 1299504, at *6 (N.D. Cal. Mar. 21, 2019) (holding that a "presumption of correctness"

20   attaches where, as here, a "class settlement [was] reached in arm's-length negotiations between

21   experienced capable counsel after meaningful discovery").

22           Here, proposed Settlement Class Counsel negotiated these settlements only after

23   conducting discovery, and obtaining sales and other pertinent data as to each of the defendants,

24   as well as extensively investigating HIKC's ability to pay a reasonable settlement.  Where

25   extensive information has been exchanged, "[a] court may assume that the parties have a good

26   understanding of the strengths and weaknesses of their respective cases and hence that the

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2346114.2                                          -7-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1   settlement's value is based upon such adequate information."  William B. Rubenstein, et al., 4

2   Newberg on Class Actions § 13:49 (5th ed. 2012) ("*Newberg*"); *see also In re Anthem, Inc. Data*

3   *Breach Litig.*, 327 F.R.D. 299, 320 (N.D. Cal. 2018) (concluding that the "extent of discovery"

4   and factual investigation undertaken by the parties gave them "a good sense of the strength and

5   weaknesses of their respective cases in order to 'make an informed decision about settlement")

6   (citing *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000)).

7        Further, there is no evidence of fraud or collusion in arriving at resolution.  Only after

8   pertinent discovery and the meaningful exchange of information did the parties participate in

9   mediation; subsequent negotiations were protracted as to each of the settling defendants.

10  Plaintiffs continued to litigate against these settling defendants after the first and then second set

11  of settlements was negotiated, and have shown their willingness to continue with highly

12  contested litigation with all remaining defendants.

13       **C.**     **The Relief for the Class is Substantial.**

14       Next, Rule 23(e)(2)(C) asks whether the relief provided for the class is "adequate," taking

15  into account: "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any

16  proposed method of distributing relief to the class, including the method of processing class-

17  member claims; (iii) the terms of any proposed award of attorney's fees, including timing of

18  payment; and (iv) any agreement required to be identified under Rule 23(e)."  Fed. R. Civ. P.

19  23(e)(2)(C).  Here, the proposed settlements provide significant monetary relief and important

20  injunctive relief to the Class.

21       **1.**     **The settlement relief outweighs the costs, risks, and delay of trial and**
                    **appeal.**
22

23       The settlements provide significant monetary and injunctive relief to the proposed

24  Settlement Class, and avoid the hurdles and delays associated with litigating class certification

25  and potential interlocutory appeals, dispositive motions, trial, and appeals.  *See Munday v. Navy*

26  *Fed. Credit Union*, No. 15-1629, 2016 WL 7655807, at *8 (C.D. Cal. Sept. 15, 2016) (granting

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2346114.2                                          -8-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1   preliminary approval of class action settlement).  The Settlements account for these risks, costs,

2   and delays, and accordingly compensate Settlement Class Members for their past harm, and

3   prevent future harm by requiring Kroger and HIKC to join the other settling defendants in

4   changing their practices going forward if they choose to sell such products, and as to

5   Safeway/Albertsons, agreeing to sell coffee labeled as "Kona coffee" or "Kona blend coffee"

6   only if labeling requirements are met, and requiring its current and future suppliers to certify that

7   those standards are met. While Plaintiffs believe in the merits of their case, success at class

8   certification, summary judgment, and trial is not guaranteed.  And any trial victory would come

9   only after the COVID-related backlog is cleared, and would be subject to years of appeals.

10        The immediate relief provided by the Settlements outweighs these risks.  That immediate

11   relief weighs even more heavily here as to HIKC, given its financial distress, which has been

12   exacerbated by the pandemic and travel restrictions.  *See Lane v. Facebook, Inc.*, 696 F.3d 811,

13   823–24 (9th Cir. 2012) (affirming trial court did not abuse its discretion in concluding that class

14   settlement was substantial in light of the fact that a defendant was on the verge of bankruptcy

15   when evaluating the risks of continued litigation of meritorious claims); *Torrisi v. Tucson Elec.*

16   *Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993) (holding trial court acted within its discretion

17   when considering the precarious financial status of the defendant to determine the adequacy of

18   the settlement); *In re Washington Public Power Supply Sys. Securs. Litig.*, 720 F. Supp. 2d.

