UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE CORKER, *et al*., on behalf of
themselves and others similarly situated,

Plaintiff,

v.

COSTCO WHOLESALE
CORPORATION, *et al*.,

Defendants.

Case No. 2:19-CV-00290-RSL

**ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF CLASS
SETTLEMENTS AND DIRECTING
ISSUANCE OF NOTICE**

1.  Upon review and consideration of Plaintiffs' Motion for Preliminary Approval of Three
    Class Action Settlements ("Motion"), and all briefing, arguments, exhibits, and other
    evidence submitted in support thereof, including the agreements between Plaintiffs and The
    Kroger Co. ("Kroger"), between Plaintiffs and Safeway Inc. and Albertsons Companies Inc.
    ("Safeway/Albertsons"), and between Plaintiffs and Hawaiian Isles Kona Coffee Co., Ltd.
    ("HIKC"), (collectively referred to as "Settlement Agreements")[1], executed by Bruce Corker
    d/b/a Rancho Aloha, Melanie Bondera and Melanie Bondera, husband and wife, d/b/a
    Kanalani Ohana Farm, and Robert Smith and Cecilia Smith, husband and wife, d/b/a
    Smithfarms, and Smithfarms LLC ("Plaintiffs") and the respective settling Defendants
    (collectively "Parties"), for the purposes of the subject settlements, this Court finds that it has
    subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1125(a) and federal
    question jurisdiction under 28 U.S.C. § 1331.

2.  The Court grants preliminarily approval of the Settlement Agreements based on the terms set
    forth in the Settlement Agreements.

3.  Pursuant to Fed. R. Civ. P. 23(e), the Court finds that the proposed Settlement Class,

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as set for in the Settlement
Agreements.

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

composed of all persons and entities who farmed Kona coffee in the Kona District and then sold their coffee from February 27, 2015 to the present, likely meets the requirements for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3) as follows:

    a.  The Settlement Class is so numerous that joinder of all members in a single proceeding would be impracticable;

    b.  The members of the Settlement Class share common questions of law and fact;

    c.  The Plaintiffs' claims are typical of those of the Settlement Class Members;

    d.  The Plaintiffs and Settlement Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; and

    e.  Questions of law and fact common to the Settlement Class predominate over the questions affecting only individual Settlement Class Members, and certification of the Settlement Class is superior to other available methods to the fair and efficient adjudication of this controversy.

4. The Court finds, pursuant to Fed. R. Civ. P. 23(e)(1)(B)(i), that the proposed Settlement Agreements are likely fair, reasonable, and adequate, entered into in good faith, and free from collusion; that Class Counsel have ably represented the Class; and, that the relief, monetary and injunctive, provided for in the Settlement Agreements outweighs the substantial costs, the delay, and risks presented by further prosecution of issues during pre-trial, trial, and possible appeal. Additionally, the proposed allocation plan treats Settlement Class Members equitably. Based on these factors, the Court concludes that, pursuant to Fed. R. Civ. P. 23(e), the Settlement Agreements meet the criteria for preliminary settlement approval and are deemed fair, reasonable, and adequate, such that notice to the Settlement Class is appropriate.

5. The Court appoints Nathan Paine, of Karr Tuttle Campbell, and Jason Lichtman, Daniel Seltz, and Andrew Kaufman, of Lieff Cabraser Heimann & Bernstein, LLP as Settlement Class Counsel upon consideration of the factors set forth in Fed. Riv. Civ. P. 23(g).

6.  Pursuant to Fed. R. Civ. P. 23(e)(1)[2] and 23(c)(2)(B), the Court approves, as to form and

content:

    a.   The proposed Notice ("Notice"), in substantially the form attached as Exhibit 4 with

Plaintiffs' Motion. The Court finds that Notice is a reasonable method calculated to

reach members of the Settlement Class who would be bound by the Settlement

Agreements. The Notice will be sent via First Class U.S. Mail to all members for

whom address information is available, and posted on the Settlement Website,

www.KonaCoffeeSettlement.com.

    b.  The Publication Notice, in substantially the form attached as Exhibit 5 with Plaintiffs'

Motion, which will be published in the West Hawaii Daily.  The Court approves, as to

form and content, the proposed Notice and Publication Notice because they concisely

state in plain, easily understood language, *inter alia*: (1) the nature of the *Corker* case

and the Settlement Agreements, including the terms thereof; (2) the definition of the

Settlement Class; (3) the Plaintiffs' applications for service awards; (4) that a

Settlement Class Member may enter an appearance on their own behalf or through an

attorney and the procedures for filing an objection to the Settlement Agreements; (5)

contact information for Settlement Class Counsel, and a toll-free number to ask

questions about the Settlement Agreements; (6) the address of the case-specific

website (the "Settlement Website") maintained by the Settlement Administrator that

links to important case documents, including motion for preliminary approval papers,

and instructions on how to access the case docket via PACER or in person; (7)

important dates in the settlement approval process, including the date of the Final

---

[2] Specifically, pursuant to 23(e)(1)(B), the Court finds that notice can be directed "in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal."

