Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BRUCE CORKER d/b/a RANCHO ALOHA; et al.<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation; et al.<br><br>Defendants. | CASE NO. 2:19-cv-00290-RSL<br><br>**PLAINTIFFS' CONSOLIDATED MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY DEFENDANTS L&K COFFEE CO., LLC, MULVADI CORPORATION, AND MNS, LTD.**<br><br>Noting Date: March 11, 2022 |

Plaintiffs respectfully request that the Court order Defendants L&K Coffee Co. LLC ("L&K"), Mulvadi Corporation ("Mulvadi"), and MNS, LTD. ("MNS") (collectively, the "Defendants") to produce discovery generated prior to February 2015 concerning the labels and packaging of Defendants' coffee products with a Kona label, sales for their coffee products with a Kona label, the cost of goods for producing or selling Defendants' products with a Kona label, the contents of Defendants' products with a Kona label, marketing and advertising of Defendants' products with a Kona label, and certain communications. Although the relevance of the requested discovery cannot be disputed, Defendants have objected to producing any discovery preceding February 2015.

The discovery sought is plainly and centrally relevant to Plaintiffs' Lanham Act claims. Defendants contend that a prior order entered by this Court relieves them of any obligation to produce pre-2015 documents. *See* Dkt. 351. However, as discussed below, Defendants'

MOTION TO COMPEL - 1
CASE NO. 2:19-cv-00290
#5129508 v2 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

interpretation of the Court's prior order is erroneous. Plaintiffs have pleaded three separate bases for the tolling of the statute of limitation: the discovery rule, fraudulent concealment, and estoppel. Dkt. 381 ¶¶ 36-38. Earlier in this litigation, the Court ordered Plaintiffs to produce discovery outside of the limitations period when Defendants were able to show that the discovery was relevant to their defenses. Dkt. 341 at 6. The same is true here: the requested discovery is relevant not only to the merits of Plaintiffs' pre-2015 claims themselves, but also to the basis for tolling. Defendants should be compelled to produce the requested discovery.

## I.   STATEMENT OF THE CASE

Plaintiffs are Kona coffee farmers who have been harmed by Defendants' deceptive labeling and advertising practices. Dkt. 381 at 5-6. Defendants sell coffee labeled as originating from Kona, Hawaii, including "100% Kona Coffee" or "Kona Blends." *Id*. at 25-29. Plaintiffs allege Defendants' Kona labeled coffee in reality contains little to no coffee from Kona, Hawaii. *Id.* at 31-33; 49-52. Plaintiffs allege that the Defendants' affirmative misrepresentations as to the origin of their coffee violates the Lanham Act's express prohibitions against false designation of origin and false advertising. *Id*. at 66-68. Additionally, Plaintiffs allege that the statute of limitations in this matter should be tolled due to Defendants' concealment of the facts regarding the true contents of their coffee in this matter. *Id*. at 19-20. Plaintiffs alleged three bases for tolling: discovery rule, fraudulent concealment, and estoppel.[1] *Id*.

## II.   SUMMARY OF DISCOVERY DISPUTE

Plaintiffs alleged that the statute of limitations on their Lanham Act claims was tolled. *See* Dkt. 381 at 19. Discovery to date confirmed that Defendants' practices of manufacturing, selling,

---

[1] The purpose of fraudulent concealment doctrine is to "ensur[e] that wrongdoers are not permitted, or encouraged, to take advantage of the limitations period to commit secret illegal conduct without penalty." *Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 549 (4th Cir. 2019) (internal quotations omitted). In the Ninth Circuit, the elements of fraudulent concealment, when pled to toll the statute of limitations, are (1) the defendant fraudulently concealed the existence of a cause of action in such a way that the plaintiff, acting as a reasonable person, did not know of its existence and (2) the plaintiff, acting as a reasonable person, did not know of the claim's existence. *Hexcel Corp. v. Ineos Polymers*, Inc., 681 F.3d 1055, 1060 (9th Cir. 2012) (emphasis added). Much of the same evidence used to support a showing of fraudulent concealment is also relevant to Plaintiffs' discovery rule and estoppel theories. *See, e.g., Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1055 (9th Cir. 2008) ("A close cousin of the discovery rule is the well accepted principle of fraudulent concealment").

MOTION TO COMPEL - 2
CASE NO. 2:19-cv-00290
#5129508 v2 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

and advertising coffee products that falsely designate Kona as the origin of the beans began long before the limitations period. But additional discovery is needed to specifically determine when Defendants' unlawful acts commenced, the Defendants' total sales of all mislabeled Kona coffee products and profits therefrom, and the total damages attributable to all such sales.

