IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE CORKER d/b/a RANCHO ALOHA; COLEHOUR BONDERA and MELANIE BONDERA, husband and wife d/b/a KANALANI OHANA FARM; ROBERT SMITH and CECELIA SMITH, husband and wife d/b/a SMITHFARMS, and SMITHFARMS, LLC on behalf of themselves and others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation; AMAZON.COM, INC., a Delaware corporation; HAWAIIAN ISLES KONA COFFEE, LTD., LLC, a Hawaiian limited liability company; COST PLUS/WORLD MARKET, a subsidiary of BED BATH & BEYOND, a New York corporation; BCC ASSETS, LLC d/b/a BOYER'S COFFEE COMPANY, INC., a Colorado corporation; L&K COFFEE CO. LLC, a Michigan limited liability company; MULVADI CORPORATION, a Hawaii corporation; COPPER MOON COFFEE, LLC, an Indiana limited liability company; GOLD COFFEE ROASTERS, INC., a Delaware corporation; CAMERON'S COFFEE AND DISTRIBUTION COMPANY, a Minnesota corporation; PACIFIC COFFEE, INC., a Hawaii corporation; THE KROGER CO., an Ohio corporation; WALMART INC., a Delaware corporation; BED BATH & BEYOND INC., a New York corporation; ALBERTSONS COMPANIES INC., a Delaware Corporation; SAFEWAY INC., a Delaware Corporation; MNS LTD., a Hawaii Corporation; THE TJX COMPANIES d/b/a T.J. MAXX, a Delaware Corporation; MARSHALLS OF MA, INC. d/b/a MARSHALLS, a Massachusetts corporation; SPROUTS FARMERS MARKET, INC. a Delaware corporation; COSTA RICAN GOLD COFFEE CO., INC., a Florida Corporation; and KEVIN KIHNKE, an individual,<br><br>        Defendants. | CASE NO. 2:19-CV-00290-RSL<br><br>**MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS, AND MEMORANDUM IN SUPPORT**<br><br>The Honorable Robert S. Lasnik<br><br>Noted for consideration: June 3, 2022 |

# **TABLE OF CONTENTS**

Page

I.   Introduction .................................................................................................1

II.  Background....................................................................................................3

III. Argument ......................................................................................................7

    A.   Class Counsel's Requested Fee is Fair, Reasonable, and Appropriate. .................8

        1.   Class Counsel Achieved an Outstanding Result For the Class. .................8

        2.   The Complexity and Risk Associated With This Litigation Supports the Requested Fees. ..................................................9

        3.   The Requested Fees Are Consistent With Other Common Fund Cases Involving Valuable Injunctive Relief...............................11

        4.   A Lodestar Cross-Check, If Conducted, Confirms the Reasonableness of the Requested Award. ..................................12

    B.   Class Counsel's Expenses Are Reasonable. ..........................................13

    C.   Service Awards for the Class Representatives Are Appropriate. ..........................14

IV.  Conclusion..................................................................................................16

MOTION FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES
Case No. 2:19-cv-00290-RSL
2385306.1

-i-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

# TABLE OF AUTHORITIES

Page

**Cases**

*Arthur v. Sallie Mae Inc.*,
   10-cv-198, 2012 WL 4076119 (W.D. Wash. Sept. 17, 2012)...................................................14

*Beck, et al. v. Boeing Co.*,
   Case No. 00-CV-0301-MJP, Dkt. 1067 (W.D. Wash. Oct. 8, 2004) .......................................15

*Been v. O.K. Indus., Inc.*,
   No. CIV-02-285-RAW, 2011 WL 4478766 (E.D. Okla. Aug. 16, 2011) ................................15

*Beesley v. Int'l Paper Co.*,
   No. 3:06-CV-703-DRH-CJP, 2014 WL 375432 (S.D. Ill. Jan. 31, 2014) ...............................14

*Boeing Co. v. Van Gemert*,
   444 U.S. 472 (1980) .................................................................................................................7

*Campbell v. Facebook Inc.*,
   No. 4:13-cv-05996-PJH, 2017 WL 3581179 (N.D. Cal. Aug. 18, 2017).................................13

*Craft v. Cty. of San Bernardino*,
   624 F. Supp. 2d 1113 (C.D. Cal. 2008).................................................................................12

*de Mira v. Heartland Emp't Serv., LLC*,
   No. 12 -4092, 2014 WL 1026282 (N.D. Cal. Mar. 13, 2014) ................................................11

*DeStefano v. Zynga, Inc.*,
   2016 WL 537946 (N.D. Cal. Feb. 11, 2016)..........................................................................11

*Farrell v. Bank of Am. Corp.*,
   *N.A.*, 827 Fed. Appx. 628 (9th Cir. 2020) ...........................................................................12

*Fischel v. Equitable Life Assurance Soc'y of U.S.*,
   307 F.3d 997 (9th Cir. 2002)...................................................................................................12

*Garner v. State Farm Mut. Auto. Ins. Co.*,
   No. CV 08 1365 CW EMC, 2010 WL 1687832 (N.D. Cal. Apr. 22, 2010) ..........................15

*Grays Harbor Adventist Christian Sch. v. Carrier Corp.*,
   No. C05–5437–RBL, 2008 WL 1901988 (W.D. Wash. Apr. 24, 2008)..................................13

*Hanlon v. Chrysler Grp.*,
   150 F.3d 1011 (9th Cir. 1998)...................................................................................................8

*Hefler v. Wells Fargo & Co.*,
   No. 16-CV-05479-JST, 2018 WL 6619983  (N.D. Cal. Dec. 18, 2018)..................................12

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ..................................................................................................................8

*In re Anthem, Inc. Data Breach Litig.*,
   No. 15-MD-02617-LHK, 2018 WL 3960068 (N.D. Cal. Aug. 17, 2018) ...............................13

