UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE CORKER, *et al*., on behalf of
themselves and others similarly situated,

Plaintiff,

v.

COSTCO WHOLESALE
CORPORATION, *et al*.,

Defendants.

Case No. 2:19-CV-00290-RSL

ORDER GRANTING MOTION FOR
ATTORNEYS' FEES, REIMBURSEMENT
OF EXPENSES, AND SERVICE AWARDS

Upon review and consideration of Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards ("Motion"), and all declarations and exhibits submitted in support thereof, the Court GRANTS the motion and finds as follows:

1.      Unless otherwise provided, all capitalized terms shall have the same meaning as set forth in the Motion.

2.      Plaintiffs have presented three class action settlements for the Court's approval. The settlements include monetary relief totaling $2,150,000.00, and injunctive provisions that institute labeling changes for the products supplied and sold by the Settling Defendants.

## 2.      Attorneys' Fees

3.      Class Counsel have requested attorneys' fees in the amount of $537,500, or 25 percent of the settlement fund.

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1     4.     The requested fees are fair and reasonable under the circumstances.  The Court

2   reaches this conclusion upon consideration of the results achieved, the complexity of the case

3   and risks involved in prosecuting it, especially on a contingent basis, the benefits to the class

4   beyond the immediate generation of a cash fund, fees awarded in similar cases, and a lodestar

5   cross-check.  *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-52 (9th Cir. 2002).

6     5.     First, the results obtained by Class Counsel are excellent.  In addition to the

7   substantial monetary component of the settlements, the settlements also provide for meaningful

8   injunctive relief in the form of practice changes on the part of the Settling Defendants, and a

9   name change on the part of one of the Settling Defendants.

10     6.     Second, the Court finds that the complexity of this case presented unusual risks,

11   particularly in a contingent fee case. The sheer number of defendants presented its own

12   complexities, as did pursuing Lanham Act claims on a class basis, in the onset of and through a

13   global health crisis. These circumstances weigh in favor of the requested fee.

14     7.     Third, the Court has considered the benefits to the Settlement Class beyond the

15   cash component of the settlements. The Court finds that the injunctive relief provisions of the

16   settlements support the requested fee.

17     8.     Fourth, the Court has considered other cases involving the creation of both a cash

18   fund and valuable injunctive relief, and finds that the requested fee is consistent with awards in

19   analogous cases.

20     9.     The Court also exercises its discretion to perform a lodestar cross-check.  *See*

21   *Vizcaino*, 290 F.3d at 1050.  The Court finds that the hours and rates used to generate the overall

22   lodestar figure are reasonable.  Taking into account fees previously awarded in connection with

23   prior settlements, that cross-check reveals a negative multiplier of 0.64, which confirms the

24   reasonableness of the requested fee.

25     10.    The Court grants Class Counsel's request of a fee of $537,500 to be paid from the

26   Settlement Funds generated by the settlements presented to the Court to date.

**3.**   **Costs and Expenses**

11.     Class Counsel has also requested reimbursement of litigation expenses in the amount of $450,000.

12.     The Court has reviewed Class Counsel's costs and finds that they were reasonably incurred, and accordingly grants reimbursement of $450,000 from the Settlement Funds.

**4.**   **Service Awards**

13.     Class Counsel requests service awards of $2,500 for each farm whose owners have served as class representatives in this litigation: Rancho Aloha, Kanalani Ohana Farm, and Smithfarms.

14.     The requested awards are fair and reasonable. Each class representative invested substantial amounts of time in this case and have made significant contributions to the case on behalf of the members of the Settlement Class.  *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009).  The Court accordingly awards each farm the requested service awards of $2,500.

Dated this 3rd day of June, 2022.

*MW S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER
Case No. 2:19-CV-00290-RSL

-3-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592