UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE CORKER, d/b/a RANCHO ALOHA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, *et al.*,<br><br>Defendants. | Cause No. C19-0290RSL<br><br>ORDER DENYING PLAINTIFFS' MOTION TO COMPEL |

This matter comes before the Court on "Plaintiffs' Consolidated Motion to Compel Production of Documents by Defendants L&K Coffee Co., LLC, Mulvadi Corporation, and MNS, Ltd." Dkt. # 621. The named plaintiffs grow Kona coffee in the Kona District of the Big Island of Hawaii and filed this lawsuit alleging that various distributors, wholesalers, and retailers of coffee products sell ordinary commodity coffee labeled as "Kona" coffee, to the detriment of those who grow actual Kona coffee. Between August 2021 and January 2022, plaintiffs served discovery on L&K, Mulvadi, and MNS seeking information regarding their labeling and packaging of "Kona" coffee products from the date on which each defendant started selling Kona-labeled products. Plaintiffs argue that the documents would show that defendants had hidden the true origins of their coffee for decades, thereby tolling the statute of

ORDER DENYING PLAINTIFFS'
MOTION TO COMPEL - 1

limitations under the discovery rule or theories of fraudulent concealment and/or estoppel. Because the tolling of the statute of limitations would expand the period of time for which plaintiffs could seek damages, plaintiffs also sought information regarding defendants' purchases of, sales of, and profits from Kona-labeled coffee products prior to February 2015.

Defendants object, arguing that the parties previously agreed that discovery would be limited to the period after February 2015, the date on which the longest possible limitations period began to run, and/or that the Court had adopted that limitation. They also argue that the dramatic expansion of the relevant time period would cause prejudice and that the requested production was not proportional to the needs of the case, unduly burdensome, and harassing. Fact discovery closed on March 11, 2022. Plaintiffs filed this motion to compel on the last possible day.

The fact that a party is willing to make a concession or accede to a limitation during the meet and confer process does not forever bar it from pursuing the information if it is relevant and proportional to the needs of the case. Nor has the Court substantively considered or ruled upon the statute of limitations issue, instead simply acknowledging and enforcing the parties' prior agreement in order to define the scope of a Rule 30(b)(6) witness' preparations. The Court therefore rejects defendants' argument that plaintiffs are barred from seeking information that might toll the statute of limitations and establish damages over a longer period. The Court further finds that the requested information is relevant and proportional to the needs of the case. Fed. R. Civ. P 26(b)(1).

ORDER DENYING PLAINTIFFS'
MOTION TO COMPEL - 2

Nevertheless, a dramatic expansion of the temporal scope of the case at the very end of fact discovery would impose an undue burden and expense on defendants. Fed. R. Civ. P. 26(c). Plaintiffs have known of their discovery rule, fraudulent concealment, and estoppel arguments for years and yet they sought discovery dating back only to February 2015. Defendants have expended resources conducting searches, performing relevance reviews, and making productions based on the parameters plaintiffs set. These same activities would have to be repeated for a wholly different time frame if plaintiffs were permitted to expand the temporal scope of discovery from four years preceding the date of filing to the date on which each defendant began selling Kona-labeled coffee products. In addition, depositions were taken and interrogatory responses were crafted based on the four-year period, discovery which would likely need to be repeated or supplemented if the proposed expansion were permitted.

Because a dramatic expansion of the scope of discovery at this late date would cause undue burden, plaintiffs' motion to compel (Dkt. # 621) is DENIED.

Dated this 1st day of July, 2022.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFFS'
MOTION TO COMPEL - 3