1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

BRUCE CORKER, d/b/a RANCHO ALOHA, *et al.*,

Cause No. C19-0290RSL

9

Plaintiffs,

10

v.

11

COSTCO WHOLESALE CORPORATION, *et al.*,

12

13

Defendants.

ORDER DENYING
DEFENDANT MULVADI'S
MOTION FOR RELIEF
FROM A DEADLINE AND
DENYING MOTION TO
COMPEL AS UNTIMELY

14

15      This matter comes before the Court on "Defendant Mulvadi Corporation's Motion for

16  Relief from a Deadline." Dkt. # 678. The named plaintiffs grow Kona coffee in the Kona

17  District of the Big Island of Hawaii and filed this lawsuit alleging that various distributors,

18  wholesalers, and retailers of coffee products sell ordinary commodity coffee labeled as "Kona"

19  coffee, to the detriment of those who grow actual Kona coffee. Plaintiffs affirmatively relied on

20  scientific test results regarding the elemental concentrations of defendants' products as the

21  factual basis for the claims asserted in all of their complaints. *See, e.g.*, Dkt. # 1 at 24-59; Dkt.

22  # 271 at 22-62. The Court compelled responses to defendants' discovery requests regarding the

23

24

25  testing in September 2020 (Dkt. # 341 at 1-4), plaintiffs produced an expert report on trace

26

27

28  ORDER DENYING MULVADI'S MOTION
    FOR RELIEF FROM A DEADLINE AND
    DENYING MOTION TO COMPEL AS UNTIMELY - 1

element analysis in October 2020 (Dkt. # 642 at ¶ 2 and Ex. A), and plaintiffs produced the declaration of their testing expert in support of their motion for class certification in December 2021. The testing was clearly an issue in the case since the very beginning and has been the subject of discovery served by other defendants throughout.

Defendant Mulvadi, however, did not serve written discovery requests until February 4, 2022. The discovery cutoff was March 11, 2022, and the Court had repeatedly advised the parties that "[a]ll motions related to discovery must be noted on the motion calendar no later than the Friday before discovery closes." *See, e.g.*, Dkt. # 410. Thus, a contested motion to compel had to be filed by February 17, 2022, to be timely. Mulvadi delayed the initiation of discovery so long that no responses were even due by that date. It now seeks to extend the motion deadline to make timely a motion to compel that was filed on March 10, 2022, the day before discovery closed.

Mulvadi brings its motion under Fed. R. Civ. P. 60(b) and LCR 7(j). Mulvadi has not shown that relief is appropriate under either rule. LCR 7(j) requires parties to request relief from a deadline before the deadline has passed unless there is a "true, unforeseen emergency . . . that prevents a party from meeting a deadline and the emergency arose too late to file a motion for relief" in a timely manner. This motion meets neither criterion. Under Rule 60(b), the Court may relieve a party from the terms of an order for a number of reasons, including "mistake, inadvertence, surprise, or excusable neglect." The Court finds, however, that the calendaring error at issue here was not reasonable given the Court's consistent practice, over at least six

ORDER DENYING MULVADI'S MOTION
FOR RELIEF FROM A DEADLINE AND
DENYING MOTION TO COMPEL AS UNTIMELY - 2

orders, to require that discovery motions be noted for consideration ahead of the discovery deadline. The fact that the parties agreed to extend certain deadlines contained in the case management order (Dkt. # 526) did not erase or alter the other portions of the Court's order, including the discovery motion deadline.

More importantly, Rule 60(b) does not apply here where a party is requesting a modification of the Court's scheduling order. Under Fed. R. Civ. P. 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." Rule 16 was amended in 1983 to require scheduling orders that govern pretrial as well as trial procedures. The purpose of the change was to improve the efficiency of federal litigation: leaving the parties to their own devices until shortly before trial was apparently costly and resulted in undue delay. Under the 1983 amendment, once a case management schedule issues, changes will be made only if the movant shows "good cause."

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). *See also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown). Mulvadi has not shown good cause for its failure to comply with the discovery motion deadline. It was not diligent in pursuing the discovery it now says is essential, waiting so long to

ORDER DENYING MULVADI'S MOTION
FOR RELIEF FROM A DEADLINE AND
DENYING MOTION TO COMPEL AS UNTIMELY - 3

serve the subpoenas and requests for production that it was literally impossible to file a timely

motion. The importance of the scientific testing was evident from the outset, and even if

Mulvadi did not realize it was an issue until plaintiffs relied on the declaration of the testing

expert (an assertion that is incredible given the record in this case), it waited over six weeks to

serve the subject discovery thereby ensuring that any discovery motion would be untimely.


       Mulvadi has not shown good cause for an extension of the discovery motion deadline.

This motion (Dkt. # 678) is therefore DENIED, and the "Motion to Compel Karr Tuttle

Campbell to Comply with Subpoenas to Testify at Deposition and to Produce Documents,

Information or Objects" (Dkt. # 641) is DENIED as untimely.


       Dated this 14th day of August, 2022.


                              Robert S. Lasnik
                              United States District Judge

ORDER DENYING MULVADI'S MOTION
FOR RELIEF FROM A DEADLINE AND
DENYING MOTION TO COMPEL AS UNTIMELY - 4