UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE CORKER, *et al*., on behalf of themselves and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORP., et al.,<br><br>Defendants. | Case No. 2:19-CV-00290-RSL<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL OF CLAIMS AGAINST L&K COFFEE CO., LLC, AND KEVIN KIHNKE** |

THIS MATTER comes before the Court upon the unopposed "Motion for Final Approval of the Class Settlement" filed by Plaintiffs.  The Court, being fully advised of the premises of the Motion, FINDS:

1.  Plaintiff commenced this action by filing their Complaint on February 27, 2019, and ultimately filed a Third Amended Complaint on April 30, 2020 (Dkt. 381) ("Complaint"). Plaintiffs alleged that the defendants violated the Lanham Act, 15 U.S.C. § 1125, by misleadingly labeling and selling coffee not from the Kona region as "Kona" coffee.  On November 12, 2019, this Court denied motions to dismiss Plaintiffs' original complaint (Dkt. 155) and discovery began.

2.  Plaintiffs have negotiated a class action settlement with defendants L&K Coffee Company, LLC ("L&K") and Kevin Kihnke. The Settlement Agreement was attached as Exhibit

1 to the declaration of counsel accompanying the Motion for Preliminary Approval of Class Action Settlement, filed on September 29, 2022 (Dkt. 701).

3. Through the Settlement Agreement, L&K will fully and completely satisfy the claims of Class Members relating to the claims alleged by Plaintiffs in the Third Amended Complaint by paying Class Members a total payment of $6,150,000, and provide injunctive relief relating to the labeling of the Kona coffee products at issue. Attorneys' fees and costs of Class Counsel and administrative costs will be paid from the Settlement Fund. By entering into the Settlement Agreement, L&K made no admissions relating to the claims raised in this lawsuit, nor did Plaintiffs make admissions relating to L&K's Defenses.

4. The Settlement Class, as defined in each of the Settlement Agreements, includes the following: All persons and entities who, between February 27, 2015, and the date of Court's order granting preliminary approval to the settlement (October 4, 2022), farmed Kona coffee in the Kona District and then sold their Kona coffee. Excluded from the Settlement Class are any defendants to the action, as well as any judge assigned to the action, and the judge's immediate family and staff.

5. The Settlement Agreement describes the claims that are being settled on behalf of the Class (defined as the "Settled Claims"). The Settlement Agreement and its terms, including the definitions, are incorporated into this Final Judgment And Order of Dismissal (the "Final Judgment") as if fully set forth herein. The Settlement Agreement and Final Judgment shall be referred to collectively herein as the "Settlement."

6. This Court entered an Order dated October 4, 2022, directing that notice of the proposed Settlement be effectuated as to the Settlement Class (Dkt. 707) ("Preliminary Approval

FINAL JUDGMENT AND ORDER OF DISMISSAL
Case No. 2:19-CV-00290-RSL
-2-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1   Order"). The Preliminary Approval Order set a hearing for February 16, 2023 to determine

2   whether the proposed Settlement should be approved as fair, reasonable and adequate.

3         7.      In general accordance with the Court's Preliminary Approval Order, the

4   Settlement Administrator caused to be mailed[1] to potential members of the Settlement Class for

5   whom addresses could be located, a notice (the "Settlement Notice") in the form approved by the

6   Court in the Preliminary Approval Order. Also in accordance with the Court's Preliminary

7   Approval Order, the Settlement Administrator caused the publication notice to be placed in the

8   *West Hawaii Today*. The Court finds that the dissemination of the Settlement Notice constituted

9   the best and most practicable notice under the circumstances, thereby complying fully with due

10  process and Rule 23 of the Federal Rules of Civil Procedure. The Court did not receive any

11  objections to the Settlement from class members.

12        8.      L&K caused to be mailed to the appropriate federal and state officials the

13  materials required to be submitted by the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*

14  ("CAFA"). *See* Dkt. 794. The Court finds that CAFA's notice requirements have been satisfied.

15        9.      On February 16, 2023, the Court held a hearing on the proposed Settlement, at

16  which time all interested persons were given an opportunity to be heard. Furthermore, the Court

17  has read and considered all submissions in connection with the Settlement. As explained below,

18  the Court grants the motion for final approval of the Settlement.

