UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE CORKER, *et al.*, on behalf of themselves and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, *et al.*,<br><br>Defendants. | Case No. 2:19-CV-00290-RSL<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT <u>AND DIRECTING ISSUANCE OF NOTICE</u>** |

Upon review and consideration of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, and all briefing, arguments, exhibits, and other evidence submitted in support thereof, including the Settlement Agreement, executed by Bruce Corker d/b/a Rancho Aloha, Melanie Bondera and Melanie Bondera, husband and wife, d/b/a Kanalani Ohana Farm, and Robert Smith and Cecilia Smith, husband and wife, d/b/a Smithfarms ("Plaintiffs"), and MNS, Ltd. ("MNS") (collectively "Parties"), THE COURT HEREBY FINDS, CONCLUDES, AND ORDERS THE FOLLOWING:

1. Capitalized terms not otherwise defined herein shall have the same meaning as set for in the Settlement Agreement.

2. This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1125(a) and federal question jurisdiction under 28 U.S.C. § 1331.

3. The Motion is GRANTED with the addition of an email notice requirement.

4. The Court hereby preliminarily approves the Settlement Agreement and the terms embodied therein. The Court finds that the proposed Settlement Class, composed of all persons and entities who commercially farmed Kona coffee in the Kona District and then sold their coffee from February 27, 2015 to the date of this order, likely meets the requirements for class

ORDER
Case No. 2:19-CV-00290-RSL

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

certification under Fed. R. Civ. P. 23(a) and 23(b)(3) as follows:

    a. The Settlement Class is so numerous that joinder of all members in a single proceeding would be impracticable;

    b. The members of the Settlement Class share common questions of law and fact;

    c. The Plaintiffs' claims are typical of those of the Settlement Class Members;

    d. The Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; and

    e. Questions of law and fact common to the Class predominate over the questions affecting only individual Class Members, and certification of the Class is superior to other available methods to the fair and efficient adjudication of this controversy.

5. The Court finds, pursuant to Fed. R. Civ. P. 23(e)(1)(B)(i), that the proposed Settlement Agreement is likely fair, reasonable, and adequate, entered into in good faith, and free from collusion. The Court finds Class Counsel have ably represented the Class as they conducted a thorough investigation of the facts and law prior to filing suit, extensive discovery, and they are knowledgeable of the strengths and weaknesses of the case. The involvement of Judge Edward Infante (Ret.) and Robert Meyer, two highly-qualified mediators, in the settlement process supports this Court's finding that the Settlement Agreement was reached at arm's length and is free from collusion. The relief, monetary and injunctive, provided for in the Settlement Agreement outweighs the substantial costs, the delay, and risks presented by further prosecution of issues during pre-trial, trial, and possible appeal. Additionally, the proposed allocation plan treats the class members equitably in proportion to their sales to provide Class Members with adequate relief. Based on these factors, the Court concludes that the Settlement Agreement meets the criteria for preliminary settlement approval and is deemed fair, reasonable, and adequate, such that notice to the Settlement Class is appropriate.

6. The Court appoints Plaintiffs as class representatives for the Settlement Class.

7. The Court appoints Nathan Paine, of Karr Tuttle Campbell, and Jason Lichtman, Daniel

ORDER
Case No. 2:19-CV-00290-RSL

-2-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

    Seltz, and Andrew Kaufman, of Lieff Cabraser Heimann & Bernstein, LLP, as Class Counsel upon consideration of the factors set forth in Fed. Riv. Civ. P. 23(g).

8. Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed Notice ("Notice"), attached as Exhibit 2 to Plaintiffs' Motion. The Notice is a reasonable method calculated to reach members of the Settlement Class who would be bound by the Settlement Agreement. The Notice will be sent via first class U.S. Mail ==and email== to all members for whom address information is available, and posted on the Class Settlement Website. The Court also approves the Publication Notice, attached as Exhibit 3, which will be published in the West Hawaii Daily. The Court approves, as to form and content, the proposed Notice and Publication Notice because they concisely state in plain, easily understood language, *inter alia*: (1) the nature of the case and the Settlement Agreement, including the terms thereof; (2) the definition of the Settlement Class; (3) the Class Representatives' applications for service awards; (4) that a class member may enter an appearance through an attorney and the procedures for filing an objection to the Settlement Agreement; (5) contact information for Class Counsel, and a toll-free number to ask questions about the Settlement Agreement; (6) the address of the case-specific website (the "Class Settlement Website") maintained by the Settlement Administrator that links to important case documents, including motion for preliminary approval papers, and instructions on how to access the case docket via PACER or in person; (7) important dates in the settlement approval process, including the date of the Final Approval Hearing (as described below); (8) the binding effect of a class judgment on Settlement Class Members; and (9) Class Counsel's forthcoming Attorneys' Fees Motion.

9. The Court appoints JND Legal Administration as Settlement Administrator.

10. The Court finds that the Notice meets the requirements of due process under the U.S. Constitution and Fed. R. Civ. P. 23.

11. Notice Program: Notice to Class Members shall include delivery of Notice by first class U.S. Mail ==and email== and publication in the West Hawaii Today, which shall begin within 42 days

ORDER
Case No. 2:19-CV-00290-RSL

-3-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

of the entry of this Order.

12. Settlement Website: As soon as practicable, the Settlement Administrator shall update the Class Settlement Website. The Class Settlement Website shall (1) post, without limitation, the Third Amended Complaint, the Settlement Agreement, and Notice; (2) notify Class Members of their rights to object or opt-out; (3) inform Class Members that they should monitor the Class Settlement Website for developments; and (4) notify Class Members that no further notice will be provided to them once the Court enters the Final Order and Judgment, other than updates on the Class Settlement Website. Furthermore, the Settlement Administrator shall establish an email account and P.O. Box to which Class Members may submit questions regarding the Settlement Agreement. The Settlement Administrator will monitor the email account and P.O. Box and respond promptly to administrative inquiries from Class Members and direct new substantive inquiries to Class Counsel.

13. No later than 21 days after entry of this Order, the Notice Administrator shall update the toll-free telephone number that Class Members can call to receive additional information about the Settlement Agreement. The toll-free number shall be operational until at least the effective date of the Settlement Agreement.

14. As provided for in the Settlement Agreement, all costs associated with implementing Notice, including fees and costs of the Settlement Administrator, will be paid out of the Settlement Fund.

15. No later than 84 days after entry of this Order, Class Counsel shall file its application for attorneys' fees and Class Representatives' request for service awards.

16. No later than 14 days before the Final Approval Hearing, the Settlement Administrator shall file an affidavit with the Court confirming its implementation of Notice in accordance with this Order.

17. Any Class Member may comment on, or object to, the Settlement Agreement, Class Counsel's application for attorneys' fees and costs, and/or the request for Plaintiffs' service awards.

ORDER
Case No. 2:19-CV-00290-RSL

-4-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

18. The following chart summarizes the dates and deadlines set by this Order:

| Event | Date |
|---|---|
| Notice of Settlement to be Disseminated by first class U.S. Mail and email | June 9, 2023 |
| Update of Settlement Website | May 16, 2023 |
| Update of Toll-Free Number | May 16, 2023 |
| Deadline for Class Counsel's application for attorneys' fees and Class Representatives' request for service awards | July 18, 2023 |
| Notice Administrator affidavit of compliance with notice requirements | September 7, 2023 |
| Deadline to have postmarked and/or filed a written objection to the Settlement or request exclusion. | August 1, 2023 |
| Final Approval Hearing | September 21, 2023, at 11:00 a.m. |

Dated this 25th day of April, 2023.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER
Case No. 2:19-CV-00290-RSL

-5-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592