1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

BRUCE CORKER d/b/a RANCHO ALOHA; et al.,

                              Plaintiffs,

        v.

MULVADI CORPORATION, a Hawaiian corporation; et al.,

                              Defendants.

NO. 2:19-cv-00290-RSL

**ORDER GRANTING BUCHALTER'S MOTION FOR *IN CAMERA* REVIEW**

This matter came for hearing on "Buchalter's Motion for *in Camera* Review of Certain Information Being Submitted in Opposition to Plaintiffs' Sanctions Motion." Dkt. # 799. Having considered the submissions of the parties regarding both this motion and the underlying sanctions motion, the Court finds and holds as follows:

1.     Buchalter reaonsably believes, and the Court finds, that Buchalter's disclosure to the Court of certain limited confidential discussions it had with its client, Mulvadi Corporation ("Mulvadi"), and Mulvadi's owner, Steven Mulgrew (hereafter "Confidential Client Communications"), is necessary for Buchalter to respond to Plaintiffs' Motion for Sanctions against Buchalter (Dkt. # 759). Limited disclosure of such communications are permitted under these circumstances by RPC 1.6(b)(5).

2.     Buchalter contends, and the Court finds, that the client's informed consent to the disclosure would not likely be given in the circumstances presented here.

ORDER GRANTING BUCHALTER'S MOTION FOR *IN CAMERA*
REVIEW (No. 2:19-cv-00290-RSL) - 1

3.      RPC 1.6(c) requires that Buchalter make reasonable efforts to prevent any

unauthorized disclosure of, or unauthorized access to, information relating to the

representation of a client. As explained in various comments to RPC 1.6, this

obligation extends even in circumstances where disclosure is permitted under RPC

1.6(b). An attorney still has an obligation to limit the disclosures only to those with

a need to know and to the purposes for which disclosure is made. To this end,

Buchalter has requested in this motion that the limited Confidential Client

Communications referenced in the brief and declaration it submitted in opposition

to Plaintiffs' Sanctions Motion be considered *in camera* so that (i) disclosure of

them is limited to those having a need to know, and (ii) to prevent disclosure to

any party (namely Plaintiffs) who could potentially use them adversely to Mulvadi

in other contexts.

4.      Buchalter contends, and the Court finds, that *in camera* review of the Confidential

Client Communications will not prejudice plaintiffs

        For all of the foregoing reasons, Buchalter's motion is GRANTED. Dkt. # 805 and # 806

shall remain Ex Parte - Sealed documents.


        Dated this 26th day of June, 2023.

                                    *Mr S Lasnik*
                                    Robert S. Lasnik
                                    United States District Judge

ORDER GRANTING BUCHALTER'S MOTION FOR *IN CAMERA*
REVIEW (No. 2:19-cv-00290-RSL) - 2