# EXHIBIT 1

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") dated the latest date among the signatories below, by and between Plaintiffs Bruce Corker d/b/a Rancho Aloha, Colehour and Melanie Bondera d/b/a Kanalani Ohana Farm, Robert and Cecelia Smith d/b/a Smithfarms, and Smithfarms LLC ("Plaintiffs"), on behalf of all others similarly situated ("Class Members"), on the one hand, and Defendant Mulvadi Corporation and its CEO Steven Mulgrew on the other hand ("Mulvadi") in *Corker, et al. v. Costco Wholesale Corporation, et al.*, 2:19-00290-RSL (W.D. Wash.) ("Case").[1] This Agreement contains all material terms of the settlement in this action, and Mulvadi and Plaintiffs ("Parties") intend for it to be binding to the fullest extent of the law. The Agreement shall be subject only to the contingencies set forth below, binding court approval, and class notice.

## RECITALS

1. Plaintiffs are coffee growers in the Kona district of Hawaii. Plaintiffs are class representatives of a class of all persons and entities who farmed Kona coffee in the Kona District and then sold their coffee.

2. The W.D. of Washington Court (the "District Court") granted Plaintiffs' motion for class certification on February 13, 2023 (Dkt. 839) as to all defendants except Mulvadi due to the automatic stay in place due to Mulvadi's Chapter 11 bankruptcy case in the United States Bankruptcy Court for the District of Hawaii (the "Bankruptcy Court", together with the district Court, the "Courts"), which remains pending. Plaintiffs have filed motions for relief from the stay and for dismissal of Mulvadi's bankruptcy case.

3. Plaintiffs alleged that Mulvadi falsely advertised coffee as originating from the Kona region in violation of the Lanham Act, 15 U.S.C. § 1125(a). Mulvadi has denied Plaintiffs' claims and has asserted affirmative defenses to Plaintiffs' claims.

4. Plaintiffs alleged that Mulvadi violated the Lanham Act, 15 U.S.C. § 1125(b), with respect to the coffee products it sold containing Kona coffee or labeled as containing Kona coffee. Mulvadi has denied Plaintiffs' claims and asserted affirmative defenses to Plaintiffs' claims.

5. Plaintiffs and Mulvadi, with the assistance of their respective counsel, engaged in arm's-length negotiations to resolve the Case without the need for further litigation. This includes three mediations before Mark LeHocky of ADR Services with the final mediation occurring on June 21, 2023.

6. Plaintiffs have concluded that it would be in the best interests of the Class Members to enter into this Agreement to avoid the uncertainties of litigation and trial and to provide to the Class Members immediate benefits.

7. Similarly, Mulvadi has concluded that, despite its belief that it is not liable for the claims asserted and has good defenses thereto, and without admission of any wrongdoing of any

---

[1] All capitalized terms are as defined herein.

kind, it is in its best interests to enter into this Agreement to avoid the time, expense, and uncertainty of litigation.

8.     Although Mulvadi believes that the Agreement can and should be approved to avoid the time, expense, and uncertainty of litigation, in the event that the Agreement does not receive final and binding approval from the Courts or is terminated according to its terms, Mulvadi expressly reserves the right to defend against the claims, including without limitation deny all liability and raise any and all defenses.

9.     In light of the investigations undertaken and conclusions reached by the Parties and discussed above, Plaintiffs and Mulvadi have agreed, subject to approval by the Courts, to fully and finally compromise, settle, extinguish, and dismiss with prejudice the Settled Claims.

10.    This Agreement is for settlement purposes only, and neither the fact of, nor any provision contained in this Agreement, nor any negotiations or proceedings related thereto, nor any action taken hereunder, shall constitute or be construed as any admission of the validity of any claim or any fact alleged by Plaintiffs or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Mulvadi, or any admission by Mulvadi of any claim or allegation made in any action or proceeding against Mulvadi, or as a waiver of any applicable defense, including, without limitation, any applicable statute of limitations. Mulvadi acknowledges this Agreement is made without duress, under advice of its counsel, and for the purpose of resolving the Case. For the Plaintiffs' part, neither the fact of, nor any provision contained in, this Agreement, nor any negotiations or proceedings related thereto, nor any action taken hereunder, shall constitute or be construed as any admission of the validity of any affirmative defense asserted by Mulvadi, specifically including the equitable defense of laches.

