UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE CORKER, *et al.*, <br><br>                    Plaintiffs, <br><br>         v. <br><br> COSTCO WHOLESALE CORPORATION, *et al.*, <br><br>                    Defendants. | CASE NO. 2:19-cv-00290-RSL <br><br><br> ORDER |

      This matter comes before the Court on plaintiffs' "Motion for Preliminary Approval of Class Settlement." Dkt. # 871. The proposed settlement involves defendant Mulvadi Corporation, which has filed for bankruptcy protection. Under 11 U.S.C. § 362(a), a bankruptcy petition automatically stays the continuation of all judicial proceedings against the debtor except in the types of cases specifically enumerated in § 362(b).

      The purpose of § 362(a)'s automatic stay is to protect both the debtor and his creditors.

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or

ORDER - 1

> reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

S. Rep. No. 989, 95th Cong., 2d Sess. 54-55 (1978), *reprinted in* 1978 U.S. Code Cong. & Admin. News 5787, 5840-41.

> The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 340, *reprinted in part in* 1978 U.S. Code Cong. & Admin. News 5787, 6297.

Upon a showing of "cause," a bankruptcy court "shall grant relief from the [automatic] stay." 11 U.S.C. § 362(d). "'Cause' has no clear definition and is determined on a case-by-case basis." *In re Tucson*, 912 F.2d at 1166.

*In re Conejo Enterprises, Inc.*, 96 F.3d 346, 351–52 (9th Cir. 1996) (footnote omitted). While plaintiffs acknowledge Mulvadi's bankruptcy, they do not attempt to show that the automatic stay does not apply to a preliminary settlement approval, that the settlement funds are not part of the bankruptcy estate, or that the Hawaiian bankruptcy court has lifted the stay. Section 362(a) stays judicial action or proceedings in their entirety, not simply the entry of final judgment. The Court understands that the settlement funds will be provided by Mulvadi's insurers, but the Court does not have enough information to determine whether the policy and/or its proceeds are properly considered assets of the bankruptcy estate. *See In re Minoco Grp. of Companies, Ltd.*, 799 F.2d 517, 519 (9th Cir. 1986); *In re SVB Fin. Grp.*, 650 B.R. 790, 798 (Bankr. S.D.N.Y. 2023).

ORDER - 2

For all of the foregoing reasons, the Court declines to consider the Motion for Preliminary Approval unless and until plaintiffs show either that the automatic stay does not apply or that the bankruptcy court has found cause to grant relief from the stay.

Dated this 13th day of July, 2023.

                                                 */s/ Robert S. Lasnik*
                                                 Robert S. Lasnik
                                                 United States District Judge

ORDER - 3