UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE CORKER, *et al*., on behalf of themselves and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, *et al*.,<br><br>Defendants. | Case No. 2:19-CV-00290-RSL<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS** |

Upon review and consideration of Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards ("Motion"), and all declarations and exhibits submitted in support thereof, the Court GRANTS the motion and finds as follows:

1. Unless otherwise provided, all capitalized terms shall have the same meaning as set forth in the Motion.

2. Plaintiffs have presented a class action settlement with Defendant MNS, Ltd. ("MNS") for the Court's approval. The settlement includes monetary relief totaling $12,000,000.00, and injunctive provisions that institute labeling changes for the products labeled as Kona coffee sold by MNS, and places obligations on all of MNS's suppliers with respect to such products.

ORDER
Case No. 2:19-CV-00290-RSL

3. The settlement with MNS brings the total amount of the settlements reached in this case to $33.4 million. Plaintiffs have also provided a declaration from an expert economist who estimates that the value of the injunctive provisions of the settlements with MNS and other defendants to Kona farmers is more than $81.2 million over the next five years. The Court has reviewed the declaration and finds that the value of the injunctive relief provided for in the settlements is quantifiable, and that the expert has presented a reliable methodology for calculating that value.

## 2. **Attorneys' Fees**

4. Class Counsel have requested attorneys' fees in the amount of $5.837 million. Together with previously awarded fees, this will amount to approximately 11.4 percent of the total economic value of the settlements reached to date.

5. The requested fees, which fall below the Ninth Circuit benchmark for successful cases, are fair and reasonable under the circumstances and for purposes of Rule 23. The Court reaches this conclusion upon consideration of the results achieved, the complexity of the case and risks involved in prosecuting it, especially on a contingent basis, the benefits to the class beyond the immediate generation of a cash fund, fees awarded in similar cases, and a lodestar cross-check. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-52 (9th Cir. 2002).

6. First, the results obtained by Class Counsel are excellent. In addition to the substantial monetary component, the settlement provides for meaningful injunctive relief in the form of practice changes on the part of MNS.

7. Second, the Court finds that the complexity of this case presented unusual risks, particularly in a contingent fee case. Class Counsel conducted an exceptionally extensive pre-filing investigation, including the identification and retention of scientific experts who could test hundreds of coffee samples to support the allegations in the complaint. The sheer number of defendants presented its own complexities, as did pursuing Lanham Act claims on a class basis,

particularly in the onset of and through the global pandemic. These circumstances weigh in favor of the requested fee.

8. Third, the Court has considered the benefits to the Settlement Class beyond the cash component of the settlement. The injunctive relief will benefit each individual class member going forward, preventing the exact same type of harm that gave rise to the monetary award for past conduct. The benefits they will receive from the injunctive relief are concrete and tied to the settlements, and plaintiffs have provided reasonable valuations for the relief obtained. The Court finds that the injunctive relief provisions of the settlement support the requested fee.

9. Fourth, the Court has considered other cases involving the creation of both a cash fund and valuable injunctive relief, and finds that the requested fee is consistent with awards in analogous cases.

10. The Court also exercises its discretion to perform a lodestar cross-check. *See Vizcaino*, 290 F.3d at 1050.  The Court finds that the hours and rates used to generate the overall lodestar figure are reasonable.  Taking into account fees previously awarded in connection with prior settlements, that cross-check reveals a slightly negative multiplier of 0.99, which confirms the reasonableness of the requested fee.

11. The Court grants Class Counsel's request of a fee of $5,837,000 to be paid from the Settlement Funds generated by the settlement.

### 3.  Costs and Expenses

12. Class Counsel has also requested reimbursement of litigation expenses in the amount of $662,443.

13. The Court has reviewed Class Counsel's costs and finds that they were reasonably incurred, and accordingly grants reimbursement of $662,443 from the Settlement Funds.

#### 4. <u>Service Awards</u>

14. Class Counsel requests service awards of $2,500 for each farm whose owners have served as class representatives in this litigation: Rancho Aloha, Kanalani Ohana Farm, and Smithfarms.

15. The requested awards are fair and reasonable. Each class representative invested substantial amounts of time in this case and have made significant contributions to the case on behalf of the members of the Settlement Class. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). The Court accordingly awards each farm the requested service awards of $2,500.

Dated this 21st day of September, 2023.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge