1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

7

8

BRUCE CORKER d/b/a RANCHO ALOHA*, et al.*

9

Plaintiffs,

10

v.

11

COSTCO WHOLESALE CORPORATION, *et al.*

12

Defendants.

13

CASE NO. 2:19-cv-00290-RSL

**ORDER AWARDING FEES
AGAINST BUCHALTER P.C.**

14

15    This matter comes before the Court on plaintiffs' "Petition for Attorneys' Fees and

16    Costs" (Dkt. # 885) and their "Detailed Time Entries and Cost Breakdown" (Dkt. # 892).

17    Having reviewed the memoranda, declarations, and exhibits submitted by the parties and

18    having again reviewed the record underlying the order awarding sanctions, the Court

19    finds as follows:

20    On July 19, 2023, the Court found that Bradley P. Thoreson, John B. Crosetto,

21    Jennifer Oswald, and the law firm Buchalter P.C. (collectively, "Buchalter")

22    "unreasonably and vexatiously multiplied the proceedings in this matter" insofar as

23    "[t]heir dogged insistence that they were entitled to rely upon a 'pleading promise' and

24    Mr. Thoreson's insertion of himself as a fact witness resulted in Buchalter's adoption of

25    unjustified stances and the reckless and knowing disregard of their discovery

26    obligations." Dkt. # 882 at 4. Although the Court could have required Buchalter to pay all

27    of the excess fees and costs plaintiffs were forced to incur in their years-long attempt to

ORDER AWARDING FEES AGAINST
BUCHALTER P.C. - 1

1  obtain basic discovery from Buchalter's client and to rebut Mr. Thoreson's declarations

2  of "fact," it opted to limit the award of fees and costs to those incurred in bringing this

3  motion. Dkt. # 882 at 6.

4       At the Court's request, plaintiffs provided billing records from December 7, 2022

5  (shortly after Buchalter's client filed for bankruptcy) to July 21, 2023 (two days after the

6  Court granted in part the motion for sanctions against Buchalter). Plaintiffs seek

7  $147,279.80[1] in fees and costs in this matter. Buchalter objects that the hourly rates

8  charged by non-Washington counsel are unreasonable, that the number of hours spent on

9  activities related to the sanctions motion was unreasonable, that counsel should have used

10  more junior attorneys and fewer shareholders/partners for researching, drafting, and

11  revising their submissions, that block billing makes it impossible to ascertain how much

12  time was spent on a specific task, that too many attorneys attended the sanctions hearing,

13  that plaintiffs should not be permitted to recover fees expended on issues they lost, and

14  that counsel has already been compensated for the activities at issue through the

15  settlements it has negotiated in this case.

16       The Court has carefully considered Buchalter's arguments but is not persuaded.

17  As noted above and recounted in more detail in the Order Granting in Part Plaintiffs'

18  Motion for Sanctions Against Buchalter P.C." Dkt. # 882, Buchalter unreasonably and

19  vexatiously multiplied and obstructed the proceedings over the course of years, causing

20  plaintiffs to incur unnecessary fees and costs trying to distinguish fact from fiction and

21  piecing together the basic purchase, sale, and profit data that was at the heart of this

22  litigation. The amount of fees at issue was extraordinary, and plaintiffs cannot be faulted

23  for putting forth their best efforts towards recovering what Buchalter's conduct had cost

24  them. Recounting and documenting what Buchalter – separate from its client -- had done

25  over a four year period required the attention and participation of the shareholders and

26

27
_____

[1] This amount is supported by the billing records submitted by counsel. Karr Tuttle Campbell incurred $101,586.50 in fees and $2,355.98 in costs, while Lieff Cabraser Heimann & Bernstein requests $41,897.50 in fees and $1,439.82 in costs.

ORDER AWARDING FEES AGAINST
BUCHALTER P.C. - 2

1   partners involved, and their presence at the sanctions hearing ensured that those with

2   personal knowledge were present to answer any questions the Court may have had.

3   Counsel's hourly rates, while steep, are not unreasonable given the nature of this

4   litigation,[2] and neither instances of block billing nor the pursuit of arguments that were

5   unsuccessful prevent a finding that the hours expended were reasonable.

6        With regards to the argument that plaintiffs are seeking a double recovery for fees

7   already compensated through various settlement agreements approved by the Court, it is

8   true that plaintiffs will likely recover slightly more than their lodestar by the time all

9   settlements are finalized and that the hours that make up the lodestar include the hours

10  spent dueling with Buchalter.[3] That does not make an award of fees against Buchalter

11  punitive, non-compensatory, or duplicative in the context of this case, however. Counsel

12  would have been entirely justified in seeking far greater amounts from their clients as

13  payment for their work on this litigation, but have instead chosen to seek compensatory

14  sanctions from Buchalter. When evaluated as a percentage of the common fund, the fees

15  awarded through the settlement process will be less than 12% of the benefits obtained for

16  the individual class members (including both the cash recovery for past wrongs and the

17  present day value of the injunctive relief designed to prevent the exact same type of harm

18  going forward).[4] Under a lodestar analysis, plaintiffs would arguably be entitled to a

19  significant multiplier based on the impressive results achieved for the class[5] and the risks

20  associated with the contingent nature of the fee arrangement. Instead of seeking

21

22       [2] The Court rejects Buchalter's argument that counsel whose expertise is needed for the litigation should be barred from participating in discovery or sanctions motion because those disputes do not require that expertise.

23       [3] At present, plaintiffs have not yet recovered their lodestar amount. The Mulvadi settlement, if approved, will remedy any remaining deficit.

24       [4] Although the Ninth Circuit is careful about including the value of injunctive relief in the denominator when calculating the percentage of a common fund that is represented by a given fee award, the circumstances presented

25  here justify the inclusion. The injunctive relief will benefit each individual class member going forward, the benefits they will receive from the injunctive relief are concrete and directly tied to the settlements, and plaintiffs have provided a reasonable valuation of the relief obtained.

26       [5] Plaintiffs' expert calculates that preventing infringing/mislabeled Kona coffee from reaching the market will benefit the class by $81.2 million. Coupled with monetary relief of almost $41.2 million, individual class members

27  stand to recover past losses, avoid future losses, and gain the ability to rebuild and safeguard the Kona brand. This level of success would justify a success-based multiplier.

ORDER AWARDING FEES AGAINST
BUCHALTER P.C. - 3

1    additional awards out of the common fund their efforts created, counsel seek to hold

2    Buchalter responsible for the excess fees and costs its conduct engendered. The request

3    seeks compensation for expenses directly tied to Buchalter's conduct and can be

4    recovered in addition to, not in place of, the relatively moderate fees paid by the class out

5    of the common fund.

6

7          For all of the foregoing reasons, plaintiffs are hereby awarded $147,279.80 against

8    Buchalter as compensation for the reasonable fees and costs incurred in bringing the

9    motion for sanctions.

10

11         Dated this 25th day of September, 2023.

12

13                                    ROBERT S. LASNIK
                                      UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER AWARDING FEES AGAINST
BUCHALTER P.C. - 4