IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE CORKER d/b/a RANCHO ALOHA; COLEHOUR BONDERA and MELANIE BONDERA, husband and wife d/b/a KANALANI OHANA FARM; ROBERT SMITH and CECELIA SMITH, husband and wife d/b/a SMITHFARMS, and SMITHFARMS, LLC on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Mulvadi Corporation,<br><br>Defendant. | CASE NO. 2:19-CV-00290-RSL<br><br>**MOTION FOR FINAL APPROVAL BRIEF AND MEMORANDUM IN SUPPORT**<br><br>The Honorable Robert S. Lasnik<br><br>Noted for consideration: November 30, 2023 |

MEMORANDUM IN SUPPORT OF FINAL APPROVAL
Case No. 2:19-CV-00290-RSL

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

**TABLE OF CONTENTS**

**Page**

I. Introduction ..........................................................................................................................1

II. Background and Procedural History ...................................................................................1

III. Summary of Settlement Terms .............................................................................................2

IV. The Class Notice Plan Was Successfully Implemented. ......................................................3

V. Final Approval is Warranted. ................................................................................................3

    A. Settlement Approval Process................................................................................3

    B. The Settlement Is Fair, Reasonable, and Adequate. .............................................4

        1. Rule 23(e)(2)(A): Class Counsel and the Settlement Class Representatives Have and Will Continue to Zealously Represent the Class. ..................................................................................................4

        2. Rule 23(e)(2)(B): The Settlement Is the Result of Arms-Length, Informed Negotiations. ................................................................................5

        3. Rule 23(e)(2)(C): The Settlements Provide for Substantial Compensation. ...................................................................................6

            a. The Settlement delivers excellent monetary and injunctive relief. ..........................................................................................6

            a. The costs, risks, and delay of trial and appeal weigh in favor of final approval. .........................................................7

            b. The method of distributing relief is simple and fair. ....................7

            c. The request for attorneys' fees is reasonable and supported. .........8

            d. There are no agreements bearing on final approval. .....................9

        4. Rule 23(e)(2)(D): The Settlement Treats All Class Members Equitably Relative to One Another. ..........................................................9

        5. The Settlement Satisfies the Ninth Circuit's Additional Factors for Final Approval. ...............................................................................9

    C. The Settlement Class Should be Finally Certified. ............................................11

VI. Conclusion ...........................................................................................................................11

MEMORANDUM IN SUPPORT OF FINAL APPROVAL
Case No. 2:19-CV-00290-RSL

i

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Free Range Content, Inc. v. Google, LLC*,
  No. 14-02329-BLF, 2019 WL 1299504 (N.D. Cal. Mar. 21, 2019) ...........................................5

*Gaudin v. Saxon Mort. Servs., Inc.*
  No. 11-1663, 2015 WL 7454183 (N.D. Cal. Nov. 23, 2015).....................................................10

*Hanlon v. Chrysler Corp.*
  150 F.3d 1011 (9th Cir. 1998) ..................................................................................................10

*Hefler v. Wells Fargo & Company*,
  No. 16-CV-05479-JST, 2018 WL 6619983 (N.D. Cal. Dec. 18, 2018) ....................................8

*In re Anthem, Inc. Data Breach Litig.*,
  327 F.R.D. 299 (N.D. Cal. 2018) ...............................................................................................6

*In re Bluetooth Headset Prods. Liab. Litig.*,
  654 F.3d 935 (9th Cir. 2011) ....................................................................................................10

*In re Mego Fin. Corp. Sec. Litig.*,
  213 F.3d 454 (9th Cir. 2000) ......................................................................................................6

*In re Mercury Interactive Corp. Sec. Litig.*
  618 F.3d 988 (9th Cir. 2010) ......................................................................................................9

*McLeod v. Bank of Am., N.A.*,
  No. 16-CV-03294-EMC, 2019 WL 1170487 (N.D. Cal. Mar. 13, 2019) ................................10

