The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

BRUCE CORKER d/b/a RANCHO ALOHA, *et al*;

       Plaintiffs,

  v.

MULVADI CORPORATION, *et al*.

       Defendants.

NO. 2:19-cv-00290

**PETITION FOR ATTORNEYS'
FEES AND COSTS**

Noted for Hearing: Friday, May 10,
2024

## I.     INTRODUCTION

As the Court has determined, Kroger breached the Settlement Agreement and failed to timely cure one of the breaches after receiving notice from Plaintiffs. Notably, Kroger is the only defendant in this action to breach a settlement agreement.

Plaintiffs made every effort to amicably resolve Kroger's breach, but Kroger has been unreasonable at every turn unnecessarily causing Plaintiffs to incur substantial attorneys' fees in the process. First, despite Kroger's admission of actual notice, Kroger took the unreasonable position that Plaintiffs' notice of the breach was improper. Then for over a year, Kroger unreasonably refused to produce any business records whatsoever to support its counsel's calculation of Plaintiffs' recoverable damages from the breach. Instead, Kroger unreasonably

MOTION FOR ATTORNEYS' FEES AND COSTS - 1
CASE NO. 2:19-cv-00290
#5426003 v3 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

forced Plaintiffs to seek relief from the Court and unreasonably multiplied those proceedings by filing its own competing motion on the same issues.

The Court granted Plaintiffs' motion and denied Kroger's motion. Once ordered by the Court, Kroger finally produce the long-requested records. Based on their review of the records, Plaintiffs reasonably agreed to accept Kroger's contention that the records established Plaintiffs' damages for the breach to be $1,727.80. Plaintiffs produced their time records establishing they incurred $34,300.50 in attorney fees in enforcing the Settlement Agreement. But, true to form, Kroger was not equally reasonable in agreeing to pay the fees Kroger forced Plaintiffs to unnecessarily incur in dealing with Kroger's unreasonableness.

Plaintiff respectfully requests an award of $34,300.50 for its reasonable attorneys' fees incurred in enforcing the Settlement Agreement as well as for the uncontested sum of $1,727.80 for Plaintiffs' damages.

## II.       STATEMENT OF FACTS

On March 25, 2024, this Court granted in part Plaintiffs' motion for Order Finding Kroger in Breach of Settlement Agreement and Compelling Production of Company Records ("Plaintiffs' Motion"). *See* Dkt. 933 (the "Order"). In the same Order, this Court denied Defendant Kroger's Motion for Plaintiffs' Breach of Settlement Agreement ("Kroger's Motion").

The Court held that Kroger breached the Settlement Agreement and failed to cure its breaches at QFC stores after expiration of the cure period. *Id.* at 9-10. Thus, Plaintiffs are entitled to "gross profits received from the bulk sales of Kivu Kona blend from March 14, 2023, until those sales stopped." *Id.* at 10. The Court further held that Plaintiffs are entitled to an accounting of the relevant sales and supporting records from Kroger – something Plaintiffs had been asking for since April 13, 2023. *See* Dkt. 910 at 24. The Court denied all relief Kroger requested in its own motion.

The Court ruled:

The parties shall attempt to reach agreement regarding the reasonable costs, including attorney's fees, plaintiffs incurred in connection with enforcing the

MOTION FOR ATTORNEYS' FEES AND COSTS - 2
CASE NO. 2:19-cv-00290
#5426003 v3 / 72448-001

Settlement Agreement. If the dispute cannot be resolved, plaintiffs may file a petition for fees and costs within thirty days of the date of this Order.

Dkt. 933 at 10.

The parties have exchanged letters and information regarding Plaintiffs' damages for Kroger's established breach of the Settlement Agreement and Plaintiffs' attorneys' fees and costs incurred in enforcing the Settlement Agreement. *See* Hagen Decl., ¶ 2. Based on the information provided, including sworn declarations from Kroger, Plaintiffs accepted counsel's prior unsupported representation that the total amount of Kroger's gross profits for the breach was $1,727.80. *See id*. However, the parties have been unable to reach agreement on the amount of the fee award.

Consistent with the unambiguous language in the Court's order, the Settlement Agreement provides,

Attorneys' Fees for Breach. In any action that is brought to enforce this Agreement, the prevailing party shall be entitled to recover its reasonable costs, including attorneys' fees, incurred in connection with such enforcement.