19   1379, 1395–6 (D. Ariz. 1989) (finding the terms of a class agreement with the smallest

20   defendants in a multiparty MDL were fair, reasonable, and adequate where the defendants did

21   not have assets Plaintiffs could obtain "without precipitating virtually certain bankruptcy

22   proceedings" for the defendants).  In other words, as one court has put it in approving a class

23   settlement, "[a] very large bird in the hand in this litigation is surely worth more than whatever

24   birds are lurking in the bushes."  *In re Chambers Dev. Sec. Litig.*, 912 F. Supp. 822, 838 (W.D.

25   Pa. 1995).

26

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2346114.2                                    -9-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

## 2. Settlement Class Members will obtain relief through a straightforward claims process.

"[T]he effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims," is also a relevant factor in determining the adequacy of relief. Fed. R. Civ. P. 23(e)(2)(C)(ii).  This factor is intended to encourage courts to evaluate a proposed claims process "to ensure that it facilitates filing legitimate claims.  A claims processing method should deter or defeat unjustified claims, but the court should be alert to whether the claims process is unduly demanding." *Id.* Advisory Committee's note to 2018 amendments.

The claims process to be administered by the experienced settlement administrator will be even more straightforward and manageable than the one recently completed in connection with the previous settlements.  During that process, the discrete community of farmers who make up the class submitted information about their sales during the relevant time period, which were then used to calculate their share of the settlement proceeds.  *See, e.g., Hefler v. Wells Fargo & Company*, No. 16-CV-05479-JST, 2018 WL 6619983, at *12 (N.D. Cal. Dec. 18, 2018) (approving pro rata settlement distribution based on the purchase and sales data provided by class members); *Thomas v. MagnaChip Semiconductor Corp.*, No. 14-CV-01160-JST, 2017 WL 4750628, at *8-9 (N.D. Cal. Oct. 20, 2017) (same).  Class members were contacted through a combination of direct mail and publication, and the notice administrator painstakingly verified their identity and status as a Kona farmer. *See* Dkt. 600 (Supp. Decl. Jennifer Keough). This time, Settlement Class Members who submitted claims will not even need to do so again, because they have submitted the necessary information and the claims administrator has reviewed, verified, and approved it. Settlement Class Members who did not previously make a claim will still have an opportunity to do so this time. Accordingly, the prior claims process provides a floor for direct payments to Settlement Class Members.

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2346114.2

-10-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

3.    **The terms of any proposed award of attorney's fees, including timing of payment, will be reasonable.**

Proposed Class Counsel will move the Court for an award of reasonable attorneys' fees and reimbursement of their litigation expenses that is squarely in line with Ninth Circuit precedent. Fed. R. Civ. P. 23(e)(2)(C)(iii).  The total amount of fees requested will not exceed 25 percent of the monetary component of the settlements.[2]  Class Counsel will also seek reimbursement of $450,000 of litigation expenses, which represents only a portion of the expenses they have incurred in this litigation to date (including those previously reimbursed). Class Counsel will file their fees and costs application, which will provide the supporting basis for their request, sufficiently in advance of the Exclusion/Objection deadline, and it will be available on the Settlement website after it is filed.  Settlement Class Members will thus have the opportunity to comment on or object under Fed. R. Civ. P. 23(h) prior to the Final Approval Hearing.[3]

D.    **The Proposal Treats Class Members Equitably Relative to Each Other.**

The Settlement funds from these settlements will be distributed fairly and equitably. *See* Fed. R. Civ. P. 23(e)(2)(D).  This subsection of Rule 23(e) determines "whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief."  *Id.* advisory committee's note to 2018 amendments. Each member of the proposed Class will receive a pro rata share of the settlement based on the volume of Kona coffee they sold during the limitations period.  This allocation plan ensures members of the proposed Class will receive meaningful compensation directly proportional to

---

[2] The Court does not need to approve any specific fee amount before granting preliminary approval, only determine whether the request raises any obvious red flags that would preclude settlement approval. But it bears emphasis that counsel's request is well within the norm for class settlements. When awarding attorney's fees on the percentage of the fund method in common fund cases, twenty-five percent (25%) is the benchmark, but a court may adjust that benchmark up or down when warranted. *See Powers v. Eichen*, 229 F.3d 1249, 1256–57 (9th Cir. 2000).

[3] Per Fed. R. Civ. P. 23(e)(3), the parties have negotiated Supplemental Agreements described at paragraph 37 of the Kroger settlement agreement, and paragraph 30 of the Safeway/Albertsons settlement agreement.