1     Approval Hearing (as described below); (8) the binding effect of a class judgment on

2     Settlement Class Members; and (9) Settlement Class Counsel's forthcoming motion

3     for fees and/or reimbursement of expenses.

4 7. The Court appoints JND Legal Administration as Settlement Administrator.

5 8. The Court finds that the Notice meets the requirements of due process under the U.S.

6   Constitution and Fed. R. Civ. P. 23.

7 9. The Court directs:

8    a. The mailing of Settlement Class notice by First Class U.S. Mail and publication in

9     the *West Hawaii Today*, shall begin within 21 days of the entry of this Order.

10    b. No later than 21 days after entry of this Order, the Settlement Administrator shall

11     update the Settlement Website.  Specifically, the Settlement Website shall (1) post the

12     Settlement Agreements and Notice; (2) notify Settlement Class Members of their

13     rights to object or opt-out; (3) inform Settlement Class Members that they should

14     monitor the Settlement Website for developments; and (4) notify Settlement Class

15     Members that no further notice will be provided to them once the Court enters the

16     Final Order and Judgment, other than updates on the Settlement Website.

17    c. The Settlement Administrator shall continue to maintain an email account and P.O.

18     Box to which Settlement Class Members may submit questions regarding the

19     Settlement Agreements. The Settlement Administrator will monitor the email account

20     and P.O. Box and respond promptly to administrative inquiries from Settlement Class

21     Members and direct new substantive inquiries to Settlement Class Counsel.

22    d. No later than 21 days after entry of this Order, the Settlement Administrator shall

23     update the toll-free telephone number that Settlement Class Members can call to

24     receive additional information about the Settlement Agreements. The toll-free number

25     shall be operational until at least the effective date of the Settlement Agreements.

26 10. All costs associated with implementing Notice, including fees and costs of the Settlement

1     Administrator, shall be paid out of the Settlement Funds.

2   11. No later than 63 days after entry of this Order, Settlement Class Counsel shall file its

3       application for attorneys' fees and/or expenses and Plaintiffs' request for service awards.

4   12. No later than 14 days before the Final Approval Hearing, the Settlement Administrator shall

5       file an affidavit with the Court confirming its implementation of Notice in accordance with

6       this Order.

7   13. Any Settlement Class Member may comment on, or object to, the Settlement Agreements,

8       Settlement Class Counsel's application for attorneys' fees and costs, and/or the request for

9       Plaintiffs' service awards.

10  14. The following chart summarizes the dates and deadlines set by this Order:

| Event | Date |
|---|---|
| Notice of Settlement to be Mailed by First Class U.S. Mail and Publication in the *West Hawaii Today*. | March 7, 2022 |
| Update of Settlement Website | March 7, 2022 |
| Update of Toll-Free Number | March 7, 2022 |
| Deadline for Settlement Class Counsel's application for attorneys' fees and Plaintiffs' requests for service awards | April 18, 2022 |
| Deadline to have postmarked and/or filed a written objection to the Settlement, request for award, objection | May 2, 2022 |
| Settlement Administrator affidavit of compliance with notice requirements | May 19, 2022 |
| Final Approval Hearing | June 3, 2022 at 11:00 a.m. |

ORDER
Case No. 2:19-CV-00290-RSL

1      Dated this 14th day of February, 2022.

2

3                  *Mr S Lasnik*
                   Robert S. Lasnik

4                    United States District Judge

5  Presented by:

6  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

7

       */s/ Daniel E. Seltz*
8  Jason L. Lichtman (pro hac vice)
   Daniel E. Seltz (pro hac vice)

9  250 Hudson Street, 8th Floor
   New York, NY 10013

10  Telephone: 212-355-9500
    Email: dseltz@lchb.com

11

12  KARR TUTTLE CAMPBELL

13  Nathan T. Paine, WSBA #34487
    Daniel T. Hagen, WSBA #54015

14  Joshua M. Howard, WSBA #52189
    701 Fifth Avenue, Suite 3300

15  Seattle, Washington 98104
    206.223.1313

16  npaine@karrtuttle.com

17

18

19

20

21

22

23

24

25

26

ORDER
Case No. 2:19-CV-00290-RSL