Early in the case, the parties disagreed over the temporal scope of discovery.[2] Citing the tolling allegations, Plaintiffs sought discovery of materials and information predating the applicable limitations period, which Plaintiffs contended to be four years. Defendants argued for a short period of just two to three years for Plaintiffs' discovery requests while taking the position that Plaintiffs should be required to produce discovery back through 2006. *See* Dkt. 257 at 13 (defendants arguing that Plaintiffs' should be compelled to produce discovery from 2006 to present). Without waiving any rights, and to keep the case moving forward, the parties initially agreed to limit the time period for discovery to February 2015 to present. *See* Dkt. 258, ¶ 17.

Not long thereafter, a dispute arose over whether either side had an obligation to produce discovery outside of that four-year period. *See, e.g.,* Dkts. 257, 284, 289, & 341. Defendants filed a motion to compel seeking discovery back to 2006, irrespective of the parties' agreement. *See* Dkt. 257 at 13. Plaintiffs argued that while they were willing to produce discovery prior to 2015, Defendants should be obligated to do the same as the pre-2015 discovery is relevant to Plaintiffs' claims for tolling and in defending Defendants' laches defense. *See* Dkt. 284 at 13. The Court resolved the dispute by holding that discovery was not limited by the parties' agreement on the temporal scope of discovery. *See* Dkt. 341 at 6. The Court held that because the Defendants were able to show that discovery predating 2015 was relevant to their defense, Plaintiffs were obligated to produce it even if Defendants refused to reciprocate. *Id*. Thus, the determinative factor was not the parties' agreement on the minimum temporal scope of discovery, but whether discovery predating that period was relevant to any claim or defense. Despite the obvious relevance of the

---

[2] The Lanham Act does not have a statute of limitations. Courts typically look to the analogous state law for guidance on the appropriate limitations period. The parties disagreed on which state law is most analogous to the claims in this case.

MOTION TO COMPEL - 3
CASE NO. 2:19-cv-00290
#5129508 v2 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

requested discovery, Defendants have refused to produce the discovery because it is outside the scope of the parties' prior agreement.

### A. Overview of Common Issues in Plaintiffs' Discovery Requests to Defendants.

On August 30, 2021 and January 17, 2022, Plaintiffs served the discovery requests at issue on Defendants. Howard Decl., Ex. A; Hagen Decl., Exs. B and C. The documents requested fell into the following five general categories: (1) packaging and labels for Defendants' Kona coffee products; (2) records of the advertising, sales, or manufacture of Defendants' Kona coffee products; (3) documents establishing the contents of the Kona coffee products manufactured and/or sold by Defendants; (4) records establishing the Cost of Goods ("COGs") of Defendants' Kona coffee products; and (5) certain communications concerning Defendants' Kona coffee products or the Plaintiffs. *Id.* Each request was tailored to obtain discovery relevant to issues of liability and damages on Plaintiffs' Lanham Act claims extending beyond the limitations period as well as Defendants' defense of laches. *See, e.g., Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 352 (discovery concerning events that occurred prior to an applicable limitations period is discoverable if otherwise relevant to the issues in the case).

### B. L&K's Objections and Plaintiffs' Meet and Confer With L&K.

On August 30, 2021, Plaintiffs served the discovery requests at issue seeking documents generated back to January 1, 1998, the date on which L&K is believed to have started manufacturing and selling Kona coffee products. Howard Decl. at Ex. A. On October 13, 2021, Defendant L&K timely served objections. *Id.* L&K's primary objection was that Plaintiffs were not entitled to any discovery pre-dating February 27, 2015. *Id.*

On February 24, 2022, Plaintiffs met and conferred with L&K regarding its objections. Howard Decl. at ¶ 3. The parties were unable to resolve the dispute but agreed to continue to work together towards a mutually acceptable resolution.[3]

---

[3] While the parties were not able to resolve this dispute prior to the February 24, 2022 deadline for filing a motion to compel, in the event that the parties later reach an agreement, Plaintiffs will promptly advise the Court of any resolution.

MOTION TO COMPEL - 4
CASE NO. 2:19-cv-00290
#5129508 v2 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

**C.     Mulvadi's Objections and Plaintiffs' Meet and Confer Efforts With Mulvadi.**

On January 17, 2022, Plaintiffs served the discovery requests at issue on Mulvadi for discovery dating back to Mulvadi's first sale of Kona coffee products. Mulvadi served its objections on February 16, 2022, stating that it would not search for any documentation that pre-dated February 27, 2015. Hagen Decl., Ex. B.

On February 23, 2022, Plaintiffs met and conferred with Mulvadi. Hagen Decl. at ¶ 4. Mulvadi, however, unequivocally refused to produce any responsive documents in its possession or control pre-dating February 27, 2015. Hagen Decl. at ¶ 5-6.