*In re Bluetooth Headset Prods. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011)..................................................................................................8, 9

*In re High-Tech Employee Antitrust Litig.*,
   11-cv-2509, 2015 WL 5158730 (N.D. Cal. Sept. 2, 2015) .....................................................15

MOTION FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES
Case No. 2:19-cv-00290-RSL
2385306.1

-ii-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

## TABLE OF AUTHORITIES
### (Cont'd)

Page

*In re HQ Sustainable Maritime Indus., Inc. Deriv. Litig.*,
No. 11-910, 2016 WL 5421626 (W.D. Wash. Sept. 26, 2013) ...................................8

*In re Infospace, Inc. Sec. Litig.*,
330 F. Supp. 2d 1203 (W.D. Wash. 2004) ........................................................11

*In re Intuit Data Litig.*,
No. 15-CV-1778-EJD-SVK, 2019 WL 2166236 (N.D. Cal. May 15, 2019) ...........13

*In re Mego Fin. Corp. Sec. Litig.*,
213 F.3d 454 (9th Cir. 2000), as amended (June 19, 2000) ....................................11

*In re Mercury Interactive Corp. Securities Litigation*,
618 F.3d 988 (9th Cir. 2010) .............................................................................1

*In re Omnivision Technologies, Inc.*,
559 F. Supp. 2d 1036 (N.D. Cal. 2008) .....................................................8, 9, 11

*In re Titanium Dioxide Antitrust Litig.*,
No. 10-318, 2013 WL 6577029 (D. Md. Dec. 13, 2013) .......................................15

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,
No. 2672 CRB (JSC), 2017 WL 1047834 (N.D. Cal. Mar. 17, 2017) ...............7, 13

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,
No. 2672 CRB (JSC), 2017 WL 1047834 (N.D. Cal. Mar. 17, 2017) .....................13

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
19 F.3d 1291 (9th Cir. 1994) .........................................................................7, 11

*Ingram v. The Coca-Cola Co.*,
200 F.R.D. 685 (N.D. Ga. 2001) ......................................................................15

*Knight v. Red Door Salons, Inc.*,
08-cv-1520, 2009 WL 248367 (N.D. Cal. Feb. 2, 2009) ......................................12

*Linney v. Cellular Alaska P'ship*,
No. 96-3008, 1997 WL 450064 (N.D. Cal. July 18, 1997) ...................................12

*Lusby v. GameStop Inc.*,
No. 12-3783, 2015 WL 1501095 (N.D. Cal. Mar. 31, 2015) ................................11

*Pelletz v. Weyerhaeuser Co.*,
592 F. Supp. 2d 1322 (W.D. Wash. 2009) .........................................................13

*Powers v. Eichen*,
229 F.3d 1249 (9th Cir. 2000) ...........................................................................8

*Rodriguez v. West Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009) ...........................................................................14

*Romag Fasteners, Inc. v. Fossil, Inc.*,
140 S. Ct. 1492 (2020) ...................................................................................10

*Rosado v. Ebay Inc.*,
No. 12-04005, 2016 WL 3401987 (N.D. Cal. June 21, 2016) ...............................12

*Seaman v. Duke Univ.*,
No. 1:15-CV-462, 2019 WL 4674758 (M.D.N.C. Sept. 25, 2019) .........................16

MOTION FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES
Case No. 2:19-cv-00290-RSL

-iii-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

## TABLE OF AUTHORITIES
### (Cont'd)

Page

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ............................................................................... 7, 14

*Tiro v. Public House Investments, LLC*,
  2013 WL 4830949 (S.D.N.Y. Sep. 10, 2013) ........................................................... 9

*Velez v. Novartis Pharm. Corp.*,
  No. 04 Civ. 09194 (CM), 2010 WL 4877852 (S.D.N.Y. Nov. 30, 2010) ................... 16

*Vincent v. Hughes Air W., Inc.*,
  557 F.2d 759 (9th Cir. 1977) ................................................................................... 7

*Vizcaino v. Microsoft Corp.*,
  290 F.3d 1043 (9th Cir. 2002) ........................................................................... 7, 12

*Willner v. Manpower Inc.*,
  No. 11-cv-02846-JST, 2015 WL 3863625 (N.D. Cal. June 22, 2015) ..................... 14

**Statutes**

15 U.S.C. § 1125, *et seq.* ...................................................................................... 3

**Rules**

Fed. R. Civ. P. 23(e) ............................................................................................... 7

Fed. R. Civ. P. 23(h) ..................................................................................... 7, 8, 14

**Treatises**

Federal Judicial Center, *Manual for Complex Litigation*
  § 21.71 (4th ed. 2004) ........................................................................................... 8

MOTION FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES
Case No. 2:19-cv-00290-RSL

-iv-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs and Settlement Class Counsel[1] respectfully move for an Order awarding attorneys' fees, partial reimbursement of litigation expenses, and service awards to the named Plaintiffs in connection with the most recent set settlements preliminarily approved by the Court on February 14, 2022. *See* Dkt. 604.  The Court set a hearing on final approval on both sets of settlements for June 3, 2022. *See id.* [2] Plaintiffs and Settlement Class Counsel request that they be awarded 25 percent of the monetary component of the three settlements, that the Court approve reimbursement of $450,000 of litigation expenses, and that the class representatives be awarded service awards of $2,500 per farm (for a total of three awards) in recognition of their substantial and continuing commitments of time to this litigation, including to these settlements.  As demonstrated below, this request is fair and reasonable under the standard to be applied by this Court.