**Class Certification**

      10.     The first question before the Court is whether to certify the Settlement Class. *See*

---

[1] It appears that the notice was not emailed to the class as directed in the order granting preliminary approval. Dkt. 816 at 4-8 (declaration of the settlement administrator). The notice nevertheless reached almost 87% of the class via first-class mail and was supplemented by publication in *West Hawaii Today* and a settlement website.

FINAL JUDGMENT AND ORDER OF DISMISSAL
Case No. 2:19-CV-00290-RSL
-3-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

Fed. R. Civ. P. 23(a) & (b). Class certification is proper if Plaintiffs demonstrate: (1) The Settlement Class is so numerous that joinder of all members in a single proceeding would be impracticable; (2) Resolution of the claims will involve common questions of law and fact; (3) The named Plaintiffs' claims are typical of those of the Settlement Class Members; (4) The named Plaintiffs and Settlement Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; (5) Questions of law and fact common to the Settlement Class predominate over the questions affecting only individual Settlement Class Members, and (6) certification of the Settlement Class is superior to other available methods to the fair and efficient adjudication of this controversy. *Id.*

11. In its Preliminary Approval Order, the Court concluded that Plaintiffs showed that they were likely to satisfy these requirements. *See* Dkt. 707. The Court has now determined that certification is warranted. Dkt. 839. The Court finds no reason to disturb those conclusions.

**Settlement Approval**

12. The Court must also determine whether the Settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Court's Preliminary Approval Order applied these standards and concluded that the Settlement appeared to be "fair, reasonable, and adequate." Dkt. 707 ¶ 4. Plaintiffs explained, and the Court determined, that approval of the Settlement will bestow a substantial economic benefit on the Settlement Class, result in substantial savings in time and money to the litigants and the Court and will further the interests of justice, and that the Settlement is the product of good-faith arm's length negotiations between the Settling Parties. The record is even more supportive of approval now that no Settlement Class Member has objected to the Settlement. The Court thus finds the Settlement to be fair, reasonable, and

FINAL JUDGMENT AND ORDER OF DISMISSAL
Case No. 2:19-CV-00290-RSL
-4-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

adequate. *See* Fed. R. Civ. P. 23(e).

13. The Settlement Agreement, including all of the terms defined therein including but not limited to the definitions of "Settled Claims," is incorporated herein. Any terms used in this Final Judgment are governed by their definitions in the Settlement Agreement. The Court has jurisdiction over the subject matter of this litigation and all parties to this litigation, including all members of the Settlement Class.

14. The certified Settlement Class is defined for purposes of the Settlement Agreements and this Final Judgment as set forth in Paragraph 4 above.

15. Therefore, the Settlement is approved in all respects, and shall be binding upon, and inure to the benefit of, all members of the Settlement Class.

16. All Settled Claims, including the claims asserted against Kevin Kihnke, are hereby dismissed with prejudice.

17. This Final Judgment may not be used as an admission by or against L&K or Kevin Kihnke of any fact, claim, assertion, matter, contention, fault, culpability, obligation, wrongdoing or liability whatsoever.

18. The Court has, by separate order, granted Class Counsel's "Motion for Attorneys' Fees and Reimbursement of Litigation Expenses." The amount of Attorneys' Fees and Litigation Expenses awarded to Class Counsel shall be distributed to Class Counsel by the Settlement Administrator from the Settlement Funds.

19. The Court reserves jurisdiction over this matter, the Settling Parties, and all counsel herein, without affecting the finality of this Final Judgment, including over (a) the implementation, administration, and enforcement of this Settlement and any award or

FINAL JUDGMENT AND ORDER OF DISMISSAL
Case No. 2:19-CV-00290-RSL

-5-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

distribution from the Settlement Funds; (b) disposition of the Settlement Funds; and (c) other matters related or ancillary to the foregoing.

20.  Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds that there is no reason for delay in the entry of this Final Order and Judgment as a final order and final judgment, and the Court further expressly directs the Clerk of the Court to file this Final Order and Judgment as a final order and final judgment.

Dated this 16th day of February, 2023.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

FINAL JUDGMENT AND ORDER OF DISMISSAL
Case No. 2:19-CV-00290-RSL

-6-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592