## Terms of the Settlement Agreement

11.    <u>Class Definition</u>.

    a.    The Class is defined as: "All persons and entities who farmed Kona coffee in the Kona District and then sold their coffee from February 27, 2015 to the date of the Court's order granting preliminary approval to this settlement."

    b.    Excluded from the Class are any defendants to the action, as well as any judge assigned to the action, and the judge's immediate family and staff.

12.    Product Requirements and Procedures.

    a.    Mulvadi agrees that any coffee product that it sells labeled as "Kona" or "Kona Blend," including any coffee sold in bulk, will accurately and unambiguously state on the front label of the product the minimum percentage of authentic Kona coffee beans the supplier of the product states are contained in the product in compliance with the labeling standards set forth in the "Hawaii-grown roasted or instant coffee; labeling requirements" law (Hawaii Revised Statute § 486-120.6) as it currently exists today, or as it may be modified in the future, and regardless of whether any such product is sold in Hawaii or elsewhere. The current requirements imposed by Hawaii Revised Statute § 486-120.6 pertaining to the "Kona" or "Kona Blend" portion of the label ("identity statement") provide:

#5411282 v1 / 72448-001

>Each word or character in the identity statement shall be of the same type size and shall be contiguous. The smallest letter or character of the identity statement on packages of sixteen ounces or less net weight shall be at least one and one-half times the type size required under federal law for the statement of net weight or three-sixteenths of an inch in height, whichever is smaller. The smallest letter or character of the identity statement on packages of greater than sixteen ounces net weight shall be at least one and one-half times the type size required under federal law for the statement of net weight. The identity statement shall be conspicuously displayed without any intervening material in a position above the statement of net weight. Upper and lower case letters may be used interchangeably in the identity statement.

Only Kona coffee beans satisfying the criteria of "Kona coffee," as defined by Hawaii Administrative Rules § 4-143-3 in effect at the time such product is packaged for sale, shall be considered authentic Kona coffee beans. Notwithstanding the forgoing, Mulvadi shall only purchase and/or sell Kona coffee beans, including Kona coffee beans used to produce another product sold by Mulvadi (i.e. instant coffee) that have been officially certified by the Hawaii Department of Agriculture of a quality of Prime or better. Every Mulvadi product with Kona on the label must include on the label the lot number(s) for all certified Kona coffee beans contained in the product.

      b.     The labeling requirements in the foregoing section 12(a) shall not apply to any products sold by Mulvadi before the date that is thirty (30) days after Final Approval of this Agreement is entered by the Court.

      c.     Mulvadi shall only purchase and sell Kona coffee that has been officially certified by the Hawaii Department of Agriculture with a quality of Prime or better. Mulvadi shall require it suppliers to unequivocally state on the invoices for all Kona coffee purchased: (1) the certified quality of the Kona coffee (i.e. Prime, Extra Fancy, etc.); (2) the date the coffee was certified as authentic Kona coffee; and (3) the lot number for the certified Kona coffee. Mulvadi shall also require the supplier to provide with each invoice copies of the Hawaii Department of Agriculture certificates of origin for each lot number identified on the invoice. Mulvadi shall retain all such invoices with corresponding certificates of origin for a period of no less than four (4) years.

      d.     Mulvadi agrees not to purchase any coffee, whether directly or through an agent or intermediary, from Hawaii Coffee Connection LLC, Laurie Mattos, Dana Mattos, Pacifica Services Inc., Susan Decker, Trent Bateman, Tico Coffee, Sacred Grounds, Llanes Coffee Estates, Inc., Justin Llanes, General Coffee Process LLC, Optimistic Juice, Zealot Coffee LLC, Luxelife Coffee LLC, Javier Lobos, Francisco Lobos, Diego Campos, or any of the aforementioned person's or entity's respective agents, employees, officers, members, affiliates, or successors. Mulvadi shall discontinue the use of any seal, sticker, or image indicating the endorsement of the Independent Kona Coffee Growers on its packaging or marketing of its Kona coffee products.

e.      Any notice or other communication required or permitted to be given under this Agreement to Mulvadi must be in writing and delivered either by certified mail (postage prepaid), or by nationally recognized overnight courier, at the below address. Notice so given shall be deemed to have been received on the actual date of Mulvadi' receipt.