*Sandoval v. Tharaldson Emp. Mgmt., Inc.*,
  No. 08-482, 2010 WL 2486346 (C.D. Cal. June 15, 2010) .......................................................5

*Thomas v. MagnaChip Semiconductor Corp.*,
  No. 14-01160, 2017 WL 4750628 (N.D. Cal. Oct. 20, 2017)....................................................8

**Rules**

Fed. R. Civ. P. 23(a) ......................................................................................................................11
Fed. R. Civ. P. 23(b)(3) .................................................................................................................11
Fed. R. Civ. P. 23(c)(2)(B) .............................................................................................................4
Fed. R. Civ. P. 23(e)(1) ..................................................................................................................4
Fed. R. Civ. P. 23(e)(1)(B) .............................................................................................................4
Fed. R. Civ. P. 23(e)(2) ..............................................................................................................1, 4
Fed. R. Civ. P. 23(e)(2)(A) .............................................................................................................4
Fed. R. Civ. P. 23(e)(2)(B) .............................................................................................................5
Fed. R. Civ. P. 23(e)(2)(C)(iv) .......................................................................................................9
Fed. R. Civ. P. 23(e)(2)(D) .............................................................................................................9
Fed. R. Civ. P. 23(e)(5) ..................................................................................................................4

**Treastise**

Joseph M. McLaughlin, *McLaughlin on Class Actions* (8th ed. 2011).........................................5

William B. Rubenstein, et al., Newberg on Class Actions (5th ed. 2012) ......................................6

MEMORANDUM IN SUPPORT OF FINAL APPROVAL
Case No. 2:19-CV-00290-RSL
-ii-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

## I. Introduction

Plaintiffs are pleased to move for final approval of their class settlement with Mulvadi Corporation ("Mulvadi"). This settlement brings this litigation, filed more than four years ago against more than twenty defendants, to a successful close. The settlement adds $7.775 million to the more than $33 million in cash settlements obtained from previously settling defendants, and includes the strongest injunctive terms of any settlement, terms that bind both Mulvadi and its owner to business practices that will help strengthen and protect the reputation of Kona coffee. And like each of the settlements previously approved and implemented, this settlement elicited **no objections** and **no opt-outs** from the class of coffee farmers in the Kona region. This is especially noteworthy because class members have been repeatedly notified of settlements and received their checks from multiple prior settlements: they are familiar with the litigation, have seen the results, and continue to offer their support to the very end.

This Court granted preliminary approval to this settlement, finding that it was likely to be able to approve the proposed settlement applying the criteria set out in Rule 23(e)(2), and to certify the class for purposes of settlement, and directed notice to issue to the class. *See* Dkt. 884. Following the same process that it carried out with respect to prior settlements, the Settlement Administrator then effectuated the notice plan approved by this Court, including both direct notice (via mail and email) and publication in the *West Hawaii Daily*, and it updated the settlement website and toll-free number for class members. The opt-out and objection deadline of October 20, 2023 passed, again with *zero* opt-outs and objections.

Plaintiffs now seek final approval, so that the benefits promised in this settlement can flow to class members. As set out below, this settlement represents an extraordinary result for the Settlement Class and satisfies all criteria for final approval under Ninth Circuit law.

## II. Background and Procedural History

Class Counsel detailed the procedural history of this litigation most recently in the motion for preliminary approval of this settlement. *See* Dkt. 883. That motion, and the

MEMORANDUM ISO FINAL APPROVAL
Case No. 2:19-CV-00290-RSL

-1-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1   declaration that accompanied it, recounts this case's specific challenges, the hurdles that

2   Plaintiffs have cleared at each stage of the case, and the hard-fought history of the litigation

3   through discovery, class certification, expert discovery, dispositive motions, and trial preparation.