Dkt. 910 at ¶41. As the prevailing party on both motions, Plaintiffs only seek their attorney fees (no costs) incurred in connection with its enforcement of the Settlement Agreement, which are $34,300.50. While Plaintiffs, for the sake of compromise and to avoid further motions practice, have communicated to Kroger a willingness to accept a discount, the parties remain very far apart in their offers. Consequently, to comply with the deadline set by the Court, Plaintiffs regrettably had no choice but to file this motion.

## III.    ARGUMENT

### A.  The Fees and Costs Requested are Reasonable.

Plaintiffs present the fees and costs incurred in connection with enforcing the Settlement Agreement. Hagen Decl., Ex. A. Plaintiffs' activities in enforcing the Settlement Agreement include correspondence regarding Kroger's breaches, investigation of those breaches, review and analysis of Kroger's Motion, Dkt. 909, legal research for the opposition to Kroger's Motion, Dkt.

MOTION FOR ATTORNEYS' FEES AND COSTS - 3
CASE NO. 2:19-cv-00290
#5426003 v3 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

921, drafting and revising Plaintiffs' Opposition to Kroger's Motion, drafting and revising a Motion to Seal, Dkt. 919, which was necessary to provide confidential information to the Court to support Plaintiffs' opposition, legal research in support of Plaintiffs' Motion, Dkt. 915, drafting and revising Plaintiffs' Motion, and drafting and revising Plaintiffs' Reply, Dkt. 927. The total number of hours spent in connection with enforcing the agreement is 83.70 hours, utilizing rates ranging from $245 to $595 per hour, for a total of $34,300.50.

> **i.    The hourly rates charged by Plaintiffs' attorneys are reasonable.**

The first step of analyzing a fee petition is to ensure that the hourly rates are reasonable. *See, e.g., Camacho v. Bridgeport Fin., Inc*., 523 F.3d 973, 980 (9th Cir. 2008). Plaintiffs' counsel previously submitted evidence to this Court establishing the reasonableness of their rates in support of prior fee petitions, Dkt. 416 at ¶ 18; Dkt. 417 at ¶ 23; Dkt. 528 at ¶ 2-4; Dkt. 655 at ¶ 3; Dkt. 656 at ¶ 15-16, all of which the Court granted, Dkt. 477; Dkt. 664; Dkt. 671. No one has ever challenged the reasonableness of those rates. In granting the Plaintiffs' prior fee petitions, the Court has previously determined that the Plaintiffs' counsel's hourly rates are reasonable. *See, e.g.,* Dkts. 477, 664, and 671.

> **ii.    The hours requested by Plaintiffs' attorneys are reasonable.**

The second step in analyzing the fee petition is to ensure the number of hours requested by the attorneys are reasonable. *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 n.8 (9th Cir. 1987). Plaintiffs' counsel keeps contemporaneous and detailed time records for all time spent in this matter. Plaintiffs' counsel also reviews and scrutinizes all time entries to ensure that there is not any excessive, redundant, or otherwise unnecessary time billed. Hagen Decl. at ¶ 3. Plaintiffs' counsel conducts this review on a regular monthly basis and repeats this meticulous review prior to all fee petitions to ensure the reasonableness of the hours expended. Hagen Decl. at ¶ 3.

In letters exchanged between Kroger and Plaintiffs in an effort to reach an agreed resolution, Kroger has not raised a specific challenge to particular time entries. Instead, Kroger claims that Plaintiffs are entitled to just a nominal fee award for two reasons: (1) Kroger had made

MOTION FOR ATTORNEYS' FEES AND COSTS - 4
CASE NO. 2:19-cv-00290
#5426003 v3 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1   a prior offer in July of 2023, to settle this matter with $5,000 allocated toward Plaintiffs' attorneys'

2   fees, and (2) that Plaintiffs were only awarded partial relief. Neither argument is persuasive.