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2346114.2                                                                    -11-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1   the harm they suffered based on their actual sales.  Additionally, Plaintiffs will request service

2   awards for each plaintiff farm (three in total), as are commonly awarded in class actions, and are

3   justified here by Plaintiffs' efforts in prosecuting the litigation.  *See*, *e.g.*, *Durant v. State Farm*

4   *Mut. Auto. Ins. Co.*, No.2-15-01710-RAJ, 2019 WL 2422592 at *2 (W.D. Wash. June 10, 2019)

5   (approving $10,000 incentive award to plaintiff as part of final approval of class action); *Carr v.*

6   *United Health Care Serv., Inc.*, No.2:15-CV-1105, 2017 WL 11458425 at *3 (W.D. Wash. June

7   2, 2017) (approving incentive award); *Hardie v. Countrywide*, 2010 WL 3894377, at *2 (W.D.

8   Wash. Sept. 30, 2010) (approving incentive award).

9   **II.    The Court will be able to certify the Class for settlement purposes upon final**
10         **approval.**

11        Since December 2018, the court must determine if it will be likely to certify the class

12   prior to granting preliminary approval of the proposed class settlement.  Fed. R. Civ. P.

13   23(e)(1)(B)(ii); *David v. Bankers Life and Cas. Co.*, No. 14-CV-00766-RSL, 2019 WL 2339971,

14   at *1 (W.D. Wash. June 3, 2019) (Lasnik, J.).  Certification of a settlement class is "a two-step

15   process."  *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, No.

16   2672 CRB (JSC), 2016 WL 4010049, at *10 (N.D. Cal. July 26, 2016) (Breyer, J.) (citing

17   *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997)).  First, the Court must find that the

18   proposed settlement class satisfies Rule 23(a)'s four requirements.  *Id.* (citing Fed. R. Civ. P.

19   23(a)).  Second, the Court must find that "a class action may be maintained under either

20   Rule 23(b)(1), (2), or (3)." *Id.* (citing *Amchem*, 521 U.S. at 613).  The proposed Settlement Class

21   here readily satisfies all requirements of Rule 23(a), as well as those of Rule 23(b)(3).  The

22   Settlement Class is identical to the one that the Court recently found meets the requirements of

23   Rule 23.  *See* Dkt. 400 ¶ 3.  Plaintiffs also recently set out, in the litigated context, why this case

24   is well suited to class treatment.  *See* Dkt. 568.

25        **A.    The Settlement Class Meets Rule 23(a)'s Requirements.**

26        **Rule 23(a)(1): The Class is sufficiently numerous**.  Rule 23(a)(1) is satisfied where, as

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2346114.2                                        -12-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1    here, "the class is so numerous that joinder of all class members is impracticable." Fed. R. Civ.

2    P. 23(a)(1). A "class of 41 or more is usually sufficiently numerous." 5 *Moore's Federal*

3    *Practice—Civil* § 23.22 (2016); *see also In re Banc of California Sec. Litig.*, 326 F.R.D. 640, 646

4    (C.D. Cal. 2018). Plaintiffs alleged that there are more than 600 members of the Settlement

5    Class, Third Am. Compl. ¶¶ 33, 43, Dkt. No. 381, and through discovery from third parties that

6    provide milling and processing services to a large proportion of the class, as well as through

7    class notice of the prior settlements, have confirmed the size of the class. *See* Dkt. 395; Dkt. 600

8    (Supp. Keough Decl.). Numerosity is satisfied.

9        **Rule 23(a)(2): Common questions of law and fact are present.** "Federal Rule of Civil

10   Procedure 23(a)(2) conditions class certification on demonstrating that members of the proposed

11   class share common 'questions of law or fact.'" *Stockwell v. City & Cnty. of San Francisco*, 749

12   F.3d 1107, 1111 (9th Cir. 2014). Courts routinely find commonality where, as here, the class

13   claims arise from a defendant's uniform course of conduct. *Jama v. Golden Gate America, LLC*,

14   No. 2:16-CV-00611-RSL, 2017 WL 7053650, at *1 (W.D. Wash. June 27, 2017) (Lasnik, J.).

15       Here, the Settlement Class' claims are rooted in common questions of fact relating to

16   Defendants' use of the "Kona" name. This Court has recognized that Plaintiffs alleged that

17   Defendants "falsely designated the geographic origin of their coffee as Kona," that they misled

18   "consumers into believing their products contain an appreciable amount of Kona coffee beans in

19   order to use the reputation and goodwill of the Kona name to justify higher prices for what is

20   actually ordinary commodity coffee," and that the alleged false designation "damages the

21   geographic designation itself and the designation's value to the farmers of authentic Kona coffee

22   from the Kona District." *See* Dkt. No. 155 at 2–3 (Order Denying Mot. to Dismiss). The answer

23   to the question of whether a defendant's label does or does not contain a false designation of

24   origin will not vary among class members. This case thus presents common questions of fact that

25   would yield, if litigated, common answers "apt to drive the resolution of the litigation" for the

26   Settlement Class as a whole. *Wal-Mart Stores v. Dukes*, 564 U.S. 338, 350 (2011). *See also* Dkt.

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2346114.2

-13-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

568 (Plaintiffs' Motion for Class Certification), at 10.  This common course of conduct satisfies commonality.