**D.     MNS's Objections and Plaintiffs' Meet and Confer With MNS.**

On January 17, 2022, Plaintiffs served on MNS the discovery requests at issue seeking documents at least back to the date on which MNS started advertising and selling Mulvadi's Kona coffee products. MNS served its objections on February 16, 2022, stating that it would not search for any documentation that pre-dated February 27, 2015. Hagen Decl., Ex. C.

On February 23, 2022, Plaintiffs met and conferred with MNS to resolve its objections. Hagen Decl. at ¶ 7. During the meet and confer, MNS confirmed its position that it need not produce pre-2015 documents based on the Court's prior order. The parties were unable to resolve their disputes but agreed to continue to work together towards a mutually acceptable resolution.[4]

### III.     LEGAL STANDARD

A party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A party resisting discovery has a heavy burden to demonstrate that discovery should be disallowed. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

---

[4] While the parties were not able to resolve this dispute prior to the February 24, 2022 deadline for filing a motion to compel, in the event that the parties later reach an agreement, Plaintiffs will promptly advise the Court of any resolution.

MOTION TO COMPEL - 5
CASE NO. 2:19-cv-00290
#5129508 v2 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

## IV. ARGUMENT

### A. The Discovery At Issue Is Indisputably Relevant to Plaintiffs' Claims.

Plaintiffs seek documents that are central to the issues in this matter, including (1) packaging and labels for Defendants' Kona coffee products; (2) records of the advertising, sales, or manufacture of Defendants' Kona coffee products; (3) documents establishing the contents of the Kona coffee products manufactured and/or sold by Defendants; (4) records establishing the Cost of Goods ("COGs") of Defendants' Kona coffee products; and (5) certain communications concerning Defendants' Kona coffee products or the Plaintiffs. *See* Howard Decl., Ex. A; Hagen Decl., Exs. B-C. This discovery is relevant to: liability and total damages on Plaintiffs' claims; whether the limitations period on Plaintiffs' Lanham Act claims was tolled; and Defendants' laches defense.[5]

In objecting to this discovery, Defendants do not (and cannot) legitimately contest relevance. *Id.* Instead, Defendants contend that discovery must be limited to 2015 to present, per the parties' prior agreement, irrespective of the relevance of the requested discovery. But Defendants' position is contrary to the Court's prior ruling in this case that discovery generated prior to February 2015 is discoverable if a party can show that it is relevant to any claim or defense. *Cf.* Dkt. 341 at 6.

Because relevance is not disputed, Defendants should be compelled to fully respond to the discovery at issue by producing responsive documents even if generated prior to 2015.

## V. CONCLUSION

Plaintiffs respectfully request that their Motion to Compel be granted and Defendants be ordered to produce all documents responsive to Plaintiffs' discovery requests served on January 17, 2022 and August 30, 2021 regardless of when those responsive documents were created. Defendants' blanket refusal to produce documentation pre-dating 2015 not on relevance but based

---

[5] For example, a Defendants' acts of concealment may help explain inaction or delay on the part of a potential plaintiff.

MOTION TO COMPEL - 6
CASE NO. 2:19-cv-00290
#5129508 v2 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

on the parties' agreement as to temporal scope is contrary to the Court's prior decision and should be rejected.

Dated: February 24, 2022

| KARR TUTTLE CAMPBELL | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
|---|---|
| /s *Nathan T. Paine*<br>Nathan T. Paine, WSBA #34487<br>Paul Richard Brown, WSBA #19357<br>Daniel T. Hagen, WSBA #54015<br>701 Fifth Avenue, Suite 3300<br>Seattle, Washington 98104<br>206.223.1313<br>npaine@karrtuttle.com | Jason L. Lichtman (*pro hac vice*)<br>Daniel E. Seltz (*pro hac vice*)<br>250 Hudson Street, 8th Floor<br>New York, NY  10013-1413<br>Telephone:  212-355-9500<br>dseltz@lchb.com<br><br>Andrew Kaufman (*pro hac vice*)<br>222 2nd Avenue South, Suite 1640<br>Nashville, TN  37201<br>615.313.9000<br><br>*Attorneys for the Plaintiffs and the Proposed Class* |

MOTION TO COMPEL - 7
CASE NO. 2:19-cv-00290
#5129508 v2 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

**CERTIFICATE OF SERVICE**

I, Heather Hattrup, affirm and state that I am employed by Karr Tuttle Campbell in King County, in the State of Washington. I am over the age of 18 and not a party to the within action. My business address is: 701 Fifth Avenue, Suite 3300, Seattle, WA 98101. On this day, I caused to be filed with the Court a true and correct copy of the foregoing Motion to Compel, via the Court's electronic filing system, which caused service of the document to all parties registered to receive notifications through CM/ECF.

Dated this 24th day of February 2022, at Seattle, Washington.

*/s/ Heather L. Hattrup*
Legal Assistant

MOTION TO COMPEL - 8
CASE NO. 2:19-cv-00290
#5129508 v2 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100