**I.      Introduction**

The most recent set of settlements recently granted preliminary approval by this Court – one with The Kroger Co. ("Kroger"), one with Safeway Inc. and Albertsons Companies Inc. ("Safeway/Albertsons"), and one with Hawaiian Isles Coffee Co. Ltd. ("HIKC") ("Settling Defendants") – add $2.15 million to the more than $13.1 million that has been recovered for the class in this litigation to date.  In addition to monetary relief, these settlements deliver additional injunctive relief that exceeds what Plaintiffs could have achieved through litigation, including HIKC's agreement to change its name, and will ensure improved and clearer labeling practices of Kona coffee.  As a result of these settlements, consumers will better understand the origin of the coffee they are buying, and the name and reputation of Kona coffee will be strengthened and protected.  While these practice changes undoubtedly have substantial economic value that will

---

[1] Settlement Class Counsel are those counsel so appointed pursuant to the Court's Order Granting Motion for Preliminary Approval and Directing Issuance of Notice (Dkt. 604) ¶ 5: Nathan T. Paine of Karr Tuttle Campbell, and Jason Lichtman, Daniel Seltz, and Andrew Kaufman of Lieff Cabraser Heimann & Bernstein LLP.

[2] Consistent with *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988 (9th Cir. 2010), Class Counsel are making this application well in advance of the deadline for Settlement Class Members to opt-out or object to the proposed settlements, which is May 2, 2022, and will also post this application on the settlement website.

accrue to class members for years, Class Counsel here only seek a fee representing a percentage of the cash component of these most recent settlements.

These settlements are the latest positive development in a uniquely challenging case. As this Court is aware, this case was neither a standard consumer class action nor a typical trademark infringement dispute between businesses. It pitted three small, long-time Kona coffee farms against 22 coffee suppliers and retailers, selling a variety of coffee products across the country in multiple channels of commerce. While many Kona farmers had previously expressed frustration at the misuse of the Kona name, they had been without the information and tools to identify defendants and formulate cognizable legal claims. Class Counsel have been able to transform that general sense of concern into tangible results, with these settlements the latest that deliver needed monetary relief and as well as practice changes that will clear a cloud of confusion that has hung over Kona-labeled products to the detriment of Class members.

As Class Counsel demonstrated in their prior petition for fees and reimbursement of expenses (Dkt. 415), litigation of this magnitude requires a substantial expenditure of time and money. Even as the case continues against several Defendants, Class Counsel have spent, as of April 11, 2022, 21,182.6 hours to this case, with 47 attorneys, paralegals, and other staff each devoting substantial time (at least 40 hours) to this case, for a total lodestar of $9,624,207.50. In connection with the first set of settlements, this Court awarded fees of $5.6 million, so this request continues to represent partial compensation of Class Counsel's work in this litigation.

Every aspect of the litigation has been and continues to be hard fought. Class Counsel's work has included: successfully opposing multiple motions to dismiss, document production and review of thousands of documents from the named plaintiffs, review of thousands of documents from Defendants, more than a dozen discovery motions, extensive third party discovery that has involved 52 subpoenas and the production of more than 7,400 documents, and multiple depositions, including full-day depositions of each of the plaintiffs, a motion for default, a litigated class certification motion that has included extensive expert work, followed by current

MOTION FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES
Case No. 2:19-cv-00290-RSL

-2-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1    preparation of merits expert reports and trial preparation.  Net of expenses for which the Court

2    previously approved reimbursement (*see* Dkt. 477), Class Counsel have spent $1,145,737 in

3    unreimbursed out-of-pocket costs, much of it attributable to identifying and working with several

4    top-notch experts, who will testify concerning the coffee industry, marketing, accounting, and

5    damages. As such, Class Counsel currently only seek partial reimbursement of their outstanding

6    expenses. The compensation that Class Counsel seek for their work is reasonable.

7    II.    **Background**

8          The Court is familiar with this litigation's factual and procedural background, but

9    Plaintiffs provide an updated recounting so that the record supporting this request is complete.

10         Class Counsel filed this case in 2019 following an extensive and unprecedented

11   investigation aimed at solving a question that had troubled Kona farmers: How is more than 20

12   million pounds of coffee labeled as "Kona" sold annually, when only a fraction of that is actually

13   produced each year from the Kona region?  *See* Third Am. Compl. (Dkt. 381) ¶ 44.  The answer,

14   Plaintiffs alleged, was that these suppliers were selling coffee labeled as "Kona" coffee that

15   expert testing revealed contained little or no authentic Kona coffee.  Plaintiffs alleged that this

16   conduct violated the Lanham Act, 15 U.S.C. § 1125, *et seq.*, and sought monetary compensation,

17   as well as injunctive relief that would repair the Kona name going forward.  Class actions under

18   the Lanham Act, while not unheard of, are unusual, and to Class Counsel's knowledge, no other

19   case invoking the statute had been brought on behalf of a class of Kona farmers to remedy the

20   harms alleged here.  Following the investigation set out in the complaint into the contents of the

21   coffee at issue, Plaintiffs identified and named nineteen Defendants, ultimately adding three

22   additional defendants as the case progressed.

23         A group of retailer defendants and a group of supplier defendants filed motions to

24   dismiss; one defendant filed a separate motion to dismiss.  *See* Dkt. Nos. 100, 106, & 107,

25   respectively.  On November 12, 2019, the Court denied the suppliers' and the separate

26   defendant's motions in full, and denied the retailers' motion in part, dismissing only false

MOTION FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES
Case No. 2:19-cv-00290-RSL

-3-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1    advertising claims against the retailers.  *See* Dkt. Nos. 154-56.