>   MULVADI CORPORATION
>   Attn: Steven Mulgrew, CEO
>   96-1362 Waihona Street, Unit D-4
>   Pearl City, HI 96782
>   mulvadi@msn.com
>
>   <u>With a copy to</u>:
>   Chuck Choi
>   Choi & Ito
>   700 Bishop Street, Suite 1107
>   Honolulu, Hawaii 96813
>   cchoi@hibklaw.com

13.     <u>Settlement Notice</u>. Plaintiffs shall be solely responsible for identifying the Class Members, providing notice pursuant to FRCP 23(e), and proposing the best practicable notice to Class Members. The Class will be an opt-out class under FRCP 23(b)(3) and will cover all persons and entities within the Class.

14.     <u>Settlement Payment</u>. On Mulvadi's behalf, Mulvadi's insurer Allianz Global Corporate & Specialty and its affiliates ("Allianz") shall pay seven million seven hundred and seventy-five thousand dollars and 00/100 ($7,775,000.00 USD) ("Settlement Amount") within 10 days after the final approval of the Settlement by the Courts.  Such payment shall be made by wire transfer directly to an account maintained by the Settlement Administrator as instructed in writing by Plaintiffs. For clarity, Mulvadi itself shall not be liable for any additional payment beyond the Settlement Amount.  The payments shall be made to the Settlement Administrator as defined below.

15.     <u>Cooperation in Settlement Approval</u>. Parties will cooperate in good faith to secure court-approval of the Settlement Agreement.  The parties understand that this Settlement Agreement is conditioned on the approvals of both Courts.

## Settlement Procedures

16.     <u>Class Settlement Administration</u>. The Settlement Administrator shall be JND Legal Administration ("Settlement Administrator"). The Settlement Administrator shall provide all aspects of settlement administration, including but not limited to class notice and payments to Class Members. Costs of notice to the Class and settlement administration will be paid from the Settlement Amount, and Mulvadi shall not be required to contribute financially beyond its obligations detailed in paragraph 14 of this Agreement.

17.     Class Notice. Plaintiffs will provide a proposed class notice plan with their motion for preliminary approval of the Settlement. Mulvadi shall have no obligations, nor expectations, to provide any information to identify Class Members.

18.     Distribution of Monies to the Class. The Settlement Administrator will distribute monies to the Class Members approximately pro rata, less any voluntary contributions for the benefit of the Kona region, based on the formula used in previous settlements approved by the Court in this Case. Any uncashed amounts shall be redistributed using the same formula.[2] Any remaining uncashed amounts after this second distribution shall be donated *cy pres* to the Legal Foundation of Washington.

19.     Scope of Release: Plaintiffs and Class Members. As of final approval, and as part of the consideration for this Agreement, Plaintiffs and the Class Members hereby expressly agree that they fully and irrevocably release and discharge all Settled Claims, as defined below.

    a.      Plaintiffs and Class Members hereby release Mulvadi and its predecessors, successors, assigns, parents, subsidiaries, corporate affiliates, holding companies, investors, owners, divisions, employees, agents, representatives, consultants, independent contractors, service providers, vendors, directors, managing directors, officers, partners, principals, members, attorneys, accountants, fiduciaries, financial and other advisors, investment bankers, insurers (including, without limitation, Mulvadi's insurer Allianz), reinsurers, employee benefit plans, underwriters, shareholders, lenders, auditors, and investment advisors, customers, distributors, co-packers, manufacturers, and roasters of each ("Defendant Releasees") from any and all of the Settled Claims, except for the rights and obligations created by this Agreement, and Plaintiffs covenant and agree that they will not commence, participate in, prosecute, or cause to be commenced or prosecuted any action or other proceeding based upon any of the Settled Claims released pursuant to the Settlement Agreement and shall dismiss with prejudice the claims alleged against Mulvadi in the Case. This Release of Settled Claims also covers, without limitation, any and all claims for attorneys' fees, costs, or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or Class Members or by Plaintiffs or the Class Members regarding the Settled Claims.