4   It specifically recounted the particularly intense battles that Plaintiffs fought with Mulvadi, and

5   which Plaintiffs and their counsel continued to fight in Mulvadi's bankruptcy proceeding. That

6   work made possible and led to the arms-length negotiations, including with the assistance of a

7   mediator, that produced this settlement. Plaintiffs reference and incorporate that motion and its

8   supporting materials herein.

### III.  Summary of Settlement Terms

Plaintiffs' motion for preliminary approval also summarized the terms of the Mulvadi settlement. *See* Dkt. 872-1. Plaintiffs again provide a brief summary here for the sake of completeness.[1]

First, Mulvadi's insurance carrier will pay $7,775,000, a sum greater than the total limits available under the implicated primary policies.

Second, Mulvadi and its owner in his personal capacity have agreed to stop doing business with certain questionable suppliers, to obtain proof that any coffee they purchase is genuine Kona, to print what is called the lot number on every bag of coffee that they sell (this will more easily allow buyers and competitors to confirm the coffees' authenticity), and to pay all fees and costs for any future action to enforce the settlement.

Third, Mulvadi and its owner in his personal capacity agree that "any coffee product that it sells labeled as 'Kona' or 'Kona Blend' will accurately and unambiguously state on the front label of the product the minimum percentage of authentic Kona coffee beans the supplier of the product states are contained in the product in compliance with the labeling standards set forth in the "Hawaii grown roasted or instant coffee; labeling requirements" law (Hawaii Revised Statute

---

[1] The settlement agreement itself was attached to the declaration of counsel accompanying the preliminary approval motion, at Docket 865-1.

MEMORANDUM ISO FINAL APPROVAL
Case No. 2:19-CV-00290-RSL
-2-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

§ 486- 120.6) as it currently exists today, or as it may be modified in the future, and regardless of whether any such product is sold in Hawaii or elsewhere." Dkt. 872-1 ¶ 12(a).

The injunctive relief afforded to the Class by the Mulvadi settlement is far-reaching and further enhances the benefits of the agreements of the previously settling defendants that increase and improve the information found on Kona-labeled products in the marketplace.

### IV. The Class Notice Plan Was Successfully Implemented.

This Court's Preliminary Approval Order directed that the parties effectuate a multi-faceted notice plan, including direct notice by mail and email to Settlement Class Members, and the update and/or establishment of a dedicated settlement website, post office box, and toll-free telephone number. The parties, in consultation with the Settlement Administrator, have carried out the notice plan. Consistent with the Court's orders, the Settlement Administrator will provide a declaration on November 16, 2023 (two weeks before the final approval hearing) confirming its implementation of the notice plan. That affidavit will also confirm whether any of the more than 700 Settlement Class Members who were sent direct notice have elected to opt out of or object to the settlements. Not a single opt-out or objection has been received. Following final approval, the Settlement Administrator will effectuate the claims and payment process to class members, which is described in more detail below, and which resembles and builds on the successful notice and claims campaign carried out in connection with previous settlements in this case.

### V. Final Approval is Warranted.

#### A. Settlement Approval Process

Federal Rule of Civil Procedure 23(e) provides that class actions "may be settled … only with the court's approval." Rule 23(e) governs a district court's analysis of the fairness of a proposed class action settlement and creates a multistep process for approval. This Court has already taken the first two steps. First, it has determined that it is likely to (i) approve the proposed settlement as fair, reasonable, and adequate, after considering the factors outlined in

MEMORANDUM ISO FINAL APPROVAL  
Case No. 2:19-CV-00290-RSL

-3-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP  
250 Hudson Street, 8th Floor  
New York, NY 10013-1413  
Tel. 212.355.9500 • Fax 212.355.9592

1  Rule 23(e)(2), and (ii) certify the settlement class after the final approval hearing. *See* Fed. R.

2  Civ. P. 23(e)(1)(B). Second, it has directed notice to the class, approving notice that describes the

3  terms of the proposed settlement and the definition of the proposed class, and explains how class

4  members can object to or opt out of the proposed settlement. *See* Fed. R. Civ. P. 23(c)(2)(B);

5  Fed. R. Civ. P. 23(e)(1), (5). Plaintiffs now ask that this Court take the third and final step, which

6  is to grant final approval of this settlement with Mulvadi. *See* Fed. R. Civ. P. 23(e)(2).