3      As to the first point, Kroger unreasonably caused Plaintiffs to incur substantial attorney

4   fees after July of 2023 when it wrongfully refused to produce any records whatsoever to support

5   its calculation for profits earned from the sale of the Kona coffee products sold in breach. In

6   October of 2023, Plaintiffs' specifically identified Kroger's refusal to provide any documentation

7   as to its gross profits as the primary reason Plaintiffs could not settle. *See id.* at 154 ("We have

8   been requesting documentation of Kroger's profits resulting from its breaches for nearly a year");

9   *see also* Dkts. 910 at 24, 32, 47. Kroger only provided the business records Plaintiffs had been

10  seeking for a year after the Court ordered their production. *See* Dkt. 933 at 10 ("Kroger asserts that

11  the gross profits at issue total $1,726.80, but it must provide an accounting of the relevant sales

12  and supporting sales records as kept in the ordinary course of business"). Thus, clear from the

13  facts, but for Plaintiffs' motion brought to enforce the Settlement Agreement Kroger never would

14  have produced the requested business records.

15     Kroger's unreasonable refusal to produce any business records forced Plaintiffs to file a

16  motion for relief. Plaintiffs' fees were further multiplied by Kroger's decision to file its own

17  competing motion on the same issues. Nevertheless, Kroger refuses to accept any responsibility

18  for Plaintiffs' fees incurred in this motions practice.

19     With respect to Kroger's second argument, Plaintiffs prevailed on both motions. Kroger's

20  motion was denied in full. Plaintiff substantially prevailed on their own motion, which could have

21  been avoided altogether had Kroger simply produced its business records of its Kona coffee sales

22  made in breach. The Court ordered those records produced, and the Plaintiffs accepted the

23  information in those records without challenge. Thus, it is clear, Plaintiffs prevailed in their action

24  to enforce the Settlement Agreement. Per the plain language of the Settlement Agreement,

25  Plaintiffs are entitled to all of their reasonable fees incurred in their successful enforcement action.

26

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1

## IV.    CONCLUSION

2

For the foregoing reasons, the Court should grant Plaintiffs their reasonable attorneys' fees

3
in the amount of $34,300.50, plus fees and costs incurred in attempting to settle this matter in

4
compliance with the Court's Order, and for filing this Motion.[1] In addition, Plaintiffs respectfully

5
request an award for the uncontested sum of $1,727.80 for Plaintiffs' damages.  A proposed form

6
of an Order is submitted with this Motion.

7

Dated: <u>April 24, 2024</u>.

8

9
KARR TUTTLE CAMPBELL

10

11
<u>s/ Nathan T. Paine</u>
Nathan T. Paine, WSBA #34487

12
Daniel T. Hagen, WSBA #54015
Joshua M. Howard, WSBA #52189

13
701 Fifth Avenue, Suite 3300
Seattle, WA 98104

14
Phone: 206.223.1313
Email: npaine@karrtuttle.com

15
          dhagen@karrtuttle.com
          jhoward@karrtuttle.com

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP

<u>s/ Jason L. Lichtman</u>
Jason L. Lichtman (*pro hac vice*)
Daniel E. Seltz (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Phone: 212.355.9500
Email: jlichtman@lchb.com
          dseltz@lchb.com

16

17
Andrew Kaufman (*pro hac vice*)
222 2nd Avenue South, Suite 1640

18
Nashville, TN  37201
Phone: 615.313.9000

19
Email: akaufman@lchb.com
*Attorneys for Plaintiffs and the Proposed Class*

20

21

22

23

24

25
_____

[1] Plaintiffs shall provide detailed accounting of the fees and costs incurred in connection with the filing of

26
this Motion and its settlement efforts on Reply. *See Anderson v. Dir., Office of Workers Comp. Programs,* 91 F.3d 1322, 1325 (9th Cir. 1996) ("Such compensation must be included in calculating a reasonable fee because uncompensated time spent on petitioning for a fee automatically diminishes the value of the fee eventually received.").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## **CERTIFICATE OF SERVICE**

I, Daniel T. Hagen, affirm and state that I am employed by Karr Tuttle Campbell in King County, in the State of Washington. I am over the age of 18 and not a party to the within action. My business address is: 701 Fifth Avenue, Suite 3300, Seattle, Washington 98104. On this day, I caused to be filed with the Court a true and correct copy of the foregoing document via the Court's electronic filing system, which caused service of the document to all parties registered to receive notifications through CM/ECF.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct, to the best of my knowledge.

Executed on this 24th day of April 2024 at Seattle, Washington.

*s/Daniel T. Hagen*
Daniel T. Hagen
Attorney

MOTION FOR ATTORNEYS' FEES AND COSTS - 7
CASE NO. 2:19-cv-00290
#5426003 v3 / 72448-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100