**Rule 23(a)(3): Settlement Class Representatives' claims are typical of those of the Class members'.**  Under Rule 23(a)(3), "'the claims or defenses of the representative parties'" must be "'typical of the claims or defenses of the class.'"  *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014) (quoting Fed. R. Civ. P. 23(a)(3)).  "Typicality 'assure[s] that the interest of the named representative aligns with the interests of the class.'"  *Id.* (quoting *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (citation and quotations omitted)).  Specifically, "'representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical.'"  *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).

The Settlement Class Representatives' claims are typical of other Settlement Class Members' claims; they assert the same claims under the Lanham Act.  The Settlement Class Representatives have alleged that a common course of conduct injured the Settlement Class Representatives and the proposed Settlement Class in the same way.  The Settlement Class Representatives, like the members of the proposed Settlement Class, grew and sold authentic Kona coffee, but they competed against suppliers and sellers of coffee labeled as "Kona" or "Kona Blend" that in fact contained little or no appreciable amount of authentic Kona coffee.  *See* Sec. Am. Compl. ¶ 33(c).  Further, Plaintiffs alleged that the false designation of ordinary commodity coffee as "Kona" coffee depressed the market price of authentic Kona coffee, which negatively affected the price both the Settlement Class Representatives and Settlement Class Members could receive for their Kona coffee. *See Id.* ¶ 3.  Typicality is satisfied.

**Rule 23(a)(4): The Settlement Class Representatives have and will protect the interests of the Class.**  Rule 23(a)(4)'s adequacy requirement is met where, as here, "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  Adequacy entails a two-prong inquiry: "'(1) do the named plaintiffs and their counsel

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2346114.2                                    -14-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1   have any conflicts of interest with other class members and (2) will the named plaintiffs and their

2   counsel prosecute the action vigorously on behalf of the class?'" *Evon v. Law Offices of Sidney*

3   *Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012) (quoting *Hanlon*, 150 F.3d at 1020).  Both prongs

4   are readily satisfied here.

5         First, the Settlement Class Representatives have no interests antagonistic to Settlement

6   Class Members and will continue to protect the Class' interests in the implementation of the

7   settlement and in continuing litigation against the non-settling defendants, and there are no

8   conflicts of interest between the class representatives and members of the Settlement Class.  *See*

9   *Sampson v. Knight Transportation, Inc.*, No. C17-0028-JCC, 2020 WL 3050217, at *5 (W.D.

10  Wash. June 8, 2020) ("Plaintiffs' claims . . . are uniform across the class members, thus the

11  Plaintiffs adequately represent the injuries of the putative class.").  The Class Representatives

12  "suffered the same injuries as other members" of the Class in the form of reduced market prices

13  and damage to goodwill and reputation.  *Id.*  The Class Representatives also understand their

14  duties, have agreed to consider the interests of absent Settlement Class Members, and have

15  reviewed and uniformly endorsed the Settlement terms.  *See* Lichtman Decl. ¶ 20.

16        Second, proposed Class Counsel have and will continue to vigorously and ethically

17  pursue this litigation.  *See Wilbur v. City of Mount Vernon*, 298 F.R.D. 665, 669 (W.D. Wash.

18  2012) (Lasnik, J.) (finding adequacy requirement satisfied and granting class certification).  The

19  two firms serving as proposed Class Counsel bring a wealth of experience in complex civil

20  litigation and class actions, along with relevant expertise in intellectual property litigation.  They

21  have and will continue to commit substantial resources to this case.  *See* Lichtman Decl. ¶ 3.

22  Proposed Class Counsel have undertaken an enormous amount of work, including a pre-filing

23  scientific investigation, litigating dispositive motions, and extensive discovery to advocate for

24  the Class.  *Id.* ¶ 11.  They satisfy Rule 23(a)(4)'s adequacy requirement, as well as the standard

25  for appointment of class counsel under Rule 23(g).