2        An extended period of hard-fought discovery then began in the fall of 2019.  The sheer

3    number of parties, their geographic dispersal, and their separate representation would have

4    presented management challenges in ordinary times, but the onset of the global health crisis in

5    March 2020 compounded these difficulties. Class Counsel were up to the challenge: they

6    gathered more than 106,000 documents, totaling more than 341,000 pages from all of the

7    defendants (including production of data in large spreadsheets).  They also responded to

8    comprehensive requests to the class representatives, who themselves produced more than 58,000

9    documents, totaling more than 114,000 pages, in response to a collective 543 requests for

10   documents, while also responding to 261 interrogatories and 514 requests for admission.  The

11   parties also engaged in extensive third-party discovery, collectively serving 52 subpoenas, which

12   have yielded 7,428 documents and more than 123,000 pages.  While Class Counsel sought to

13   find efficiencies where at all possible and to avoid judicial intervention in discovery disputes,

14   they have litigated, and the Court has resolved, numerous disputes involving the proper scope of

15   discovery.  *See* Dkt. Nos. 144, 248, 255, 266, 274, 341, 350, 362, 382, 470, 477, 487, 578; *see*

16   *also* Dkt. 621, 641. Plaintiffs also moved to strike certain affirmative defenses asserted by most

17   Defendants (Dkt. 179), prompting the withdrawal of the affirmative defenses by certain

18   defendants (Dkt. 191), as well as the Court's striking the defenses of another defendant (Mulvadi

19   Corporation).  Dkt. 230.  The Court also recently denied another defendant's motion to dismiss

20   for lack of jurisdiction.  *See* Dkt. 606.

21       There have been eighteen depositions to date. Defendants took the depositions of the five

22   named plaintiffs during the week of August 17, 2020, plus a third party.  Plaintiffs have taken or

23   participated in ten depositions of parties and non-parties to date, as well as taken two expert

24   depositions in connection with class certification.

25       Plaintiffs filed their class certification motion against non-settling defendants on

26   December 22, 2021, supported by five expert declarations.  That motion followed a motion for

MOTION FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES
Case No. 2:19-cv-00290-RSL                                              -4-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1   default against defendant Mulvadi Corporation (Dkt. 544) on November 23, 2021.  Fact

2   discovery closed on March 11, 2022.

3         Class Counsel have balanced this ongoing and heavy discovery work with efforts at

4   resolution where appropriate.  An early mediation in San Francisco with Hon. David Garcia on

5   January 30, 2020 resulted in the settlement with Copper Moon; a near-global mediation on June

6   2, 2020 with Hon. Edward Infante resulted in a settlement with Boyer's Coffee Company.

7   Settlements with Cost Plus and Maui Coffee Company followed that mediation, and an all-day

8   mediation with Mark LeHocky, of ADR Services, Inc., on November 17, 2020, led to a

9   settlement with Cameron's Coffee and Distribution Company.  Another session with Mr.

10   LeHocky led to settlements with another group of defendants, and additional settlements with

11   two retailer defendants followed thereafter.  In connection with these mediations and in order to

12   negotiate effectively on behalf of the Settlement Class, Class Counsel identified, interviewed,

13   engaged, and intensively worked with nationally recognized experts in the fields of marketing,

14   accounting, and the coffee industry, as well as retained damages experts.

15         These most settlements, like the previous ones, are the result of extensive arms-length

16   negotiation.  All three Settling Defendants participated in the initial mediation with Judge

17   Infante.  Plaintiffs and Kroger returned to active litigation until a second mediation with Mark

18   LeHocky, of ADR Services, Inc. on May 3, 2021, followed by continuous discussions between

19   counsel, much of them focused on understanding and confirming Kroger's sales volumes of the

20   at-issue coffee, and then a third mediation on August 11, 2021, at which time they were able to

21   reach an agreement.  Dkt. 603 ¶ 8.

22         Safeway/Albertsons participated in the mediation with Judge Infante, and then negotiated

23   separately with Class Counsel during the spring and summer of 2021, ultimately leading to an

24   agreement in August 2021.

25         As for HIKC, following the unsuccessful mediation with Judge Infante, counsel for both

26   parties explored potential resolution throughout the remainder of 2020 and 2021, with much of

MOTION FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES
Case No. 2:19-cv-00290-RSL

-5-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1    those negotiations focused on  verifying HIKC's representations of its financial condition, which

2    affected the company's ability to pay.  *Id.* ¶ 10. HIKC and Plaintiffs engaged a Hawaii-based

3    mediator, Kale Feldman, in July 2021, and while that mediation was not successful, the parties

4    continued negotiating and ultimately reached an agreement in principle in October 2021.

5          These settlements, like the previous ones approved by this Court, represent an

6    outstanding outcome for the Settlement Class.  The relatively small class of approximately 700

7    farms will see significant payments from these settlements.  HIKC will pay $800,000.  The

8    injunctive terms of this settlement are outstanding, beginning with HIKC's agreement to remove

9    the word "Kona" from its company name altogether.  In addition, HIKC will, like previously

10   settling defendants, alter its labeling of Kona-labeled coffee so that such products "will

11   accurately and unambiguously state on the front label of the product the minimum percentage of

12   authentic Kona coffee beans contained in the product using the same font type and same (or

13   similar) color as the word Kona, and no smaller than one-half (1/2) the size as the word "Kona"

14   appears, on the front of the package."  Dkt. 603-3 ¶ 12(a).

15         Kroger will pay $1,350,000.  It will also now be subject to labeling obligations for the

16   coffee that it sells either under its own name or any brand name that it wholly owns and that is

17   labeled as "Kona coffee" or "Kona Blend."  Those products will state on the front of the

18   product's label the minimum percentage (or the percentage) of Kona coffee beans contained in

19   the product using the same font type and same (or similar) color as the word Kona, and no

20   smaller than one-half (1/2) the size as the word "Kona" appears, on the front of the package.

21   Exh. 602-1 ¶ 13.

22         Safeway/Albertsons agrees to sell coffee labeled as "Kona" or "Kona blend" only if

23   certain labeling standards are met, and will require its vendors to certify that its Kona-labeled

24   products will meet such standards, ensuring that the labeling information is clear and

25   conspicuous.  *See* Dkt. 602-2 ¶ 13.