    b.      Nothing in this Agreement shall be construed as an agreement from Class Members to waive, release, or dismiss any claims they have against Defendant Releasees that do not: (1) arise from their purchase or sale of coffee products labeled as originating from the Kona region of Hawaii; or (2) relate to Allianz's insurance coverage of Mulvadi for claims asserted in the Case.

20.     Plaintiffs' Release. Notwithstanding, and in addition to, the above release, as of final approval, each of the named Plaintiffs, Bruce Corker d/b/a Rancho Aloha, Colehour and Melanie Bondera d/b/a Kanalani Ohana Farm, Robert and Cecelia Smith d/b/a Smithfarms, and Smithfarms LLC ("Individual Plaintiffs"), for themselves and on behalf of their respective agents,

---

[2] As used in this Agreement, Class Counsel refers to the attorneys of record in this matter Andrew Kaufman, Jason Lichtman, Nathan Paine, and Daniel Seltz, and their firms (Karr Tuttle Campbell and Lieff Cabraser Heiman and Bernstein LLP).

#5411282 v1 / 72448-001

successors, heirs, assigns, and any other person who can claim by or through them in any manner, fully, finally and forever irrevocably release, relinquish and forever discharge with prejudice all Settled Claims against the Defendant Releasees. The Plaintiffs also release any claims each of them may have arising out of any conduct or omissions occurring as of the date of signing, other than the Lanham Act claims asserted in this Case, that might be attributable to Defendant Releasees. Nothing in this Agreement shall be construed as an agreement from Plaintiffs to waive, release, or dismiss any claims they have against the Mulvadi Defendants. This release does not extend to Class Members who are not Individual Plaintiffs.

   21. <u>Definition of Settled Claims</u>. "Settled Claims" means any and all actions, claims, demands, rights, suits, or causes of action, whether asserted or not asserted, that arise from or relate to the allegations made or conduct described in the Third Amended Complaint (Dkt. No. 381 in the Case), including but not limited to allegations related to the labeling, packaging, advertising, promotion, branding, marketing, manufacturing, design, formulation, distribution or sale of coffee labeled as "Kona", regardless of the statute, regulation, common law legal theory, or other legal basis on which the allegations may be asserted.  "Settled Claims" shall also include any claims any Party has or could have asserted against Allianz for insurance coverage, breach of contract, common law or statutory bad faith, coverage by estoppel, or violations of any consumer protection laws, including specifically prohibiting an assignment of any rights under any or all policies issued by Allianz to Mulvadi. In connection with the release of the Settled Claims, Plaintiffs and Class Members shall be deemed to have waived any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code and any statute, rule, and legal doctrine similar, comparable, or equivalent to California Civil Code § 1542. In addition to the foregoing, Plaintiffs and Class Members hereby expressly waive and fully, finally, and forever settle and release any known or unknown, suspected or unsuspected, contingent or non-contingent claims with respect to the Settled Claims, whether or not concealed or hidden, without regard to any subsequent discovery or existence of different or additional facts.  Upon approval of the Agreement by both Courts, Plaintiffs shall withdraw the proof of claim as well as all motions and oppositions filed in Mulvadi's bankruptcy case.