**B.    The Settlement Is Fair, Reasonable, and Adequate.**

All of the factors set forth in Fed. R. Civ. P. 23(e)(2) weigh strongly in favor of final approval. In granting preliminary approval, the Court already observed that the proposed Settlement appeared "fair, reasonable, and adequate," so that notice was appropriate. Dkt. 884 ¶ 6. The Court can and should reach the same conclusion here at final approval.

**1.    Rule 23(e)(2)(A): Class Counsel and the Settlement Class Representatives Have and Will Continue to Zealously Represent the Class.**

The Court's preliminary determination, under Rule 23(e)(2)(A), that Class Counsel and the Plaintiffs have zealously advanced the interests of the Plaintiffs and the proposed Settlement Class, was correct. As the motion for preliminary approval detailed, Class Counsel and Plaintiffs have worked tirelessly to advance this case, from the extensive pre-filing investigation through challenges to the pleadings, intensive discovery against over twenty defendants and from numerous third parties, through class certification, expert discovery, dispositive motions, and through the negotiations of each of the settlements, up to and including this one. The class representatives themselves have devoted countless hours to representing the class, even as they have continued to operate their small coffee farms through the pandemic and beyond. Their commitment to this case has not wavered through the implementation of the all of settlements and through the litigation that continued this final settlement with Mulvadi.

MEMORANDUM ISO FINAL APPROVAL
Case No. 2:19-CV-00290-RSL

-4-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

## 2. Rule 23(e)(2)(B): The Settlement Is the Result of Arms-Length, Informed Negotiations.

Rule 23(e)(2)(B) directs the Court to determine if a class action settlement was negotiated at arm's-length. Here, too, the Court's preliminary determination was correct.

First, as Plaintiffs explained, the involvement of an experienced mediator in the negotiations creates a presumption of fairness. *See* Joseph M. McLaughlin, *McLaughlin on Class Actions* (8th ed. 2011); *see also Sandoval v. Tharaldson Emp. Mgmt., Inc.*, No. 08-482, 2010 WL 2486346, at *6 (C.D. Cal. June 15, 2010) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive."); *Free Range Content, Inc. v. Google, LLC*, No. 14-02329, 2019 WL 1299504, at *6 (N.D. Cal. Mar. 21, 2019) (holding that a "presumption of correctness" attaches where, as here, a "class settlement [was] reached in arm's-length negotiations between experienced capable counsel after meaningful discovery"). Here, proposed Settlement Class Counsel negotiated this settlement after full discovery was complete, after they had successfully moved for class certification against all other defendants,[2] and after the close of expert discovery, when only trial preparation remained. Mulvadi, its insurer, and Plaintiffs participated in a mediation with Mark LeHocky of ADR Services, who served as mediator in prior settlements and thus had a deep familiarity with the litigation, on May 10, 2023, continuing on June 21, 2023. At the close of that second all-day mediation, Mr. LeHocky made a mediator's proposal, which all three parties accepted. Dkt. 872 ¶ 6.

Second, Class Counsel negotiated the settlement with a full understanding of the legal claims and its factual basis. The parties reached this settlement after the close of extensive fact discovery, after class certification had been briefed and decided, after expert discovery was complete, and after dispositive motion briefing was complete. Where extensive information has been exchanged, "[a] court may assume that the parties have a good understanding of the

---

[2] Because the Court decided the motion for class certification after Mulvadi petitioned for bankruptcy, the Court reserved ruling on certification with respect to Mulvadi.