26

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2346114.2                                                    -15-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

**B.      The Settlement Class Meets Rule 23(b)(3)'s Requirements.**

Rule 23(b)(3)'s requirements are also satisfied because (i) "questions of law or fact common to class members predominate over any questions affecting only individual members"; and (ii) a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

**Predominance.**  "The predominance inquiry 'asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues.'" *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016). The rule requires "a showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Amgen Inc. v. Conn. Ret. Plans and Tr. Funds*, 568 U.S. 455, 459 (2014).  Thus, "[w]hen common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022.

Here, common questions predominate because there are few, if any, individualized factual issues, and because the core factual and legal questions involve the defendants' conduct: (1) whether their labels were false or misleading; (2) whether those labels created or were likely to create confusion among consumers; and (3) whether the conduct was willful.  Questions of damages are also common: these will turn on how much money defendants made by selling their products and the extent to which conduct at issue negatively impacted the market price of authentic Kona Coffee and/or damaged the goodwill and reputation of the Kona name.  Common questions predominate.

**Superiority.**  Rule 23(b)(3)'s superiority requirement asks "whether the objectives of the particular class action procedure will be achieved in the particular case." *Hanlon*, 150 F.3d at 1023.  In other words, the court must "determine whether maintenance of this litigation as a class action is efficient and whether it is fair." *Wolin*, 617 F.3d at 1175-76.  Under Rule 23(b)(3), "the

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2346114.2

-16-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1    Court evaluates whether a class action is a superior method of adjudicating plaintiff's claims by

2    evaluating four factors: '(1) the interest of each class member in individually controlling the

3    prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning

4    the controversy already commenced by or against the class; (3) the desirability of concentrating

5    the litigation of the claims in the particular forum; and (4) the difficulties likely to be

6    encountered in the management of a class action.'" *Trosper v. Styker Corp.*, 13-CV-0607-LHK

7    2014 WL 4145448, at *17 (N.D. Cal. August 21, 2014).

8         A class action is the superior method of adjudication of these claims.  First, the

9    Settlement Class Members have little incentive to individually prosecute this action: the risks

10   and expense of proceeding individually are prohibitive in a case like this one, in which individual

11   damages are comparatively small in relation to the costs an individual plaintiff would have to

12   incur to prove liability and damages, which requires expert analysis from multiple fields.  *See*

13   *Just Film v. Buono*, 847 F.3d 1108, 1123 (9th Cir. 2017) (affirming finding of superiority in case

14   where individual damages are too small "to make litigation cost effective in a case against

15   funded defenses and with a likely need for expert testimony").  Second, it is more efficient for

16   the parties and the Court to have a single resolution rather than individual cases about the same

17   issue.  Without a class, the hundreds of individuals and entities that grow authentic Kona coffee

18   would have no recourse, or a multiplicity of suits would follow resulting in an inefficient and

19   possibly disparate administration of justice.  By resolving these issues in one action, the Court

20   "will avoid the risk of duplicative efforts by multiple judges, as well as potentially inconsistent

21   rulings." *McCluskey v. Trustees of Red Dot Corp. Emp. Stock Ownership Plan and Trust*, 268

22   F.R.D. 670, 674 (W.D. Wash. 2010).

23        Finally, because this Court is considering the likelihood of class certification in the

24   settlement context, this Court need not consider any possible management-related problems as it

25   otherwise would.  *See Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted

26   with a request for settlement-only class certification, a district court need not inquire whether the

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2346114.2                                          -17-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1  case, if tried, would present intractable management problems, see Fed. R. Civ. P. 23(b)(3)(D),

2  for the proposal is that there be no trial.").  Superiority is met here, and Rule 23(e)(1)(B)(ii) is

3  satisfied.

4  **III.**    **The proposed notice plan should be approved.**

5        Before a proposed class settlement may be finally approved, the Court "must direct notice

6  in a reasonable manner to all class members who would be bound by the proposal."  Fed. R. Civ.