26         As with the previous settlements, which were successfully implemented, Class Counsel

MOTION FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES
Case No. 2:19-cv-00290-RSL

-6-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1    have been working diligently with the notice administrator to effectuate the notice plan and

2    prepare to distribute the settlement funds.  Class Counsel will repeat the successful claims

3    process, and work with the Settlement Administrator to implement that process promptly after

4    final approval.

5  **III.**    <u>**Argument**</u>

6          Federal Rule of Civil Procedure 23(h) permits the court to award reasonable attorney's

7    fees and costs in class action settlements as authorized by law or by the parties' agreement.  Fed.

8    R. Civ. P. 23(h).  "[L]awyer[s] who recover[] a common fund . . . [are] entitled to a reasonable

9    attorney's fee from the fund as a whole."  *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980);

10    *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977).  In deciding whether a

11    requested fee is appropriate, the Court's task is to determine whether such amount is

12    "fundamentally fair, adequate, and reasonable."  *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th

13    Cir. 2003) (quoting Fed. R. Civ. P. 23(e)); *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19

14    F.3d 1291, 1294-95 n.2 (9th Cir. 1994) (overriding principle is that the fee award be "reasonable

15    under the circumstances").

16          In this Circuit, the determination typically involves analysis of a number of factors,

17    including: (1) the results achieved by class counsel; (2) the complexity of the case and skill

18    required; (3) the risks of litigation; (4) the benefits to the class beyond the immediate generation

19    of a cash fund; (5) the market rate of customary fees for similar cases; (6) the contingent nature

20    of the representation and financial burden carried by counsel; and (7) a lodestar cross-check.

21    *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, No.

22    2672 CRB (JSC), 2017 WL 1047834, at *1 (N.D. Cal. Mar. 17, 2017) ("*VW 2L Fee Order*")

23    (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-52 (9th Cir. 2002)).  Each of these

24    factors supports Class Counsel's request in this case.

25          Because the benefit achieved "is easily quantified in common-fund settlements," courts

26    can "award attorneys a percentage of the common fund in lieu of the often more time-consuming

MOTION FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES
Case No. 2:19-cv-00290-RSL

-7-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1  task of calculating the lodestar." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942

2  (9th Cir. 2011).[3]  When awarding attorney's fees on the percentage of the fund method in

3  common fund cases, twenty-five percent (25%) is the benchmark, but a court may adjust that

4  benchmark up or down when warranted.  *See Powers v. Eichen*, 229 F.3d 1249, 1256–57 (9th

5  Cir. 2000); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (holding that

6  "complexity and novelty of the issues" can justify upward departure from benchmark); *In re HQ*

7  *Sustainable Maritime Indus., Inc. Deriv. Litig.*, No. 11-910, 2016 WL 5421626, at *3 (W.D.

8  Wash. Sept. 26, 2013) (Lasnik, J.) (holding that complexity of the dispute, including number of

9  participants, justified upward departure from benchmark).  Courts have recognized that "in most

10  common fund cases, the award exceeds that [25%] benchmark." *In re Omnivision Technologies,*

11  *Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008).

**A.    Class Counsel's Requested Fee is Fair, Reasonable, and Appropriate.**

**1.    Class Counsel Achieved an Outstanding Result For the Class.**

14  The results obtained for the class are generally considered to be the most important factor

15  in determining the appropriate fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983); *In*

16  *re Omnivision*, 559 F. Supp. 2d at 1046; *see also* Federal Judicial Center, *Manual for Complex*

17  *Litigation* § 21.71, p. 336 (4th ed. 2004) (the "fundamental focus is the result actually achieved

18  for class members") (citing Fed. R. Civ. P. 23(h) committee note).  Here, any assessment of the

19  results achieved must include both the monetary and injunctive components of these settlements.

20  While each standing alone is outstanding, they together form what is unquestionably an

21  exceptional result, and one that justifies the fee sought.  And while Class Counsel would be

22  entitled to seek a fee on the value of both the monetary and injunctive relief, *see* Dkt. 415, at 8-9,

23  this request is limited to the Ninth Circuit's benchmark percentage of the cash component of

24  these settlements only.

---

[3] Courts rely on the lodestar method in cases very different than this one, in which "there is no way to gauge the net value of the settlement or of any percentage thereof." *Hanlon*, 150 F.3d at 1029.

MOTION FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES
Case No. 2:19-cv-00290-RSL                    -8-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**2.      The Complexity and Risk Associated With This Litigation Supports the Requested Fees.**

The degree of complexity and risk present at all stages of this case weighs heavily in favor of the requested fee.  *See, e.g., In re Bluetooth*, 654 F.3d at 942 (noting complexity and novelty of issues as among factors justifying departure from benchmark percentage).  This was and is far from a cookie-cutter case, and Class Counsel have had to anticipate and respond to arguments that do not tend to emerge in most class actions to continue to drive the case towards trial.  "The risk that further litigation might result in Plaintiffs not recovering at all, particularly a case involving complicated legal issues, is a significant factor in the award of fees."  *Omnivision*, 559 F. Supp. 2d at 1046-47.  Courts "have recognized the risk of litigation to be perhaps the foremost factor to be considered in determining the award of appropriate attorneys' fees [in part because] despite the most vigorous and competent of efforts, success is never guaranteed."  *Tiro v. Public House Invs., LLC*, 2013 WL 4830949, at *13 (S.D.N.Y. Sep. 10, 2013) (citations and quotations omitted).

This case presented risks at every stage.  To start, Defendants advanced a legal theory that the Lanham Act does not authorize the core claim in this case—false designation of geographic origin.  *See* Dkt. 107, at 6.  Although the Court denied Defendants' motions to dismiss on that basis, the issue would remain alive in the case through appeal.