   22. <u>Scope of Release: Mulvadi</u>. As of final approval, Mulvadi, its officers, directors, managers, owners, and related entities hereby expressly agree that they shall fully and irrevocably release and discharge any claim or counterclaim that they could have asserted in this matter against Plaintiffs, Class Counsel, and Class Members, expressly including (but not limited to) any claim under antitrust or other unfair competition laws. Mulvadi, its officers, directors, managers, owners, and related entities settle and forever release all actions, claims, demands, rights, suits, or causes of action, including without limitation all claims that this Case was brought with an improper purpose. The release to Plaintiffs and Class Members, provided in this paragraph covers, without limitation, any and all claims for attorneys' fees, costs, or disbursements incurred by counsel for Mulvadi related to Mulvadi, its insurers, or any other counsel representing Mulvadi or its insurers in connection with or related in any manner to this Agreement, Mulvadi, the administration of this Agreement and the settlement contemplated thereunder, and the Settlement. For clarity, the release does not include any claims for attorneys' fees or costs other than precluding such claims against Plaintiffs, Class Counsel, any other Plaintiffs' attorneys, or the Class Members. Mulvadi, its officers, directors, managers, owners, and related entities expressly waive and fully, finally, and forever settle and release any known or unknown, suspected or unsuspected, contingent or non-contingent claims with respect to Plaintiffs, Class Counsel, or the Class Members related in any

manner to this Case, whether or not concealed or hidden, without regard to any subsequent discovery or existence of different or additional facts.

23. <u>Statement of Present Intent</u>. Plaintiffs and Plaintiffs' Counsel represent and warrant that (a) they have no present intention to seek or solicit any plaintiffs or potential plaintiffs for the purpose of initiating any new or separate claim or lawsuit against the Defendant Releasees for the claims at issue in this Case; and (b) they have no present intention of communicating any information concerning the Case to third parties for the purpose of assisting or encouraging the filing or prosecuting of any action or proceeding against Defendant Releasees. Nothing in this paragraph shall be construed as a restriction of any attorney's right to practice in contravention of any applicable rules governing professional conduct.

24. <u>Facsimile/Email/Electronic and Counterparts</u>. This Agreement may be executed by facsimile or email or otherwise electronically, and in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

25. <u>Authority; Entire Agreement</u>. Counsel signing below warrant they have full authority to bind their clients. This Agreement represents and embodies all the agreements and negotiations between the Parties hereto and no verbal or written representations or agreements prior to the date of execution of this Agreement shall be admissible to vary its provisions.

26. <u>Construction</u>. Plaintiffs and Mulvadi have been represented in the negotiation and preparation of this Agreement, and each party has had an opportunity to participate in the drafting to the extent that she or it desires. Accordingly, this Agreement shall be construed according to its plain meaning and not strictly for or against any party.

27. <u>Attorneys' Fees for Breach</u>. In any action that is brought to enforce this Agreement, the prevailing party shall be awarded its reasonable costs, including attorneys' fees, incurred in connection with such enforcement.

DATED: June __30__, 2023                         DATED: June ___, 2023

DocuSigned by:
_Bruce Corker_____           _____
2FA5606B76A8485...
Bruce Corker                                                    Steven Mulgrew in both his individual
d/b/a Rancho Aloha                                        capacity and as authorized representative for
                                                                         Mulvadi Corporation.

manner to this Case, whether or not concealed or hidden, without regard to any subsequent discovery or existence of different or additional facts.

23. **Statement of Present Intent**. Plaintiffs and Plaintiffs' Counsel represent and warrant that (a) they have no present intention to seek or solicit any plaintiffs or potential plaintiffs for the purpose of initiating any new or separate claim or lawsuit against the Defendant Releasees for the claims at issue in this Case; and (b) they have no present intention of communicating any information concerning the Case to third parties for the purpose of assisting or encouraging the filing or prosecuting of any action or proceeding against Defendant Releasees. Nothing in this paragraph shall be construed as a restriction of any attorney's right to practice in contravention of any applicable rules governing professional conduct.

24. **Facsimile/Email/Electronic and Counterparts**. This Agreement may be executed by facsimile or email or otherwise electronically, and in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

25. **Authority; Entire Agreement**. Counsel signing below warrant they have full authority to bind their clients. This Agreement represents and embodies all the agreements and negotiations between the Parties hereto and no verbal or written representations or agreements prior to the date of execution of this Agreement shall be admissible to vary its provisions.

26. **Construction**. Plaintiffs and Mulvadi have been represented in the negotiation and preparation of this Agreement, and each party has had an opportunity to participate in the drafting to the extent that she or it desires. Accordingly, this Agreement shall be construed according to its plain meaning and not strictly for or against any party.