MEMORANDUM ISO FINAL APPROVAL
Case No. 2:19-CV-00290-RSL
-5-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

strengths and weaknesses of their respective cases and hence that the settlement's value is based upon such adequate information." William B. Rubenstein, et al., *Newberg on Class Actions* § 13:49 (5th ed. 2012); *see also In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 320 (N.D. Cal. 2018) (concluding that the "extent of discovery" and factual investigation undertaken by the parties gave them "a good sense of the strength and weaknesses of their respective cases in order to 'make an informed decision about settlement'") (quoting *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000)). Class Counsel were preparing for trial; there is no question that they understood the risks and benefits of settlement.

### 3. Rule 23(e)(2)(C): The Settlements Provide for Substantial Compensation.

The Court may also find for purposes of final approval that the relief provided for the class is "adequate." Fed. R. Civ. P. 23(e)(2)(C). This subsection asks the Court to take into account: "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)." *Id.* The Court can readily adhere to and confirm its preliminary determination that the settlement is adequate upon review of these factors.

#### a. The Settlement delivers excellent monetary and injunctive relief.

This settlement delivers (1) immediate monetary relief and (2) far-reaching and detailed practice changes. It provides for $7.775 in monetary relief alone, the largest payment from a single supplier defendant and remarkably, *more* than the total limits available under Mulvadi's implicated primary insurance policies. Further, Plaintiffs previously presented evidence that similar practice changes by defendants who settled earlier in the case would mitigate millions of dollars in market-price damages, *see* Dkt. 428 (sealed Schreck Declaration), and presented an updated calculation to account for additional settlements and promised practice changes,

MEMORANDUM ISO FINAL APPROVAL
Case No. 2:19-CV-00290-RSL
-6-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1    including this one. *See* Dkt. 879-3. That calculation confirmed that the practice changes are

2    worth tens of millions of dollars to the class in the next five years alone. Mulvadi's practice

3    changes go yet further, and also apply to its owner.

           **a.**      **<u>The costs, risks, and delay of trial and appeal weigh in favor of final approval.</u>**

6          The amount obtained is reasonable in light of the risks, delays, and costs attendant to the

7    Court's disposition of the parties' summary judgment motions, trial, and appeals. Plaintiffs have

8    previously explained some of those risks in connection with the prior set of settlements. *See* Dkt.

9    416 ¶¶ 10-16. Success at each stage can never be assured, but delay and costs would be certain.

10    The settlement is an outstanding outcome under any measure, but particularly in light of the risks

11    and delay that would inevitably come with trial and appeals.

           **b.**      **<u>The method of distributing relief is simple and fair.</u>**

13          The proposed method of distributing relief to the class, including claims processing, is

14    straightforward, simple, and designed to maximize participation in the settlement. As the

15    Settlement Administrator has previously attested, it has been able to work effectively to

16    distribute checks to hundreds of class members. *See* Dkt. 600. The distribution of money will be

17    even more streamlined for this final round of distribution. Claims and distributions will be

18    combined with the funds from the MNS settlement, saving administrative and transactions costs

19    and class members' time. Any Settlement Class Member who did not previously submit a claim

20    will have the opportunity to do so for this combined distribution, but those who submitted claims

21    in connection with any of the first three distributions will not have to do so again. Instead, the

22    Settlement Administrator will use the information previously submitted to calculate their pro rata

23    share of the settlement funds.