7  P. 23(e)(1).  Where certification of a Rule 23(b)(3) settlement class is sought, the notice must

8  also comply with Rule 23(c)(2)(B), which requires:

9              the best notice that is practicable under the circumstances,
              including individual notice to all members who can be identified
10             through reasonable effort. The notice may be by one or more of the
              following: United States mail, electronic means, or other
11             appropriate means. The notice must clearly and concisely state in
              plain, easily understood language: (i) the nature of the action; (ii)
12             the definition of the class certified; (iii) the class claims, issues, or
              defenses; (iv) that a class member may enter an appearance
13             through an attorney if the member so desires; (v) that the court will
              exclude from the class any member who requests exclusion; (vi)
14             the time and manner for requesting exclusion; and (vii) the binding
              effect of a class judgment on members under Rule 23(c)(3).
15

16  Fed. R. Civ. P. 23(c)(2)(B); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974).

17        The proposed Notice program here is identical to the ones that the Court previously

18  approved (Dkt. 400 and 414) and that Plaintiffs, with the Settlement Administrator, successfully

19  effectuated, including the follow-on claims process.  Like the recently approved and

20  implemented program, it was designed in consultation with the proposed Settlement

21  Administrator and meets all applicable standards.  *See Ali v. Menzies Aviation, Inc.*, No. 2:16-

22  CV-00262RSL, 2016 WL 4611542, at *4 (W.D. Wash. Sept. 6, 2016) (Lasnik, J.) (approving

23  form and plan of notice).

24        It will, in fact, be even more efficient and effective than the notice processes for the first

25  two sets of settlements.  This is because, in the course of implementing the prior notice program,

26  the Settlement Administrator was able to refine an accurate list of addresses for Settlement Class

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2346114.2                                                          -18-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1    Members, and also verify the identity of Settlement Class Members who were not on the original

2    class list, but stepped forward to make claims after becoming aware of the settlements through

3    publication or otherwise.

4         In short, Class Counsel will again send direct notice to Settlement Class Members sent

5    via first class U.S. Mail for all members for whom address information is available (a list that

6    has, again, been refined and verified through implementation of the previous settlements),

7    publication notice in the newspaper widely read and circulated in the Kona region (the *West*

8    *Hawaii Today*), update the already existing settlement website—where Settlement Class

9    Members can view the full Settlement Agreements, the Notice, and other key case documents—

10   and update the toll-free telephone number where Settlement Class Members can get additional

11   information.  Moreover, the proposed forms of notice (Ex. 4 and Ex. 5) inform Settlement Class

12   Members, in clear and concise terms, about the nature of this case, the Settlements, and their

13   rights, including all of the information required by Rule 23(c)(2)(B).[4]  The notice also explains

14   the relationship between these settlements, the prior settlements, and the non-settling defendants

15   in the litigation. The Court should approve the proposed Notice program.

16                                     <u>**CONCLUSION**</u>

17        For the foregoing reasons, Plaintiffs respectfully request that the Court grant preliminary

18   approval of the proposed settlements, direct notice to the Settlement Class, and set a schedule for

19   the remaining steps towards final approval, as set out in the accompanying proposed order or as

20   the Court deems fit.

21

22

23

24

---

25   [4] As in the prior settlements, certain dates in the notices are tied to the date that this Court grants preliminary
     approval of the proposed settlements and issuance of notice, as reflected in the accompanying proposed order.

26   When those dates are known, the Settlement Administrator will fill in dates in the notices consistent with this
     Court's order.

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2346114.2                                          -19-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1    Dated:  February 11, 2022

2    KARR TUTTLE CAMPBELL                    LIEFF CABRASER HEIMANN &
                                              BERNSTEIN, LLP
3

4    /s Nathan T. Paine                       /s/ Jason L. Lichtman
     Nathan T. Paine, WSBA #34487             Jason L. Lichtman (*pro hac vice*)
5    Daniel T. Hagen, WSBA #54015             Daniel E. Seltz (*pro hac vice*)
     Joshua M. Howard, WSBA #52189            250 Hudson Street, 8th Floor
6    701 Fifth Avenue, Suite 3300             New York, NY  10013-1413
     Seattle, Washington 98104                Telephone:  212-355-9500
7    206.223.1313

8                                             Andrew Kaufman (*pro hac vice*)
                                              222 2nd Avenue South, Suite 1640
9                                             Nashville, TN  37201
                                              615.313.9000
10
                                              *Attorneys for the Plaintiffs*
11                                            *and the Proposed Settlement Class*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

## **CERTIFICATE OF SERVICE**

2      I, Daniel E. Seltz, certify that on February 11, 2022, I caused the foregoing to be

3   electronically filed with the Clerk of the Court using the CM/ECF system, which will send

4   notification of such filing to those attorneys of record registered on the CM/ECF system.

5

6                                    /s *Daniel E. Seltz*
                                        Daniel E. Seltz

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MEMORANDUM ISO MOTION FOR PRELIM. APPROVAL
Case No. 2:19-CV-00290-RSL
2346114.2                                    -21-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592