Defendants also had factual defenses that (1) consumers were not confused by false designations of Kona geographic origin and that (2) Plaintiffs' claims were barred by laches. Although Plaintiffs believed these defenses to be meritless, they posed an undeniable risk at summary judgment, trial, and on appeal. In particular, whether consumers were confused or were likely to be confused by Defendants' product labels would have come down to a "battle of the experts" at trial, the result of which is always uncertain.

This case was also risky because it was a class action. Although many elements of a

MOTION FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES
Case No. 2:19-cv-00290-RSL                                          -9-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1    Lanham Act claim map well onto the Rule 23 class certification requirements, successful

2    Lanham Act cases are rare. The typical Lanham Act plaintiff is an individual or corporation

3    holding rights to a trademark. There is virtually no such thing as collective ownership of

4    trademarks.  A class case was possible here only because the geographic designation at issue is

5    legitimately used by a relatively small and identifiable group of people.

6            Class certification here posed particular risks because of the need to prove that damages

7    could be measured on a class-wide basis. This required assessing the market for coffee in

8    general, specialty coffees more specifically, and Kona coffee more precisely than that, and then

9    creating a "but-for" world where there was no counterfeiting of coffee. Doing so required

10   accounting for variations in how coffee is sold (green, cherry, or roasted). Defendants would

11   have attacked such analysis at both *Daubert* and summary judgment, and they would have put

12   forward their own experts to testify that market price damages are not measurable on a classwide

13   basis or, in the alternative, that damages were small. If Plaintiffs could not put forward a reliable,

14   admissible, and ultimately persuasive damages model, then no class could be certified. Plaintiffs

15   are confident that they could have overcome these hurdles, but as the attached records show, it

16   has been expensive to develop a defensible damages methodology.

17          Other forms of damages carried real risks too. When this case was filed, the law of the

18   Ninth Circuit, since reversed by the Supreme Court, *see Romag Fasteners, Inc. v. Fossil, Inc.*,

19   140 S. Ct. 1492 (2020), was that a finding of willfulness was a prerequisite to an award of

20   profits. Plaintiffs also sought to recover funds for corrective advertising, and undoubtedly,

21   Defendants would have submitted competing expert testimony challenging the existence and

22   amount of any corrective advertising damages

23          Finally, this case was inherently risky because it involved more 22 defendants. Any task,

24   any work, any expense could potentially be multiplied by 22. Although the case did produce

25   some economies of scale, this risk materialized in very real form in conducting discovery against

26   so many defendants simultaneously.

MOTION FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES
Case No. 2:19-cv-00290-RSL

-10-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1
2
3
4
5
6
7
8
9
10

Despite these risks, Class Counsel took on this case on a contingent basis.  It is an established practice to reward attorneys who assume representation on a contingent basis to compensate them for the risk that they might be paid nothing at all.  *See In re Wash. Pub. Power Supply Sys. Sec. Litig*., 19 F.3d 1291, 1299 (9th Cir. 1994).  Such a practice encourages the legal profession to assume such a risk and promotes competent representation for plaintiffs who could not otherwise hire an attorney.  *Id.*  That Class Counsel have foregone other work to litigate the case on a contingent basis also favors the request.  *See In re Infospace, Inc. Sec. Litig.*, 330 F. Supp. 2d 1203, 1212 (W.D. Wash. 2004) (noting that "preclusion of other employment by the attorney due to acceptance of the case" is a factor to consider when determining an appropriate fee award).

11
12
13
14
15

Moreover, the quality of the opposition they faced should also be considered. *See DeStefano v. Zynga, Inc.*, 2016 WL 537946, at \*17 (N.D. Cal. Feb. 11, 2016) ("The quality of opposing counsel is also relevant to the quality and skill that class counsel provided.").  Class Counsel faced well-resourced and experienced counsel for each of the Settling Defendants.  This factor also weighs in favor of the requested fee.

16
**3.**   **The Requested Fees Are Consistent With Other Common Fund Cases Involving Valuable Injunctive Relief.**

17
18
19
20
21
22
23
24
25
26

A review of fee awards in other common fund cases underscores the reasonableness of the fee requested here.  Class Counsel's request of 25 percent of the cash component of these settlements is at or below requests approved time and again in this circuit.  *See, e.g. Omnivision*, 559 F. Supp. 2d at 1047 ("[I]n most common fund cases, the award exceeds that [25%] benchmark."); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000), as amended (June 19, 2000) (affirming fee award of one third of common fund); *Lusby v. GameStop Inc.*, No. 12-3783, 2015 WL 1501095, at \*9 (N.D. Cal. Mar. 31, 2015) (awarding fee of one-third of common fund); *de Mira v. Heartland Emp't Serv., LLC*, No. 12 -4092, 2014 WL 1026282, at \*4 (N.D. Cal. Mar. 13, 2014) (awarding fee of 28% of common fund); *Knight v. Red Door Salons,*

MOTION FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES
Case No. 2:19-cv-00290-RSL

-11-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

*Inc.*, 08-cv-1520, 2009 WL 248367, at \*7-\*8 (N.D. Cal. Feb. 2, 2009) (awarding 30% of

common fund); *Linney v. Cellular Alaska P'ship*, No. 96-3008, 1997 WL 450064, at \*7 (N.D.

Cal. July 18, 1997) (granting fee award of one-third common fund where settlement provided

additional non-monetary relief).

### 4.   A Lodestar Cross-Check, If Conducted, Confirms the Reasonableness of the Requested Award.

Courts evaluating the reasonableness of fee requests have the discretion to perform a

lodestar cross-check, "which measures the lawyers' investment of time in the litigation."

*Vizcaino*, 290 F.3d at 1050. The Ninth Circuit has held that district courts need not perform a

such a check in assessing fee applications. *See Wilson*, 2021 WL 512230, at \*2 (citing *Farrell v.