27. **Attorneys' Fees for Breach**. In any action that is brought to enforce this Agreement, the prevailing party shall be awarded its reasonable costs, including attorneys' fees, incurred in connection with such enforcement.

DATED: June ___, 2023

_____
Bruce Corker
d/b/a Rancho Aloha

DATED: June 29, 2023

_____
Steven Mulgrew in both his individual capacity and as authorized representative for Mulvadi Corporation.

DATED: June 28, 2023

_[signature]_
Colehour Bondera
d/b/a Kanalani Ohana Farm

DATED: June 28, 2023

_[signature]_
Melanie Bondera
d/b/a Kanalani Ohana Farm

DATED: June ___, 2023

_____
Robert Smith, individually and on behalf of
Smithfarms LLC

DATED: June ___, 2023

_____
Cecelia Smith, individually and on behalf of
Smithfarms LLC

DATED: June 28, 2023

_[signature]_
By: Nathan T. Paine
Karr Tuttle Campbell
on behalf of the Class

DATED: June ___, 2023

_____
By: Jason L. Lichtman
Lieff Cabraser Heimann & Bernstein, LLP
on behalf of the Class

DATED: June ___, 2023

_____
By: _____
Its: _____
Allianz Global Corporate & Specialty and its
affiliates ("Allianz")

DATED: June ___, 2023

_____
Colehour Bondera
d/b/a Kanalani Ohana Farm

DATED: June ___, 2023

_____
Melanie Bondera
d/b/a Kanalani Ohana Farm

DATED: June 28, 2023

*/s/ R.D. Smith*
_____
Robert Smith, individually and on behalf of
Smithfarms LLC

DATED: June 28, 2023

*/s/ Cecelia S. Smith*
_____
Cecelia Smith, individually and on behalf of
Smithfarms LLC

DATED: June ___, 2023

_____
By: Nathan T. Paine
Karr Tuttle Campbell
on behalf of the Class

DATED: June ___, 2023

_____
By: Jason L. Lichtman
Lieff Cabraser Heimann & Bernstein, LLP
on behalf of the Class

DATED: June ___, 2023

_____
By: _____
Its: _____
Allianz Global Corporate & Specialty and its
affiliates ("Allianz")

8 of 8

#5411282 v1 / 72448-001

DATED:  June ___, 2023

_____
Colehour Bondera
d/b/a Kanalani Ohana Farm

DATED:  June ___, 2023

_____
Melanie Bondera
d/b/a Kanalani Ohana Farm

DATED: June ___, 2023

_____
Robert Smith, individually and on behalf of Smithfarms LLC

DATED: June ___, 2023

_____
Cecelia Smith, individually and on behalf of Smithfarms LLC

DATED:  June ___, 2023

_____
By:  Nathan T. Paine
Karr Tuttle Campbell
on behalf of the Class

DATED:  June  29 , 2023

_____
By:  Jason L. Lichtman
Lieff Cabraser Heimann & Bernstein, LLP
on behalf of the Class

DATED:  June ___, 2023

_____
By:  _____
Its:  _____
Allianz Global Corporate & Specialty and its affiliates ("Allianz")

DATED:  June ___, 2023

_____
Colehour Bondera
d/b/a Kanalani Ohana Farm

DATED:  June ___, 2023

_____
Melanie Bondera
d/b/a Kanalani Ohana Farm

DATED: June ___, 2023

_____
Robert Smith, individually and on behalf of Smithfarms LLC

DATED: June ___, 2023

_____
Cecelia Smith, individually and on behalf of Smithfarms LLC

DATED:  June ___, 2023

_____
By:  Nathan T. Paine
Karr Tuttle Campbell
on behalf of the Class

DATED:  June ___, 2023

_____
By:  Jason L. Lichtman
Lieff Cabraser Heimann & Bernstein, LLP
on behalf of the Class

DATED:  ~~June ___, 2023~~  July 5, 2023

*Carolyn Jester*
By:  Carolyn Jester
Its:  Claims Team Manager
Allianz Global Corporate & Specialty and its affiliates ("Allianz")