24          As the experience with previous settlements showed, notice and claims here are

25    straightforward and easily implemented. First, the Settlement Class is defined by a reference to a

26    discrete geographic area (the Kona region), such that direct notice was feasible, with publication

MEMORANDUM ISO FINAL APPROVAL
Case No. 2:19-CV-00290-RSL
-7-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

1  notice acting as informational reinforcement, making it easier to identify and reach the class.
2  Settlement Class Members will again be sent a straightforward, two-page claim form that asks
3  for basic information about their farm and the acreage used to produce coffee over the relevant
4  time period. Those who previously filled this out will not have to do so again; the Settlement
5  Administrator has their information. As Plaintiffs have explained, and as experience has now
6  borne out, the information requested is that which coffee farmers typically maintain and keep
7  accessible, and will allow for a fair and efficient distribution of the net settlement proceeds. *See,*
8  *e.g.*, *Hefler v. Wells Fargo & Co.*, No. 16- 05479, 2018 WL 6619983, at *12 (N.D. Cal. Dec. 18,
9  2018) (approving pro rata settlement distribution based on the purchase and sales data provided
10 by class members); *Thomas v. MagnaChip Semiconductor Corp.*, No. 14-01160, 2017 WL
11 4750628, at *8-9 (N.D. Cal. Oct. 20, 2017) (same).

12       Class Counsel developed the claim form in consultation with the Settlement
13 Administrator, which has extensive experience designing plain-English forms and implementing
14 claims processes, and solicited input from class members to ensure that the form will be
15 intelligible and stimulate claims. Class members will be able to make claims by returning hard
16 copy forms by mail or by obtaining the form through the settlement website. The Settlement
17 Administrator will then calculate class members' pro rata share of the net settlement funds at the
18 end of the claims period and promptly send checks to class members who made valid claims.

19       **c.**     <u>**The request for attorneys' fees is reasonable and supported.**</u>

20       As explained in the separately-filed motion for attorneys' fees, Class Counsel have
21 sought a percentage of the total economic value of the settlements reached to date, a request that
22 is consistent with fee awards in other cases involving significant and valuable injunctive relief,
23 and reasonable for all of the reasons described in that motion. *See* Dkt. 898. Class Counsel's
24 request was consistent with what was described in the notice, and no class member has objected
25 to the request. The application itself was made sufficiently prior to the expiration of the opt-out
26 and objection deadlines, consistent with *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d

MEMORANDUM ISO FINAL APPROVAL
Case No. 2:19-CV-00290-RSL
-8-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

988, 992 (9th Cir. 2010).

          **d.**    **There are no agreements bearing on final approval.**

Rule 23(e)(2)(C)(iv) requires that the proponents of the settlement identify any agreement (other than the settlement agreement) entered into in connection with the proposed settlement. There are no such agreements.

    **4.**    **Rule 23(e)(2)(D): The Settlement Treats All Class Members Equitably Relative to One Another.**

Finally, Rule 23(e)(2)(D) directs the Court to consider whether the proposed settlement treats class members equitably. This subsection of Rule 23(e) determines "whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e)(2)(D), Advisory Committee's Note to 2018 amendments. As explained in previous preliminary approval motions, each member of the proposed Class will receive a pro rata share of the settlement based on their coffee production during the claims period, such that class members will receive meaningful compensation directly proportional to the harm they suffered based on their actual sales. Additionally, Plaintiffs have requested service awards for each plaintiff farm (three in total), as are commonly awarded in class actions, and are justified here by Plaintiffs' efforts in prosecuting the litigation, as explained in Plaintiffs' motion for approval of those awards and in the supporting declarations filed with the motion. *See* Dkt. 898.

    **5.**    **The Settlement Satisfies the Ninth Circuit's Additional Factors for Final Approval.**

The Ninth Circuit has identified a number of additional factors for courts to consider when evaluating the fairness, reasonableness, and adequacy of a class action settlement. Those factors include: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the

MEMORANDUM ISO FINAL APPROVAL
Case No. 2:19-CV-00290-RSL
-9-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). Many of these—*e.g.*, the strength of plaintiffs' case, the risk and duration of further litigation, and the amount offered—overlap with the Rule 23(e)(2)(C) factors and are addressed above. The remaining relevant factors favor final approval as well.