Bank of Am. Corp., N.A.*, 827 F. Appx. 628, 630 (9th Cir. 2020)); *see also Craft v. Cty. of San

Bernardino*, 624 F. Supp. 2d 1113, 1122 (C.D. Cal. 2008) ("A lodestar cross-check is not

required in this circuit, and in some cases is not a useful reference point.").  Nevertheless, courts

sometimes employ a "streamlined" lodestar analysis to "cross-check" the reasonableness of a

requested award. *See, e.g.*, *Vizcaino*, 290 F.3d at 1050 ("[W]hile the primary basis of the fee

award remains the percentage method, the lodestar may provide a useful perspective on the

reasonableness of a given percentage award.").  A lodestar cross-check, should the Court

undertake one, only reaffirms the reasonableness of the requested fees, because it results in a

*negative* multiplier of 0.64.[4]

Courts in this Circuit widely recognize that the existence of a negative lodestar multiplier

"strongly suggests the reasonableness" of the requested fee.  *Rosado v. Ebay Inc.*, No. 12-04005,

2016 WL 3401987, at \*8 (N.D. Cal. June 21, 2016) (Davila, J.) (collecting cases).  Moreover, the

gap between the requested fee and the actual lodestar will only grow, as Class Counsel will

---

[4] This multiplier reflects all lodestar to date, while also factoring in the fees previously awarded in connection with prior settlements. It is a "well established" common practice for "attorneys in common fund cases" to adjust their billing to their current levels to account for "any delay in payment."  *Hefler v. Wells Fargo & Co.*, No. 16-CV-05479-JST, 2018 WL 6619983, at \*14 n.17  (N.D. Cal. Dec. 18, 2018) (quoting *Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1010 (9th Cir. 2002)).

MOTION FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES
Case No. 2:19-cv-00290-RSL                                        -12-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

spend substantial amounts of time ensuring that the claims process goes smoothly and that the settlements are implemented effectively, just as they have done with the prior settlements.

The lodestar figure producing the negative multiplier is also reasonable and reliable. Class Counsel had every incentive to litigate this case efficiently, not only because of the contingent nature of their payment, but because the number of defendants demanded that efficiencies be found wherever possible. Class Counsel have also been conservative in totaling hours devoted to the case, omitting timekeepers with fewer than 40 hours devoted to the case. *See* Lichtman Decl. ¶ 8; Paine Decl. ¶ 14. Further, the rates on which the lodestar are based are reasonable. Lieff Cabraser's rates have been approved repeatedly in this circuit, and specifically within this district. *See* Lichtman Decl. ¶ 10.[5] Karr Tuttle's rates are consistent with rates charged to the firm's clients who pay hourly rates and have also been approved by other courts. *See* Paine Decl. ¶ 16.

Class Counsel's blended rate for the case to date is $454 per hour, which is in line with numerous other cases in which courts in this Circuit have found such rates to be reasonable. *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 2672 CRB (JSC), Dkt. 3396-2 ¶ 29 (N.D. Cal. June 30, 2017) (noting that the average blended rate of 40 class action settlements approved in Northern District of California in 2016 and 2017 was $528.11 per hour); *VW 2L Fee Order*, 2017 WL 1047834, at *5 (approving blended average billing rate of $529 per hour in MDL).

**B.    Class Counsel's Expenses Are Reasonable.**

"The Ninth Circuit allows recovery of pre-settlement litigation costs in the context of

---

[5] *See Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1327 (W.D. Wash. 2009) (citing *Grays Harbor Adventist Christian Sch. v. Carrier Corp.*, No. C05–5437–RBL, 2008 WL 1901988, at *3 (W.D. Wash. Apr. 24, 2008)); *see, e.g.*, *In re Intuit Data Litig.*, No. 15-CV-1778-EJD-SVK, 2019 WL 2166236, at *1 (N.D. Cal. May 15, 2019); *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3960068, at *17 (N.D. Cal. Aug. 17, 2018) (approving rates of $400 to $970 for partners, $185 to $850 for non-partner attorneys, and $95 to $440 for paralegals and other staff); *Campbell v. Facebook Inc.*, No. 4:13-cv-05996-PJH, 2017 WL 3581179, at *7 (N.D. Cal. Aug. 18, 2017); *VW 2L Fee Order*, 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017) (approving rates "ranging from $275 to $1600 for partners, $150 to $790 for associates, and $80 to $490 for paralegals").

MOTION FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES
Case No. 2:19-cv-00290-RSL

-13-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1    class action settlement." *Arthur v. Sallie Mae Inc.*, 10-cv-198, 2012 WL 4076119, at *2 (W.D.

2    Wash. Sept. 17, 2012) (citing *Staton*, 327 F.3d at 974); *see also* Fed. R. Civ. P. 23(h).  This

3    includes expenses that are reasonable, necessary, directly related to the litigation, and normally

4    charged to a fee-paying client.  *See, e.g.*, *Willner v. Manpower Inc.*, No. 11-cv-02846-JST, 2015

5    WL 3863625, at *7 (N.D. Cal. June 22, 2015).

6         Here, Class Counsel seeks reimbursement of $450,000.  Net of expenses previously

7    reimbursed, Class Counsel have expended $1,152,126 in out-of-pocket expenses to date, so this

8    combined request will cover only a portion of their expenses to date.  *See* Lichtman Decl. ¶ 13;

9    Paine Decl. ¶ 19.

10        Litigating a case of this size and complexity inevitably costs money, and these expenses –

11   attributable largely to, among other items set out in the accompanying declarations of counsel,

12   experts, travel, document hosting, and multiple mediation days – are commensurate with the

13   stakes, complexity, intensity, and technical nature of the litigation.  They also demonstrate Class

14   Counsel's commitment to the litigation, even as Class Counsel have made every effort to litigate

15   efficiently.  *See Beesley v. Int'l Paper Co.*, No. 3:06-CV-703-DRH-CJP, 2014 WL 375432, at *3

16   (S.D. Ill. Jan. 31, 2014) ("Class Counsel had a strong incentive to keep expenses at a reasonable

17   level due to the high risk of no recovery when the fee is contingent.").