Most significant is the "reaction of the class to the proposed settlement." Yet again, the class has voted with its feet: Not a single class member has objected to the settlement, or the requests for fees, costs, and service awards. Not a single class member has opted out. This universal support strongly favors approval. *See, e.g.*, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness."); *Gaudin v. Saxon Mort. Servs., Inc.*, No. 11-1663, 2015 WL 7454183, at *7 (N.D. Cal. Nov. 23, 2015) ("[T]he absence of a large number of objections to a proposed class settlement raises a strong presumption that the terms of a proposed class settlement are favorable to the class members.") (citation and alteration omitted); *id.* (finding that "opt-out rate [] less than 1% … favors approval of settlement"); *McLeod v. Bank of Am., N.A.*, No. 16-CV-03294-EMC, 2019 WL 1170487, at *3 (N.D. Cal. Mar. 13, 2019) (holding that absence of objections or opt-outs indicates "overwhelming" class member support and "weighs strongly in favor of approval").

Other factors also weigh in favor of final approval. First, there is a risk of "maintaining class action status through trial." As explained in prior counsel declarations, any class action carries risks of denial of certification or later de-certification. Dkt. 416 ¶ 14. This case is no exception. Second, the "experience and views of counsel" support approval. Counsel are experienced in both complex class actions and Lanham Act litigation, and well-versed in particular with the issues in this case, having investigated it thoroughly and litigated it

MEMORANDUM ISO FINAL APPROVAL
Case No. 2:19-CV-00290-RSL

-10-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

extensively. *See* Dkt. 416 ¶¶ 4-9; Dkt. 417 ¶¶ 4-13; Dkt. 603, Dkt. 655, Dkt. 656; Dkt. 702; Dkt. 879, Dkt. 880. Counsel unreservedly support the settlement.

### C. The Settlement Class Should be Finally Certified.

As the Court concluded in granting preliminary approval and directing notice to the Class, the Settlement Class "likely meets the requirements under Fed. R. Civ. P. 23(a) and 23(b)(3)." Dkt. 884 ¶ 5. This remains true, and the Settlement Class should be certified.

## VI. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant final approval to the proposed settlement.

Dated: November 2, 2023

| KARR TUTTLE CAMPBELL | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
|---|---|
| /s Nathan T. Paine<br>Nathan T. Paine, WSBA #34487<br>Daniel T. Hagen, WSBA #54015<br>Joshua M. Howard, WSBA #52189<br>701 Fifth Avenue, Suite 3300<br>Seattle, Washington 98104<br>206.223.1313 | /s/ Jason L. Lichtman<br>Jason L. Lichtman (*pro hac vice*)<br>Daniel E. Seltz (*pro hac vice*)<br>250 Hudson Street, 8th Floor<br>New York, NY 10013-1413<br>Telephone: 212-355-9500<br><br>Andrew Kaufman (*pro hac vice*)<br>222 2nd Avenue South, Suite 1640<br>Nashville, TN 37201<br>615.313.9000<br><br>*Attorneys for the Plaintiffs*<br>*and the Proposed Settlement Class* |

MEMORANDUM ISO FINAL APPROVAL
Case No. 2:19-CV-00290-RSL
-11-
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

**WORD COUNT CERTIFICATION**

I certify that this memorandum contains 3,505 words, in compliance with the Local Civil Rules.

/s *Daniel E. Seltz*
Daniel E. Seltz

MEMORANDUM ISO FINAL APPROVAL
Case No. 2:19-CV-00290-RSL

-12-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel. 212.355.9500 • Fax 212.355.9592

## **CERTIFICATE OF SERVICE**

I, Daniel E. Seltz, certify that on November 2, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

　　　　　　　　　　　　　　　　　　　　/s *Daniel E. Seltz*
　　　　　　　　　　　　　　　　　　　　Daniel E. Seltz

2869031.1

MEMORANDUM ISO FINAL APPROVAL
Case No. 2:19-CV-00290-RSL

-13-

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Tel. 212.355.9500 • Fax 212.355.9592