18        **C.**    **Service Awards for the Class Representatives Are Appropriate.**

19        The Ninth Circuit has recognized that "named plaintiffs, as opposed to designated class

20   members who are not named plaintiffs, are eligible for reasonable [service awards]."  *Staton*, 327

21   F.3d at 977; *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (service awards

22   "are fairly typical in class action cases").  Such awards are "intended to compensate class

23   representatives for work done on behalf of the class [and] make up for financial or reputational

24   risk undertaken in bringing the action."  *Rodriguez*, 563 F.3d at 958.  Service awards are

25   appropriate in this case, in which the class representatives have invested enormous amounts of

26   time into the prosecution of this action, even as they continue to run their small coffee farms.

MOTION FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES
Case No. 2:19-cv-00290-RSL

-14-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1    Declarations submitted by each of the class representatives set out their unflagging

2    commitment to this case and to delivering positive results to their community through this case.

3    *See* Dkt. 421-25, Dkt. 569-73. As those declarations explained, even while they ran their small

4    coffee farms, they have devoted countless hours to this case, meeting regularly with Class

5    Counsel, responding to voluminous discovery requests, and then actively participating in

6    settlement efforts, including every mediation to date. They have made themselves visible in their

7    community through their participation in this lawsuit, and have spent additional countless hours

8    answering questions from other class members about the case. *Id.* These efforts have continued

9    through the implementation of the prior settlements, through the negotiation of these settlements

10   with the three Settling Defendants here, and will continue as the case continues against non-

11   settling defendants.  The class representatives continue to carry out their duties diligently,

12   energetically, and effectively, up to and through the recent litigated class certification motion.

13   *See* Dkt. 569-73.

14         Under these circumstances, the requested service awards ($2,500 per farm) are well

15   within the range regularly awarded by Ninth Circuit courts, or if anything, less than typically

16   awarded.  *See, e.g.,  In re High-Tech Employee Antitrust Litig.*, 11-cv-2509, 2015 WL 5158730,

17   at *17 (N.D. Cal. Sept. 2, 2015) (awarding service awards of $120,000 and $80,000); *Beck, et al.*

18   *v. Boeing Co.*, Case No. 00-CV-0301-MJP, Dkt. 1067 at 4 (W.D. Wash. Oct. 8, 2004) (awarding

19   $100,000 service payments to each named plaintiff); *Garner v. State Farm Mut. Auto. Ins. Co.*,

20   No. CV 08 1365 CW EMC, 2010 WL 1687832, at *17 (N.D. Cal. Apr. 22, 2010) (granting

21   $20,000 service award where plaintiff "was subjected to questioning regarding her personal

22   financial affairs and other sensitive subjects").  Courts elsewhere have awarded amounts far

23   exceeding those sought here. *See, e.g., In re Titanium Dioxide Antitrust Litig.*, No. 10-318, 2013

24   WL 6577029, at *1 (D. Md. Dec. 13, 2013) (approving $125,000 service award); *Ingram v. The*

25   *Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001) (awarding $300,000 service payments to

26   each of four representative plaintiffs); *Been v. O.K. Indus., Inc.*, No. CIV-02-285-RAW, 2011

MOTION FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES                    -15-
Case No. 2:19-cv-00290-RSL

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1  WL 4478766, at *12–13 (E.D. Okla. Aug. 16, 2011) (awarding $100,000 service awards ); *Velez*

2  *v. Novartis Pharm. Corp.*, No. 04 Civ. 09194 (CM), 2010 WL 4877852, at *8, *26 (S.D.N.Y.

3  Nov. 30, 2010) (granting service awards of $175,000 and higher); *Seaman v. Duke Univ.*, No.

4  1:15-CV-462, 2019 WL 4674758, at *7-8 (M.D.N.C. Sept. 25, 2019) (approving service award

5  of $125,000).

6  **IV.**     **Conclusion**

7           For the foregoing reasons, Class Counsel respectfully request that the Court approve

8  attorneys' fees, partial reimbursement of litigation expenses, and service awards to the named

9  plaintiffs in the requested amounts.

10

11  Dated:  April 18, 2022

12  KARR TUTTLE CAMPBELL

    LIEFF CABRASER HEIMANN &
    BERNSTEIN, LLP

13  /s Nathan T. Paine
    Nathan T. Paine, WSBA #34487
14  Daniel T. Hagen, WSBA #54015
    Joshua M. Howard, WSBA #52189
15  701 Fifth Avenue, Suite 3300
    Seattle, Washington 98104
16  206.223.1313

    /s/ Jason L. Lichtman
    Jason L. Lichtman (*pro hac vice*)
    Daniel E. Seltz (*pro hac vice*)
    250 Hudson Street, 8th Floor
    New York, NY  10013-1413
    212-355-9500

17

18  Andrew Kaufman (*pro hac vice*)
    222 2nd Avenue South, Suite 1640
    Nashville, TN  37201
19  615.313.9000

20  *Attorneys for the Plaintiffs*
    *and the Proposed Settlement Class*

21

22

23

24

25

26

MOTION FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES
Case No. 2:19-cv-00290-RSL                    -16-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**<u>CERTIFICATE OF SERVICE</u>**

I, Daniel E. Seltz, certify that on April 18, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

/s <em>Daniel E. Seltz</em>
Daniel E. Seltz

MOTION FOR ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES
Case No. 2:19-cv-00290-RSL

-17-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592